## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In the matter of | ) |
| | ) |
| MANDATORY INITIAL DISCOVERY | ) |
| PILOT PROGRAM IN THE | ) |
| NORTHERN DISTRICT OF | ) |
| ILLINOIS | ) |
| | ) |

## Standing Order Regarding
## Mandatory Initial Discovery Pilot Project

As part of an examination of discovery practices endorsed by the Judicial Conference of the United States, the Court is participating in a pilot project that requires mandatory initial discovery in all civil cases other than: (1) cases exempted by Rule 26(a)(1)(B)[1], (2) actions under the Private Securities Litigation Reform Act ("PSLRA"), (3) patent cases governed by a local rule, and (4) cases transferred for consolidated administration in the District by the Judicial Panel on Multidistrict Litigation. The discovery obligations addressed in this Standing Order supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery pursuant to the Court's inherent authority to manage cases, Rule 16(b)(3)(B)(ii), (iii), and (vi), and Rule 26(b)(2)(C). Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), this Standing Order does not allow the parties to opt out.

### A.    Instructions to Parties

1.      a. The parties to this litigation are ordered to provide mandatory initial discovery responses as set forth in Section B before initiating any further discovery in this case. The

---

[1] Rule 26(a)(1)(B) exempts the following proceedings from initial disclosure: (i) an action for review on an administrative record; (ii) a forfeiture action *in rem* arising from a federal statute; (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence; (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision; (v) an action to enforce or quash an administrative summons or subpoena; (vi) an action by the United States to recover benefit payments; (vii) an action by the United States to collect on a student loan guaranteed by the United States; (viii) a proceeding ancillary to a proceeding in another court; and (ix) an action to enforce an arbitration award.

responses are called for by this Standing Order issued by the Court, not by discovery requests actually served by an opposing party. Every party must provide the information called for in Part B on the basis of this Standing Order and without the need for any request from an opposing party. After the initial mandatory discovery responses have been provided, additional discovery may proceed under the Federal Rules of Civil Procedure and as set forth in a case management order to be entered by the Court.

        b. Each party's initial response must be based on the information then reasonably available to it. A party is not excused from providing its response because it has not fully investigated the case, because it challenges the sufficiency of another party's response, or because another party has not provided a response. Responses must be signed under oath by the party certifying that it is complete and correct as of the time it was made, based on the party's knowledge, information, and belief formed after a reasonable inquiry, and signed under Rule 26(g) by an attorney.

        2.    Parties must provide the requested information as to facts that are relevant to the parties' claims or defenses, whether favorable or unfavorable, and regardless of whether they intend to use the information in presenting their claims or defenses. The parties also must provide relevant legal theories in response to paragraph B.4 below. If a party limits the scope of its response on the basis of privilege or work product, the party must produce a privilege log as required by Rule 26(b)(5) unless the parties agree or the Court orders otherwise. If a party limits its response on the basis of any other objection, including an objection that providing the required information would involve disproportionate expense or burden, considering the needs of the case, it must explain with particularity the nature of the objection and its legal basis, and provide a fair description of the information being withheld.

        3.    Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) even if they have already filed a preliminary motion pursuant to Rule 12(b). But the Court may defer the time for good cause while it considers a motion to dismiss based on: (1) lack of subject-matter jurisdiction, (2) lack of personal jurisdiction, (3) sovereign immunity, (4) absolute immunity, or (5) qualified immunity of a public official. In that event, the time to answer, counterclaim, crossclaim, or reply shall be set by the Court, and the time to serve responses to the mandatory initial discovery under paragraph A. 4 shall be

measured from that date.  If the Court fails to set a deadline for responsive pleadings, Rule 12(a)(4) will apply and provide the trigger for mandatory initial discovery obligations.

4.      A party seeking affirmative relief must serve its responses to the mandatory initial discovery no later than 30 days after the first pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint.  A party filing a responsive pleading, whether or not it also seeks affirmative relief, must serve its initial discovery responses no later than 30 days after it files its responsive pleading.  However, (a) no initial discovery responses need be served if the Court approves a written stipulation by the parties that no discovery will be conducted in the case; and (b) initial discovery responses may be deferred, one time, for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses.

5.      Unless the Court orders otherwise, initial responses and later supplements shall not be filed with the Court, but Parties shall file a notice of service of their initial responses and later supplements.  It is important for the parties to file this notice of service in order for the Court to collect useful data for the pilot project.

6.      The duty of mandatory initial discovery set forth in this Order is a continuing duty, and each party must serve supplemental responses when new or additional information is discovered or revealed.  A party must serve such supplemental responses in a timely manner, but in any event no later than 30 days after the information is discovered by or revealed to the party. The Court normally will set a deadline in its Rule 16(b) case management order for final supplementation of responses, and full and complete supplementation must occur by the deadline. If the Court does not set such a deadline, full and complete supplementation must occur no later than 60 days before the final pretrial conference, or, if the Court does not schedule a final pretrial conference, no later than 90 days before trial.  If new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information, the information need not be presented in a supplemental response.

7.      Parties should include in the Rule 26(f) report to the Court a description of their discussions of the mandatory initial discovery responses. The report should describe the resolution of any objections invoked by any party in its response, as well as any unresolved limitations or other discovery issues. The parties shall attach the initial and supplemental

responses and any other discovery requests, objections and responses involved in any unresolved objections or discovery issues. During the Rule 26(f) conference, parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.

8.     Production of information under this Standing Order does not constitute an admission that information is relevant, authentic, or admissible.

9.     Rule 37(c)(1) shall apply to mandatory discovery responses required by this Order.

**B.     Mandatory Initial Discovery Requests**

1.     State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.

2.     State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses.  Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control.  If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

3.     List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses.  To the extent the volume of any such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity. Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control. For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on

the date of the response, instead of listing them. Production of ESI will occur in accordance with paragraph C.2 below.

4. For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.

5. Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered. You may produce the documents or other evidentiary materials with your response instead of describing them.

6. Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment. You may produce a copy of the agreement with your response instead of describing it.

7. A party receiving the list described in Paragraph 3, the description of materials identified in Paragraph 5, or a description of agreements referred to in Paragraph 6 may request more detailed or thorough responses to these mandatory discovery requests if it believes the responses are deficient. When the Court has authorized further discovery, a party may also serve requests pursuant to Rule 34 to inspect, copy, test, or sample any or all of the listed or described items, to the extent not already produced in response to these mandatory discovery requests, or to enter onto designated land or other property identified or described.

**C.     Disclosure of Hard-Copy Documents and ESI**

1.     *Hard-Copy Documents.* Hard-copy documents must be produced as they are kept in the usual course of business.

2.     *ESI.*

a.     *Duty to Confer.* When the existence of ESI is disclosed or discovered, the parties must promptly confer and attempt to agree on matters relating to its disclosure and production, including:

i.     requirements and limits on the preservation, disclosure, and production of ESI;

      ii.      appropriate ESI searches, including custodians and search terms, or other use of technology-assisted review; and

      iii.      the form in which the ESI will be produced.

      b.      *Resolution of Disputes.*  If the parties are unable to resolve any dispute regarding ESI and seek resolution from the Court, they must present the dispute in a single joint motion or, if the Court directs, in a conference call with the Court. Any joint motion must include the parties' positions and the separate certifications of counsel required under Rule 26(g).

      c.      *Production of ESI.*  Unless the Court orders otherwise, a party must produce the ESI identified under paragraph B.3 within 40 days after serving its initial response. Absent good cause, no party need produce ESI in more than one form.

      d.      *Presumptive Form of Production.*  Unless the parties agree or the Court orders otherwise, a party must produce ESI in the form requested by the receiving party. If the receiving party does not specify a form, the producing party may produce the ESI in any reasonably usable form that will enable the receiving party to have the same ability to access, search, and display the ESI as the producing party.