# MANDATORY INITIAL DISCOVERY PILOT PROJECT
# CHECKLIST

☐ **Applicability of the MIDP Project Standing Order:**

THIS ONLY APPLIES TO CASES FILED ON OR AFTER JUNE 1, 2017. If you filed your case on or after June 1, 2017, please ask these questions. If you answer "yes" to any of these questions, your case is not subject to the Pilot or the Standing Order.

- Is the proceeding exempt from initial disclosure under Rule 26(a)(1)(B)?
- Is this a patent case?
- Is this an action under the Private Securities Litigation Reform Act?
- Was the case transferred for consolidation by the MDL panel?

☐ **Rule 26(f) Conference:**

- The parties must discuss the mandatory initial discovery responses and seek to resolve any disagreements on the scope of their responses.
- The parties should include a description of their discussions, including resolved and unresolved disagreements or other discovery issues, in their Rule 26(f) report to the Court.
  - Parties must file the Rule 26(f) report in the CM/ECF system using the *Rule 26(f) Report re MIDP* event under the "Other Documents" category.

☐ **Responsive Pleadings [answer/counterclaim/crossclaim/reply]:**

- Must be filed within the time set in Rule 12(a)(1)(A), (B), and (C).
  - *Exception*: *The Court may defer the responsive pleading deadline for good cause if a party files a motion to dismiss based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute immunity or qualified immunity of a public official.*

☐ **Initial Discovery Responses:**

- **Party seeking affirmative relief**: must serve its initial discovery responses and file a notice of service with the Court within <u>30 days</u> after first responsive pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint.
  - Parties must file the notice of service in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery* event under the "Notices" category.

1

- o **Party filing a responsive pleading**: must serve its initial discovery responses and file a notice of service with the Court within 30 days after it files its responsive pleading.
    - Parties must file the notice of service in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery* event under the "Notices" category.

- o *Exceptions:*

    - *No discovery responses required if the Court approves a written stipulation by the parties that no discovery will be conducted in the case.*

    - *Deadline for serving initial discovery responses may be deferred once for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses, or 30 days after the date set by Rule 12(a)(4) if the Court does not set a pleading deadline.*

    - *If the Court deferred the responsive pleading deadline based on the filing of one of the qualifying motions to dismiss, initial discovery responses are due 30 days after the responsive pleading deadline set by the Court upon entry of its order deciding the motion.*

- o Initial responses and later supplements will not be filed with the Court on the date they are served, but a notice of service must be filed with the Court.
    - Parties must file the notice of service for initial responses in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery* event under the "Notices" category.

    - Parties must file the notice of service for supplements in the CM/ECF system using the *Notice of Service of Supplemental Mandatory Initial Discovery* event under the "Notices" category.

    - *Exception: Parties must file initial responses and later supplements with their 26(f) report or discovery-dispute filings if there is an unresolved dispute regarding the responses or supplements that the Court must resolve.*

- o Responses must be signed by the party, under oath, and by counsel under Rule 26(g).

- o Limitations to scope of initial response asserted by the parties:
    - If based on a claim of privilege or work product, the party must produce a privilege log under Rule 26(b)(5).
        - *Exception: No privilege log required if the parties agree or the Court orders otherwise.*

    - If based on any other objection, the party's response must explain with particularity the nature of the objection and provide a fair description of the information withheld.

2

- ☐ **Electronically Stored Information (ESI):**

    o   If the existence of ESI is disclosed or discovered, the parties must confer and address the issues listed in ¶ (C)(2)(a)(i)-(iii) of the Standing Order.

    o   The party must produce its ESI within 40 days after serving its initial response (unless modified by the court).
        - ESI must be produced in the form requested by the receiving party, or if no form is specified, in any reasonable form that will enable the receiving party to access, search, and display the ESI.

- ☐ **Rule 16 Conference and Case Management Order:**

    o   Rule 16 conference should be held within the time specified in Rule 16(b)(2) (as soon as possible but not later than the *earlier* of 90 days after any party has been *served* or 60 days after *appearance* by any party).

- ☐ **Supplementation:**

    o   Must be served in a timely manner, and no later than 30 days after the information is discovered or revealed.
    o   Parties have a continuing duty to supplement.
    o   Final Supplementation: Court deadline.
    o   If no court deadline, final supplementation is due 60 days before the final pretrial conference.
    o   If no court deadline and no final pretrial conference, final supplementation is due 90 days before trial.