**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UBIQUITI NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-5369 |
| | ) | |
| CAMBIUM NETWORKS, INC. | ) | Judge Feinerman |
| CAMBIUM NETWORKS, LTD. | ) | |
| BLIP NETWORKS, INC. | ) | |
| WINNCOM TECHNOLOGIES, INC., | ) | |
| SAKID AHMED, and | ) | |
| DMITRY MOISEEV, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT REPORT FROM RULE 26(f) CONFERENCE AND DISCOVERY PLAN**

Plaintiff Ubiquiti Networks, Inc. ("Ubiquiti") and Defendants Cambium Networks, Inc. ("Cambium"), Cambium Networks, Ltd., Blip Networks, Inc., Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev ("Defendants"), by and among the undersigned counsel, conferred on the topics set forth in Rule 26(f) of the Federal Rules of Civil Procedure and the Northern District of Illinois Standing Order Regarding Mandatory Initial Discovery Pilot Project ("MIDP") on October 2, 2018 and report as follows:

    **A.**    **Nature of the Case**

    **1. Attorneys of Record, and lead trial counsel for each party.**

Plaintiff:

MORGAN, LEWIS & BOCKIUS LLP

Elizabeth B. Herrington
Zachary Ryan Lazar
77 West Wacker Drive
Chicago, IL 60601-5094
312.324.1000 (Telephone)
beth.herrington@morganlewis.com
zachary.lazar@morganlewis.com

Defendants:

MICHAEL BEST & FRIEDRICH, LLP

Arthur J. Gollwitzer
James P. Fieweger
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800 (Telephone)
ajgollwitzer@michaelbest.com
jpfieweger@michaelbest.com

Robert C. Bertin (*lead trial counsel)
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
202.739.3000 (Telephone)
robert.bertin@morganlewis.com

Mark L. Krotoski
1400 Page Mill Road
Palo Alto, CA 94304-1124
650.843.4000 (Telephone)
mark.krotoski@morganlewis.com

Amy M. Dudash
1701 Market Street
Philadelphia, PA 19103
215.963.5000 (Telephone)
amy.dudash@morganlewis.com

BAKER BOTTS L.L.P.

Hopkins Guy (*lead trial counsel)
Jon V. Swenson
Karina Smith
1001 Page Mill Road
Bldg. 1, Suite 200
Palo Alto, CA 94304
650.739.7500 (Telephone)
hop.guy@bakerbotts.com
jon.swenson@bakerbotts.com
karina.smith@bakerbotts.com

Andrew D. Wilson
1299 Pennsylvania Ave. NW
Washington, DC 20004
(202) 639-1312 (Telephone)
andrew.wilson@bakerbotts.com

2. **Basis for federal jurisdiction.**

This Court has jurisdiction over Ubiquiti's claims arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA"), the claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq.* pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all other claims asserted pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims brought under the federal statutes so as to form part of the same case or controversy.

3. **Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.**

Ubiquiti asserts CFAA, RICO, Lanham Act, copyright infringement, trademark infringement, Illinois Computer Crime Prevention Law, breach of contract, tortious interference, unfair competition, intentional interference with prospective economic advantage, and misappropriation claims. Ubiquiti seeks actual and treble damages for Defendants' conduct in an amount to be determined at trial as well as injunctive relief.

4. **Whether the defendants will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.**

Defendants intend to file a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) in addition to their answers to the Complaint in accordance with the MIDP Project Standing Order.

5. **Principal legal and factual issues.**

The principal legal and factual issues center around Ubiquiti's assertion of 15 claims for relief against Defendants on the basis of allegations relating to Ubiquiti M-series devices, firmware and associated licenses on the one hand, and Cambiums' and other Defendants' conduct with respect to those M-series devices, firmware and licenses when in their possession and when

deployed by Ubiquiti customers, on the other hand. Counts are asserted under the Computer Fraud and Abuse Act (with seven subcounts); the Digital Millennium Copyright Act (with three subcounts); the Illinois Computer Crime Prevention Law; the Copyright Act; the Lanham Act, asserting theories of false advertising, trademark infringement and false designation of origin; the Racketeering Influenced and Corrupt Organizations Act; and common law claims including breach of contract, tortious interference with contract, unfair competition, intentional interference with prospective economic advantage, trademark infringement, and misappropriation, with each count involving unique legal issues related to the asserted claims. Key factual issues include, *inter alia*, Cambium's alleged creation and distribution of the Elevate Firmware to hack and replace Ubiquiti firmware on Ubiquiti M-series devices, Defendants' alleged copying, unauthorized access to and use of Ubiquiti's firmware in violation of Ubiquiti's license agreements and copyrights, alleged misrepresentations by Cambium in marketing of the Elevate Firmware, Cambium's use of Ubiquiti trademarks, the scope of Ubiquiti's asserted copyrights and ownership of the same, and the provisions of Ubiquiti's asserted contracts.

6. **Status of Service.**

All Defendants have been served with process.

B. **Status of Proceedings to Date**

The Court has enlarged the page limits for briefing on Cambium's motion to dismiss and has set a deadline for serving MIDP disclosures for November 15, 2018.

C. **Discovery and Case Plan**

In order to facilitate discovery, the parties agreed that service of written discovery and other non-filed documents would be effective if served on the parties via e-mail. The parties do not seek to impose any limits on the scope of discovery provided in Federal Rules of Civil Procedure or the Local Rules of the Northern District of Illinois, except as provided below with respect to interrogatories and depositions. The parties discussed the potential for international discovery and that there could be a schedule impact on discovery if it turns out that discovery in other countries becomes necessary.

The parties have agreed to the following limits on depositions and interrogatories:

- Absent a showing of good cause, each side is limited to 15 common interrogatories plus an additional 10 interrogatories per party group in the case when the interrogatories are served.[1] Absent a showing of good cause, each side is limited to a total of 35 hours of taking testimony by deposition upon oral testimony from any Rule 30(b)(6) and fact witness associated with **[Plaintiff's Proposal: "each party on the other side."] [Defendants' Proposal: "the other side."]**

- Absent a showing of good cause, each side is limited to a total of **[Plaintiff's Proposal: "50 hours"] [Defendants' Proposal: "35 hours"]** of taking testimony by deposition upon oral examination from third-parties.

---

[1] As used herein "side" means Plaintiff or Defendants and "party" refers to individual parties. Cambium Networks, Inc. and Cambium Networks, Ltd. are deemed one "party group" with all other parties constituting their own "party group."

3

1. **Summary of discovery, formal and informal, that has already occurred.**

Cambium and Ubiquiti have each requested that the other party produce source code and electronic information underlying certain allegations in the Complaint. For example, Defendants have requested that Ubiquiti produce source code underlying registered copyrights it has identified in the Complaint. Ubiquiti has requested production of source code corresponding to defendants' Elevate firmware, all copies of Ubiquiti firmware in Defendants' possession and electronic records pertaining to downloading and reverse engineering Ubiquiti firmware. Neither party has volunteered to produce these items, absent entry of a protective order with source code provisions. The parties have not yet exchanged discovery to date. The parties plan for entry of a protective order to protect confidential information and source code.

**Plaintiff's Proposal**

Plaintiff proposes that discovery in the case proceed forthwith according to the schedule below. Plaintiff alleges multiple independent torts committed by Defendants – specifically that Cambium's intentional creation, distribution and marketing of "Elevate" firmware to hack and replace Ubiquiti firmware on Ubiquiti M-series devices violates license agreements, copyrights, trademarks, and is based on false advertising, and the non-Cambium defendants' complicit actions with Cambium on these activities separately violates the Computer Fraud and Abuse Act, the Copyright Act, Lanham Act and the other statutory and common law torts identified above in Section A(5). Each count of the Complaint is based on separate acts of Defendants and there is no "heart of the case" that lends itself to phasing discovery as suggested by Defendants. Phasing will only delay discovery and relief for Plaintiff. For those reasons, Plaintiff proposes the case schedule below, which it believes is consistent with the Court's scheduling practices and which should allow sufficient time for discovery to be completed. While Plaintiff has not moved for a preliminary injunction, it is seeking an injunction to stop Cambium's and Defendants' ongoing and willful misconduct.

All of the information needed to be produced by the parties is accounted for in the proposed schedule, including source code, as part of the mandatory disclosures and ESI to be produced, and there is a mechanism for the parties to come to an agreement on a protective order and other issues related to ESI by November 26th.

**Defendants' Proposal**

Defendants propose that discovery in compliance with the MIDP be phased to focus on the information at the heart of the complaint. Defendants propose an initial round of discovery by January 18, 2019 under the MIDP on any remaining causes of action not dismissed by Defendants' motion to dismiss that includes the following:

- Mutual exchange of source code for the relevant Cambium and Ubiquity products.
- Production of the entire Ubiquiti copyright registration and registration content that is either held with the Library of Congress or forms any basis for the complaint.
- Production of any Open Source Licenses relevant to this action.
- Production of any evidence of direct access by Cambium of Ubiquiti source code or reverse engineering of Ubiquiti's code.
- All versions of all of Ubiquiti's license agreements that were in force at any time during the relevant time frame.
- Mutual exchange of high-level technical information from Ubiquiti and Cambium relevant to the products at issue in the complaint.

Defendants propose the remainder of the information required by the MIDP and the production of ESI (not addressed in the categories above), be completed by February 22, 2019 and March 25, 2019, respectively.

Defendants believe that the proposed phasing of critical discovery early on will assist in resolving the claims in this case early. It will also avoid discovery on any of Ubiquiti's 23 counts that do not survive Defendants' motion to dismiss. Ubiquiti's proposed schedule setting a deadline to complete fact discovery in January 2020 provides plenty of time to implement the phased approach. If the Court declines to adopt Defendants' approach, Defendants request an extension of the time for the MIDP until after the Court rules on their motion to dismiss.

### 2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

The parties discussed that discovery will encompass electronically stored information. The parties discussed that they have instructed Ubiquiti and Cambium to preserve electronic information relevant to the claims.

Further, Counsel for Ubiquiti discussed the necessity of each Defendant to have preserved all servers, logs of software downloads, laptop computers, cell phones, and voicemail from (i) individuals named in the Complaint, (ii) those involved in the development of the software for Ubiquiti devices including Elevate, (iii) servers, computers and other devices on which Ubiquiti firmware or Cambium Elevate firmware has been downloaded, copied or used, (iv) servers, computers and other devices involved in the issuance of licenses to Elevate firmware, (v) and Ubiquiti devices in possession of defendants.

Counsel for Defendants objected to this request and requested that Ubiquiti identify with particularity what information it wanted preserved and why but was provided no response other than the above general categories. Counsel for Defendants indicated that they had not yet informed non-Cambium defendants of the necessity to preserve information.

Ubiquiti explained on the Rule 26(f) call, and reiterates again here, that the following information at least should be preserved by all defendants: copies of Ubiquiti firmware for M-series devices, Ubiquiti M-series devices including any with Cambium "Elevate" firmware on them, downloads of Ubiquiti firmware, and records of communications regarding Ubiquiti firmware for M-Series devices, and Elevate firmware, in each defendant's possession, custody or control. All of this informationWh is germane to the claims. The parties have included a date in the scheduling order by which the parties will submit an agreed ESI procedure.

### 3. Proposed scheduling order.

The parties have attached as Exhbit A hereto their competing scheduling proposals.

### 4. Whether there has been a jury demand.

Plaintiff has made a jury demand with its Complaint.

### 5. Estimated Length of Trial.

The parties estimate that the length of trial would be between 8-10 days.

### D. Settlement

1. There are no outstanding settlement offers and discussions are not on-going at this time.

2. The parties request a settlement conference occur after initial disclosures and discovery (in March 2019).

**E. <u>Magistrate Judge</u>**

1. The parties do not consent to proceed before a magistrate judge for all purposes.

2. To date, no matters have been referred to a magistrate judge for disposition.

Respectfully submitted,

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP | MICHAEL BEST & FRIEDRICH, LLP |
| */s/ Elizabeth B. Herrington* | */s/ James P. Fieweger* |
| Elizabeth B. Herrington (IL Bar No. 6244547)<br>Zachary Ryan Lazar (IL Bar No. 6325727)<br>77 West Wacker Drive<br>Chicago, IL  60601-5094<br>312.324.1000 (Telephone)<br>312.324.1001 (Facsimile)<br>beth.herrington@morganlewis.com<br>zachary.lazar@morganlewis.com | Arthur J. Gollwitzer (IL Bar No. 06225038)<br>James P. Fieweger (IL Bar No. 6206915)<br>MICHAEL BEST & FRIEDRICH, LLP<br>444 West Lake Street, Suite 3200<br>Chicago, Illinois 60606<br>312.222.0800<br>ajgollwitzer@michaelbest.com<br>jpfieweger@michaelbest.com |
| Robert C. Bertin (admitted *pro hac vice*)<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004-2541<br>202.739.3000 (Telephone)<br>202.739.3001 (Facsimile)<br>robert.bertin@morganlewis.com | BAKER BOTTS L.L.P.<br><br>Hopkins Guy<br>Jon V. Swenson<br>Karina Smith<br>1001 Page Mill Road<br>Bldg. 1, Suite 200<br>Palo Alto, CA 94304<br>650.739.7500 (Telephone)<br>hop.guy@bakerbotts.com<br>jon.swenson@bakerbotts.com<br>karina.smith@bakerbotts.com |
| Mark L. Krotoski<br>1400 Page Mill Road<br>Palo Alto, CA 94304-1124<br>650.843.4000 (Telephone)<br>650.843.4001 (Facsimile)<br>mark.krotoski@morganlewis.com | |
| Amy M. Dudash (admitted *pro hac vice*)<br>1701 Market Street<br>Philadelphia, PA  19103<br>215.963.5000 (Telephone)<br>215.963.5001 (Facsimile)<br>amy.dudash@morganlewis.com | Andrew D. Wilson<br>1299 Pennsylvania Ave. NW<br>Washington, DC 20004<br>(202) 639-1312 (Telephone)<br>andrew.wilson@bakerbotts.com |
| *Attorneys for Plaintiff Ubiquiti Networks, Inc.* | *Attorneys for Defendants Cambium Networks, Inc., Cambium Networks, Ltd., Blip Networks,* |

*Inc., Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev*