**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UBIQUITI NETWORKS, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 1:18-cv-05369 |
| | ) | |
| v. | ) | Hon. Gary Feinerman |
| | ) | |
| CAMBIUM NETWORKS, INC.; CAMBIUM | ) | |
| NETWORKS, LTD.; BLIP NETWORKS, | ) | |
| LLC; WINNCOM TECHNOLOGIES, INC.; | ) | JURY TRIAL DEMAND BY ALL |
| SAKID AHMED; and DMITRY MOISEEV. | ) | DEFENDANTS |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE
TO UBIQUITI NETWORKS, INC.'S COMPLAINT**

Defendants Cambium Networks, Inc. ("Cambium"), Cambium Networks, Ltd. ("Cambium UK"), Blip Networks, LLC ("Blip"), Winncom Technologies, Inc. ("Winncom"), Sakid Ahmed, and Dmitry Moiseev (collectively, "Defendants"), by their attorneys, answer Plaintiff Ubiquiti Networks, Inc.'s ("Plaintiff") Complaint ("Complaint") as follows:

**NATURE OF ACTION**

1. This is a Complaint for injunctive relief and damages based on Cambium's intentional, commercially motivated, unauthorized access, reverse engineering and hacking of Ubiquiti's M-series wireless devices and trafficking in hacked firmware that deletes, modifies, and makes unauthorized copies of portions of the Ubiquiti firmware on the Ubiquiti M-series devices, eliminates Ubiquiti copyright notices to conceal Cambium's infringement, eliminates firmware restrictions Ubiquiti put in place to ensure operation in conformity with Federal Communications Commission ("FCC") requirements and licenses, and circumvents access control measures on the Ubiquiti M-series devices, all in violation of the Computer Fraud and

Abuse Act ("CFAA"), the Digital Millennium Copyright Act ("DMCA"), the Illinois Computer Crime Prevention Law, the Copyright Act, various state laws and the Ubiquiti firmware license agreements. Cambium's promotion and distribution of the hacked firmware as a product called Elevate (the "Hacked Firmware") is based on flagrant misrepresentations and false advertising in violation of the Lanham Act and state competition laws, and tortiously interferes with Ubiquiti's license agreements with Ubiquiti customers and Ubiquiti's prospective customers and business relationships. Once hacked with the Hacked Firmware, Ubiquiti M-series devices thereafter violate FCC rules and regulations and FCC licenses for the equipment.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants admit that Plaintiff purports to have filed a Complaint for injunctive relief and damages. Cambium, Cambium UK, Ahmed, and Moiseev (collectively, "Cambium Defendants") deny the remaining allegations as set forth in paragraph 1. Blip and Winncom (collectively, "Non-Cambium Defendants") lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 1, and therefore denies them.


2.      The sale and marketing of the Hacked Firmware was carried out through an elaborate scheme of mail and wire fraud involving material misrepresentations and omissions regarding the nature of the Hacked Firmware, willful copyright infringement, and misappropriation of Ubiquiti's time, money, brand recognition, and good will established with existing and prospective customers. Cambium, Cambium Networks, Sakid Ahmed—Vice President of Engineering at Cambium Networks, Dmitry Moiseev—Project Engineer at Cambium Networks, and Winncom (collectively, the "Hacking Enterprise") conspired together

and with co- conspirator Blip to defraud Ubiquiti customers and ensure financial gain in connection with marketing, sale, distribution, and use of the Hacked Firmware.

ANSWER:   Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 2.


## PARTIES

3.     Plaintiff Ubiquiti is a corporation organized under the laws of the State of Delaware, with its principal place of business at 685 Third Avenue, 27th Floor, New York, New York 10017.

ANSWER:   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 3, and therefore deny them.


4.     Defendant Cambium is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3800 Golf Road, Suite 360, Rolling Meadows, Illinois 60008.

ANSWER:   Cambium Defendants admit that Cambium is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3800 Golf Road, Suite 360, Rolling Meadows, Illinois 60008. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 4, and therefore deny them.


5.     Defendant Cambium Networks is a British limited liability company with its principal place of business in England.  Cambium Networks is the parent company of Cambium.

ANSWER: Cambium Defendants admit that Cambium UK is a British limited liability company with its principal place of business in England and that Cambium UK is the parent company of Cambium. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 5, and therefore deny them.

6. Defendant Blip is an Illinois limited liability company, with its principal place of business at 6 Sharp Rock Road, Ava, Illinois 62907-2528.

ANSWER: Blip admits that Blip is an Illinois limited liability company. Blip denies that its principal place of business is at 6 Sharp Rock Road, Ava, Illinois 62907-2528. Cambium Defendants and Winncom lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 6, and therefore deny them.

7. Defendant Winncom is an Ohio corporation, with its principal place of business at 28900 Fountain Parkway # B, Solon, Ohio 44139-4383.

ANSWER: Winncom admits that Winncom is an Ohio corporation, with its principal place of business at 28900 Fountain Parkway # B, Solon, Ohio 44139-4383. Cambium Defendants and Blip lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 7, and therefore deny them.

8. Defendant Sakid Ahmed is the Vice President of Engineering at Cambium Networks and a resident of Chicago, Illinois.

ANSWER: Cambium Defendants deny that Ahmed is the Vice President of Engineering at Cambium UK. Cambium Defendants admit that Ahmed is a resident of Chicago, Illinois. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 8, and therefore deny them.

9.     Defendant Dmitry Moiseev is a Project Engineer at Cambium Networks and a resident of Hoffman Estates, Illinois.

ANSWER: Cambium Defendants deny that Moiseev is a Project Engineer at Cambium UK. Cambium Defendants admit that Moiseev is a resident of Hoffman Estates, Illinois. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 9, and therefore deny them.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Ubiquiti's claims arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, the claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq.* pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all other claims asserted herein pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims brought under the federal statutes so as to form part of the same case or controversy.

ANSWER: Defendants deny that this Court has subject matter jurisdiction over Ubiquiti's claims relating to the use of Ubiquiti's firmware. The Defendants admit the remaining allegations set forth in paragraph 10.

11.     This Court has personal jurisdiction over Defendant Cambium.  Cambium is registered to do business in the State of Illinois and has a regular and established place of business in Illinois and this District at 3800 Golf Road, Suite 360, Rolling Meadows, Illinois 60008, and is and has been doing business in Illinois and this District at all times relevant hereto.

ANSWER:     Cambium Defendants admit the allegations as set forth in paragraph 11. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 11, and therefore deny them.


12.     This Court has personal jurisdiction over Defendants Sakid Ahmed and Dmitry Moiseev, Illinois residents who live, work, are employed, and carried out acts described herein within the Northern District of Illinois.

ANSWER:     Cambium Defendants admit the allegations as set forth in paragraph 12. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 12, and therefore deny them.


13.     This Court has personal jurisdiction over Defendants because directly or through intermediaries, they have committed acts within or directed at Illinois, causing harm herein and giving rise to this action, and/or have established minimum contacts with Illinois such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

ANSWER:     Cambium Defendants deny that Cambium Defendants, directly or through intermediaries, have committed actions within or directed at Illinois, causing harm herein and giving rise to this action. Cambium Defendants admit the remaining allegations as set forth in

paragraph 13 with respect to Cambium Defendants. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 13 with respect to Non-Cambium Defendants, and therefore deny them. Blip denies that Blip, directly or through intermediaries, has committed actions within or directed at Illinois, causing harm herein and giving rise to this action. Blip admits the remaining allegations as set forth in paragraph 13 with respect to Blip. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 13 with respect to Cambium Defendants or Winncom, and therefore denies them. Winncom denies the allegations as set forth in paragraph 13 with respect to Winncom. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 13 with respect to Cambium Defendants or Blip, and therefore denies them.

14.     Venue is proper in this Court because Defendants Cambium, Ahmed, Moiseev, and Blip reside or may be found in this District.  *See* 28 U.S.C. §§ 1391(b) & (c).

ANSWER:    Cambium Defendants and Blip deny the allegations as set forth in paragraph 14. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 14, and therefore denies them.

15.     Venue is also proper because a substantial part of the events and omissions giving rise to the instant action occurred within this District.  Unlawful and improper conduct including the violations of the CFAA, copyright infringement, and fraudulent mailing and interstate wire communications have occurred and originated within this District.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 15 with respect to Cambium Defendants. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 15 with respect to Non-Cambium Defendants, and therefore deny them. Blip denies the allegations as set forth in paragraph 15 with respect to Blip. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 15 with respect to Cambium Defendants or Winncom, and therefore denies them. Winncom denies the allegations as set forth in paragraph 15 with respect to Winncom. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 15 with respect to Cambium Defendants or Blip, and therefore denies them.

16. Venue is also proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 16 with respect to Cambium Defendants. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 16 with respect to Non-Cambium Defendants, and therefore deny them. Blip denies the allegations as set forth in paragraph 16 with respect to Blip. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 16 with respect to Cambium Defendants or Winncom, and therefore denies them. Winncom denies the allegations as set forth in paragraph 16 with respect to Winncom. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 16 with respect to Cambium Defendants or Blip, and therefore denies them.

## FACTUAL ALLEGATIONS

**Ubiquiti and Its Products**

17.     Founded in June 2005, Ubiquiti is a next generation communications technology company that designs and develops, among other things, proprietary wireless networking technologies.  Ubiquiti's products and solutions have bridged the digital divide between rural and urban markets by fundamentally changing the economics of deploying high performance networking solutions in underserved and underpenetrated markets globally.  Ubiquiti's technology platforms focus on delivering industry-leading performance, compelling price-performing characteristics and an unparalleled user experience.  Ubiquiti has reduced high product and network deployment costs and other business model inefficiencies to enable rapid market adoption of its products and solutions in rural and emerging markets.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 17, and therefore deny them.


18.     Ubiquiti has expended considerable time and resources to advertise and promote its products and brand throughout the world.  In addition to traditional advertising, Ubiquiti hosts a Ubiquiti Network Community Forum for users of Ubiquiti products who spread information about the products by word of mouth.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 18, and therefore deny them.

19.     Over the last eight years, Ubiquiti has spent over 500 million dollars investing in its proprietary products, developing its distribution network, and creating goodwill in the marketplace.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 19, and therefore deny them.

20.     Ubiquiti has received substantial unsolicited accolades and press for its successful broadband product line.  In 2007, Ubiquiti received significant attention when a group of Italian amateur radio operators set a distance world record for point-to-point links in the 5.8 GHz spectrum using Ubiquiti cards and antennas.  Ubiquiti received the Wireless Internet Service Providers Association ("WISPA") Manufacturer of the Year awards in 2010, 2011, 2014, and 2016.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 20, and therefore deny them.

**Ubiquiti M-Series Devices**

21.     Ubiquiti's extensive broadband product line includes Ubiquiti's M-series devices: the NanoStation M, NanoStation Loco M (collectively, "NanoStations"), which are wireless "customer premises equipment" that permit outdoor throughput; the NanoBridge M-series, the NanoBeam M-series and the PowerBeam M-series, which are all wireless bridges that wirelessly rebroadcast packets received; and the AirGrid M-series and the Rocket M-series.  The AirGrid M is a broadband wireless device that combines antenna and radio using Ubiquiti's proprietary Innerfeed technology.  The Rocket M is a radio device with enhanced receivers that delivers broadband connectivity through interchangeable antennas.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 21, and therefore deny them.

22.     Ubiquiti launched AirMAX® and its M-series product line in 2009.  AirMAX incorporates proprietary radio frequency (RF) technology, antenna design, and firmware, which simplify adoption and use of base stations, back haul equipment, and customer premises equipment (CPE).

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 22, and therefore deny them.

**Ubiquiti M-Series Device Firmware**

23.     All Ubiquiti AirMAX® products run on Ubiquiti's proprietary airOS® operating system embodied in Ubiquiti's firmware, and under Ubiquiti's proprietary AirMAX® protocol. The AirMAX® logo is present on the packaging of all Ubiquiti AirMAX® products.  The airOS® logo appears on screen when a user logs in to the web interface for Ubiquiti M-series devices using the Ubiquiti username and password.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 23, and therefore deny them.

24.     The user interface for a M-series device provides a path for upgrading the device firmware.  The Ubiquiti user interface is accessed at a designated IP address using a web browser.  On the first access to the user interface, the Ubiquiti customer is presented with the "Terms of Use" and the "Ubiquiti Firmware User License Agreement."

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 24, and therefore deny them.

25. The unsigned versions of the Ubiquiti firmware include checks for determining whether a firmware upgrade is compatible. Firmware that does not pass the checks is rejected and not installed.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 25, and therefore deny them.

26. Ubiquiti introduced a "signed" version of the airOS® firmware for M-series devices in 2017, including airOS firmware versions 5.6.15 and 6.0.3. The signed versions also allow upgrading, but a more robust signature verification performed by the boot loader verifies new firmware. Users may upgrade with a newer version of Ubiquiti firmware by downloading and installing the newer version.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 26, and therefore deny them.

**Ubiquiti Product Packaging, Labeling, and Branding**

27. All Ubiquiti AirMAX® product packaging for M-series devices is labeled with Ubiquiti's name and corporate address, Ubiquiti's domain name (www.ubnt.com), the UBIQUITI® trademark and Ubiquiti logo, and the AirMAX® trademark. Each Ubiquiti M-series product is also branded with a trademark associated with that M-series device.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 27, and therefore deny them.

28.     Ubiquiti owns registered trademarks used in branding the Ubiquiti M-series products, including: UBIQUITI® - Reg. No. 4,524,111; NANOSTATION® - Reg. No. 4,323,172; NANOBRIDGE® - Reg. No. 4,319,934; NANOBEAM® - Reg. No. 4,519,296; ROCKET® - Reg. No. 4558,159.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 28, and therefore deny them.

29.     Ubiquiti owns common law trademarks in other marks used to brand Ubiquiti M-series devices.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 29, and therefore deny them.

30.     Ubiquiti owns U.S. Copyright No. TXu001795146 for Ubiquiti firmware airOS version 5.2.1 and U.S. Copyright No. TXu001795146 for Ubiquiti firmware airOS version 5.3. *See* Exhibit A.

ANSWER:     Defendants admit that Exhibit A to the Complaint appears to include a Certificate of Registration for U.S. Copyright No. TXU001795146 and that the Certificate of Registration for U.S. Copyright No. TXU001795146 attached as part of Exhibit A, on its face, has a "Title of Work" of "AirOS 5.2.1" and refers to Ubiquiti Networks, Inc. as "Author" and "Copyright Claimant." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 30, and therefore deny them.

31.     Ubiquiti also marks products with a unique identifying code called a Media Access Control ID ("MAC ID").  The product packaging and the product labels also contain a unique FCC Identification number approved by the FCC, SWX-M2, which can be used to find information about the manufacturer and the product, including approved frequency ranges, via the FCC website.  The packaging and the labels also have the European Union "CE" mark, certifying compliance with European Union safety, health, and environmental protection requirements.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 31, and therefore deny them.


32.     In general, Ubiquiti designs and develops each of its products in-house, and uses contract manufacturers to manufacture the products according to Ubiquiti's proprietary designs. Ubiquiti has stringent standards that contract manufacturers are required to meet, and closely monitors the quality of products that they produce to assure that they meet Ubiquiti's high-quality standards.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 32, and therefore deny them.


33.     Consumers have come to associate the Ubiquiti brand with its high-quality standards and cutting-edge technologies.  This is the result of Ubiquiti's extensive investment of time, money, and resources into establishing consumer goodwill and brand recognition.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 33, and therefore deny them.

34.     Ubiquiti uses a worldwide network of distributors to market and distribute its products.  Ubiquiti's products are currently offered in the United States and in over 65 other countries.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 34, and therefore deny them.

35.     Ubiquiti primarily sells its M-series devices to wireless Internet service providers (WISPs).  WISPs purchase and deploy Ubiquiti M-series products and Ubiquiti access points with which the Ubiquiti M-series products communicate over medium to long range distances to build out wireless broadband networks that span wide geographic areas.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 35, and therefore deny them.

36.     The Ubiquiti M-series devices are designed to be affixed by a WISP to structures, such as a building, to establish fixed wireless networks.  The Ubiquiti AirMAX® radio protocol is used for wireless communications between Ubiquiti devices.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 36, and therefore deny them.

**The Ubiquiti Firmware License Agreements For Its M-Series Products**

37.     Ubiquiti M-series devices include a user interface for Ubiquiti customers to configure Ubiquiti M-series devices.  The user interface is accessed at a designated IP address

using a web browser.  On the first access, the Ubiquiti customer is presented with the "Terms of Use" and the "Ubiquiti Firmware User License Agreement" as shown below:



The Ubiquiti customer is required to agree to both the Terms of Use and the Ubiquiti Firmware License Agreement, via a checkbox.  *See* Terms of Use and the Ubiquiti Firmware License Agreement (Exhibit B).

      ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 37, and therefore deny them.

      38.    The Ubiquiti Firmware License Agreement requires users to agree to its terms prior to using Ubiquiti firmware and provides in pertinent part:

> This License Agreement strictly prohibits You from using the Ubiquiti Firmware on any device other than a Ubiquiti Device. You are also prohibited from removing or modifying any Ubiquiti

copyright notice, trademark or user interface of the Ubiquiti Firmware or any Ubiquiti Device.

The Ubiquiti Firmware is copyright-protected material under United States and international copyright and other applicable laws. Unauthorized copying, use or modification of ANY PART of this firmware, or violation of the terms of this Agreement, will be prosecuted under the law.

NOTICE

This is an agreement between You and Ubiquiti Networks, Inc. ("Ubiquiti"). YOU MUST READ AND AGREE TO THE TERMS OF THIS FIRMWARE LICENSE AGREEMENT ("AGREEMENT") BEFORE ANY UBIQUITI FIRMWARE CAN BE DOWNLOADED OR INSTALLED OR USED. BY CLICKING ON THE "ACCEPT" BUTTON OF THIS AGREEMENT, OR DOWNLOADING UBIQUITI FIRMWARE, OR INSTALLING UBIQUITI FIRMWARE, OR USING UBIQUITI FIRMWARE, YOU ARE AGREEING TO BE BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT. IF YOU DO NOT AGREE WITH THE TERMS AND CONDITIONS OF THIS AGREEMENT, THEN YOU SHOULD EXIT THIS PAGE AND NOT DOWNLOAD OR INSTALL OR USE ANY UBIQUITI FIRMWARE. BY DOING SO YOU FOREGO ANY IMPLIED OR STATED RIGHTS TO DOWNLOAD OR INSTALL OR USE UBIQUITI FIRMWARE.

ANSWER: Defendants admit that the document attached as Exhibit B to the Complaint, on its face, includes the language quoted in paragraph 38. Defendants deny any interpretation of the quoted language that paragraph 38 may suggest or imply. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 38, and therefore deny them.

39.     The Ubiquiti Firmware License Agreement prohibits, among other things: copying, modifying or reverse engineering the firmware; removing or modifying copyright notices or user interfaces on Ubiquiti devices; and circumventing any software protection

mechanisms, including any mechanism used to restrict or control the functionality of the Ubiquiti

firmware.  The Ubiquiti Firmware License Agreement provides in pertinent part:

> a.    **You may not, and shall not permit others to: ...**
>
> e.    copy the Ubiquiti Firmware (except as expressly permitted above), or copy the accompanying documentation;
>
> f.    modify, translate, reverse engineer, decompile, disassemble or otherwise attempt (i) to defeat, avoid, bypass, remove, deactivate, or otherwise circumvent any software protection mechanisms in the Ubiquiti Firmware, including without limitation any such mechanism used to restrict or control the functionality of the Ubiquiti Firmware, or (ii) to derive the source code or the underlying ideas, algorithms, structure or organization from the Ubiquiti Firmware (except that the foregoing limitation does not apply to the extent that such activities may not be prohibited under applicable law); or
>
> g.    distribute, rent, transfer or grant any rights in the Ubiquiti Firmware or modifications thereof or accompanying documentation in any form to any person without the prior written consent of Ubiquiti;
>
> h.    remove any Ubiquiti copyright notice or Ubiquiti branding from the Ubiquiti Firmware or modify any user interface of the Ubiquiti Firmware or Ubiquiti Device.

ANSWER:    Defendants admit that the document attached as Exhibit B to the

Complaint, on its face, includes language similar to the language quoted in paragraph 39.

Defendants deny any interpretation of the quoted language that paragraph 39 may suggest or

imply. Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as set forth in paragraph 39, and therefore deny them.


40.    The Ubiquiti Firmware License Agreement provides for automatic termination in

the event that the user violates the Firmware License Agreement, stating in pertinent part:

> Unauthorized copying of the Ubiquiti Firmware or failure to comply with the above restrictions will result in automatic

> termination of this Agreement and will make available to Ubiquiti
> other legal remedies. . . . Upon termination of this license for any
> reason You will destroy all copies of the Ubiquiti Firmware. Any
> use of the Ubiquiti Firmware after termination is unlawful.

ANSWER: Defendants admit that the document attached as Exhibit B to the Complaint, on its face, includes the language quoted in paragraph 40. Defendants deny any interpretation of the quoted language that paragraph 40 may suggest or imply. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 40, and therefore deny them.

41. Ubiquiti allows its customers to download Ubiquiti firmware updates for use on Ubiquiti M-series devices from the Ubiquiti website, by first agreeing to the terms of an End User License Agreement (EULA). *See* EULA (Exhibit C).

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 41, and therefore deny them.

42. The EULA applicable to any Ubiquiti firmware downloaded from the Ubiquiti website, like the Firmware License Agreement, also prohibits removing or modifying copyright notices or user interfaces on Ubiquiti devices, and prohibits unauthorized copying, modification or removal of any part of the Ubiquiti firmware. The EULA also prohibits reverse engineering and circumventing any software protection mechanisms, including any mechanism used to restrict or control the functionality of the Ubiquiti firmware. Violations of the EULA result in automatic termination of the EULA. Ubiquiti's Terms of Use, Firmware License Agreement, and EULA applicable to Ubiquiti firmware are collectively referred to as Ubiquiti's "Firmware License Agreements."

ANSWER: Defendants admit that the document attached as Exhibit C to the Complaint is titled "End User License Agreement." Defendants deny any interpretation of the document that paragraph 42 may suggest or imply. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 40, and therefore deny them.

**Cambium's Creation of Hacked Firmware Targeting Ubiquiti M-Series Devices, Hacking, Unlawful Conduct, and Fraud**

43. On information and belief, prior to November 30, 2016, Cambium acquired one or more Ubiquiti M-series wireless devices and at least one version of Ubiquiti's Air/OS firmware for the unauthorized purposes of reverse engineering the Ubiquiti firmware for M-series devices, accessing proprietary Ubiquiti information embedded in the firmware, copying portions of the firmware, modifying the firmware and user interfaces and developing and trafficking in Hacked Firmware targeting Ubiquiti M-series devices, and capitalizing on Ubiquiti's product development investment and customer goodwill. The Hacked Firmware does all of the following without authorization and in violation of Ubiquiti firmware license agreements:

ANSWER: Cambium Defendants admit that Cambium developed the software product ePMP Elevate. Cambium Defendants deny the Complaint's characterization of such software product as "Hacked Firmware." Cambium Defendants deny the remaining allegations as set forth in paragraph 43. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 43, and therefore deny them.

44.     The Hacked Firmware deletes portions of the Ubiquiti firmware and Ubiquiti user interfaces from Ubiquiti M-series devices.

ANSWER:   Cambium Defendants admit that installing ePMP Elevate on otherwise non-interoperable Ubiquiti M-series device deletes portions of the original firmware and user interface installed thereon. Cambium Defendants deny the allegations as set forth in paragraph 44 to the extent paragraph 44 suggests that ePMP Elevate, if installed on a compatible Ubiquiti M-series device, deletes portions but not the entirety of Ubiquiti firmware and Ubiquiti user interfaces from such a device. Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 44, and therefore deny them.

45.     The Hacked Firmware selectively modifies and copies portions of Ubiquiti firmware.

ANSWER:   Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 45. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 45, and therefore deny them.

46.     The Hacked Firmware makes unauthorized access to portions of the firmware that remain on Ubiquiti M-series devices after the hack.

ANSWER:   Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 46. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 46, and therefore deny them.

47.     The Hacked Firmware replaces the original radio software on Ubiquiti M-series devices with different, unauthorized radio software that causes the devices to stop operating in conformity with FCC requirements and equipment authorizations.

ANSWER:     Cambium Defendants admit that ePMP Elevate, if installed on a compatible Ubiquiti M-series device, replaces the original radio software on such a device with different radio software. Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the remaining allegations as set forth in paragraph 47. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 47, and therefore deny them.

48.     The Hacked Firmware circumvents access control measures on M-series devices.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 48. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 48, and therefore deny them.

49.     On information and belief, Cambium reverse engineered the Ubiquiti firmware stored on M-series devices, in order to study the structure and proprietary aspects of the Ubiquiti firmware to create Hacked Firmware capable of circumventing Ubiquiti's access control mechanisms, including mechanisms used to verify firmware as permissible on M-series devices.

22

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 49. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 49, and therefore deny them.

50. The Hacked Firmware removes proprietary Ubiquiti notices on Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants lack knowledge or information sufficient to determine what "proprietary Ubiquity notices" refer to, and therefore deny the allegations as set forth in paragraph 50. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 50, and therefore deny them.

51. The Hacked Firmware changes the user interfaces for M-series devices and makes unauthorized use of Ubiquiti trademarks in the user interfaces.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 51. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 51, and therefore deny them.

52. The Hacked Firmware renders the Ubiquiti M-series devices incapable of communicating with other Ubiquiti access points using Ubiquiti's radio software and instead causes the hacked Ubiquiti M-series devices only to communicate with Cambium access points.

ANSWER: Cambium Defendants admit that ePMP Elevate, if installed on a compatible Ubiquiti M-series device, renders the device incapable of communicating with other Ubiquiti access points using Ubiquiti's radio software and instead causes the device to communicate with Cambium access points. Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware" and certain Ubiquiti M-series devices as "hacked Ubiquiti M-series devices." Cambium Defendants deny any remaining allegations as set forth in paragraph 52. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 52, and therefore deny them.


53. Cambium instructs Ubiquiti licensees and customers to download the Hacked Firmware, open the Ubiquiti user interface on Ubiquiti M-series devices used for configuration, and to install the Hacked Firmware on M-series devices in violation of Ubiquiti firmware license agreements.

ANSWER: Cambium Defendants admit that Cambium provide instructions to users of Cambium products as to how to install ePMP Elevate on compatible devices. Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that Cambium instructs Ubiquiti licensees and customers to violate Ubiquiti firmware license agreements. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 53,

and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 53, and therefore deny them.

54.     Cambium directs Ubiquiti's licensees using Ubiquiti M-series products to install the Hacked Firmware on Ubiquiti M-series products by following the ePMP Elevate Quick Start Guide (Exhibit D), excerpted below, as well as by following an online video:

**SUBSCRIBER SOFTWARE UPGRADE TO EPMP ELEVATE**

1   Download ePMP Elevate software (based on device type) from the Cambium Support website.
2   Using a web browser, navigate to the subscriber module's configured management IP address.
3   Login to the subscriber module using your configured username and password.
4   Upgrade the device software using the ePMP Elevate software package from Step 1.

5   Reboot the device.
    The subscriber will now begin to scan all available frequencies and channel bandwidths for network entry via the installed ePMP access point.

 Note

After upgrade, ePMP Elevate subscribers retain only their configured IP Address and Device Name. All other parameters, including configured access point SSIDs, frequency configuration, VLAN, etc. may be configured over-the-air after upgrade to ePMP Elevate.

*Figure 1— Elevate firmware update instructions from ePMP Elevate Quick Start Guide v3.2 (p. 5)* (Ex. D)

ANSWER:   Defendants admit that the document titled "ePMP elevate Quick Start Guide" that is attached as Exhibit D to the Complaint contains the text shown in Figure 1. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 54, and therefore deny them. Cambium Defendants admit that Cambium provides the ePMP Elevate Quick Start Guide to instruct users of Cambium products as to how to install ePMP Elevate on compatible devices. Cambium Defendants admit that Cambium provides an online video to instruct users of Cambium products as to how to install ePMP Elevate on compatible devices. Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 54, and therefore deny them.

55.     Cambium formats the Hacked Firmware to be accepted by Ubiquiti's firmware update process and to hack M-series devices and the installed firmware in violation of Ubiquiti's Firmware License Agreements.   Incorrectly formatted firmware is rejected by the Ubiquiti firmware.

ANSWER:   Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that Cambium formats ePMP Elevate to be accepted by Ubiquiti's firmware update process for purposes of allowing interoperability with Cambium devices. Cambium Defendants deny that Cambium formats ePMP Elevate to hack M-series devices and the installed firmware in violation of Ubiquiti's Firmware License Agreements. Cambium Defendants lack knowledge or information sufficient to form a belief as to whether incorrectly formatted firmware is rejected by the Ubiquiti firmware, and therefore deny the allegation. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 55, and therefore deny them.


56.     After a Ubiquiti M-series device is hacked with the Hacked Firmware, the device's entire Ubiquiti user interface is replaced with a Cambium User Interface.  This violates the Ubiquiti Firmware License Agreement.

ANSWER:   Cambium Defendants admit that, when ePMP Elevate is installed on a compatible Ubiquiti M-series device, it deletes the device's entire Ubiquiti user interface and replaces it with a Cambium user interface. Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that installing ePMP Elevate on a Ubiquiti M-series device hacks the device or violates the Ubiquiti

Firmware License Agreement. Cambium Defendants deny any implication of paragraph 56 that the Ubiquiti Firmware License Agreement is valid. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 56, and therefore deny them.

57.     Most Ubiquiti trademarks and logos are removed in the hacked User Interface However, Cambium still uses the M-series device trademarks, such as NANOSTATION®, within the hacked User Interface when a NanoStation M5 device has been taken over by the Hacked Firmware.

ANSWER:     Because the Complaint does not specify what "hacked User Interface" refers to, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 57, and therefore deny them.

58.     Each page of the Ubiquiti User Interface contains a Ubiquiti copyright notice. Cambium's replacement User Interface removes these notices and instead contains only Cambium Networks copyright notices.  The removal of the Ubiquiti copyright notice is a violation of the Ubiquiti Firmware License Agreements.

ANSWER:     Cambium Defendants admit that at least some user interfaces of Cambium products contain copyright notices of Cambium UK. Because the Complaint does not specify what "Cambium's replacement User Interface" refers to, Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Cambium's replacement User Interface removes these notices and instead contains only Cambium Networks copyright notices." Cambium Defendants deny the interpretation that removal of the Ubiquiti

28

copyright notice is a violation of the Ubiquiti Firmware License Agreements. Cambium Defendants lack knowledge or information sufficient to form a belief as to whether each page of the Ubiquiti User Interface contains a Ubiquiti copyright notice, and therefore deny this allegation. Non-Cambium Defendants deny the interpretation that removal of the Ubiquiti copyright notice is a violation of the Ubiquiti Firmware License Agreements. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 58, and therefore deny them.

59.     Cambium's installation of the Hacked Firmware on Ubiquiti M-series devices, and such installation on M-series devices by others at Cambium's urging, is a violation of FCC rules.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 59. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 59, and therefore deny them.

60.     Installation of the Hacked Firmware on Ubiquiti M-series devices modifies the Ubiquiti firmware and causes the Ubiquiti M-series devices to transmit with characteristics that are not allowed by the FCC equipment authorization and FCC rules, or the original Ubiquiti firmware, in violation of the Ubiquiti Firmware License Agreement.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 60. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 60, and therefore deny them.

      61.    Cambium admits that its firmware exceeds the original transmission thresholds:

Known problems or limitations (System Release 3.4)

Tracking Description / Workaround

. . .

14458 [ePMP Elevate 2.4, XM] Cambium Elevate operating Tx Power exceeds original nonCambium software-configured Tx Power by 1.5 — 3 dBm"

*See* Cambium Release Notes v. 3.5.1 (Exhibit E)

    ANSWER:    Defendants admit that the Exhibit E attached to the Complaint contains the language quoted in paragraph 61. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 61, and therefore deny them. Cambium Defendants deny that Cambium admits that its firmware exceeds the original transmission thresholds.

**Cambium's Unlawful Promotion and Distribution of Hacked Firmware**

    62.    In selling the Hacked Firmware, Cambium misleads and induces customers to make two significant modifications to two separate Ubiquiti products: (1) the Ubiquiti Firmware and (2) the Ubiquiti M-Series devices. *See generally* Exhibit F (Transcription of Portions of November 30, 2016 ePMP Elevate Webinar).

    ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 62. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 62, and therefore deny them.

63.     Cambium describes the Hacked Firmware, which it refers to as ePMP Elevate, as "an innovative software solution" that allows customers to "increase performance *without replacing installed hardware.*" (Exhibit G) (emphasis added), https://www.cambiumnetworks.com/products/access/epmp-elevate/.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit the remaining allegations as set forth in paragraph 63. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 63, and therefore deny them.

64.     According to Cambium, the ePMP Elevate software is intended to allow fixed wireless broadband networks to gain capabilities of the Cambium Networks' ePMP platform including frequency reuse enabled by GPS Synchronization and Smart Beamforming.

ANSWER:     Cambium Defendants admit that the ePMP Elevate software allows fixed wireless broadband networks to gain capabilities of the Cambium Networks' ePMP platform including frequency reuse enabled by GPS Synchronization and Smart Beamforming. Cambium Defendants deny any speculation as to Cambium's intent that paragraph 64 may contain. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 64, and therefore deny them.

65.     As a commercial benefit and cost savings, Cambium promotes the Hacked Firmware as a means to use the existing infrastructure licensed by other companies.  The ePMP$^{TM}$ Elevate software product is designed to be used "even on non-Cambium Networks 802.11n-based hardware."  (Exhibit H).  According to Cambium, "Saving the cost and time of a total network replacement, an operator simply installs an ePMP Access Point and loads ePMP Elevate software onto their deployed subscriber modules."  (Ex. G).

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that they promote the commercial and cost savings of allowing legacy non-Cambium devices to interoperate with Cambium access points. Cambium Defendants deny the remaining allegations as set forth in paragraph 65. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 65, and therefore deny them.


66.     As material omissions, Cambium fails to tell customers that the use of the Hacked Firmware makes modifications to M-series devices and Ubiquiti firmware that violates Ubiquiti firmware license agreements, violates FCC requirements and rules, and violates Ubiquiti's intellectual property rights.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that Cambium fails to inform customers that the use of ePMP Elevate makes modifications to M-series devices. Cambium Defendants deny the presumption that the use of ePMP Elevate makes modifications to Ubiquiti firmware, violates Ubiquiti firmware license agreements, violates FCC requirements and rules, or violates Ubiquiti's intellectual property rights. Cambium Defendants deny that any failure to

inform customers about the denied presumptions constitute material omissions. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 66, and therefore deny them.

67.     The Ubiquiti Firmware is modified—portions remain, portions are modified, portions are removed and portions are copied—when the Cambium Hacked Firmware is installed.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that, when ePMP Elevate is installed on an otherwise non-interoperable Ubiquiti device, portions of the Ubiquiti Firmware are removed. Cambium Defendants deny the remaining allegations as set forth in paragraph 67. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 67, and therefore deny them.

68.     Cambium officials highlight that the Hacked Firmware modifies the Ubiquiti M-series devices and firmware, and they promote the modification as a commercial benefit. For example, in the ePMP Portfolio Overview (Exhibit I), Cambium's promotional literature notes that the ePMP Elevate software product can "leverage an existing 802.11-based installed network and add synchronization without the cost of replacing the entire network." (Ex. I, Page 7). The Ubiquiti® XW/XM (including the trademark) is also listed as a supported product. (*Id*.).

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that "Cambium officials highlight that the Hacked Firmware modifies the Ubiquiti M-series devices and firmware, and they

33

promote the modification as a commercial benefit." Cambium Defendants admit the remaining allegations as set forth in paragraph 68. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 68, and therefore deny them.

69.    Exhibit J shows a comparison between the user interface for the Ubiquiti PowerBeam M series product taken from the AirOS user guide and the user interface for an "Elevated" Ubiquiti product.  The Ubiquiti user interface has a copyright notice on the bottom and features "Genuine Product" along with trademarks for the product name, AirOS and a design.  The Cambium user interface eliminates the Ubiquiti copyright notice and replaces it with a Cambium copyright notice.  It also makes unauthorized use of the Ubiquiti product name, in this instance the NanoBeam M5.

ANSWER:    Cambium Defendants admit that Exhibit J purports to show a comparison between a user interface that appears to be related to "PowerBeam M5" on its face and a user interface that appears to be related to "Cambium Networks ePMP 1000 Elevate" on its face. Cambium Defendants admit that the user interface that appears to be related to "PowerBeam M5" on its face in Exhibit J include an icon of "Genuine Product" and the language "Copyright 2006-2016 Ubiquiti Networks, Inc." Cambium Defendants admit that the user interface that appears to be related to "Cambium Networks ePMP 1000 Elevate" on its face does not include a Ubiquiti copyright notice, but includes the language "2016 Cambium Networks, All Rights Reserved." Cambium Defendants admit that the user interface that appears to be related to "Cambium Networks ePMP 1000 Elevate" on its face include the text "NanoBeam-M5-16," but deny that it makes unauthorized use of the Ubiquiti product name. Cambium Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 69, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 69, and therefore deny them.

70.    On or about November 30, 2016, Cambium began publicly promoting the Hacked Firmware under the name "Elevate" and "ePMP Elevate" for large scale distribution through a webinar, its website, and other avenues.

ANSWER: Cambium Defendants admit that, on or about November 30, 2016, Cambium promoted ePMP Elevate under the names "Elevate" and "ePMP Elevate" through a webinar and Cambium's website. Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants note that the meanings of "large scale distribution" and "other avenues," as they are used in paragraph 70, are unclear, and thus deny any allegations including those terms. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 70, and therefore deny them.

71.    Cambium has continued to heavily promote the Hacked Firmware in the United States and throughout the world with additional webinars directed at WISPs, and marketing and distribution of literature and web pages through third party distributors, including distributors used by both Cambium and Ubiquiti.  Cambium has marketed the Hacked Firmware at industry conferences attended by WISPs, Cambium, and Ubiquiti and through live educational seminars

directed at distributors and WISPs and demonstrating hacking Ubiquiti M-series devices using the Hacked Firmware.

ANSWER: Cambium Defendants admit that Cambium has continued to promote ePMP Elevate in the United States and various other countries with webinars and marketing and distribution of literature and web pages through third party distributors, at industry conferences, and live educational seminars. Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that Cambium has demonstrated hacking Ubiquiti M-series devices. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 71, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 71, and therefore deny them.


**Summary of Cambium's Illicit Conduct**

72. Cambium's development, promotion and distribution of the Hacked Firmware violates the Ubiquiti Firmware License Agreements. Through Cambium's widespread promotion and distribution of the Hacked Firmware, Cambium willfully, and with full knowledge of Ubiquiti's proprietary rights, induces third parties, including Ubiquiti customers, to violate the Ubiquiti Firmware License Agreements and to violate Ubiquiti's copyrights and misappropriate Ubiquiti's proprietary information embedded in the firmware by installing and using Hacked Firmware on Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 72. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 72, and therefore deny them.

73. The Hacked Firmware, when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device, makes unauthorized copies of and modifies the configuration portion of Ubiquiti's firmware present on Ubiquiti M-series devices in violation of the Ubiquiti Firmware License Agreements.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 73. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 73, and therefore deny them.

74. The Hacked Firmware, when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device, deletes the Ubiquiti kernel, including Ubiquiti radio control software, and the AIRMAX® technology platform on Ubiquiti M-series devices, in violation of the Ubiquiti Firmware License Agreements.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that installation of ePMP Elevate on a compatible Ubiquiti M-series device violates the Ubiquiti Firmware License Agreement. Cambium Defendants deny any implication of paragraph 74 that the Ubiquiti Firmware License Agreement is valid. Cambium Defendants admit that ePMP Elevate, when installed on a compatible Ubiquiti M-series device, deletes original software on the Ubiquiti M-series devices. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of

the remaining allegations as set forth in paragraph 74, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 74, and therefore deny them.

75.     The Hacked Firmware, when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device, deletes the Ubiquiti file system software on Ubiquiti M-series devices in violation of the Ubiquiti Firmware License Agreements.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that installation of ePMP Elevate on a compatible Ubiquiti M-series device violates the Ubiquiti Firmware License Agreement. Cambium Defendants deny any implication of paragraph 75 that the Ubiquiti Firmware License Agreement is valid. Cambium Defendants admit that ePMP Elevate, when installed on a compatible Ubiquiti M-series device, deletes the file system software on the Ubiquiti M-series devices. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 75, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 75, and therefore deny them.

76.     As described herein, the Hacked Firmware preserves other portions of the Ubiquiti firmware present on M-series devices and makes unauthorized use of the Ubiquiti firmware after the Hacked Firmware is installed and running on Ubiquiti M-series devices.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 76. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 76, and therefore deny them.

77.     The Hacked Firmware, when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device, preserves and makes unauthorized use of Ubiquiti's binary, proprietary calibration portion of the firmware present on the Ubiquiti M-series devices in violation of the Ubiquiti Firmware License Agreements.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants that the Elevate Firmware uses an Atheros Chipset Application Programming Interface ("API") to control the radio on-board M-series devices and that in doing so, that third party API may utilize some calibration information present on the device. Cambium Defendants deny all other allegations set forth in paragraph 77, including that this information is "Ubiquiti's binary, proprietary" information or that this information is used in violation of any Ubiquiti Firmware License Agreements. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 77, and therefore deny them.

78.     As described herein, the Hacked Firmware, when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device, deletes and replaces the user interfaces on Ubiquiti M-series devices with a completely different, hacked user interface in violation of the Ubiquiti Firmware License Agreements.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that ePMP Elevate, when installed

on a Ubiquiti M-series device, replaces the user interfaces on Ubiquiti M-series devices with a hacked user interface in violation of the Ubiquiti Firmware License Agreements. Cambium Defendants deny any implication of paragraph 78 that the Ubiquiti Firmware License Agreement is valid. Cambium Defendants admit that ePMP Elevate, when installed on a Ubiquiti M-series device, deletes and replaces the user interfaces on Ubiquiti M-series devices with a completely different non-Ubiquiti user interface. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 78, and therefore deny them.

79.     The Hacked Firmware when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device eliminates all Ubiquiti copyright notices from the user interface on M-series devices, in violation of the Ubiquiti Firmware License Agreements.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that ePMP Elevate, when installed on a Ubiquiti M-series device, deletes the user interfaces on the device, therefore eliminating any content the user interface may contain. Cambium Defendants deny the remain allegations as set forth in paragraph 79. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 79, and therefore deny them.


80.     The Hacked Firmware when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device replaces Ubiquiti copyright notices in a hacked

user interface on M-series devices with Cambium copyright notices, notwithstanding the presence of Ubiquiti firmware on the hacked device.

ANSWER:  Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that ePMP Elevate, when installed on a Ubiquiti M-series device, deletes and replaces the user interfaces on Ubiquiti M-series devices with a different non-Ubiquiti user interface. Cambium Defendants admit that this process eliminates any content the deleted user interfaces may contain and that the different user interface contains copyright notices related to Cambium. Cambium Defendants deny the remaining allegations as set forth in paragraph 80. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 80, and therefore deny them.


81.     The Hacked Firmware when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device includes Ubiquiti trademarks in the hacked user interface.

ANSWER:  Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 81. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 81, and therefore deny them.


82.     The Hacked Firmware, when installed by Cambium, a Cambium distributor or a Ubiquiti customer on a Ubiquiti M-series device, completely replaces the radio software and thereafter permits the entry of radio transmission values through the hacked user interface that

exceed radio restrictions implemented on the M-series devices and defeats Ubiquiti radio controls all in violation of the Ubiquiti Firmware License Agreement and FCC Rules and Regulations.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that ePMP Elevate, when installed on a compatible Ubiquiti M-series device, completely replaces the existing radio software. Cambium Defendants deny the remaining allegations as set forth in paragraph 82. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 82, and therefore deny them.

83.    Cambium intentionally misleads and induces distributors and Ubiquiti customers to willfully and intentionally breach Ubiquiti's copyrights in its firmware by making unauthorized copies of copyrighted portions of Ubiquiti's firmware and by copying, installing or re-installing copies Ubiquiti's copyrighted firmware on M-series devices without authorization for the sole purpose of facilitating the hacking of Ubiquiti M-series devices by installing or reinstalling the Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 83. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 83, and therefore deny them.

84.    Cambium's Hacked Firmware is a product of unauthorized reverse engineering of the Ubiquiti firmware stored on M-series devices and incorporates features capable of

42

circumventing Ubiquiti's access control mechanisms, including mechanisms used to verify firmware as permissible on M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 84. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 84, and therefore deny them.

85. The Hacked Firmware includes replacement radio software that changes the radio of M-series devices such that operation of the modified devices is impermissible under the FCC's Rules and Regulations.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 85. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 85, and therefore deny them.

86. Cambium traffics in Hacked Firmware that it directs distributors and Ubiquiti customers to install on Ubiquiti M-series devices to circumvent the access control protection mechanisms of the Ubiquiti firmware. This allows the Hacked Firmware to copy and gain unauthorized access to proprietary calibration and configuration information preserved on the M-series devices after the hacking.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 86. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 86, and therefore deny them.

87.     Cambium's Hacked Firmware thereafter changes the radio on Ubiquiti M-series devices and causes the Ubiquiti M-series devices to transmit at power levels and with frequencies that violate FCC rules and equipment authorizations.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that ePMP Elevate, when installed on a compatible Ubiquiti M-series device, replaces the existing radio software with a completely different radio software. Cambium Defendants deny the remaining allegations as set forth in paragraph 87. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 87, and therefore deny them.

88.     In early 2017, Ubiquiti introduced "signed" versions of the Ubiquiti AirOS firmware on newly produced M-series devices, and made these signed versions available for download for M-series devices, including AirOS firmware versions 5.6.15 and 6.0.3.  These firmware versions are more difficult to hack than prior versions.  Yet, Cambium has provided its end users with instructions on ways to attempt to hack the signed AirOS firmware versions.

ANSWER:     Cambium Defendants deny that Cambium has provided its end users with instructions on ways to attempt to hack the signed AirOS firmware versions. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 88, and therefore deny them. Non-Cambium

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 88, and therefore deny them.

89.     Cambium traffics in Hacked Firmware and instructions to Ubiquiti customers that circumvent additional access controls on signed versions of Ubiquiti firmware for M-series devices.   Cambium's instructions are premised on intentional, unauthorized copying of copyrighted Ubiquiti firmware in order to defeat the signed versions of Ubiquiti firmware for M-series devices, followed by additional hacking of the Ubiquiti M-series devices with the Hacked Firmware to circumvent access control mechanisms within the Ubiquiti firmware, and copy and gain unauthorized access to proprietary calibration and configuration information preserved on the M-series devices after the hacking.

ANSWER:   Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 89. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 89, and therefore deny them.

90.     Cambium's promotion of and trafficking in Hacked firmware is willful, wanton, fraudulent, and has been deliberately designed and carried out to damage Ubiquiti's customer relationships, unfairly compete with Ubiquiti and migrate Ubiquiti customers to Cambium customers.

ANSWER:   Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 90. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 90, and therefore deny them.

91.     Cambium and those distributors, customers and other agents that Cambium has misled and induced to commit willful breaches and violations of the Ubiquiti Firmware License Agreements described herein each exceeded the limited, authorized access that Ubiquiti provides to use the firmware on Ubiquiti M-series devices.  As a result, Cambium and/or its agents hacking of the Ubiquiti firmware in Ubiquiti M-series devices in furtherance of creating the Hacked Firmware immediately and automatically terminated the Ubiquiti Firmware License Agreements for Cambium and/or its agents.  Cambium's and/or its agents intentional and willful acts to access and continue to access protected devices, Ubiquiti M-series devices and Ubiquiti websites used in interstate commerce and communications, to hack, copy, modify, remove, and make unauthorized use of Ubiquiti's firmware and M-series devices were all without authorization and in violation of the Computer Fraud and Abuse Act and the Illinois Computer Crime Prevention Law.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 91. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 91, and therefore deny them.

92.     Cambium has provided information and firmware to facilitate users switching from signed AirOS firmware versions to the Hacked Firmware.  *See* Postings on Cambium Community Forum, Exhibit K.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that Cambium has provided information and firmware to facilitate users to install ePMP Elevate on otherwise non-interoperable competitor products in order to allow interoperability. Cambium Defendants lack knowledge or information sufficient to form a belief as to which competitor products bear signed AirOS firmware versions, and therefore deny any allegations in paragraph 92 regarding signed AirOS firmware versions. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 92, and therefore deny them.

**Cambium's False and Misleading Statements to Promote the Hacked Firmware**

93.      On and around November 30, 2016, Cambium made announcements on its website and released a webinar announcing the general availability of the Hacked Firmware as a replacement for Ubiquiti's native firmware.  The lead speakers during the webinar were Defendants Sakid Ahmed and Dmitry Moiseev.  The webinar directs viewers to the Cambium website to download the Hacked Firmware and provides instructions on how to navigate the Ubiquiti web user interfaces driven by Ubiquiti firmware on M-series Ubiquiti devices in order to replace the Ubiquiti firmware with Cambium's Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that, on or around November 30, 2016, Cambium made announcements on its website and released a webinar announcing the general availability of the ePMP Elevate as a replacement for firmware of non-interoperable competitor products to allow for interoperability with Cambium products, where Ahmed and Moiseev are speakers of the webinar. Cambium Defendants admit that the webinar directs

viewers to the Cambium website to download ePMP Elevate and provides instructions on how to install ePMP Elevate on compatible competitor products, including Ubiquiti M-series devices. Cambium Defendants admit that the Webinar's demonstration of how to install ePMP Elevate includes display of a user interface that appears to relate to Ubiquiti. Cambium Defendants deny the remaining allegations as set forth in paragraph 93. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 93, and therefore deny them.

94.     During the webinar Defendants Ahmed and Moiseev—Cambium representatives— directly targeted Ubiquiti customers—claiming that the Hacked Firmware would "support . . . XW-based Ubiquiti hardware (2013-current) [,and] XM-based Ubiquiti hardware (2013 and prior)" totaling 17 supported Ubiquiti models.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that the document titled "Partial Transcription of November 30, 2016 ePMP Elevate Webinar" attached as Exhibit F to the Complaint includes the language quoted in paragraph 94. Cambium Defendants deny any interpretation or characterization of the content of Exhibit F by the Plaintiff. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 94, and therefore deny them.

95.     During the webinar, Defendants Ahmed and Moiseev touted that Cambium would "continue to develop ePMP Elevate" in order to provide "[s]upport for more Ubiquiti subscriber modules."

ANSWER: Cambium Defendants admit that the document titled "Partial Transcription of November 30, 2016 ePMP Elevate Webinar" attached as Exhibit F to the Complaint includes the language quoted in paragraph 95. Cambium Defendants deny any interpretation or characterization of the content of Exhibit F by the Plaintiff. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 95, and therefore deny them.

96. During the webinar, Defendants Ahmed and Moiseev also held a live demonstration providing step-by-step instructions to Ubiquiti customers on how to install the Hacked Firmware. Defendants Ahmed and Moiseev demonstrated in real time Cambium's improper hacking of the Ubiquiti product.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that the webinar includes a demonstration providing instructions on how to install ePMP Elevate and that the demonstration was conducted by Moiseev. Cambium Defendants deny that Ahmed and Moiseev demonstrated any "improper hacking of the Ubiquiti product." Cambium Defendants deny the remaining allegations as set forth in paragraph 96. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 96, and therefore deny them.

97. During the webinar, Cambium also showed its so-called "lab" wherein Cambium had on display the Ubiquiti M-series devices.

ANSWER: Cambium Defendants admit that, during the webinar, Cambium showed a lab and that there were Ubiquiti subscriber modules in the lab. Cambium Defendants deny the remaining allegations as set forth in paragraph 97. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 97, and therefore deny them.

98. During the webinar, Defendants Ahmed and Moiseev answered nearly a dozen live questions from the audience specifically regarding Ubiquiti, including pertaining to the alteration of Ubiquiti hardware and the supposed ability to reverse changes made to the Ubiquiti firmware through installation of the Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that the document titled "Partial Transcription of November 30, 2016 ePMP Elevate Webinar" attached as Exhibit F to the Complaint includes language that, on its face, appears to be questions and answers. Cambium Defendants admit that the document titled "Partial Transcription of November 30, 2016 ePMP Elevate Webinar" attached as Exhibit F to the Complaint recites:

> 36:52 – 37:17 – "If you upgrade a subscriber module to ePMP Elevate, you are always able to revert back to the original manufacturer's software . . . support same hardware reset functionality on all those units and you can always return back to the original manufacture's software if you so desire. And that answers the question whether the upgrade step is reversible so we won't go through that again."

Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 98, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 98, and therefore deny them.

99.     During the webinar, Defendants Ahmed and Moiseev referred customers with warranty questions to the hardware manufacturers, which include Ubiquiti.

ANSWER:     Cambium Defendants admit that the document titled "Partial Transcription of November 30, 2016 ePMP Elevate Webinar" attached as Exhibit F to the Complaint recites:

21:44 – 21:53 – "Warranty is specific to hardware. ePMP Elevate is a software solution so therefore any hardware specific defects should be reported to the corresponding manufacturer."

Cambium Defendants deny any interpretation or characterization of the content of Exhibit F by the Plaintiff. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 98, and therefore deny them.

100.     The webinar was conducted by Defendant Sakid Ahmed, Vice President of Engineering, along with Cambium employees involved in product design and development for the Hacked Firmware, including Dmitry Moiseev.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware."  Cambium Defendants admit the remaining allegations as set forth in paragraph 100. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 100, and therefore deny them.

101.     Defendants Ahmed and Moiseev's statements to the public implied that Ubiquiti endorsed the Hacked Firmware—a false and misleading fact.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 101. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 101, and therefore deny them.

102. Cambium and its representatives have made numerous misrepresentations during the webinar.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 102. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 102, and therefore deny them.

103. For instance, during the webinar, Cambium representatives stated that "Once you've uploaded ePMP Elevate . . . old manufacturers' firmware is not operating in any form." (Exhibit F), Webinar, at 49:56-50:03. This is false. Various parameters and other portions of the Ubiquiti M-series firmware code remain operative after the Hacked Firmware is installed.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that the document titled "Partial Transcription of November 30, 2016 ePMP Elevate Webinar" attached as Exhibit F to the Complaint includes the language quoted in paragraph 103. Cambium Defendants deny the remaining allegations as set forth in paragraph 103. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 103, and therefore deny them.

104.    There were also numerous false statements by omission made during the webinar.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 104. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 104, and therefore deny them.

105.    For instance, Cambium never disclosed during the webinar or in any promotional materials for the Hacked Firmware the following critical facts:

- that use of the ePMP Elevate Software violates the terms of the Ubiquiti licensing agreements;

- that the changes made with the Cambium Firmware alters the device to be non-FCC compliant;

- that use of the ePMP Elevate Software violates the licensing terms, which also voids the warranty; and

- that use of the ePMP Elevate Software infringes Ubiquiti's intellectual property.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the purported "critical facts" in paragraph 105. Cambium Defendants deny any implication that Cambium has an obligation to disclose such denied allegations. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 105, and therefore deny them.

106.    The individual Defendants routinely have publicly touted the purported benefits of the Hacked Firmware in an effort to attract Ubiquiti customers.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that Ahmed and Moiseev have

53

discussed the benefits of ePMP Elevate. Cambium Defendants deny the remaining allegations as set forth in paragraph 106. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 106, and therefore deny them.

107.    So too has Cambium Network's President and Chief Executive Officer, Atul Bhatnagar, who was quoted in a December 7, 2016 article and a November 30, 2016 blog post on the Cambium Website touting the purported benefits of the Hacking ePMP Elevate Firmware. *See* https://appdevelopennagazine.com/4690/2016/12/7/cambium-networks-jailbreaks-first-wireless-broadband-network/ (quoting Mr. Bhatnagar as emphasizing the fact that ePMP Elevate is compatible with various types of hardware:  "ePMP Elevate is a software solution that is hardware agnostic[.]"  "Network operators with radio hardware from one or multiple vendors can now operate one network with a common management system without replacing installed CPE hardware.");  *see also*  https://www.cambiumnetworks.com/blog/cambium-networks-announces-new-epmp-elevate-platfonn-adding-new-capabilities-to-existing-wireless-broadband-networks/ (stating same).

ANSWER:    Cambium Defendants admit the exitances of the articles or posts cited in paragraph 107 and that the articles or posts contain the quoted language of Mr. Bhatnagar. Cambium Defendants deny any interpretation of the quoted language by Plaintiff that is included in paragraph 107. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 107, and therefore deny them.

108.    Cambium promoted its Quick Start Guide during its November 30, 2016 webinar targeting Ubiquiti customers stating that Cambium "strongly recommends" viewers read the Quick Start Guide.

ANSWER:    Cambium Defendants admit that a speaker of the November 30, 2016 webinar stated that he strongly recommended viewers to read a Quick Start Guide. Cambium Defendants deny the remaining allegations as set forth in paragraph 108. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 108, and therefore deny them.

109.    On information and belief, on or about November 30, 2016, Cambium released an ePMP Portfolio Overview, which identifies the Hacked Firmware as a product called "elevate" and uses the Ubiquiti trademark to refer to the devices on which Cambium's Hacked Firmware should be installed.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in paragraph 109, and therefore deny them.

110.    On information and belief, on or around November 30, 2016, Cambium released a Quick Start Guide instructing Ubiquiti customers on steps to download the Hacked Firmware from the Cambium website and install it through the web user interfaces driven by Ubiquiti firmware on M-series devices.    The Quick Start Guide contained numerous material misrepresentations.

ANSWER:   Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that, in November 2016, Cambium released a Quick Start Guide containing instructions on steps to download and install ePMP Elevate on compatible competitor products. Cambium Defendants deny the remaining allegations as set forth in paragraph 110. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 110, and therefore deny them.

111.   For instance, in its Quick Start Guide, Cambium stated that "[a]fter the upgrade, the ePMP Elevate subscribers retain only their configured IP Address and Device Name.  All other parameters, including configured access points SSIDs, frequency configuration, VLAN, etc. may be configured over-the-air after upgrade to ePMP Elevate." ePMP Elevate Quick Start Guide v3.2 (Nov. 2016) (Ex. D) at pg. 5.  This statement is literally false.  Multiple Ubiquiti parameters are copied, maintained, and used by ePMP Elevate, the Hacked Firmware.

ANSWER:   Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware."  Defendants admit that the document titled "ePMP elevate Quick Start Guide" that is attached as Exhibit D to the Complaint includes the language quoted in paragraph 111. Cambium Defendants deny the remaining allegations as set forth in paragraph 111. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 111, and therefore deny them.

112.   Cambium also made misleading and/or false representations in its Quick Start Guide regarding the impact of the Hacked Firmware on FCC Standards:

FCC Standards:

Caution!  The user must ensure that deployed ePMP products operate in accordance to local regulatory limits.  ePMP and ePMP. Elevate-compatible devices may not share regulatory certifications in all regions.

Some 3rd-party radio devices were originally FCC-certified and labeled to operate in the 5.8 GHz frequency range only.  An ePMP Elevate upgrade enables 3rd-party radios to operate within the U-NII-1 through U-NII-4 frequency band range 5150 — 5980 MHz. To ensure FCC regulatory compliance for ePMP Elevate-upgraded radio devices:

1.  A **new label must be applied** to the device with the updated FCC ID clearly visible.  3rd-party radio manufacturers support FCC label requests online (labels are shipped directly).

2.  FCC-allowed transmit power in the 5.8 GHz band has been reduced with the latest regulatory guidelines.  **ePMP Elevate adheres to these FCC power limits**, and an upgrade to ePMP Elevate software **may introduce a reduction of the device's operating transmit power to adhere to regulatory limits** (as a result of the ePMP access point's transmit power control mechanism).

ePMP Elevate Quick Start Guide v3.2 (Nov. 2016) (Ex. D) at pg. 2 (emphasis added).

ANSWER:  Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that the document titled "ePMP elevate Quick Start Guide" that is attached as Exhibit D to the Complaint includes the language quoted in paragraph 112. Cambium Defendants deny that the quoted language is misleading and/or false. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 112, and therefore deny them.

113.    These statements regarding compliance with FCC standards are false and/or misleading.  The statement that "a reduction of the device's operating transmit power" may "adhere to regulatory limits" is false and/or misleading.  These statements imply customers can

comply with FCC standards using the Hacked Firmware on Ubiquiti's M-series devices, when this is inaccurate.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 113. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 113, and therefore deny them.

114. On information and belief, Cambium's promotion of its Hacked Firmware to Ubiquiti customers with Ubiquiti M-series devices contains false and misleading information about the nature of the Hacked Firmware and its impact after installation on Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 114. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 114, and therefore deny them.

115. On information and belief, Cambium promotes the Hacked Firmware, for example, by falsely stating that after installing the Hacked Firmware on a Ubiquiti M-series device the original firmware is no longer present or operating in any form.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 115. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 115, and therefore deny them.

116.    On information and belief, Cambium also falsely promotes the Hacked Firmware to Ubiquiti customers by stating that the original device manufacturer provides a hardware warranty for the Ubiquiti M-series devices that have been hacked by the installation of Cambium's Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 116. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 116, and therefore deny them.


117.    On information and belief, Cambium also falsely and misleadingly promotes the installation and use of Hacked Firmware to Ubiquiti customers with Ubiquiti M-series devices by stating that after hacking Ubiquiti M-series devices by installing Cambium's Hacked Firmware, that the hacker can ensure FCC compliance by having a third party manufacturer, who is not the source of the Hacked Firmware, generate and apply a new FCC label to the device.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 117. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 117, and therefore deny them.


118.    On information and belief, Cambium's false and misleading promotion of the Hacked Firmware for use with Ubiquiti M-series devices was carried out in order to capitalize on the goodwill and brand recognition that Ubiquiti developed—through the investment of

resources—in the marketplace Cambium directly targeted existing Ubiquiti customers in an effort to damage these customers' brand loyalty and recognition of the Ubiquiti name and high quality standards associated therewith.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 118. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 118, and therefore deny them.

119. On information and belief, Cambium's false and misleading promotion of the Hacked Firmware for use with Ubiquiti M-series devices was carried out for commercial reasons to sell new Cambium access points with which to interface a customer's installed base of Ubiquiti M-series products after those Ubiquiti M-series products have been hacked with the Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 119. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 119, and therefore deny them.

120. Cambium's website contains a "Community" forum where members of the public—including potential and current Ubiquiti customers—may post questions and comments.

ANSWER: Cambium Defendants admit that Cambium's website contains a "Community" forum where members of the public may post questions and comments. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as set forth in paragraph 120, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 120, and therefore deny them.

121.    During its November 30, 2016 webinar, Cambium encouraged listeners to use the Cambium Community forum, noting that its employees were "active" users of the Community forum.

ANSWER:    Cambium Defendants admit that allegations as set forth in paragraph 121. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 121, and therefore deny them.

122.    Cambium personnel, posting under a Cambium account displaying the Cambium logo, frequently post on the Community Cambiumnetworks.com website on various message boards.

ANSWER:    Cambium Defendants admit that Cambium personnel have posted in the Cambium Networks Community at https://community.cambiumnetworks.com/. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 122, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 122, and therefore deny them.

123.    Numerous of the message boards directly target Ubiquiti customers by referencing and commenting on Ubiquiti products.

ANSWER: Cambium Defendants admit that multiple message board threads in the Cambium Networks Community forums include references to Ubiquiti products. Cambium Defendants deny the remaining allegations as set forth in paragraph 123. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 123, and therefore deny them.

124. On one message board thread entitled "Ubiquiti LB23 does not respond after installing Elevate", Luis—who is identified on the board as a Cambium Employee—responded to provide the customer advice on altering the Hacked Firmware. This demonstrates Cambium's direct efforts to target and interfere with Ubiquiti's relationships with its existing customers.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that the Cambium Networks Community forums contain a message board thread entitled "Ubiquiti LB23 no responde después de instalar Elevate," which contains a reply posted by a user with a user name "Luis" and identified as "Cambium Employee." Cambium Defendants deny Plaintiff's characterization of the content of the thread. Cambium Defendants deny Plaintiff's speculation as to Cambium's intent as included in paragraph 124. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 124, and therefore deny them.

125. On one message board thread entitled "Turning UBNT to ePMP Subscribers" a Cambium employee, Defendant Sakid Ahmed—who was identified as the "Moderator" of the

board—posted statements regarding Cambium's supposed power performance in order to encourage customer to install the Cambium Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that the Cambium Networks Community forums contain a message board thread entitled "Turning UBNT to ePMP Subscribers," which contains a reply posted by a user with a user name "Sakid Ahmed" and identified as "Moderator." Cambium Defendants deny Plaintiff's characterization of the content of the thread. Cambium Defendants deny Plaintiff's speculation as to the intent of any Cambium Defendant. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 125, and therefore deny them.

126. In a post-dated December 25, 2017, Defendant Dmitry—noted as an "occasional contributor"—posted on a message board instructing a user on how to use ePMP with Ubiquiti power supplies.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 126, and therefore deny them.

**Cambium's Instructions to Ubiquiti Customers Induce Breach of the Ubiquiti Firmware License Agreements and Installation of the Hacked Firmware**

127.    Cambium's promotional videos and Quick Start Guide, among other forms of promotion, instruct Ubiquiti customers to install the Hacked Firmware on their Ubiquiti M-series devices through the Ubiquiti M-series web interface.  In some cases, Cambium instructs Ubiquiti customers to download and install certain versions of Ubiquiti firmware prior to hacking a Ubiquiti M-series device by installing the Cambium Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that certain promotional videos of Cambium and the Quick Start Guide attached as Exhibit D to the Complaint instruct customers to install ePMP Elevate on competitor products. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 127, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 126, and therefore deny them**.**

128.    The Ubiquiti M-series devices and the use of Ubiquiti firmware on the M-series devices are covered by Ubiquiti Firmware License Agreements.

ANSWER:    The allegations of paragraph 128 consist solely of legal conclusions, not factual allegations, hence no response thereto is required.

129.    In addition to Cambium's own breaches of Ubiquiti license Agreement by creating, using and distributing the Hacked Firmware, Cambium's instructions to Ubiquiti

customers to hack the Ubiquiti M-series devices by installing the Hacked Firmware causes the customer to breach the Ubiquiti license agreements and is a further breach by Cambium.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 129. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 129, and therefore deny them.

130. Cambium's use of Ubiquiti's name and trademarks in promotion conveys that manufactures like Ubiquiti will honor hardware warranties after hacked firmware is installed by a customer. On information and belief, Cambium's statements that no firmware from Ubiquiti remains on the Ubiquiti device after installation, and that obtaining an FCC label from a third party manufacturer will ensure FCC compliance are all intentional, calculated, false and/or unauthorized statements by Cambium, who as a manufacturer of similar hardware, should know better. These calculated misrepresentations and unauthorized uses of Ubiquiti's name and trademarks deliberately aim to deceive and induce customers into hacking their existing installed base of Ubiquiti M-series devices with Cambium's Hacked Firmware for the purpose of selling more Cambium access points and hardware and migrating Ubiquiti customers to Cambium hardware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 130. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 130, and therefore deny them.

**The Hacking Enterprise and Its Racketeering Activity**

131.    Cambium sits at the helm of the Hacking Enterprise—an association-in-fact—consisting of Cambium, Cambium Networks, Sakid Ahmed, Dmitry Moiseev, and distributor Winncom.   At all relevant times, the Hacking Enterprise constituted an association-in-fact enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c).

ANSWSER:   Cambium Defendants and Winncom deny the allegations as set forth in paragraph 131. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 131, and therefore denies them.

132.    At all relevant times, the Hacking Enterprise was engaged in interstate and international commerce and involved in activities affecting interstate and international commerce.

ANSWER:    Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and therefore deny the allegations as set forth in paragraph 132. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 132, and therefore denies them.

133.    Although functioning as independent legal entities, Cambium, Cambium Networks, and Winncom joined together with Defendants Moiseev and Ahmed for the common purpose of ensuring financial gain for themselves through misleading Ubiquiti customers.

ANSWER:    Cambium Defendants and Winncom deny the allegations as set forth in paragraph 133. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 133, and therefore denies them.

134.    The purpose of the Hacking Enterprise was to carry out a scheme to obtain money by persuading Ubiquiti customers to leave for Cambium based on material misrepresentations and omission, and sell Cambium equipment by competing unfairly against Ubiquiti.

ANSWER:    Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 134. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 134, and therefore denies them.

135.    Cambium led this Hacking Enterprise, with Winncom and Defendants Moiseev and Ahmed assisting in attracting customers.

ANSWER:    Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and therefore deny the allegations as set forth in paragraph 135. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 135, and therefore denies them.

136.    Cambium Networks helped fund the Hacking Enterprise, by providing monetary support to Cambium and having Cambium carry out all distribution to Winncom in the United States.

ANSWER:    Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and therefore deny the allegations as set forth in paragraph 136. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 136, and therefore denies them.

137.    Defendants Ahmed and Moiseev marketed the Hacked Firmware to the public through promotional and instructional videos and, on information and belief, designed the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that Ahmed Moiseev has participated in marketing ePMP Elevate to the public through promotional and instructional videos and in designing ePMP Elevate. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 137, and therefore deny them.

138.    The members of the Hacked Enterprise came together with the specific purpose of ensuring financial gain via misleading and inducing consumers to purchase and install the Hacked Firmware among other illicit business and profit gaining purposes.  On information and belief, the members of the Hacking Enterprise exchanged numerous emails, phone calls, and communications to strategize regarding the launch of the Hacked Firmware and the best ways to attract Ubiquiti customers and ensure commercial success of the Hacked Firmware and attraction and long-term success of the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 138. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 138, and therefore denies them.

139.    Each member of the Hacking Enterprise was recruited by Cambium, and Cambium provided each member of the Hacking Enterprise financial incentives and/or direct financial benefit for participation in the Hacking Enterprise.

ANSWER:    Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and therefore deny the allegations as set forth in paragraph 139. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 139, and therefore denies them.

140.    The Hacking Enterprise carried out its goal of ensuring financial gain by engaging in various acts of willful copyright infringement and mail and wire fraud to induce customers to partially remove Ubiquiti firmware by installing the Hacked Firmware, copying portions of the Ubiquiti firmware, and circumventing signed versions of Ubiquiti firmware without authorization to ensure that Ubiquiti M-series devices would no longer be compatible with a Ubiquiti network using Ubiquiti protocols and would instead be used with newly purchased Cambium networking equipment compatible with the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 140. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 140, and therefore denies them.

141.    The Hacking Enterprise trafficked in and made material misrepresentations and omissions regarding the Hacked Firmware specifically to defraud and induce end users and

customers into breaching the Firmware License Agreement and to make changes to the Ubiquiti M-series device.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 141. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 141, and therefore denies them.


142.     The scheme of the Hacking Enterprise has been going on since at least November 30, 2016, at which point in time Cambium, with the knowledge and encouragement of its parent corporation Cambium Networks and through its Vice President of Engineering Sakid Ahmed, as well as employee Dmitry Moiseev, in conjunction Winncom, began promoting the Hacked Firmware and offering it for sale on the internet to consumers.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and therefore deny the allegations as set forth in paragraph 142. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 142, and therefore denies them.


143.     The Hacking Enterprise carried out its goal of obtaining financial gain at the expense of customers and Ubiquiti through a pattern of racketeering activity.

ANSWER: Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 143.

70

Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 143, and therefore denies them.

144.     First, the Hacking Enterprise members conspired together to concoct a scheme to mislead and induce customers to purchase and install the Hacked Firmware.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 144. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 144, and therefore denies them.

145.     The scheme began with Cambium, working with the funding and encouragement of its parent Cambium Networks, entering into partnerships with Blip and Winncom to traffic in and promote the Hacked Firmware.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the existence of the "scheme" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 145.

146.     On information and belief, in exchange for offering positive statements regarding the use of the Hacked Firmware, Blip and Winncom were able to take advantage of Cambium's special discount offered to customers that "spread the word" regarding the Hacked Firmware.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 146.

147.    The Hacking Enterprise accomplished its promotion of the Hacked Firmware and inducement of third-party purchases and installation in various ways.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and therefore deny the allegations as set forth in paragraph 147. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 147, and therefore denies them.

148.    For instance, Blip and the Hacking Enterprise conspired together to issue various public comments regarding purported benefits that Blip gained from installation of the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 148.

149.    On November 29, 2016, Cambium posted on its website a "Resource" which touted that Blip's use of the Hacked Firmware "dramatically improved performance."

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 149, and therefore deny them.

150.    Cambium also quoted from co-conspirator Blip's co-owner, Ian Ellison, in product release announcements that touted the benefits of the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 150, and therefore deny them.

151.    Cambium's citation to the benefits Blip purportedly incurred in using the Hacked Firmware was done in order to specifically target customers of Ubiquiti.  And, on information and belief, the members of the Hacking Enterprise were all aware of Cambium's intent to advertise the purported benefits to Blip from using the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 151.

152.    Winncom posted on its website numerous advertisements touting the supposed benefits of the Hacked Firmware, including seven separate "EPMP Case Studies" describing the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 150, and therefore deny them.

153.    Winncom has held seminars for Cambium—in an effort to assist the Hacking Enterprise—at its goal of attracting customers.  One such seminar, which included a product demonstration of the Hacked Firmware was held on October 7, 2017 at a WISPApalooza event.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a

"Hacking Enterprise" as characterized by Plaintiff, and therefore deny the allegations as set forth in paragraph 153. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 153, and therefore denies them.

154.    Sakid Ahmed and Dmitry Moiseev attended the WISPApalooza event on behalf of Cambium in an effort to work with Winncom to spread false and misleading information regarding the Hacked Firmware and to lure away Ubiquiti customers.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the allegations as set forth in paragraph 154. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 154, and therefore denies them.

155.    Winncom also served as a "Connected Partner" for Cambium, receiving various benefits to "reward" Winncom for furthering the Hacking Enterprise's scheme.

ANSWER:    Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 155. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 155, and therefore denies them.

156.    On February 17, 2012, Cambium Networks posted on its website, a press release touting a new "Connected Partner Program" of which Winncom was a partner distributor.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 156, and therefore deny them.

157.     Winncom's advertisement of the case studies discussing the Hacked Firmware was done in order to specifically target Ubiquiti customers and induce purchases and use of the Hacked Firmware.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Winncom denies the allegations as set forth in paragraph 157. Cambium Defendants and Blip lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 157, and therefore deny them.

158.     The Hacking Enterprises' misleading advertisements and tutorials were provided to consumers to mislead them and induce them to install the Hacked Firmware on Ubiquiti M-series devices, notwithstanding that doing so would violate FCC rules and the Ubiquiti Firmware License Agreements, in order to damage Ubiquiti M-series devices and their licensed firmware by rendering them unable to communicate with other Ubiquiti devices using Ubiquiti protocols, and in order for Cambium to sell Cambium equipment with which the newly installed Hacked Firmware on Ubiquiti M-series devices is compatible.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 158. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 158, and therefore denies them.

159.    Ubiquiti has been directly and proximately harmed by the Hacking Enterprises' false advertisements and statements because customers are misled and induced to violate Ubiquiti Firmware License Agreements, Ubiquiti intellectual property rights and FCC rules by hacking the Ubiquiti product they purchased with the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 159. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 159, and therefore denies them.


160.    Although the full extent of wire and mail fraud carried out by the Hacking Enterprise in furtherance of their scheme to mislead consumers and sell the Hacked Firmware remains to be determined, the following are examples of fraudulent statements members of the Hacked Enterprise made using the U.S. Mail and/or interstate wires:

- The Cambium website's advertisement of a "Resource Guide" which discusses purported benefits Blip gained from installation of the Hacked Firmware, without disclosing the true nature of the Hacked Firmware.

- Cambium's running of "field experience" webinars wherein Cambium discussed Blip's experience using the Hacked Software, without disclosing the true nature of the Hacked Firmware.

- Cambium's launching and showing of various promotional videos on its website that discuss purported "benefits" of the Hacked Firmware and instruct Cambium Customers to install the Hacked Firmware on their Ubiquiti M-series devices through the Ubiquiti M-series web interface, without disclosing the true nature of the Hacked Firmware.

- Cambium's issuance of a press release on November 30, 2016 touting the Hacked Firmware's benefit and Blip's experience, without disclosing the true nature of the Hacked Firmware.

- Cambium's November 30, 2016 webinar designed to target Ubiquiti customers and provide a step-by-step procedure for hacking the Ubiquiti M-series Firmware, which prominently featured Defendants Ahmed and Moiseev, which contained numerous material misrepresentations and omissions described in paragraphs 93-105, 108, *infra* and Exhibit F.

- Winncom's hosting of a ePMP course on October 7th-9th, 2017 at WSIPApalooza 2017—an event attended by Defendants Ahmed and Moiseev—wherein Winncom in connection with Cambium hosted a session regarding "hardware installation" which, upon information and belief, involved Winncom providing a how-to tutorial to WISPs who ultimately sold the Hacked Firmware to customers, without disclosing the true nature of the Hacked Firmware.

- Winncom's advertising campaign regarding it ePMP course at WISPApalooza in advance of the event in October 2017, which failed to disclose the true nature of the Hacked Firmware. *See* http://www.winncom.com/en/news/15358.

- Winncom's staging of a promotion via its website in the Russian language whereby licenses to Elevate were provided free of charge to potential customers to induce hacking of the Ubiquiti Firmware. Specifically, on a Winncom affiliate website, Winncom advertised that: Cambium Networks is launching a campaign to help owners of wireless networks built on Ubiquiti equipment upgrade their network by replacing old equipment with the base station of the ePMP1000 series or ePMP 2000. When purchasing new ePMP equipment, you get an Elevate license as a gift !!!" *See* http://wirmcom.ru/news/license-epmp-elevate (Exhibit L).

- Cambium's issuance of promotional videos and a Quick Start Guide, which instruct Cambium Customers to install the Hacked Firmware on their Ubiquiti M-series devices through the Ubiquiti M-series web interface, which failed to disclose the true nature of the Hacked Firmware. Upon information and belief, the promotional videos and Quick Start Guide were released via the Cambium website on or about November 30, 2016.

- Defendants Ahmed and Moiseev made numerous posts on Cambium's message boards disseminating false and misleading information regarding the Hacked Firmware and providing encouragement to customers installing the Hacked Firmware.

- With the knowledge and encouragement of Winncom, and Cambium Networks, Cambium hosted a video webinar featuring Defendants Ahmed and Moiseev in late 2016 wherein Cambium made false statements regarding the Hacked Firmware. These materially false statements and omissions are outlined in detail in paragraphs 93-105 of the instant Complaint.

- Cambium's publication of a Quick Start Guide containing materially false statements and omissions described herein at paragraphs 110-113 of the instant Complaint.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 160. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 160, and therefore denies them.

161. Each of these statements were made through the wires and/or the US mails with the intent to defraud and induce consumers to install the Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the allegations as set forth in paragraph 161. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 161, and therefore denies them.

162. On information and belief, Cambium also used the U.S. Mail to send promotional advertisements which encouraged customers to use the Hacked Firmware on the Ubiquiti devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 162. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 162, and therefore deny them.

163.     On information and belief, Cambium used the U.S. Mail to send invoices for the Hacked Firmware to customers throughout the United States, including in this District.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 163. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 163, and therefore deny them.


164.     On information and belief, in furtherance of the Hacking Enterprise, the Hacking Enterprise members communicated with each other via e-mail communications and over the phone.

ANSWER:     Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and therefore deny the allegations as set forth in paragraph 164. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 164, and therefore denies them.


165.     On information and belief, income in furtherance of the Hacking Enterprise's scheme as received via wires when customers paid on-line to purchase the Hacked Firmware.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 165. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 165, and therefore denies them.

166.    The advertisements, promotions, and web videos on the Cambium site were broadcast to and viewed by consumers throughout the United States.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 166, and therefore deny them.

167.    The advertisements on the Winncom website was viewed and transmitting via the wires to consumers throughout the United States.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 167, and therefore deny them.

## FIRST CLAIM FOR RELIEF

### (Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030)
### (Asserted Against Cambium)

168.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

### A.    CFAA § 1030(a)(2)(C) Violations

169.    Section 1030(a)(2)(C) of the CFAA prohibits a person from intentionally accessing a protected computer without or in excess of authorization and obtaining information from a protected computer.

ANSWER: The allegations of paragraph 169 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

170. Ubiquiti's M-series devices are protected computers within the meaning of the CFAA because the M-series devices are used in and affect interstate commerce.

ANSWER: The allegations of paragraph 170 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

171. Cambium has itself, and has aided and abetted others, to intentionally install the Hacked Firmware on Ubiquiti M-series devices in violation of multiple provisions of the Ubiquiti Firmware License Agreements, and by so doing makes unauthorized access to among other things, Ubiquiti M-series devices and licensed firmware including configuration and calibration information on the Ubiquiti M-series devices (the protected computers) in order to damage and take control of the Ubiquiti M-series devices for Cambium's commercial purposes.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 171. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 171, and therefore deny them.

172. By virtue of this conduct, Cambium has violated and has conspired with others to violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by intentionally

accessing Ubiquiti M-series devices, which consist of protected computers used for interstate commerce or communications, without authorization or by exceeding authorized access to the Ubiquiti M-series devices, and by accessing configuration and calibration information in order to take control of the Ubiquiti M-series devices for Cambium's commercial purposes.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 172. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 172, and therefore deny them.

173. Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Firmware, which underlies its Firmware License Agreements with customers of Ubiquiti M-series devices, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 173. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 173, and therefore deny them.

174. Cambium's Hacked Firmware has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 174, and therefore deny them.

175.     Ubiquiti has spent in excess of $100,000 investigating the nature of the Hacked Firmware and the damage it causes to Ubiquiti Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 175, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 175, and therefore deny them.

176.     Ubiquiti is entitled to damages for Cambium's violation of Section 1030(a)(2)(C) of the CFAA in an amount to be determined at trial.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 176. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 176, and therefore deny them.

177.     Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, as provided by 18 U.S.C. § 1030(g).

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 177. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 177, and therefore deny them.

### B.      CFAA § 1030 (a)(4) Violations

178.    Section 1030(a)(4) of the CFAA prohibits a person from knowingly, and with intent to defraud, accessing a protected computer without authorization or in excess of authorized access and by means of such conduct furthering the intended fraud and obtaining anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

ANSWER:     The allegations of paragraph 178 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

179.    Ubiquiti's M-series devices are protected computers within the meaning of the CFAA because the M-series devices are used in and affect interstate commerce.

ANSWER:     The allegations of paragraph 179 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

180.    Cambium developed the Hacked Firmware intentionally and to perform hacks of Ubiquiti M-series devices that violate the Ubiquiti Firmware License Agreements in multiple ways, including removing copyrighted portions and copying copyrighted portions all during

unauthorized access and installation of the Hacked Firmware on a protected computer, the Ubiquiti M-series device.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 180. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 180, and therefore deny them.

181.    Cambium itself and by conspiring with others has intentionally defrauded Ubiquiti customers, including with misrepresentations by Cambium as to the nature of the Hacked Firmware, into breaching the Ubiquiti Firmware License Agreements and hacking their Ubiquiti M-series devices in furtherance of Cambium's profit-making scheme.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 181. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 181, and therefore deny them.

182.    Cambium's above described conduct has resulted in loss and damage to Ubiquiti's reputation and by having the Ubiquiti Firmware, which underlies its Firmware License Agreements with customers of Ubiquiti M-series devices, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols, all of which greatly exceeds $5,000.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 182. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 182, and therefore deny them.

183. Indeed, on information and belief, the Hacked Firmware has been installed on hundreds of Ubiquiti M-series devices in the United States alone and Cambium itself charges an annual "license" fee of $35 per year for each installation of Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that ePMP Elevate has been installed on hundreds of Ubiquiti M-series devices in the United States. Cambium Defendants deny the remaining allegations as set forth in paragraph 183. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 183, and therefore deny them.

184. The configuration information and binary data obtained by Cambium from each unauthorized access to a Ubiquiti M-series device, and the impairment of the Ubiquiti firmware on those devices which render the M-series devices inoperable with other Ubiquiti devices using Ubiquiti protocols, is a scheme to defraud Ubiquiti and its customers that consists of more than the mere use of Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 184. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 184, and therefore deny them.

185.     By its above described conduct, Cambium has violated § 1030(a)(4) of the CFAA, by knowingly and with intent to defraud, accessing Ubiquiti M-series devices, which consist of protected computers used for interstate commerce or communications, without authorization, or by exceeding their authorized access, and by means of such access furthering the intended fraud and obtaining configuration information and binary data necessary to operate each M-series device.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 185. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 185, and therefore deny them.


186.     Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Firmware which underlies its Firmware License Agreements with customers impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 186. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 186, and therefore deny them.


187.     Cambium's Hacked Firmware has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 187, and therefore deny them.

188.    Ubiquiti has spent in excess of $100,000 investigating the nature of the Hacked Firmware and the damage it causes to Ubiquiti Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 188, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 188, and therefore deny them.

189.    Ubiquiti is entitled to damages for Cambium's violation of § 1030(a)(4) of the CFAA in an amount to be determined at trial.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 189. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 189, and therefore deny them.

190.    Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, or other equitable relief, as provided by 18 U.S.C. § 1030(g).

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 190. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 190, and therefore deny them.

### C.    CFAA § 1030 (a)(5)(A) Violations

191.    Section 1030(a)(5)(A) of the CFAA prohibits knowingly causing the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causing damage without authorization, to a protected computer.

ANSWER: The allegations of paragraph 191 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

192.    Ubiquiti's M-series devices are protected computers within the meaning of the CFAA because the M-series devices are used in and affect interstate commerce.

ANSWER: The allegations of paragraph 192 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

193.    Cambium transmits and aids and abets third parties, including Ubiquiti's customers in the installation of the Hacked Firmware on Ubiquiti M-series devices in violation of the access restrictions pursuant to Ubiquiti Firmware License Agreements, causing damage to the Ubiquiti M-series devices including the removal of large portions of the Ubiquiti firmware, which results in the Ubiquiti M-series devices being impaired and no longer able to connect to

other Ubiquiti devices using Ubiquiti's wireless protocols. The code and information transmitted

cause the unauthorized access and the damage to Ubiquiti and the Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP

Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 193. Non-Cambium Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations as set forth in paragraph 193, and therefore deny them.

194. Cambium's Hacked Firmware directly and intentionally damages Ubiquiti and the

Ubiquiti M-series devices. It alters the code on these devices and changes the composition of

these devices in direct violation of the governing Ubiquiti Firmware Licensing Agreements.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP

Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 194. Non-Cambium Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations as set forth in paragraph 194, and therefore deny them.

195. By its above described conduct, Cambium has violated the Computer Fraud and

Abuse Act, 18 U.S.C. § 1030(a)(5)(A), by knowingly causing the transmission of a program,

information, code or command, including causing the transmission of the Hacked Firmware, and

as a result of such conduct, intentionally causing damage without authorization to a protected

computer.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP

Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 195. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 195, and therefore deny them.

196.     Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Firmware, which underlies its Firmware License Agreements with customers, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 196. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 196, and therefore deny them.

197.     Cambium's Hacked Firmware has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 197, and therefore deny them.

198.     Ubiquiti has spent in excess of $100,000 investigating the nature of the Hacked Firmware and the damage it causes to Ubiquiti Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed

wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 198, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 198, and therefore deny them.

199.     Accordingly, Ubiquiti is entitled to damages for Cambium's violation of Section 1030(a)(5)(A) of the CFAA in an amount to be determined at trial.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 199. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 199, and therefore deny them.

200.     Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, and other equitable relief, as provided by 18 U.S.C. § 1030(g).

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 200. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 200, and therefore deny them.

**D.     CFAA § 1030(a)(5)(B) Violations**

201.     Section 1030(a)(5)(B) of the CFAA prohibits a person from intentionally accessing a protected computer without authorization, and as a result of such conduct, recklessly causing damage.

ANSWER: The allegations of paragraph 201 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

202. Ubiquiti's M-series devices are protected computers within the meaning of the CFAA because the M-series devices are used in and affect interstate commerce.

ANSWER: The allegations of paragraph 202 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

203. Cambium transmits and aids and abets third parties, including Ubiquiti's customers in the installation of the Hacked Firmware on Ubiquiti M-series devices in violation of the access restrictions pursuant to Ubiquiti Firmware License Agreements, causing damage to the Ubiquiti M-series devices including the removal of large portions of the Ubiquiti Firmware, which results in the Ubiquiti M-series devices being impaired and no longer able to connect to other Ubiquiti devices using Ubiquiti's wireless protocols. The code and information transmitted cause the unauthorized access and the damage to Ubiquiti and the Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 203. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 203, and therefore deny them.

204.    Cambium's conduct is intentional, and its Hacked Firmware recklessly, and with full knowledge of Cambium, causes the damage to the Ubiquiti M-series devices described above in direct violation of the governing Ubiquiti Firmware Licensing Agreements.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 204. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 204, and therefore deny them.

205.    Cambium intentionally ignores the restrictions set forth in the Ubiquiti Firmware Licensing Agreements with malice and disregard, demonstrating its reckless behavior in transmitting and aiding and abetting third parties, including Ubiquiti's customers, in the installation of the Hacked Firmware on Ubiquiti M-series devices in violation of the access restrictions pursuant to License Agreements.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 205. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 205, and therefore deny them.

206.    Thus, Cambium has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(B), by intentionally accessing one or more M-series devices, which consist of protected computers, without authorization, and as a result of such conduct, recklessly causing damage.

ANSWER:  Cambium Defendants deny the allegations as set forth in paragraph 206. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 206, and therefore deny them.

207.  Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Firmware, which underlies its Firmware License Agreements with customers, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER:  Cambium Defendants deny the allegations as set forth in paragraph 207. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 207, and therefore deny them.

208.  Cambium's Hacked Firmware has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

ANSWER:  Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 208, and therefore deny them.

209.  Ubiquiti has spent in excess of $100,000 investigating the nature of the Hacked Firmware and the damage it causes to Ubiquiti Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

ANSWER:  Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that ePMP Elevate has caused

damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 209, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 209, and therefore deny them.

210.    Accordingly, Ubiquiti is entitled to damages for Cambium's violation of Section 1030(a)(5)(B) of the CFAA in an amount to be determined at trial.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 210. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 210, and therefore deny them.

211.    Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, or other equitable relief, as provided by 18 U.S.C. § 1030(g).

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 211. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 211, and therefore deny them.

### E.    CFAA § 1030(a)(5)(C) Violations

212.    Section 1030(a)(5)(C) of the CFAA prohibits a person from intentionally accessing a protected computer without authorization, and as a result of such conduct, causing damage and loss.

ANSWER: The allegations of paragraph 212 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

213. Ubiquiti's M-series devices are protected computers within the meaning of the CFAA because the M-series devices are used in and affect interstate commerce.

ANSWER: The allegations of paragraph 213 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

214. Cambium transmits and aids and abets third parties, including Ubiquiti's customers in the installation of the Hacked Firmware on Ubiquiti M-series devices in violation of the access restrictions pursuant to Ubiquiti Firmware License Agreements, causing damage to the Ubiquiti M-series devices including the removal of large portions of the Ubiquiti Firmware, which results in the Ubiquiti M-series devices being impaired and altered and no longer able to connect to other Ubiquiti devices using Ubiquiti's wireless protocols. The code and information transmitted cause the unauthorized access and the damage to Ubiquiti and the Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 214. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 214, and therefore deny them.

215. Cambium intentionally developed the Hacked Firmware to directly damage Ubiquiti and the Ubiquiti M-series devices for commercial advantage. It removes and alters firmware code on these devices and changes the composition of these devices in direct violation of multiple provisions of the governing Ubiquiti Firmware Licensing Agreements.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 215. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 215, and therefore deny them.

216. Thus, Cambium has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C), by intentionally accessing one or more M-series devices, which consist of protected computers, and, as a result of the intentional access causing the damage and loss described herein.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 216. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 216, and therefore deny them.

217. Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Firmware, which underlies its Firmware License Agreements with customers, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 217. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 217, and therefore deny them.

218.     Cambium's Hacked Firmware has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 218, and therefore deny them.


219.     Ubiquiti has spent in excess of $100,000 investigating the nature of the Hacked Firmware and the damage it causes to Ubiquiti Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 219, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 219, and therefore deny them.


220.     Accordingly, Ubiquiti is entitled to damages for Cambium's violation of Section 1030(a)(5)(C) of the CFAA in an amount to be determined at trial.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 220. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 220, and therefore deny them.

221. Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, or other equitable relief, as provided by 18 U.S.C. § 1030(g).

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 221. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 221, and therefore deny them.

**F.      CFAA § 1030(a)(6)(A) Violations**

222. Section 1030(a)(6)(A) of the CFAA prohibits a person from knowingly and with intent to defraud trafficking in any password or similar information through which a protected computer may be accessed without authorization, if such trafficking affects interstate or foreign commerce.

ANSWER: The allegations of paragraph 222 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

223. Cambium traffics in—sells and transports to customers and third-party sellers— the Hacked Firmware and additional programs, videos and guides instructing third parties how to hack and gain unauthorized access to Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 223. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 223, and therefore deny them.

224. Through the Hacked Firmware and additional materials, consumers learn how and are able to hack and gain unauthorized access to Ubiquiti's M-series Devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 224. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 224, and therefore deny them.

225. The Hacked Firmware and alteration of the M-series Devices caused by installation of the Hacked Firmware, which itself facilitates unauthorized access, affects interstate commerce, as the Hacked Firmware is being distributed by Cambium and used throughout the United States and the world.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 225. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 225, and therefore deny them.

226. By the above described conduct, Cambium has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(6)(A), by knowingly and with intent to defraud trafficking in

information by distributing Hacked Firmware and additional programs, videos and guides instructing third parties how to hack and gain unauthorized access to Ubiquiti M-series devices, which trafficking and access has affected and continues to affect interstate commerce and communications and foreign commerce.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 226. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 226, and therefore deny them.


227. Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Firmware, which underlies its Firmware License Agreements with customers, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 227. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 227, and therefore deny them.


228. Cambium's Hacked Firmware has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 228, and therefore deny them.

229.    Ubiquiti has spent in excess of $100,000 investigating the nature of the Hacked Firmware and the damage it causes to Ubiquiti Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 229, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 229, and therefore deny them.


230.    Accordingly, Ubiquiti is entitled to damages for Cambium's violation of Section 1030(a)(6)(A) of the CFAA.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 230. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 230, and therefore deny them.


231.    Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, or other equitable relief, as provided by 18 U.S.C. § 1030(g).

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 231. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 231, and therefore deny them.

G. CFAA § 1030(b) Violations

232. Section 1030(b) of the CFAA prohibits a person from conspiring to violate any other subsection of the CFAA.

ANSWER: The allegations of paragraph 232 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.


233. Cambium has violated the CFAA by conspiring to commit the 18 U.S.C. § 1030(a) offenses listed above.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 233. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 233, and therefore deny them.


234. Cambium has conspired with Ubiquiti licensees of M-series device firmware to intentionally make unauthorized access by installing the Hacked Firmware, and other third parties, including Blip, who traffic in the Hacked Firmware, related software, guides and videos for Ubiquiti M-series devices and directly or indirectly facilitate unauthorized access to the Ubiquiti M-series devices and installation of the Hacked Firmware on Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 234. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 234, and therefore deny them.

235. Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Firmware which underlies its Firmware License Agreements with customers impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 235. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 235, and therefore deny them.

236. Cambium's Hacked Firmware has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 236, and therefore deny them.

237. Ubiquiti has spent in excess of $100,000 investigating the nature of the Hacked Firmware and the damage it causes to Ubiquiti Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed

wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 237, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 237, and therefore deny them.

238.    Accordingly, Ubiquiti is entitled to damages for Cambium's violation of Section 1030(b) of the CFAA.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 238. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 238, and therefore deny them.

239.    Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, and other equitable relief, as provided by 18 U.S.C. § 1030(g).

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 239. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 239, and therefore deny them.

### H.    Allegations Applicable to All CFAA Violations Asserted Herein

240.    Ubiquiti has been informed and believes and thereon alleges that the actions of Cambium are knowing, deliberate, willful and in utter disregard of Ubiquiti's rights under the CFAA.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 240. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 240, and therefore deny them.

241. Ubiquiti has standing to bring the Computer Fraud and Abuse Act claims set forth above, and is entitled to remedies at law and equity pursuant to 18 U.S.C. § 1030(g) because Cambium's conduct has caused a loss to Ubiquiti during any one (1) year period aggregating far more than $5,000 in value as specified in 18 U.S.C. § 1030(c)(4)(A)(i)(I).

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 241. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 241, and therefore deny them.

242. Ubiquiti has suffered loss and has spent in excess of $100,000 investigating the Hacked Firmware in response to learning of Cambium's promotion and distribution of its Hacked Firmware to Ubiquiti M-series device customers in order to determine the nature of the Hacked Firmware and determine its response to Cambium's unauthorized access and trafficking.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny that Cambium has committed unauthorized access and trafficking. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 242, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 242, and therefore deny them.

243. In addition to the loss and damage to Ubiquiti, Cambium's Hacked Firmware changes the radio characteristics of the Ubiquiti M-series devices, and the Hacked Firmware exceeds radio restrictions in place on the M-series devices and that form the basis of Ubiquiti's FCC equipment authorization for the M-series devices. As modified with the Hacked Firmware, the M-series devices violate FCC rules and may constitute a threat to public safety.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 243. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 243, and therefore deny them.

## SECOND CLAIM FOR RELIEF

### (Violations of §§ 1201(a)(1), 1201(a)(2) and 1202(b) of the Digital Millennium Copyright Act) (Asserted against Cambium)

244. Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

**A. DMCA § 1201(a)(1) Violations**

245. Section 1201(a)(1) of the DMCA provides that no person shall circumvent a technological measure that effectively controls access to a work protected under this title.

ANSWER: The allegations of paragraph 245 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of DMCA and affirmatively state that this statute speaks for itself.

246.    Ubiquiti's Firmware for its M-series products is subject to protection under the copyright laws of the United States.

ANSWER:    The allegations of paragraph 246 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of copyright laws of the United States.

247.    Access to Ubiquiti's Firmware is subject to the Firmware License Agreement and is controlled by technological measures, namely signature protected firmware in the case of Ubiquiti Firmware versions 5.6.15 and later and software for detecting unauthorized firmware for Ubiquiti Firmware versions 5.6.14 and lower.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 247, and therefore deny them.

248.    Cambium, individually and acting in concert and with third parties, has violated Ubiquiti's rights under 17 U.S.C. § 1201(a)(1) by directly circumventing access control measures that effectively control the ability to update or alter the firmware on Ubiquiti M-series devices by using the Hacked Firmware, which passes through Ubiquiti's access control measures for detecting unauthorized firmware, and allows the Hacked Firmware to install on Ubiquiti M-series devices and thereafter make unauthorized access and use of portions of Ubiquiti's copyrighted Firmware to take control of Ubiquiti M-series devices.  The Hacked Firmware after installation disables Ubiquiti's access control measures.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 248. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 248, and therefore deny them.

249.    The conduct described above has cost Ubiquiti an amount to be determined at trial and constitutes a violation of 17 U.S.C. § 1201.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 249. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 249, and therefore deny them.

250.    The conduct described above was willful and undertaken with knowledge of wrongdoing, and was undertaken with commercial motives to sell licenses to the Hacked Firmware and Cambium hardware to interface with hacked Ubiquiti M-series devices. An award of statutory damages is necessary to dissuade Defendants and others from the use of the Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 250. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 250, and therefore deny them.

251.     Accordingly, pursuant to 17 U.S.C. § 1203, Ubiquiti is entitled to and hereby demands statutory damages in the maximum amount of $2,500 for each of the violations of the statute.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 251. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 251, and therefore deny them.

252.     Ubiquiti is also entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 252. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 252, and therefore deny them.

253.     Cambium's conduct, unless enjoined by the Court, will cause irreparable harm to Ubiquiti, which has no adequate remedy at law.  Pursuant to 17 U.S.C. § 1203, Ubiquiti is also entitled to an award of attorneys' fees and costs.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 253. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 253, and therefore deny them.

**B.     DMCA § 1201(a)(2) Violations**

254.     Section 1201(a)(2) of the DMCA provides that no person shall traffic in any technology, product, service, device, component, or part thereof, that, among other things, is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title.

ANSWER: The allegations of paragraph 254 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of DMCA and affirmatively state that this statute speaks for itself.

255. Ubiquiti's Firmware for its M-series products is subject to protection under the copyright laws of the United States.

ANSWER: The allegations of paragraph 255 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of copyright laws of the United States.

256. Access to Ubiquiti's Firmware is subject to the Firmware License Agreement and is controlled by technological measures, namely signature protected firmware in the case of Ubiquiti Firmware versions 5.6.15 and later and software for detecting unauthorized firmware for Ubiquiti Firmware versions 5.6.14 and lower.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 256, and therefore deny them.

257. Cambium, individually and collectively, have directly, or acting in concert with a third party, violated Ubiquiti's rights under 17 U.S.C. § 1201(a)(2) by offering to the public, services and the Hacked Firmware to circumvent Ubiquiti's technological measures.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 257. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 257, and therefore deny them.


258.    Such services include in-person educational seminars demonstrating hacking Ubiquiti M-series devices with Hacked Firmware to circumvent Ubiquiti's technological measures; disseminating quick start guides and on-line videos demonstrating how to circumvent technological measures on Ubiquiti M-series devices and install the Hacked Firmware; and disseminating instructions on how to defeat Ubiquiti's signature protected firmware on Ubiquiti Firmware versions 5.6.15 and later on Cambium's community website community.cambiumnetworks.com.    (*See*  https://community.cambiumnetworks.com/t5/ePMP-Elevate/Issues-elevating-Ubiquiti-devices-with-firmware-higher-than-5-6/td-p/78837).

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 258. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 258, and therefore deny them.


259.    Cambium traffics in such services and the Hacked Firmware, which are used to disable Ubiquiti's technological measures and make Ubiquiti M-series devices and Ubiquiti Firmware that remains on the Ubiquiti M-series devices available for unauthorized access, copying and use thereafter.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 259. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 259, and therefore deny them.

260.    The conduct described above has cost Ubiquiti an amount to be determined at trial and constitutes a violation of 17 U.S.C. § 1201.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 260. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 260, and therefore deny them.

261.    The conduct described above was willful and undertaken with knowledge of wrongdoing, and was undertaken with commercial motives to sell licenses to the Hacked Firmware and Cambium hardware to interface with hacked Ubiquiti M-series devices.  An award of statutory damages is necessary to dissuade Defendants and others from the use of the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 261. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 261, and therefore deny them.

262.    Accordingly, pursuant to 17 U.S.C. § 1203, Ubiquiti is entitled to and hereby demands statutory damages in the maximum amount of $2,500 for each violation of the DMCA.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 262. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 262, and therefore deny them.

263.     Ubiquiti is also entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203. CA.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 263. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 263, and therefore deny them.

264.     Cambium' conduct, unless enjoined by the Court, will cause irreparable harm to Ubiquiti, which has no adequate remedy at law.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 264. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 264, and therefore deny them.

**C.      DMCA § 1202(b) Violations**

265.     Section 1202(b) of the DMCA provides, among other things, that no person shall, without authorization of the copyright owner or the law intentionally remove or alter any copyright management information, or distribute copyright management information knowing that the copyright management information has been removed or altered without authority, knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement.

ANSWER:     The allegations of paragraph 265 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required,

Defendants admit the existence of DMCA and affirmatively state that this statute speaks for itself.

266.    Ubiquiti's Firmware for its M-series products is subject to protection under the copyright laws of the United States.

ANSWER:    The allegations of paragraph 266 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of copyright laws of the United States.

267.    Access to Ubiquiti's Firmware is subject to the Firmware License Agreement and is controlled by technological measures, namely signature protected firmware in the case of Ubiquiti Firmware versions 5.6.15 and later and software for detecting unauthorized firmware for Ubiquiti Firmware versions 5.6.14 and lower.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 267, and therefore deny them.

268.    Ubiquiti's Firmware also includes user interface software that allows users to interface with Ubiquiti M-series devices and allows users to upload new firmware to Ubiquiti M-series devices.  The user interface software within the Ubiquiti Firmware includes copyright management information that is presented to the user on each page of the user interface that identifies Ubiquiti as the copyright owner of the Ubiquiti Firmware for each M-series device.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 268, and therefore deny them.

116

269.     Cambium, individually and collectively, have directly, or acting in concert with a third party, violated Ubiquiti's rights under 17 U.S.C. § 1202(b) by distributing Hacked Firmware directly and through distributors to Ubiquiti customers that circumvents Ubiquiti's technological measures, removes Ubiquiti's user interface software including its copyright management information, and replaces the copyright management information with a new statement that Cambium is the copyright owner.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 269. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 269, and therefore deny them.

270.     Cambium's conduct has been willful.  Despite the fact that Ubiquiti firmware remains on the Ubiquiti M-series device even after it is hacked with the Hacked Firmware by Defendants or a Ubiquiti customer at the urging of Cambium, Cambium has removed the Ubiquiti copyright management information in order to conceal Cambium's infringement of Ubiquiti's copyrights in the Ubiquiti Firmware, knowing that this will induce and/or facilitate infringement of the Ubiquiti Firmware as the user interacts with the Hacked Firmware on hacked Ubiquiti M- series devices.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 270. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 270, and therefore deny them.

271.    The conduct described above has cost Ubiquiti an amount to be determined at trial and constitutes a violation of 17 U.S.C. § 1202.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 271. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 271, and therefore deny them.

272.    The conduct described above was willful and undertaken with knowledge of wrongdoing, and was undertaken with commercial motives to sell licenses to the Hacked Firmware and Cambium hardware to interface with hacked Ubiquiti M-series devices.  An award of statutory damages is necessary to dissuade Defendants and others from the use of the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 272. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 272, and therefore deny them.

273.    Accordingly, pursuant to 17 U.S.C. § 1203, Ubiquiti is entitled to and hereby demands statutory damages in the maximum amount of $2,500 for each of the violations of the statute.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 273. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 273, and therefore deny them.

274.    Ubiquiti is also entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 274. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 274, and therefore deny them.

275.    Cambium's conduct, unless enjoined by the Court, will cause irreparable harm to Ubiquiti, which has no adequate remedy at law.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 275. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 275, and therefore deny them.

## THIRD CLAIM FOR RELIEF

### (Violation of the Illinois Computer Crime Prevention Law, 720 ILCS 5/17-51)
### (Asserted Against Cambium)

276.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

277.    Ubiquiti's M-series devices are computers which operate using Ubiquiti Firmware licensed by Ubiquiti to M-series device customers.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 277, and therefore deny them.

278. Cambium transmits and aids and abets third parties, including Ubiquiti's customers, in the installation of the Hacked Firmware on Ubiquiti M-series devices in violation of the access restrictions pursuant to Ubiquiti Firmware License Agreements, causing damage to the Ubiquiti M-series devices and the licensed Ubiquiti Firmware, including destroying large portions of the Ubiquiti Firmware, which results in the Ubiquiti M-series devices being impaired, no longer compliant with FCC rules and regulations and no longer able to connect to other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 278. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 278, and therefore deny them.

279. Cambium's conduct is intentional, and without permission of Ubiquiti, and its Hacked Firmware causes the damage to the Ubiquiti M-series devices and Ubiquiti Firmware described above in direct violation of the governing Ubiquiti Firmware Licensing Agreements.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 279. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 279, and therefore deny them.

280.    Ubiquiti has sustained damage by, *inter alia*, having the Ubiquiti M-series devices and Firmware, which underlie its Firmware License Agreements with customers, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 280. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 280, and therefore deny them.


281.    Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, or other equitable relief.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 281. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 281, and therefore deny them.

## FOURTH CLAIM FOR RELIEF

**(Willful Violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*)**
**(Asserted Against Cambium)**

282.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.


283.    Ubiquiti owns copyrights in the Ubiquiti Firmware and has registered the copyrights.  As the owner of the copyrights, Ubiquiti maintains exclusive rights to, *inter alia*,

distribute and reproduce the Ubiquiti Firmware. Ubiquiti licenses the Ubiquiti Firmware on a non-exclusive basis to its customers for use with Ubiquiti M-series devices.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 283, and therefore deny them.

284. Cambium has directly infringed and will continue to infringe Ubiquiti's copyrights in the Ubiquiti Firmware by violating the Ubiquiti Firmware License Agreement and making unauthorized copies and use of Ubiquiti Firmware for Ubiquiti M-series devices.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 284. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 284, and therefore deny them.

285. Cambium has directly infringed and will continue to infringe Ubiquiti's copyrights in the Ubiquiti Firmware by hacking into Ubiquiti M-series devices by loading the Hacked Firmware onto M-series devices and causing the Ubiquiti M-series devices to execute the Hacked Firmware. The Hacked Firmware destroys the integrity of the Ubiquiti Firmware, creates an unauthorized derivative work of the Ubiquiti firmware, and makes unauthorized copies of the Ubiquiti firmware, all in violation of the copyright act.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 285. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 285, and therefore deny them.

286.    Such acts of direct infringement include Cambium's development of the Hacked Firmware, Cambium's demonstration of hacking a Ubiquiti M-series device in instructional videos posted on the Internet, and on information and belief Cambium's demonstration of the infringement by hacking Ubiquiti M-series devices in live classes.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 286. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 286, and therefore deny them.


287.    Cambium has contributed to and induced the infringement of Ubiquiti's copyrights in the Ubiquiti firmware by third parties, including Cambium's distributors and Ubiquiti customers, by one or more of the following actions:   making the Hacked Firmware available for download, marketing and promoting the Hacked Firmware to Ubiquiti's M-series device customers, selling and distributing "licenses" to use the Hacked Firmware on Ubiquiti M-series products, distributing a "Quick Start Guide" instructing Ubiquiti M-series device users how to hack their device with the Hacked Firmware, and providing online videos, customer support and live demonstrations encouraging and teaching Ubiquiti customers how to hack Ubiquiti M-series devices with Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 287. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 287, and therefore deny them.

288.     The infringing conduct described above has damaged Ubiquiti in an amount to be determined at trial and constitutes violations of 17 U.S.C. § 501. Ubiquiti is entitled to recover, under the Copyright Act, actual damages it has sustained and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 288. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 288, and therefore deny them.

289.     The conduct described above was willful, was undertaken with knowledge of wrongdoing, and was undertaken with commercial motives to sell licenses to the Hacked Firmware and Cambium hardware to interface with hacked Ubiquiti M-series devices.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 289. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 289, and therefore deny them.

290.     Ubiquiti has registered copyrights for the Ubiquiti Firmware that predate the course of Defendants' infringing conduct.  Ubiquiti seeks a determination of statutory damages in the maximum amount of $150,000.00 per work infringed in view of the willful and commercially motivated infringement by Cambium pursuant to 17 U.S.C. § 504.

ANSWER:     Cambium Defendants deny that Cambium has committed infringing conduct and deny that Plaintiff is entitled to the relief alleged in paragraph 290. Non-Cambium

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 290, and therefore deny them.

291.    Under the Copyright Act, Ubiquiti is entitled to recover costs, including attorneys' fees pursuant to 17 U.S.C. § 505, for Defendants' acts of infringement.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 291. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 291, and therefore deny them.

292.    Cambium's conduct, unless enjoined by the Court, will cause irreparable harm to Ubiquiti, which has no adequate remedy at law.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 292. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 292, and therefore deny them.

293.    Cambium's Hacked Firmware, unless impounded and destroyed, will also continue to make unauthorized use of the Ubiquiti firmware in hacked Ubiquiti M-series devices and will cause continuing damage to Ubiquiti.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 293. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 293, and therefore deny them.

## FIFTH CLAIM FOR RELIEF

**(False Advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))**
**(Asserted Against Cambium)**

294.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.


295.    Cambium has disseminated through its promotional materials for the Hacked Firmware, including but not limited to guides and online instructional webinar videos, false and misleading statements concerning Ubiquiti, and the nature and propriety of the Hacked Firmware in violation of § 43(a) of the Lanham Act.  Cambium's false and misleading statements include, but are not limited to, statements concerning the amount of firmware from Ubiquiti left on Ubiquiti M-series devices and its use after being hacked with Cambium's Hacked Firmware, statements that a hardware warranty may be available after Hacked Firmware is installed, and statements that FCC compliance on a Ubiquiti M-series device modified with the Hacked Firmware can be ensured by asking the third party manufacturer to apply a new FCC label. These statements constitute false and deceptive advertising and are likely to mislead, and/or have misled, consumers and distributors about the nature, characteristics and quality of the Hacked Firmware.  Cambium's false and misleading statements are intended to conceal Cambium's copyright infringement, sell licenses to the Hacked Firmware and Cambium products to interface with hacked Ubiquiti M-series devices, and attack the reputation, goodwill and market position of Ubiquiti.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in

paragraph 248. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 248, and therefore deny them.

296.    Cambium has willfully, knowingly, and intentionally made and continues to make false descriptions in advertising, and unless enjoined by this Court, will continue to deceive, mislead, and confuse consumers and distributors into believing that, among other things, Cambium's creation and dissemination of Hacked Firmware for Ubiquiti M-series devices is lawful, supported by warranty coverage from Ubiquiti, and yields hacked Ubiquiti M-series devices that are FCC complaint.  Cambium's false and deceptive advertising and promotion of its Hacked Firmware is intentionally and specifically targeted at Ubiquiti M-series devices as part of a deceptive sales strategy to migrate Ubiquiti customers away from Ubiquiti products to Cambium products with which the hacked Ubiquiti M-series devices are compatible.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 248. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 248, and therefore deny them.

297.    As a direct and proximate cause of Cambium's unlawful acts and practices, including those set forth above, Cambium has caused, is causing, and unless enjoined by this Court, will continue to cause immediate and irreparable harm to Ubiquiti, for which there is no adequate remedy at law, and for which Ubiquiti is entitled to injunctive relief.  Cambium's acts, as described herein, are, and unless enjoined, will continue to be, in violation of Section 43(a) of the Lanham Act.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 248. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 248, and therefore deny them.

298. As a direct and proximate cause of Cambium's unlawful acts and practices, including those set forth above, Cambium has caused, is causing, and unless enjoined by this Court, will continue to cause Ubiquiti to suffer damages to its business, reputation, and goodwill, and the loss of sales and profits Ubiquiti would have made but for Cambium's acts.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 248. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 248, and therefore deny them.

299. Cambium has acted in bad faith and has willfully engaged in false advertising with the intent to injure Ubiquiti and deceive the public. Thus, in addition to the injunctive relief and damages requested herein, Ubiquiti is entitled to costs and attorneys' fees pursuant to 25 U.S.C. § 1117(a).

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 248. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 248, and therefore deny them.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)
### (Asserted Against Cambium)

300. Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

301.    Cambium has freely entered into Ubiquiti's Firmware License Agreements by using Ubiquiti M-series devices and downloading Ubiquiti firmware and a valid and binding contract has been formed between Cambium and Ubiquiti as set forth in the Ubiquiti Firmware License Agreements.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 301. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 301, and therefore deny them.

302.    There was valuable consideration exchanged in connection with the Firmware License Agreements.  Specifically, Cambium was granted a limited license to use the Ubiquiti Firmware on M-series devices in exchange for Cambium's agreement to comply with the terms of use.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 302. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 302, and therefore deny them.

303.    The Firmware License Agreements expressly prohibited Cambium from "remov[ing] or alleging] any Ubiquiti copyright, trademark or other proprietary rights notices from the Software or Content" including the user interface of the Ubiquiti Firmware or any Ubiquiti Device.  *See* Ex. B at 1, 2 and Ex. C at 3.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 303. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 303, and therefore deny them.

304. The Firmware License Agreements further provided that Cambium "may not and shall not permit others to," *inter alia*,

  c.    copy the Ubiquiti Firmware (except as expressly permitted above), or copy the accompanying documentation;

  d.    modify, translate, reverse engineer, decompile, disassemble or otherwise attempt (i) to defeat, avoid, bypass, remove, deactivate, or otherwise circumvent any software protection mechanisms in the Ubiquiti Firmware, including without limitation any such mechanism used to restrict or control the functionality of the Ubiquiti Firmware, or (ii) to derive the source code or the underlying ideas, algorithms, structure or organization from the Ubiquiti Firmware (except that the foregoing limitation does not apply to the extent that such activities may not be prohibited under applicable law); or

  e.    distribute, rent, transfer or grant any rights in the Ubiquiti Firmware or modifications thereof or accompanying documentation in any form to any person without the prior written consent of Ubiquiti.

  f.    remove any Ubiquiti copyright notice or Ubiquiti branding from the Ubiquiti Firmware or modify any user interface of the Ubiquiti Firmware or Ubiquiti Device.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 304. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 304, and therefore deny them.

305. The Firmware License Agreements provided that Cambium not do the following:

remove or alter any copyright, trademark or other proprietary rights notices from the Software or Content, or use them in contravention of any such applicable notices;

reverse engineer, decompile, translate, disassemble or otherwise attempt to (i) derive the source code or the underlying ideas, algorithms, structure or organization of any Software (except that the foregoing limitation does not apply

to the extent that such activities may not be prohibited under applicable law); or (ii) defeat, avoid, bypass, remove, deactivate, or otherwise circumvent any software protection mechanisms in the Software, including, without limitation, any such mechanism used to restrict or control the functionality of the Software;

use the Software in violation of any third-party rights or any local, state, national or international law or regulation, including, without limitation, any local country regulations related to operation within legal frequency channels, output power and Dynamic Frequency Selection (DFS) requirements;

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 305. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 305, and therefore deny them.

306.    Cambium breached the foregoing provisions of the Firmware License Agreements by the conduct described herein.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 306. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 306, and therefore deny them.

307.    Specifically, Cambium engaged in unauthorized copying and use of the proprietary features of the Ubiquiti Firmware.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 307. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 307, and therefore deny them.

308.    Cambium's Elevate Firmware Update replaced numerous sections of the Ubiquiti Firmware and used the Ubiquiti Firmware code in the resulting Elevate Firmware Update.

ANSWER: Cambium Defendants admit that Cambium's Elevate firmware, if installed on a compatible Ubiquiti device, deletes and replaces Ubiquiti's firmware. Cambium Defendants deny the remaining allegations as set forth in paragraph 308. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 308, and therefore deny them.

309. Cambium also modified the Ubiquiti Firmware and attempted to defeat, avoid, bypass, remove, deactivate, or otherwise circumvent any software protection mechanisms in the Ubiquiti Firmware, including mechanisms use to control the functioning of the Ubiquiti Firmware.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 309. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 309, and therefore deny them.

310. Cambium also reverse engineered the Ubiquiti Firmware in order to create the Cambium Elevate Firmware. The Cambium Elevate Firmware makes unauthorized copies and use of various components of the Ubiquiti Firmware.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 310. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 310, and therefore deny them.

311. Cambium's actions resulted in the unauthorized modification of the Ubiquiti Firmware.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 311. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 311, and therefore deny them.

312. Cambium's actions of illicit copying and modification of the Ubiquiti Firmware were in violation of, *inter alia*, the copyright laws of the United States.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 312. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 312, and therefore deny them.

313. Cambium's breaches of the End User Agreement are material and eviscerate the limited use that Ubiquiti granted.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 313. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 313, and therefore deny them.

314. Cambium's breaches have proximately and directly caused damage to Ubiquiti. Users no longer have functioning Ubiquiti Firmware on their devices after installation of the Cambium Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 314. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 314, and therefore deny them.

## SEVENTH CLAIM FOR RELIEF

**(Tortious Interference With Contract)**
**(Asserted Against Cambium)**

315.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

316.    The Firmware License Agreements are binding and enforceable contracts.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 316. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 316, and therefore deny them.

317.    Cambium had actual knowledge of the Firmware License Agreements and freely entered into them by virtue of Cambium's use of Ubiquiti M-series devices and firmware as described above.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 317. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 317, and therefore deny them.

318.    Cambium's false and misleading advertisement and promotion of the Hacked Firmware used to induce end users to install the Hacked Firmware on Ubiquiti M-series devices

constitute intentional acts taken with knowledge that users would be induced into violating the terms of their Firmware License Agreements with Ubiquiti.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 318. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 318, and therefore deny them.

319.    Cambium configured the Hacked Firmware to make changes to the Ubiquiti Firmware knowing that these changes would breach the express terms of Ubiquiti's Firmware License Agreements with end users.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 319. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 319, and therefore deny them.

320.    Cambium's interference with the Firmware License Agreements between Ubiquiti and end users has harmed Ubiquiti by having induced and continuing to induce end users to violate the terms of their Firmware License Agreements with Ubiquiti and causing damage to M-series devices rendering them no longer compatible with Ubiquiti protocols used to communicate with other Ubiquiti devices, causing, *inter alia*, lost sales, infringement and reputational harm.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 320. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 320, and therefore deny them.

## EIGHTH CLAIM FOR RELIEF

### (Unfair Competition)
### (Asserted Against Cambium)

321.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

322.    Ubiquiti has invested considerable money and time into developing the Ubiquiti Firmware.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 322, and therefore deny them.

323.    Cambium has reverse engineered the Ubiquiti Firmware to reap the benefits of Ubiquiti's substantial investment of time and money and to free-ride on Ubiquiti's costly investment.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 323. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 323, and therefore deny them.

324.    Cambium also unfairly benefits from Ubiquiti's investment into development of the Ubiquiti Firmware insofar as the Cambium Elevate Firmware makes use of and alters elements from the Ubiquiti Firmware.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 324. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 324, and therefore deny them.

325. Cambium, through its videos targeting Ubiquiti customers and posting on message boards targeting Ubiquiti customers, has propagated false and misleading promotional materials for the Hacked Firmware and maliciously interfered with Ubiquiti's customer relationships in an effort to mislead and induce those customers become customers of Cambium.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 325. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 325, and therefore deny them.

326. Cambium's reverse engineering and use of Ubiquiti's firmware in connection with the launch of the Cambium's Hacked Firmware for Ubiquiti M-series devices also constitutes unfair competition.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 326. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 326, and therefore deny them.

327.    Cambium's Hacked Firmware is a competing product to Ubiquiti's firmware for M-series devices that is promoted with misleading statements and that after installation damages Ubiquiti firmware on M-series devices.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 327. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 327, and therefore deny them.

328.    Cambium and Ubiquiti are competitors in wireless devices and in the dissemination of firmware for wireless devices.

ANSWER:    Cambium Defendants admit the allegations as set forth in paragraph 328. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 328, and therefore deny them.

329.    Cambium's alteration of the Ubiquiti firmware damages and otherwise dilutes the quality of the Ubiquiti Firmware and harms Ubiquiti and its customers who purchased the Ubiquiti product.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 329. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 329, and therefore deny them.

330.    Cambium's unfairly competitive behavior has proximately and directly caused damage to Ubiquiti.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 330. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 330, and therefore deny them.

## NINTH CLAIM FOR RELIEF

### (Intentional Interference With Prospective Economic Advantage)
### (Asserted Against Cambium)

331. Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

332. Ubiquiti had a reasonable opportunity to obtain business advantage from customers and prospective customers who would purchase and make use of the Ubiquiti firmware.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 332, and therefore deny them.

333. Cambium was aware of Ubiquiti's relationship with current customers and expectations of obtaining business from its existing and other customers.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 333. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 333, and therefore deny them.

334. Indeed, Cambium specifically advertised the Hacked Firmware using deceptive and misleading descriptions to Ubiquiti customers and prospective customers.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 334. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 334, and therefore deny them.

335. Cambium intentionally and unjustifiably interfered with Ubiquiti's relationships with current and prospective customers.

ANSWER: Cambium Defendants deny the allegations as set forth in paragraph 335. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 335, and therefore deny them.

336. Cambium unjustifiably misled and induced customers of Ubiquiti to install the Hacked Firmware in violation of Ubiquiti Firmware License Agreements, altering the Ubiquiti firmware on Ubiquiti M-series devices so that customers of Ubiquiti could no longer use the hacked M-series devices to communicate with other Ubiquiti devices using Ubiquiti wireless protocols, but instead could communicate with Cambium products.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 336. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 336, and therefore deny them.

337.    Cambium induced customers to terminate and not enter into certain business relationships with Ubiquiti for the sale of Ubiquiti devices to communicate with the installed base of hacked Ubiquiti M-series running the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 337. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 337, and therefore deny them.

338.    Ubiquiti has thus lost both current and prospective customers and sales as a result of Cambium's deceptive and misleading actions and has been damaged as a result.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 338. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 338, and therefore deny them.

## TENTH CLAIM FOR RELIEF

### (Infringement of Registered Trademarks, § 32 Lanham Act, 15 U.S.C. § 1114)
### (Asserted Against Cambium)

339.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

340.    Cambium, without authorization from Ubiquiti, is using in interstate commerce for the purpose of promoting the downloading and use of Cambium's Hacked Firmware on

Ubiquiti's M-series devices, the following Ubiquiti registered trademarks: UBIQUITI®, NANOSTATION®, NANOBEAM®, NANOBRIDGE®, ROCKET®, and POWERBEAM®, in violation of § 32 of the Lanham Act.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 340. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 340, and therefore deny them.

341.     Cambium's conduct is likely to have caused and will continue to cause confusion, mistake and deception among consumers as to the source, origin, sponsorship or approval by Ubiquiti of Cambium's Hacked Firmware for Ubiquiti's M-series devices.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 341. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 341, and therefore deny them.

342.     Cambium's conduct is willful and an intentional violation of Ubiquiti's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 342. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 342, and therefore deny them.

### ELEVENTH CLAIM FOR RELIEF

**(False Designation of Origin, § 43(A) Lanham Act, 15 U.S.C. § 1125(A)(1)(A))
(Asserted Against Cambium)**

343. Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

344. Cambium, without authorization from Ubiquiti, is using Ubiquiti trademarks, including UBIQUITI®, NANOSTATION®, NANOBEAM®, NANOBRIDGE®, ROCKET®, and POWERBEAM®, for the purpose of promoting the downloading and use of its Hacked Firmware on Ubiquiti's M-series devices, in violation of § 43(a) of the Lanham Act.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 344. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 344, and therefore deny them.

345. Cambium's conduct is likely to have caused and will continue to cause confusion, mistake and deception among consumers as to the source, origin, sponsorship or approval by Ubiquiti of Cambium's Hacked Firmware for Ubiquiti's M-series devices.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 345. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 345, and therefore deny them.

346.    Cambium's conduct is willful and an intentional violation of Ubiquiti's rights under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 346. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 346, and therefore deny them.

### TWELFTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement)**
**(Asserted Against Cambium)**

347.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

348.    Cambium, without authorization from Ubiquiti, is using Ubiquiti trademarks, including UBIQUITI, NANOSTATION, NANOBEAM, NANOBRIDGE, ROCKET, and POWERBEAM, for the purpose of promoting the downloading and use of its Hacked Firmware on Ubiquiti's M-series devices, in violation of § 43(a) of the Lanham Act.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 348. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 348, and therefore deny them.

349.    Cambium's conduct is likely to have cause and will continue to cause confusion, mistake and deception among consumers as to the source, origin, sponsorship or approval by Ubiquiti of Cambium's Hacked Firmware for Ubiquiti's M-series devices.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 349. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 349, and therefore deny them.

350.    Cambium's conduct is willful and an intentional violation of Ubiquiti's common law trademark rights.

ANSWER:    Cambium Defendants deny the allegations as set forth in paragraph 350. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 350, and therefore deny them.

## THIRTEENTH CLAIM FOR RELIEF

### (Common Law Misappropriation)
### (Asserted Against Cambium)

351.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:    Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

352.    Ubiquiti invested considerable time and money into developing its Ubiquiti firmware, Ubiquiti M-series devices, and its brand recognition.

ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 352, and therefore deny them.

353.    Cambium misappropriated the Ubiquiti firmware, by distributing Hacked Firmware that still uses Ubiquiti firmware, deceiving customers regarding the nature of the Hacked Firmware, and inducing such customers to alter the Ubiquiti firmware on Ubiquiti M-series devices with the Hacked Firmware in violation of the Ubiquiti Firmware License Agreements at little or no cost to Cambium.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 353. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 353, and therefore deny them.

354.    Cambium has also improperly traded and attempted to induce business for itself by misusing the Ubiquiti name deceiving customers regarding the nature of the Hacked Firmware to induce customers to hack Ubiquiti M-series devices and purchase and install Cambium products.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants deny the allegations as set forth in paragraph 354. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 354, and therefore deny them.

355.     As a direct and proximate result of Cambium's misappropriation of Ubiquiti's firmware, Ubiquiti M-series devices, and its brand recognition, Cambium has obtained new customers and a free ride from the use of Ubiquiti's firmware because Cambium bore little or no expense in acquiring customers and inducing those customers to alter and continue to use portions of the Ubiquiti firmware.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 355. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 355, and therefore deny them.

356.     As a direct and proximate result of Cambium's misappropriation of Ubiquiti's firmware, Ubiquiti M-series devices, and its brand recognition, Ubiquiti has suffered damages, including reputational harm, loss of business, and commercial damage in the marketplace.

ANSWER:     Cambium Defendants deny the allegations as set forth in paragraph 356. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 356, and therefore deny them.

## FOURTEENTH CLAIM FOR RELIEF

**(Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(C))**
**(Asserted Against Cambium)**

357.     Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER:     Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

358.     Cambium, Cambium Networks, Winncom, Dmitry Moiseev, and Sakid Ahmed comprise the Hacking Enterprise.  The Hacking Enterprise is an association-in-fact enterprise engaged in activities that affect interstate commerce.

ANSWER:     Cambium Defendants and Winncom deny the allegations as set forth in paragraph 358. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 358, and therefore denies them.

359.     Cambium oversees the Hacking Enterprise running its day-to-day operations, with Winncom serving Cambium's needs within the Hacking Enterprise.

ANSWER:     Cambium Defendants and Winncom deny the allegations as set forth in paragraph 359. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 359, and therefore denies them.

360.     Winncom reports to Cambium regarding its distribution and sales.

ANSWER:     Cambium Defendants and Winncom deny the allegations as set forth in paragraph 360. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 360, and therefore denies them.

361.     Cambium, in turn, keeps Cambium Networks apprised of the Hacking Enterprises' activities, profits, and distributions thereof.

ANSWER:     Cambium Defendants and Winncom deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 361.

Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 361, and therefore denies them.

362.    Cambium agreed to and did conduct and participate in the conduct of the Hacking Enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding consumers into installing the Hacked Firmware, which in turn ensured financial gains for the Hacking Enterprise members above and beyond those which the members would have received had then been engaging solely in lawful activities.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the allegations as set forth in paragraph 362. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 362, and therefore denies them.

363.    To the extent known at this time and to be further developed through discovery of information exclusively within the possession, custody, control and knowledge of the Hacking Enterprise members, that pattern includes related acts of mail fraud and wire fraud, including, but not limited to the activities described in paragraphs 93-105, 110-126, 160, *supra*.

ANSWER:    Cambium Defendants and Winncom deny the allegations as set forth in paragraph 363. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 363, and therefore denies them.

364.    Cambium was involved in each of these racketeering acts, specifically orchestrating and arranging for the racketeering acts to occur through the Hacking Enterprise.

ANSWER:    Cambium Defendants and Winncom deny the allegations as set forth in paragraph 364. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 364, and therefore denies them.

365.    The acts set forth above, which happened over a period of years, constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

ANSWER:    Cambium Defendants and Winncom deny the allegations as set forth in paragraph 365. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 365, and therefore denies them.

366.    Because the Hacking Enterprise directly targeted Ubiquiti customers, Ubiquiti has lost customers as a result of the Hacking Enterprises' activities.

ANSWER:    Cambium Defendants and Winncom deny the allegations as set forth in paragraph 366. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 366, and therefore denies them.

367.    Given false and misleading statements and material omissions made by the members of the Hacking Enterprise through the wires and mail, Ubiquiti has lost consumer good will in the market place and its brand reputation has been harmed.

ANSWER:    Cambium Defendants and Winncom deny the allegations as set forth in paragraph 367. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 367, and therefore denies them.

368.     As a direct and proximate result of Cambium's racketeering activities and violations of 18 U.S.C. § 1962(c), Ubiquiti has been injured in its business and property in that: Ubiquiti has lost customers and customers were induced to breach the terms of the Ubiquiti's Firmware Licensing Agreements, Ubiquiti's M-series devices and licensed firmware have been damaged by eliminating their compatibility with other Ubiquiti networking devices using Ubiquiti protocols, and Ubiquiti's licensed intellectual property rights have been violated, in each case through installation of the Hacked Firmware.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the allegations as set forth in paragraph 368. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 368, and therefore denies them.

369.     Thus, Ubiquiti prays that the Court compensate Ubiquiti for Cambium's racketeering activities and grant Ubiquiti legal relief to remedy Cambium's RICO violations.

ANSWER:     Cambium Defendants and Winncom deny that Cambium has committed racketeering activities as alleged by Plaintiff and deny that Plaintiff is entitled to the relief prayed for in paragraph 369. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 369, and therefore denies them.

370.     As a result of Cambium's RICO violations, Ubiquiti has lost sales and prospective sales to consumers, in an amount to be determined at trial.  Specifically, customers of Ubiquiti have—at the direction and bequest of Cambium and after hearing Cambium's false and

inaccurate statements—installed the Hacked Firmware altering their Ubiquiti devices rendering them unable able to communicate with other Ubiquiti products using Ubiquiti protocols.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants and Winncom deny the allegations as set forth in paragraph 370. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 370, and therefore denies them.

371.     Cambium should be ordered to pay to Ubiquiti damages for Cambium's RICO violations which have resulted in the concrete financial losses outlined herein.

ANSWER: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 371. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 371, and therefore denies them.

372.     Ubiquiti is entitled to treble damages for the RICO violations alleged herein.

ANSWER: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 372. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 372, and therefore denies them.

### FIFTEENTH CLAIM FOR RELIEF

**(Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d))**
**(Asserted Against Cambium Networks, Blip, Winncom, Sakid Ahmed, and Dmitry Moiseev)**

373.     Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

ANSWER: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

374. In commission of the racketeering acts set forth herein, each member of the Hacking Enterprise and co-conspirator Blip conspired to violate the RICO statute in violation of 18 U.S.C. § 1962(d).

ANSWER: Defendants deny the allegations as set forth in paragraph 374.

375. Specifically, the Hacking Enterprise members and co-conspirator Blip worked together to ensure financial gain at the expense of Ubiquiti's copyrights, trademarks, and customer base.

ANSWER: Defendants deny the allegations as set forth in paragraph 375.

376. The members of the Hacking Enterprise worked together to exceed the permissible and ordinary scope of a manufacturer-distributor relationship. So too did co-conspirator Blip work with Cambium to exceed the ordinary scope of a manufacturer-distributor relationship.

ANSWER: Defendants deny the allegations as set forth in paragraph 376.

377. The members of the Hacking Enterprise conspired together to promote false advertisement to customers through webinars and in person demonstrations involved the Hacked Firmware.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 377.

378.    Each of the members of the Hacking Enterprise as well as co-conspirator Blip were aware of the fraudulent nature and scope of the Hacking Enterprise and agreed to assist the Hacking Enterprise in carrying out its fraudulent acts.

ANSWER: Defendants deny the allegations as set forth in paragraph 378.

379.    Each of the members of the Hacking Enterprise agreed to the commission of, or participate in, at least two of the racketeering acts described herein. So too did Blip.

ANSWER: Defendants deny the allegations as set forth in paragraph 379.

380.    Indeed, each of the members of the Hacking Enterprise was aware of the Hacking Enterprise and received direct personal financial gain from the activities of the Hacking Enterprise. Likewise, Blip received direct financial benefit as a result of the Hacking Enterprise's activities.

ANSWER: Defendants deny the allegations as set forth in paragraph 380.

381.    Each of the members of the Hacking Enterprise and co-conspirator Blip intended to and in fact did further the purposes of the Hacking Enterprise.

ANSWER: Defendants deny the allegations as set forth in paragraph 381.

382.    Each of the members of the Hacking Enterprise and co-conspirator Blip engaged in the RICO conspiracy in order to further their own personal interests and ensure financial health for themselves individually.

ANSWER:    Defendants deny the allegations as set forth in paragraph 382.

383.    Each of the members of the Hacking Enterprise and co-conspirator Blip wanted to harm Ubiquiti's goodwill and customer standing in the market place.

ANSWER:    Defendants deny the allegations as set forth in paragraph 383.

384.    Each of the members of the Hacking Enterprise was aware of Cambium's control and worked together to further that control.  Blip likewise aided Cambium in its control of the Hacking Enterprise and profit seeking motive.

ANSWER:    Defendants deny the allegations as set forth in paragraph 384.

385.    Cambium took the control of the Enterprise.

ANSWER:    Defendants deny the allegations as set forth in paragraph 385.

386.    Cambium Networks placed Cambium at the helm and allowed Cambium to run the U.S. sales and operations of the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 386.

387.    Dmitry Moiseev and Sakid Ahmed advertised the Hacked firmware, monitored web boards pertaining to the Hacked Firmware, and answered individual questions from users regarding the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Cambium Defendants admit that Moiseev and Ahmed answered individual questions from users regarding ePMP Elevate. Cambium Defendants deny the remaining allegations as set forth in paragraph 387. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 387, and therefore deny them.

388.    Blip and Winncom conspired with Cambium to ensure Cambium's position of control in the Hacking Enterprise and supported Cambium's efforts to market the Hacked Firmware.

ANSWER:    Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 388.

389.    Cambium Networks provided financial support to Cambium to ensure its position as the leader of the Hacking Enterprise and also authorized discounts and personal financial gains for Blip and Winncom.

ANSWER:    Defendants deny the allegations as set forth in paragraph 389.

390.    The members of the Hacking Enterprise knew that their actions were part of a pattern of racketeering activity and agreed to commit their actions in furtherance of the scheme

described herein. This conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

ANSWER: Defendants deny the allegations as set forth in paragraph 390.

391. Blip likewise worked with Cambium to ensure Cambium's role as the lead of the Hacking Enterprise, and knew that Cambium was carrying out a pattern of racketeering activity along with various other members of the Hacking Enterprise and agreed to have Cambium commit its racketeering activities along with co-conspirators in furtherance of the scheme described herein. This conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

ANSWER: Defendants deny the allegations as set forth in paragraph 391.

392. Each of the members of the Hacking Enterprise and co-conspirator Blip were aware that Cambium was directly targeting Ubiquiti customers and making misleading claims implying that the Hacked Firmware was appropriately used with Ubiquiti products.

ANSWER: Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 392.

393. The Hacking Enterprise is an enterprise engaged in and whose activities affect interstate commerce.

ANSWER: Defendants deny the existence of a "Hacking Enterprise" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 393.

394.     As a direct and proximate result of the Hacking Enterprise's conspiracy, conspiracy with Blip, and RICO violations flowing therefrom, Ubiquiti has been injured in its business and property in that Ubiquiti has lost customers, had its copyrights and trademarks violated by the Hacking Enterprise, and had its M-series devices converted to ones that are no longer FCC complaint and not compatible with Ubiquiti protocols used to communicate with other products sold by Ubiquiti.

ANSWER:     Defendants deny the allegations as set forth in paragraph 394.


395.     Thus, Ubiquiti prays that the Court remedy the co-conspirators racketeering activities and grant Ubiquiti legal relief.

ANSWER:     Defendants deny that they have committed racketeering activities and deny that Plaintiff is entitled to any relief prayed for in paragraph 395.


396.     As a result of the co-conspirators' RICO violations, Ubiquiti has lost sales and prospective sales to consumers, in an amount to be determined at trial.  Specifically, customers of Ubiquiti have—at the direction and bequest of Cambium and after hearing Cambium's false and inaccurate statements—installed the Hacked Firmware converting their Ubiquiti devices to ones no longer compliant with FCC rules and not compatible with Ubiquiti protocols used to communicate with other products sold by Ubiquiti.

ANSWER:     Cambium Defendants deny the Complaint's characterization of ePMP Elevate as "Hacked Firmware." Defendants deny the allegations as set forth in paragraph 396.

397.    Ubiquiti is entitled to damages for the Hacking Enterprise's RICO violations, carried out with the knowing assistance of co-conspirator Blip, which have resulted in the concrete financial losses outlined herein in the form of lost profits and customers.

ANSWER:    Defendants deny the allegations as set forth in paragraph 397.

398.    Ubiquiti is entitled to treble damages for the RICO violations alleged herein.

ANSWER:    Defendants deny the allegations as set forth in paragraph 398.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, Defendants do not admit that they have the burden of proof and/or burden of persuasion with respect to any of these defenses.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Plead with Sufficient Particularity)

The Complaint, in whole or in part, fails to state a claim for which relief can be granted as Plaintiff has not pled the claims with sufficient particularity.

### THIRD AFFIRMATIVE DEFENSE

#### (Lack of Standing)

Plaintiff lacks standing to assert one or more of the statutory claims, and additionally, Plaintiff lacks Article III standing to assert a claim.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches/Waiver/Estoppel)**

Plaintiff's claims are barred, in whole or in part, by latches, waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

**(Release)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

## SIXTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

**(Good Faith)**

Plaintiff's claims are barred or limited as against Defendants, because at all relevant times, Defendants acted in good faith, and any and all acts alleged to have been committed by Defendants were performed with lack of knowledge and lack of willful intent.

## EIGHTH AFFIRMATIVE DEFENSE

**(No Equitable Relief)**

The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## NINTH CLAIM FOR RELIEF

**(Bar based on Promissory Estoppel)**

Plaintiff's claims are barred, in whole or in part, based on the doctrine of Promissory Estoppel based on Cambium's reliance on the General Public License as applied to Ubiquiti's firmware.

To the extent that Cambium is alleged to have copied, modified, or used any of Ubiquiti's firmware, it did so in reliance on Plaintiff's unambiguous promise through its licenses and the licenses posted on its website, and such reliance was expected and foreseeable by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Bar or Unenforceability based on GNU General Public License)

The Ubiquiti Firmware is subject to and governed by Versions 2 or 3 of the GNU General Public License. Plaintiff's claims are barred or unenforceable, in whole or in part, by the terms of the GNU General Public License.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Breach of the GNU General Public License)

The Ubiquiti Firmware is subject to and governed by Versions 2 or 3 of the GNU General Public License. Defendants are third-party beneficiaries of the GNU General Public License. Plaintiff breaches the GNU General Public License by bring this lawsuit against the Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Breach of Firmware License Agreement)

Defendants are licensed to use the Ubiquiti Firmware under Ubiquiti's Firmware License Agreement. By bringing this lawsuit against Defendants, Plaintiff breaches the Firmware License Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of Contract)

Ubiquiti's Firmware License Agreements are invalid, indefinite, or unconscionable.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Mutual Assent)

A valid and enforceable contract is formed only if the parties to the contract mutually

assent to the terms of the contract. To the extent that Plaintiff advances contractual interpretations that contravene the plain meaning of the terms in dispute, then there was a failure to achieve mutual assent and no enforceable contract was formed between the parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

Plaintiff's contract claims are barred, in whole or in part, by lack of privity of contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of Trademark)

Plaintiff's trademark-based claims are barred, in whole or in part, because Plaintiff's alleged trademarks are invalid.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Mark not Protectable as Trademark)

Plaintiff's trademark-based claims are barred, in whole or in part, because any mark used by Plaintiff are not inherently distinctive and have not acquired secondary meaning, and because such marks are not protectable as a trademark.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Customer Confusion)

Plaintiff's trademark-based claims are barred, in whole or in part, because Defendants' use of any alleged Plaintiff-owned trademarks is not likely to cause confusion, deception or mistake among customers as to the source, association or affiliation of either party's goods and services.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Nominative Fair Use of Trademark)

Plaintiff's trademark-related claims are barred, in whole or in part, by the doctrine of nominative fair use.

To the extent Cambium make use of any trademark owned by Plaintiff, Cambium only uses as much of the trademark as is necessary for the identification of corresponding product(s). The product(s) cannot be readily identified without using the trademark. Cambium also did nothing to suggest sponsorship or endorsement by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Invalidity of Copyright)

Plaintiff's copyright-based claims are barred, in whole or in part, because Plaintiff's alleged copyrights are invalid.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Non-copyrightable Subject Matter)

Plaintiff's copyright-based claims are barred, in whole or in part, because the alleged copyrighted work, or portions thereof alleged to have been copied, or both, are not copyrightable subject matter.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Originality)

Plaintiff's copyright-based claims are barred, in whole or in part, because the alleged copyrighted work lacks requisite originality.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Merger Doctrine for Copyright)

Plaintiff's copyright-based claims are barred, in whole or in part, by the "Scenes à Faire" and/or merger doctrine in that, among other things, Plaintiff's alleged copyrighted work is ordinary, commonplace, or standard in the relevant art or industry.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Copyright Ownership)

Plaintiff's copyright-based claims are barred, in whole or in part, because Plaintiff is not the author of the alleged copyright referenced in the Complaint, and Plaintiff is not the owner or the holder of equivalent rights in and to the alleged copyright referenced in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct in Obtaining Copyright)

Plaintiff's copyright-based claims are barred, in whole or in part, because Plaintiff misrepresented material facts in applying for registration of its alleged copyright, in violation of its certification to the Copyright Office that all statements in the application are correct.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiff's copyright-related claims are barred, in whole or in part, by Plaintiff's copyright misuse.

To the extent Plaintiff owns copyright in the Ubiquiti Firmware, Plaintiff has engaged in abusive or improper conduct in exploiting or enforcing such copyright. On information and belief, Plaintiff committed fraud on the Copyright Office to obtain the copyright. On information and belief, Plaintiff engaged in abusive or improper conduct by extending its copyright claim to cover uncopyrighted material.

## TWENTY-EIGTH AFFIRMATIVE DEFENSE

### (Independent Creation)

Plaintiff's copyright-based claims are barred, in whole or in part, because Cambium's software was independently created.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Fair Use/De Minimis Use/Scenes a Faire of Copyright)**

Plaintiff's copyright-based claims are barred, in whole or in part, by the fair use doctrine, *de minimis* use doctrine, or scenes a faire doctrine.

## THIRTITH AFFIRMATIVE DEFENSE

### (Permitted Use of Copyright)

Plaintiff's copyright-based claims are barred, in whole or in part, because Defendant's use of Plaintiff's alleged copyrighted work was pursuant to a license, express or implied, or was otherwise pursuant to the express, implied, or ostensible permission by persons or entities with the right to permit such use.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Justification)

Plaintiff's Seventh Claim (Tortious Interference with Contract) is barred, in whole or in part, by the doctrine of justification.

To the extent Cambium is found to have interfered with Ubiquiti's contract relationships, Cambium did so based on the exercise of Cambium's own legal rights a good-faith claim to a colorable legal right.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Competition Privilege)

Plaintiff's Ninth Claim (Intentional Interference with Prospective Economic Advantage) is barred, in whole or in part, by Cambium's privilege of fair competition.

To the extent Cambium is found to have interfered with Ubiquiti's prospective economic advantage, Cambium did so using only fair and reasonable means.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Access to Protected Computer Permitted)**

Plaintiff's First Claim (Violation of the Computer Fraud and Abuse Act) is barred, in whole or in part, because any alleged access to protected computers by Cambium is permitted by persons or entities with the right to permit such access.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (§ 1201(f) Exemption of the Digital Millennium Copyright Act)

Cambium is exempt from Plaintiff's Second Claim (Violations of §§ 1201(a)(1), 1201(a)(2) and 1202(b) of the Digital Millennium Copyright Act), in whole or in part, under Section 1201(f) of the DMCA.

To the extent Cambium circumvents a technological measure that effectively controls access to a particular portion of the Ubiquiti Firmware, Cambium did so for the sole purpose of identifying and analyzing those elements of the Ubiquiti Firmware that are necessary to achieve interoperability of an independently created computer program with other programs, and that have not previously been readily available to Cambium. Any such acts of Cambium do not constitute copyright infringement.

To the extent Cambium develop and employ technological means to circumvent a technological measure, or to circumvent protection afforded by a technological measure that effectively controls access to a particular portion of the Ubiquiti Firmware, Cambium did so in order to enable the identification and analysis of those elements of the Ubiquiti Firmware that are necessary to achieve interoperability of an independently created computer program with other programs, and that have not previously been readily available to Cambium or for the purpose of enabling interoperability of an independently created computer program with other programs. The technological means are necessary to achieve interoperability and does not constitute copyright infringement.

To the extent Cambium made the aforementioned information or means available to others, Cambium did so solely for the purpose of enabling interoperability of an independently created computer program with other programs. Doing so does not constitute copyright infringement.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Preemption by Copyright Law)

Plaintiff's Second Claim (Violations of §§ 1201(a)(1), 1201(a)(2) and 1202(b) of the Digital Millennium Copyright Act) is preempted, in whole or in part, by copyright law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge about Alleged DMCA Violation)

Plaintiff's Second Claim (Violations of §§ 1201(a)(1), 1201(a)(2) and 1202(b) of the Digital Millennium Copyright Act) is barred from recovery of damages because Defendant was not aware and had no reason to believe that the alleged acts constituted violations of 17 U.S.C. § 1201.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing for Asserting RICO Claims)

Plaintiff's Fourteenth Claim and Fifteenth Claim are barred, in whole or in part, as Plaintiff lacks standing to assert a RICO claim because, among other reasons, it fails to assert a concrete financial loss, and its alleged injury is not separate from any injury resulting from what Plaintiff alleges is "racketeering activity."

### THIRTY-EIGTH AFFIRMATIVE DEFENSE

### (Failure to Adequately Plead Common Enterprise)

Plaintiff's Fourth Claim and Fifteenth Claim are barred, in whole or in part, because plaintiff has failed to adequately plead, and cannot prove, a common "enterprise."

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Fed. R. Civ. P. 8(c) Defenses and Right to Modify/Amend/Supplement)

Plaintiff's Complaint may be barred by any or all of the Affirmative Defenses contemplated by Rule 8 of the Federal Rules of Civil Procedures. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until Defendant has had the opportunity to conduct adequate discovery. Therefore, Defendant reserves the right to amend this Answer for the purpose of asserting any additional defenses based upon evidence obtained during the course of discovery.

## FORTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Claim as to Costs, Attorneys' Fees, or Interest)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to costs, attorneys' fees, or interest.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Allege Damages with Adequate Certainty)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, lack the requisite certainty and are unduly speculative.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Requisite Control)

Plaintiff's claims are barred, in whole or in part, because Defendants are not liable for the acts of others over whom they have no control.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Cambium Networks, Inc., Cambium Networks, Ltd, Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev request that

the Court enter a judgment in Defendants' favor and against Plaintiff and provide Defendants the following relief.

1.    That this Court find that the Ubiquiti's airOS software is a work based on OpenWRT and UBoot software within the meaning of the GNU General Public License.

2.    That this Court find that Defendants are entitled, pursuant to the terms and conditions of the applicable GNU General Public License, to obtain and freely use the source code for Ubiquiti's airOS software.

3.    That this Court find that this case is "exceptional" for purposes of awarding Defendants their reasonable attorneys' fees and costs incurred in connection with this action.

4.    That Defendants be awarded reasonable attorneys' fees and costs incurred in connection with this action and as prevailing parties including, but not limited to the following statutory provisions: 17 U.S.C. § 505, 17 U.S.C. § 1203, and 15 U.S.C. § 1117.

## **Demand for Jury Trial**

Defendants Cambium Networks, Inc., Cambium Networks, Ltd, Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev demand a trial by jury on all claims and issues so triable.

Dated: October 15, 2018                Respectfully submitted,

MICHAEL BEST & FRIEDRICH, LLP

*/s/ James P. Fieweger* _____
    One of their attorneys

Arthur J. Gollwitzer (06225038)
agollwitzer@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800 (Phone)


G. Hopkins Guy III (CA Bar No. 124811)
hop.guy@bakerbotts.com
Jon V. Swenson (CA Bar No. 233054)
jon.swenson@bakerbotts.com
Karina Smith (CA Bar No. 286680)
karina.smith@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road Building One, Suite 200
Palo Alto, CA 94304-1007
650.739.7500 (Phone)
650.739.7699 (Facsimile)


*Attorneys for Defendants Cambium Networks,*
*Inc. et. al*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2018 I electronically filed the foregoing

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE TO UBIQUITI NETWORKS,

INC.'S COMPLAINT with the Clerk of the Court using the CM/ECF system. I certify that all

participants in the case are registered CM/ECF users.


_____
*/s/ James P. Fieweger*


Arthur J. Gollwitzer (06225038)
agollwitzer@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800