IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UBIQUITI NETWORKS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>CAMBIUM NETWORKS, INC.;<br>CAMBIUM NETWORKS, LTD.;<br>BLIP NETWORKS, LLC;<br>WINNCOM TECHNOLOGIES, INC.;<br>SAKID AHMED; and DMITRY<br>MOISEEV,<br><br>*Defendants*. | Civil Action No.: 1:18-cv-05369<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSED MOTION TO EXTEND THE DEADLINE
TO PRODUCE ESI PURSUANT TO THE MIDP STANDING ORDER AND
MEMORANDUM IN SUPPORT THEREOF**

## I. INTRODUCTION

Defendants Cambium Networks, Inc. ("Cambium"), Cambium Networks, Ltd. (collectively, "Cambium Defendants"), Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev (all six defendants collectively, "Defendants") respectfully request that the Court grant an extension to the deadline for production of Electronically Stored Information ("ESI") set by the Mandatory Initial Discovery Pilot Project Standing Order ("MIDP Standing Order").[1] Defendants' Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) ("Motion to Dismiss") as to all 14 claims for relief asserted against Cambium and the single claim for relief against the other Defendants is currently pending. Motion to Dismiss (D.I. 37), October 19, 2018. Extension is sought for the current deadline of January 14, 2019 until 40 days after any amended pleading filed after the entry of an order resolving the pending Motion to Dismiss or 40 days after the order denying Defendants' Motion to Dismiss.

At the December 11, 2018 status conference (the "Status Conference"), in response to Defendants' Motion to Dismiss, Plaintiff Ubiquiti Networks, Inc. ("Plaintiff") argued that as to the central Claims 4 and 6 pertaining to copyright infringement and breach of contract by Cambium, the case is limited to two main "buckets," or factual scenarios. The first bucket relates to the claim that Cambium violated the public performance right in Plaintiff's User Interface, and the second bucket pertains to certain unspecified code containing the configuration

---

[1] Defendants provided Plaintiff a nearly-identical copy of this motion prior and asked for a meet-and-confer to discuss whether Plaintiff would agree to the extension requested in this motion. Exhibit 1, December 16, 2018 Swenson email and draft motion. The parties met-and-conferred on this motion on December 17, 2018. Minutes prior to the meet-and-confer, Plaintiff stated that it opposed this motion. Exhibit 2, December 17, 2018 Herrington email. Rather than stick to the *timing issue* that is the subject of this motion, ***Plaintiff sought to force Defendants to amend their disclosures now to expand the scope of the case***. *Id.* Plaintiff's proposals are directly at odds with Plaintiff's Admissions made at the status hearing and are further evidence as to why this motion should be granted to set production of ESI in response to the MIDP disclosures until the Court decides the motion to dismiss.

1

and calibration information and the AirMAX protocol ("Plaintiff's Admissions"). The RICO Claim 15 is the only claim asserted against the remaining Defendants (Defendants Cambium Networks, Ltd., Winncom, Blip, Ahmed, and Moiseev), and resolution of that claim in Defendants' favor would remove them from this case, leaving only Cambium.

Given this posture, it would be unduly burdensome for the 5 non-Cambium Defendants to undertake the burden of producing ESI related to 14 claims not asserted against them, while the Motion to Dismiss is pending. It would also be unduly burdensome for Cambium to have to undertake the burden of producing ESI for the 14 claims outside of the two "buckets" of allegations that Plaintiff admitted were the only things at issue in this case. Finally, the newly revised Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project, December 1, 2018 ("Amended MIDP Standing Order") automatically postpones the production of ESI until after an order on any Rule 12(b) motions in recognition of this undue burden. Defendants request that the present case be brought within the provisions of the Amended MIDP Standing Order.

Under the pre-existing MIDP Standing Order procedures, Defendants and Plaintiff served their Mandatory Initial Discovery Pilot Project ("MIDP") responses on December 5, 2018, as ordered by the Court. Notification of Docket Entry (D.I. 36), October 18, 2018. Under the MIDP Standing Order's requirement that all parties produce the identified ESI within forty days after serving their initial responses, the current ESI production deadline is January 14, 2019.

For the reasons below, and as invited by the Court, Defendants respectfully request that the ESI production deadline set by the MIDP Standing Order be continued until 40 days after any amended pleading filed after the entry of an order resolving the pending Motion to Dismiss or 40 days after an order denying Defendants' Motion to Dismiss.

This is Defendants' first request for an extension of a discovery deadline. After a meet and confer held December 17, 2018, Plaintiff opposes this motion.

## II.   ARGUMENT

### A.   The MIDP disclosure requirements should be significantly narrowed based on Plaintiff's Admissions.

Plaintiff's Complaint asserts 14 causes of action against Cambium, the vast majority of which are based on Cambium's alleged copyright infringement of unidentified portions of Plaintiff's code. As the Court noted at the Status Conference, the current claims are concealed within a "scavenger hunt" of overbroad factual allegations. *See* December 11, 2018 Status Conference Tr. (Exhibit 3) at 28:9. Despite containing 398 paragraphs of factual allegations over 74 pages, the Complaint relies on conclusory allegations and did not adequately put Defendants on notice as to what the actual claims of copyright infringement and breach are.

At the Status Conference, Plaintiff admitted that its copyright allegations are limited to Cambium's alleged display of its user interface (*see id.* at 17:16-20) and copying of unidentified configuration and calibration *information* and the AirMAX protocol (*see id.* at 17:23-18:7, 36:25-37:2). The Complaint does not reflect this limited scope of Plaintiff's Admissions, as the Court noted.[2] *See, e.g., id.* at 23:23-25, 24:17-18, 27:22.  Nor did Plaintiff's Opposition briefing. *See* Ubiquiti Networks, Inc.'s Memorandum in Opposition to Defendants' Motion to Dismiss (D.I. 39).

There is an immense difference in the breadth of ESI production required pursuant to the MIDP Standing Order between the currently operative Complaint and a complaint properly narrowed to reflect Plaintiff's Admissions.  As pointed out at the Status Conference, the

---

[2]   The Court even noted a potential Rule 10 issue with Plaintiff's Complaint.  Status Conference Tr. at 28:9-11 ("But at the same time, it can't be a scavenger hunt to kind of figure out what your claim is. That causes a Rule 10 problem.").

3

definition of "Ubiquiti Firmware," which forms the basis for all of Plaintiff's claims, includes any object code provided with any Ubiquiti device. *See id.* at 33:15-21. Taken as a whole, the Complaint on its face purports to require Cambium to produce multiple versions of millions of lines of code and documents related to all aspects of its Elevate firmware. But what Plaintiff now admits is truly at issue requires only the production of a published "Quick Start Guide" and YouTube video created by Cambium Defendants and limited (but still-not-specified) portions of the Elevate firmware dealing with configuration and calibration information and the AirMax protocol. It's the difference between producing several images of the interface itself along with a small amount of code or information, versus producing multiple version of all of the code required to run the device. *See* Status Conference Tr. at 26:22-27:9. The latter now appears to be entirely unnecessary, particularly as a targeted preliminary disclosure.

Although Plaintiff is not required to set forth complete disclosure of its legal theories, it does have to factually state in a discernible way what it is that Cambium did to allegedly violate its copyrights. *Id.* at 29:24-30:3. Given Plaintiff's Admissions as to the true scope of the present lawsuit, any production required by automatic application of the old MIDP Standing Order procedures on Plaintiff's original Complaint creates an enormous hardship upon Defendants. Simple application of the new, Amended MIDP Standing Order procedures would entirely remove this hardship.

Defendants' Motion to Dismiss is still pending before the Court, and Defendants cannot ascertain the full scope of Plaintiff's allegations until the Court issues its ruling (even if it only limits the case to Plaintiff's Admissions and does not dismiss any of the other unsupported allegations against Defendants). Due to the uncertainty surrounding Plaintiff's allegations and Defendants' pending Motion to Dismiss, Defendants request that the ESI production deadline be

4

continued until a reasonable time after the Court issues its order. After the ruling, the ultimate scope of Plaintiff's allegations and which claims for relief survive should be clear, and Defendants will be able to amend their MIDP responses and produce the required ESI without incurring as much unnecessary cost.

    **B.**    **Continuing the ESI production deadline furthers the MIDP goals.**

The MIDP production should be limited to the allegations and claims in this case that will ultimately survive dismissal, or as limited by Plaintiff's Admissions. The Court recently amended the MIDP Standing Order, which in its amended version allows parties to serve their initial disclosures after a motion to dismiss is decided (*compare* MIDP Standing Order at § A.3. ("Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) even if they have filed or intend to file a motion to dismiss or other preliminary motion") *with* Amended MIDP Standing Order at § A.3. ("Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)")), because "the early-answer requirement of the MIDP *imposed unnecessary costs on parties who ultimately succeed on Rule 12 motions*." E-mail from U.S. Courts, "Important Amendment to the Mandatory Initial Discovery Pilot (MIDP) Effective Dec. 1, 2018" (November 28, 2018, 04:54 CST) (emphasis added). The current case is exactly the type of case that this amendment should benefit, since the scope of the case will narrow significantly in light of Plaintiff's Admissions. There is only a single claim asserted against the five non-Cambium Defendants that is subject to the Motion to Dismiss. If successful, it would completely eliminate these parties from the case.

Moreover, Plaintiff will not be prejudiced by an extension of the ESI production deadline. Plaintiff proposed that the deadline for completing fact discovery should be January 10, ***2020.*** Exhibit A to Rule 26(f) Report for Mandatory Initial Discovery Pilot (MIDP) (D.I. 32-1), October 12, 2018. Extending the ESI production deadline until after the Court weighs in on the

appropriate scope of Plaintiff's claims would not meaningfully impact Plaintiff's proposed deadline. Additionally, Plaintiff may conduct discovery pursuant to the Federal Rules in the interim if it has concerns that certain ESI relevant to its claims will not be produced quickly enough. Thus, waiting until the Motion to Dismiss is ruled on will not be a burden on Plaintiff.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the default ESI production deadline set by the MIDP Standing Order be continued until 40 days after any amended pleading filed after the entry of an order resolving the pending Motion to Dismiss or 40 days after the order denying Defendants' Motion to Dismiss, and that any production be limited to Plaintiff's Admissions.

Dated: December 17, 2018

Respectfully submitted,

BAKER BOTTS, LLP

*/s/ G. Hopkins Guy, III*
   One of their attorneys

G. Hopkins Guy III (CA Bar No. 124811)
hop.guy@bakerbotts.com
Jon V. Swenson (CA Bar No. 233054)
jon.swenson@bakerbotts.com
Karina Smith (CA Bar No. 286680)
karina.smith@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road Building One, Suite 200
Palo Alto, CA 94304-1007
650.739.7500 (Phone)
650.739.7699 (Facsimile)

Andrew D. Wilson (DC Bar No. 1030144)
1299 Pennsylvania Ave. NW
Washington, DC 20004-2400
202.639.1312 (Phone)
202.508.9336 (Fax)
andrew.wilson@bakerbotts.com

Arthur Gollwitzer III (06225038)
ajgollwitzer@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800 (Phone)

*Attorneys for Defendants*
*Cambium Networks, Inc. et. al*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2018, I electronically filed the foregoing ***Opposed Motion to Extend the Deadline to Produce ESI Pursuant to the MIDP Standing Order and Memorandum in Support Thereof*** with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users

                                          */s/ G. Hopkins Guy, III*
                                           G. Hopkins Guy, III