# EXHIBIT 1

```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION


 UBIQUITI NETWORKS, INC.,          )
                                   )
                 Plaintiff,        )
                                   )
 -vs-                              ) Case No. 18 C 5369
                                   )
 CAMBIUM NETWORKS, INC.,           )
 CAMBIUM NETWORKS, LTD.,           )
 BLIP NETWORKS, LLC, WINNCOM       )
 TECHNOLOGIES, INC., SAKID         )
 AHMED, and DMITRY MOISEEV,        ) Chicago, Illinois
                                   ) December 11, 2018
                 Defendants.       ) 9:10 a.m.


                     TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE GARY FEINERMAN

 APPEARANCES:

 For the Plaintiff:    MORGAN LEWIS & BOCKIUS, LLP
                       BY:  MR. ROBERT C. BERTIN
                       1111 Pennsylvania Avenue, N.W.
                       Washington, DC  20004-2541
                       (202) 373-6672


                       MORGAN LEWIS & BOCKIUS, LLP
                       BY:  MS. ELIZABETH B. HERRINGTON
                       77 West Wacker Drive
                       5th Floor
                       Chicago, Illinois  60601
                       (312) 324-1000



 Court Reporter:

                   CHARLES R. ZANDI, CSR, RPR, FCRR
                       Official Court Reporter
                     United States District Court
                 219 South Dearborn Street, Room 2128
                        Chicago, Illinois  60604
                      Telephone:  (312) 435-5387
                email:  Charles_zandi@ilnd.uscourts.gov
```

```
 1   APPEARANCES:  (Continued)

 2   For the Defendants:   BAKER BOTTS, LLP
                           BY:  MR. HOPKINS GUY
 3                              MR. JON V. SWENSON
                           1001 Page Mill Road
 4                         Bldg. 1, Suite 200
                           Palo Alto, Caliifornia  94304
 5                         (650) 739-7510

 6                         MICHAEL BEST & FRIEDRICH, LLP
                           BY:  MR. JAMES P. FIEWEGER
 7                         444 West Lake Street
                           Suite 3200
 8                         Chicago, Illinois  60606
                           (312) 222-0800
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    MR. BERTIN: That's something in our code, but it's
2 not in their code; but they commit copyright infringement
3 every time they publicly perform or publicly display our user
4 interface after breaching --
5    THE COURT: And that's alleged in the complaint?
6    MR. BERTIN: That's alleged in the complaint.
7    THE COURT: And then in terms of the configuration
8 code and the calibration code, this is something that you're
9 saying that Cambium incorporated into its own code?
10    MR. BERTIN: Yes. Yeah, they directly copied the
11 configuration --
12    THE COURT: So, we have the public performance of the
13 proprietary user interface during the webinars or the
14 seminars?
15    MR. BERTIN: Right, right.
16    THE COURT: And is there anything else that your
17 complaint alleges that is publicly performed but not
18 incorporated in the Cambium software?
19    MR. BERTIN: In terms of the public performance
20 rights, that's the main thing.
21    THE COURT: Okay. So, that's one bucket, and there's
22 one item in that bucket, which is proprietary user interface.
23 The second bucket is your code that you say Cambium
24 incorporates into its own code, but your code is not covered
25 by the GPL. And you've given me two examples, the

1 configuration code and the calibration code. Yes?

2 MR. BERTIN: Yes.

3 THE COURT: Are there any other examples?

4 MR. BERTIN: Yeah. Another example is the
5 proprietary AirMAX protocol that's mentioned in the complaint,
6 and then there's everything else. But those are specifically
7 called out as proprietary portions.

8 And again, every time that they, for example, use
9 our code, our whole firmware after breaching the license
10 agreement, they're -- they're making unauthorized use of our
11 copyrighted code; and that's an act of copyright infringement.

12 THE COURT: Okay.

13 MR. BERTIN: But those are the four matters.

14 THE COURT: If -- what is the proprietary user
15 interface software? Could you go to the code and say, "Okay.
16 These 1s and 0s are proprietary user interface"?

17 MR. BERTIN: Yes.

18 THE COURT: And can you go to your code and say,
19 "Here are the 1s and 0s that's configuration code, and here's
20 the 1s and 0s that are calibration code"?

21 MR. BERTIN: Yes. They're the same.

22 THE COURT: Do any of your claims depend on things
23 that are done to your code that is derivative of the public
24 use code?

25 MR. BERTIN: None of our claims depend on that. We

| | |
|---|---|
| 1 | those two buckets. |
| 2 | THE COURT: Okay. Very good. Any final thoughts? |
| 3 | MR. BERTIN: Yeah. I think it would be news to a lot |
| 4 | of people in the world if information is not copyrightable. |
| 5 | There are -- |
| 6 | THE COURT: Isn't it the expression of information |
| 7 | and not the information itself that's copyrightable? |
| 8 | MR. BERTIN: Well, information includes -- includes |
| 9 | the expression; but, yes, expressions of information, |
| 10 | information is copyrightable. |
| 11 | THE COURT: No. You just said two completely |
| 12 | different things. |
| 13 | MR. BERTIN: Well, I'm agreeing with you that an |
| 14 | expression of information is copyrightable. |
| 15 | THE COURT: Okay. |
| 16 | MR. BERTIN: Okay. But -- okay. In terms of -- in |
| 17 | terms of this being a wide-open exercise, we've asserted -- |
| 18 | which it's not, we've asserted two very specific versions of |
| 19 | Ubiquiti copyrights that are infringed, the registered |
| 20 | versions 5.2.1 and 5.3. We've -- the registrations |
| 21 | themselves, which are attached to the complaint, exclude |
| 22 | license and materials, previous versions. And they're |
| 23 | directed to new and revised computer code. It's not an |
| 24 | open-ended exercise. |
| 25 | And we've identified already several things. We've |

1  identified configuration and calibration information, which is
2  part of the firmware code, in our -- in our complaint.  We've
3  identified user interface in our complaint.  We've identified
4  the AirMAX radio.  And we've identified that when they --
5  we've identified multiple ways in which they've directly
6  infringed our copyright.  And we've also identified inducement
7  and contributory infringement in here.
8        But in terms of the copyright infringement, we've
9  given several examples.  So, they breached by
10 reverse-engineering, by copying, by modifying, by changing or
11 deleting the user interface.  And all of these are laid out.
12 I mean, we've locked into the complaint the provisions of the
13 agreement, license agreement that they're violating.
14       All use of our firmware after that is in violation of
15 our copyright.  They were supposed to destroy it and not use
16 it.  They haven't done that.  In fact, they're using it --
17 they're running around using it all over the place including
18 in demonstrations.  That's unauthorized use of our copyrighted
19 code.
20       So, we've identified multiple sections.  We've
21 identified public display and public performance.  We've
22 identified unauthorized use of our code by using the user
23 interface.  And we've identified how they've induced people to
24 use their code, which copies portions of our code, deletes
25 others, causes them to violate our license agreements, and

1  MS. HERRINGTON:  January 28th.
2  THE CLERK:  9:15 a.m.
3  MR. BERTIN:  That works for me.
4  MS. HERRINGTON:  That's a Monday, is that correct?
5  THE CLERK:  Yes.
6  MS. HERRINGTON:  Thank you.
7  MR. GUY:  Thank you, your Honor.
8  MR. BERTIN:  Thank you, your Honor.
9  MS. HERRINGTON:  Thank you, your Honor.
10  THE COURT:  Thanks.
11  (Which were all the proceedings heard.)
12                    CERTIFICATE
13  I certify that the foregoing is a correct transcript from
14  the record of proceedings in the above-entitled matter.
15
16  */s/Charles R. Zandi*                    *December 12, 2018*
17  _____           _____
    Charles R. Zandi                 Date
    Official Court Reporter
18
19
20
21
22
23
24
25