**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UBIQUITI NETWORKS, INC.,

*Plaintiff*,

v.

CAMBIUM NETWORKS, INC.;
CAMBIUM NETWORKS, LTD.;
BLIP NETWORKS, LLC;
WINNCOM TECHNOLOGIES, INC.;
SAKID AHMED; and DMITRY
MOISEEV,

*Defendants*.

Civil Action No.: 1:18-cv-05369

**JURY TRIAL DEMANDED**

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ...................................................................................................... 2

    A.    The FAC Must be Dismissed Under Rule 8 Because Ubiquiti Failed to Disclaim All "Covered Works" and Maintains Claims to GPL Derivative Software ................................................................................................... 2

        1.    The Court Clearly Defined "Covered Works" and Prohibited Ubiquiti From Asserting A Claim Based on Them ................................................. 2

        2.    Dismissal Is Required Based on the FAC Alone ................................... 2

        3.    Without a Clear Exclusion of "Covered Works", Ubiquiti's Claims Fail under FRCP 8 ................................................................................ 4

        4.    The FAC Should be Dismissed with Prejudice Because Ubiquiti Repeatedly Failed to Comply with the Court's Instructions ............... 7

    B.    Ubiquiti's Newly Narrowed Claims are "Fundamentally Incompatible With" the GPL and Cannot Substitute for an Operative Complaint ............... 9

    C.    The New Allegations in Ubiquiti's Opposition Are Not Supported By the FAC ................................................................................................ 10

    D.    Ubiquiti's Statements at the Hearing are Binding Judicial Admissions ........ 12

    E.    All 18 Specifically Identified Packages Were Distributed in Source or Object Form Under the GPL in Ubiquiti's Open Source Archives ............... 13

    F.    The Motion to Dismiss Is Dispositive of All Claims .................................... 14

III.    CONCLUSION ............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*,
  499 F.3d 663 (7th Cir. 2007) ...................................................................................................7

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800 (1988)...................................................................................................................2

*McCaskill v. SCI Mgmt. Corp.*,
  298 F.3d 677 (7th Cir. 2002) .................................................................................................12

*Mopex, Inc. v. Barclays Global Investors, N.A.*,
  No. 01 C 5976, 2003 WL 880996 (N.D. Ill. Mar. 5, 2003) ...................................................12

*Stanard v. Nygren*,
  658 F.3d 792 (7th Cir. 2011) .........................................................................................4, 7, 8

## I.  INTRODUCTION

Ubiquiti's First Amended Complaint ("FAC") continues to violate Rule 8 because Ubiquiti continues to base its copyright, contract and other claims on firmware protected as "covered works" under the GPL. By its order on May 22, 2019, this Court provided Ubiquiti with a straightforward roadmap to avoid dismissal—Ubiquiti chose not to follow it. The Court's Order was clear: "Until Ubiquiti spells out at least the general nature of its allegedly misused firmware that is not *covered by* the GPL and other open source software licenses, Defendants will not have adequate notice of Ubiquiti's claims." Order at 8-9 (emphasis added). Critically, the Court spelled out the full scope of the GPL waiver contained in the very contracts that Ubiquiti sought to enforce:

> As an open source software license, the GPL provides that a licensee (here, Ubiquiti) that "convey[s] a *covered work* . . . waive[s] any legal power to forbid circumvention of technological measures to the extent such circumvention is effected by exercising rights under" the GPL. Doc. 33-4 at 4 (GPL version 3, effective June 29, 2007). . . . A "covered work" under the GPL includes "a work based" in whole or in part on open source software, but does not include "separate and independent works, which are not by their nature extensions of the covered work, and which are not combined with it such as to form a larger program." Doc. 33-4 at 2, 5. As a result, the GPL propagates the rights associated with open source software to derivative programs, affording users of derivative programs the same "freedom to change the software" that the GPL guarantees. *Id.* at 2

Order at 4 (emphasis added). Nowhere in the FAC, the opposition briefing on this second motion to dismiss, the briefing on the motion to lift the discovery stay or supporting expert declaration—over 115 pages of substantive pleadings and briefing—does Ubiquiti allege that it is not asserting a claim based on "covered works" as that term is defined by the Court under the GPL. It would have been an easy task to make that allegation if Ubiquiti could do so without violating its Rule 11 obligations. Ubiquiti has refused, and its most recent opposition briefing does not deny it. That flaw is fatal to its case and the Court need not entertain any further analysis. This issue is dispositive of all of Ubiquiti's claims and requires dismissal of the action with prejudice.

## II. ARGUMENT

### A. The FAC Must be Dismissed Under Rule 8 Because Ubiquiti Failed to Disclaim All "Covered Works" and Maintains Claims to GPL Derivative Software

#### 1. The Court Clearly Defined "Covered Works" and Prohibited Ubiquiti From Asserting A Claim Based on Them

The Court specifically recognized in its Order dismissing the Original Complaint that the Ubiquiti Licenses[1] expressly waive and disclaim any right to GPL protected software—whether source or object code or whether used "as-is" or later modified by Ubiquiti. Thus, the GPL covers not only the in-licensed GPL code itself, but also extends to derivatives and modifications made by Ubiquiti as defined "covered works" under the GPL. It was this portion of the GPL license that the Court quoted verbatim in its order above:

> A "covered work" under the GPL includes a "work based" in whole or in part on open source software, but does not include "separate and independent works, which are not by their nature extensions of the covered work, and which are not combined with it such as to form a larger program."

Order at 4 (quoting GPL v.3, Dkt. No. 70-8). Accordingly, the law of the case establishes that Ubiquiti must allege, if it can, that all the asserted firmware is not a "covered work" under the definition adopted by the Court. Order at 4.[2] Ubiquiti has failed to do so, and the Court should dismiss Ubiquiti's FAC with prejudice for violating the Court's order.

#### 2. Dismissal Is Required Based on the FAC Alone

The Court need not look beyond the four corners of the FAC and its exhibits to make this determination. Dismissal is required—without referencing the Ubiquiti Open Source Archives—

---

[1] The "Ubiquiti Licenses" include the Ubiquiti Firmware License Agreement ("FULA", FAC, Ex. B) and the Ubiquiti End User License Agreement ("EULA", FAC, Ex. C).

[2] "[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule . . . promotes the finality and efficiency . . . by protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988) (internal quotations omitted).

based on Ubiquiti's (1) admission in the FAC that its firmware includes software licensed under the GPL and (2) refusal to address the full reach of the GPL in the terms expressly used by the Court in dismissing the Original Complaint. Nowhere in the FAC does Ubiquiti exclude derivations or "covered works."

Instead, the FAC broadly alleges violations of (1) Ubiquiti's "Registered Firmware," which it defines as all "portions of Ubiquiti's Firmware that constitute original authorship by Ubiquiti," (2) 18 packages that the "Registered Firmware includes, but is not limited to," and (3) "Proprietary Firmware" that includes the broadly defined Registered Firmware as well as licensed-in code and "compilations of data" (collectively, the "asserted firmware") FAC, ¶¶ 33, 37, 39, 137. However, Ubiquiti also alleges that its firmware includes code licensed under the GPL. FAC, ¶ 34. Critically, Ubiquiti does not disclaim that it is asserting firmware that is protected as derivative works under the "covered works" definition of the GPL: Ubiquiti fails to heed the Court's directive not to include within any of its defined categories of asserted firmware those derivative works "based in whole or in part on open source code," or allege that these are "separate and independent works" that are not "extensions of the covered work" and "are not combined with it such as to form a larger program." Order at 4. Instead, the FAC realleges that the asserted firmware only "generally excludes" licensed-in GPL materials—an allegation that still includes both derivatives authored by Ubiquiti employees and covered works that are combined with a larger program. *See* Original Complaint, Ex. A (excluding "licensed-in materials" from asserted firmware); Order at 9 (dismissing Original Complaint).

Further, although the FAC identifies 18 packages *included* in the Registered Firmware, the Registered Firmware is "*not limited to*" those packages and clearly includes derivatives of "covered works." *Id.*, ¶ 137. Moreover, Ubiquiti fails to allege elsewhere that the asserted firmware

is not a "covered work" under the GPL anywhere in the remaining 115-pages of the FAC and related briefing.

### 3. Without a Clear Exclusion of "Covered Works", Ubiquiti's Claims Fail under FRCP 8

Under Rule 8(a)(2)'s "straightforward" pleading requirement, the FAC does not provide adequate notice of how Defendants allegedly violated **Ubiquiti's** protectable rights in the asserted firmware, in view of the GPL's definition of "covered works." *See Stanard v. Nygren,* 658 F.3d 792, 800 (7th Cir. 2011). Ubiquiti is claiming violations of the asserted firmware without disclaiming "covered works" and maintains a claim as to open source derivative works. Still, Ubiquiti acknowledges that the GPL and other open source software licenses limit its rights and therefore the scope of its claims. This disconnect makes the scope of Defendants' allegedly unlawful conduct unintelligible, thereby violating Rule 8(a)(2).

Ubiquiti's identification of 18 packages in the asserted firmware does not remediate the "disconnect" raised by the Court. Ubiquiti only "generally excludes" licensed-in GPL code from the **registered portions**[3] of those packages, without addressing whether derivative works of that same code are also excluded or whether they are packaged with other protectible code, *i.e.*, whether or not they are "covered works." Thus, even though the FAC specifically identifies 18 asserted packages, the FAC contains the exact same "disconnect" as the Original Complaint, which also merely alleged *exclusion* of in-licensed GPL code and not an exclusion of all derivative works. *See* FAC, ¶35. Therefore, the FAC must be dismissed under Rule 8(a)(2).

Even the *new* allegations that Ubiquiti makes for the first time in opposing this motion fail

---

[3] Ubiquiti "generally excludes" licensed-in GPL code from its Registered Firmware and then alleges that the Registered Firmware includes code "associated with" the identified packages. FAC, ¶¶ 35, 37. Thus, since the Registered Firmware includes only *portions* of the identified packages (*e.g.*, "modifications to the bootloader" packages), Ubiquiti does not allege that the full packages exclude GPL code.

to allege that the asserted firmware is not a "covered work" as required by the Court. Specifically, Ubiquiti *argues* that it "is not asserting copyright infringement for any modifications Ubiquiti made to code received by Ubiquiti under the GPL" (Opp'n at 9), and that the Registered Firmware is not "subject to"[4] (Opp'n at 4, 6) or "covered by the GPL" (Opp'n at 12) (collectively the "new allegations"), but this exclusion is not in the FAC or any of the four definitions used in it. Moreover, these new allegations also fail to confront the Court's definition of "covered works" and must be dismissed.

Given the clarity of the Court's definition of "covered works" and the fact that it formed the central argument of Defendants' original motion to dismiss (which recited that phrase *37 times*), Ubiquiti should have addressed the full meaning of "covered works" at *least once* in the FAC, motion to lift the discovery stay, or opposition to this motion. Its failure to do so must be interpreted as an attempt to avoid violating Rule 11. Put simply, Ubiquiti continues to assert claims based entirely on "derivatives of covered works." By repeatedly using the phrases "excludes licensed-in material," "subject to," "covered by," and "modifications Ubiquiti made to code received by Ubiquiti under the GPL"—yet refusing to simply exclude all "covered works" from its claims—Ubiquiti cleverly and intentionally continues to maintain a claim based on derivatives of open source software and other "covered works" while feigning compliance.

Now in its opposition, Ubiquiti's repeated disclaimers of all *modifications* of GPL code itself are not equivalent to simply disclaiming all *covered works* because "covered works" include additional works other than mere "modifications." As the Court noted in its Order, a "covered

---

[4] Ubiquiti argued in its Motion to Lift Discovery Stay that the FAC "*expressly alleges*" that the asserted portions of its firmware are not "subject to the GPL," while citing to FAC paragraphs 33, 35, and 36. Dkt. No. 72 at 7. This notion was thoroughly debunked by Defendants in their opposition to that motion. Dkt. No. 75 at 10. Presumably realizing it erred in claiming "*express*" support for this allegation, Ubiquiti no longer argues that this allegation is "expressly" made in the FAC. *See, e.g.,* Opp'n at 1, 2, 12.

work . . . does not include 'separate and independent works, which are by their nature extensions of the covered work and ***which are not combined with it such as to form a larger program***.'" Order pg. 4. Thus, obtaining licensed-in GPL software and merely combining it with other related Ubiquiti software to form a larger program renders the Ubiquiti software unprotectable even if the open source software is never modified and the Ubiquiti software was entirely authored by Ubiquiti personnel.

The mere combination into a larger program is enough to dedicate the Ubiquiti code to the public. Ubiquiti deliberately designed its conclusory allegations and serial definitions such that the asserted firmware is not "subject to" or "covered by the GPL" to attempt to survive the present motion while allowing Ubiquiti to deny ever affirmatively claiming under Rule 11 that the asserted firmware was not a "covered work" when its code is ultimately shown to fall within the Court's definition.

As a particularly egregious example of Ubiquiti's calculated attempt to assert GPL-protected code ***and*** survive dismissal by avoiding the term "covered works," Ubiquiti now submits that it is "not asserting copyright infringement for any modifications Ubiquiti made to code ***received by Ubiquiti under the GPL***." Opp'n at 9. But this allegation conveniently fails to exclude code that is still subject to the GPL but received from a commercial vendor, such as the asserted u-boot files received from Atheros. FAC, ¶37. Ubiquiti goes to great lengths to avoid claiming that these files are not "covered works" under the GPL because Ubiquiti simply cannot make that allegation under Rule 11.[5] Ubiquiti thus hides behind a technicality—the files are arguably not "received by Ubiquiti under the GPL" directly from the author of the open source software—but

---

[5] Ubiquiti admits on its website that u-boot is a GPL-licensed open source bootloader, and it even currently publishes the code for the asserted u-boot files there. Dkt. No. 70-12-F (list of tens of thousands of u-boot files currently published under the GPL in the Ubiquiti Open Source Archive). Thus, Ubiquiti is on notice that u-boot is covered by the GPL and cannot affirmatively state otherwise.

were received indirectly from Atheros, even though the Atheros license passes on embedded open source code (u-boot) to Ubiquiti under the applicable open source license (the GPL). *See* Dkt. No. 70-6. Despite the fact that the open source u-boot software came indirectly from Wolfgang Denk (the author of u-boot, *see* Dkt. No. 70-7 at 1), Ubiquiti's carefully worded allegation, without an express exclusion of "covered works," absolutely asserts a claim based on open source protected software.

This demonstrates clearly why the FAC should appropriately be dismissed for failing to exclude all "covered works" under the GPL. Without that exclusion, Ubiquiti would otherwise be allowed to gerrymander around the "covered works" definition and assert a claim based on open source software simply because it obtained it through third party Atheros. Ubiquiti's failure to disclaim covered works leaves its claims deliberately commingled with open source code and therefore renders its claim unintelligible. Accordingly, the FAC must be dismissed under Rule 8(a)(2) based solely on the allegations within the FAC and even in view of the new allegations in Ubiquiti's Opposition.

### 4. The FAC Should be Dismissed with Prejudice Because Ubiquiti Repeatedly Failed to Comply with the Court's Instructions

The FAC must be dismissed *again* under Rule 8. This time, the dismissal should be with prejudice because Ubiquiti has ***repeatedly and intentionally*** failed to follow the Court's instructions to disclaim covered works. Dismissal with prejudice is appropriate when—as here— a Plaintiff fails to comply with a court's instructions in amending a complaint. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 668 (7th Cir. 2007) (affirming dismissal with prejudice); *Stanard*, 658 F.3d at 801 (affirming dismissal with prejudice for "flagrantly disobey[ing] the court's patient instructions").

The Court's Order clearly required Ubiquiti to disclaim GPL-protected code and provided

Ubiquiti with a definition of GPL "covered works" to ensure compliance with its Order. Defendants recognized the Court's clear instruction. *See generally*, Dkt. No. 70. Nevertheless, despite having the benefit of the Court's Order and Defendants' briefing, none of Ubiquiti's FAC, Opposition, motion to lift the discovery stay, and expert declaration—over 115 pages of substantive pleadings and briefing—address (or even recite) the phrase "covered work" even *once*. Ubiquiti's intentional refusal to address this phrase amounts to more than just a failure to meet "technicalities" under the pleading standard (which Ubiquiti contends would justify an amendment). Opp. at 30 & n.20. It demonstrates Ubiquiti's "flagrant[] disobey[al of] the court's patient instructions" and justifies dismissal with prejudice. *Stanard*, 658 F.3d at 801.

Moreover, Ubiquiti demonstrates that further amendments would be futile because its own descriptions of the asserted firmware prove the identified packages ***are*** covered works. For example, Ubiquiti's Opposition states that "[t]he FAC makes clear that Ubiquiti is excluding ***from these nine modules*** any code Ubiquiti licensed under the GPL or other open source licenses." Opp'n at 9-10. Thus, Ubiquiti admits that the remaining nine modules (*i.e.*, the identified packages) ***contain*** GPL code and that Ubiquiti is attempting to exclude the embedded GPL code from those packages. However, the GPL applies to "any work . . . that ***in whole or in part contains or is derived from***" GPL code. Dkt. No. 70-7 at 2. Therefore, by admitting that the identified packages contain GPL code, Ubiquiti admits that they are "covered works" under the GPL. This example reveals the game Ubiquiti is playing and will continue to play with any further amendments— Ubiquiti is desperately attempting to stitch together some string of insufficient allegations to survive a motion to dismiss while avoiding the Court and GPL's definition of "covered work." Ubiquiti has had ample opportunity and notice to correct its defective pleading but failed to do so. Therefore, the FAC should be dismissed with prejudice.

**B.    Ubiquiti's Newly Narrowed Claims are "Fundamentally Incompatible With" the GPL and Cannot Substitute for an Operative Complaint**

Ubiquiti finally clarified in its opposition brief that it is ***not*** asserting that Cambium's firmware "Elevate infringes Ubiquiti's copyrights, but rather, that Defendants' development, testing, installation and marketing of Elevate ***runs the Ubiquiti Firmware itself***, thereby infringing Ubiquiti's copyrights in the Registered Firmware." Opp'n at 20.[6] But these claims—which are based on breaches of the Ubiquiti Licenses limiting operation of the Ubiquiti firmware to prevent installation of Cambium's ***non-infringing firmware***—are "fundamentally incompatible with" the GPL license that Ubiquiti admits applies to its firmware:

> Some devices are designed to ***deny users access to install or run modified versions of the software inside them***, although the manufacturer can do so. ***This is fundamentally incompatible with the aim of protecting users' freedom to change the software***. The systematic pattern of such abuse occurs in the area of products for individuals to use, which is precisely where it is most unacceptable. Therefore, ***we have designed this version of the GPL to prohibit the practice for those products***.

Dkt. No. 70-8 at 2 (GPL v.3). The GPL as applied to Ubiquiti's firmware is expressly "designed" to prohibit Ubiquiti's claims.

The Court also quoted provisions of the GPL that bar Ubiquiti's claims:

> the GPL provides that a licensee (here, Ubiquiti) that 'covey[s] a covered work . . . waive[s] any legal power to forbid circumvention of technological measures' [and] ***disclaim[s] any intention to limit operation or modification*** of the [covered] work as a means of enforcing, against the work's users, [the licensee's] . . . legal rights to forbid circumvention of technological measures.

Order at 4 (emphasis added). Thus, the Court held that Ubiquiti waived its legal power, and disclaimed any intention, to prohibit the alleged activities—development, testing, installation, and marketing activities that are alleged to breach solely because they ***operate or modify*** Ubiquiti's

---

[6] This is yet another new allegation. The FAC accuses Defendants of "using the Proprietary Firmware to create substantially similar software. FAC, ¶ 53.

firmware to install Cambium's non-infringing firmware. Even if the Court determines that Ubiquiti properly alleged that some portion of its firmware is not a covered work, Ubiquiti's claims must nevertheless be dismissed because Ubiquiti has waived its rights to bring these claims as the Court previously found.

### C. The New Allegations in Ubiquiti's Opposition Are Not Supported By the FAC

Ubiquiti's Opposition conjures up entirely new allegations that are not contained in or supported by the FAC. Ubiquiti now claims the FAC alleges that the Registered Firmware does not contain "modifications" of GPL code (Opp. at 9), and that the Registered Firmware is not "subject to" (Opp. at 4, 6) or "covered by the GPL" (Opp. at 12) (collectively the "new allegations"). These new allegations are blatant mischaracterizations of the FAC that highlight its deficiencies. Regarding Ubiquiti's assertion that the "FAC identifies specific components of the Registered Firmware that are not covered by the GPL" (Opp'n at 12), the term "covered" is only used once in the 298 paragraphs of the FAC in an entirely different context. *See* FAC, ¶ 137 ("The source code ***covered by the Registered Firmware*** . . . ."). Thus, contrary to Ubiquiti's claim, the FAC does not allege that the asserted firmware is not covered by the GPL. Similarly, the FAC does not contain any allegation stating that the asserted firmware is "not subject to the GPL" or that "Ubiquiti does not claim copyright in any modifications to software licensed under the GPL". While seemingly just semantic differences, Ubiquiti's failure to allege what is required in light of the GPL is telling. The GPL controls and Ubiquiti must allege that it is not asserting "covered works."

The portions of the FAC cited by Ubiquiti in support of its new allegations (*see* Opp'n at 4, 6, 9, 12 (citing FAC, ¶¶ 33-37)) also do not provide support because they do not exclude code that is *subject to* or *covered by* the GPL and do not exclude *modifications* of GPL code from the

asserted firmware as Ubiquiti now alleges.

| Portion of FAC Cited as Support for New Allegations | Why Cited Portion Fails to Support New Allegations |
|---|---|
| "the portions of Ubiquiti's Firmware that **constitute original authorship by Ubiquiti**, and thus are protectable by the registered copyrights . . . , including the computer programs . . . and related comments and compilations of data" FAC, ¶ 33. | Any portions of firmware originally authored by Ubiquiti that was created by modifying GPL packages are derivative works. editing existing GPL files or adding new files remain subject to the GPL, regardless of if they are copyright eligible. |
| "Ubiquiti's Firmware also includes **code authored by third-parties** that is subject to third-party license agreements (the "licensed-in materials"). The **licensed-in materials** encompass code licensed under one or more open source licenses, **including the GNU General Public License ("GPL"), as well** as code licensed to Ubiquiti pursuant to direct license agreements with third-party companies." FAC, ¶ 34. | Ubiquiti's definition of Registered Firmware includes all "portions of Ubiquiti's Firmware that constitute original authorship by Ubiquiti". FAC, ¶ 33. Excluding licensed-in materials does not exclude *derivatives or modifications* of GPL licensed-in materials, which fall within the GPL and Court's definition of "covered works." Other allegations do not *disclaim* any works from Registered Firmware, they only *include* modifications of non-GPL code. |
| "However, when Ubiquiti modifies licensed-in materials from third parties that are not subject to the GPL, Ubiquiti owns the copyright to such modifications." FAC, ¶ 35. | This passage does not exclude code "combined…to form a larger program." Ubiquiti's registrations apply to modifications of all licensed-in code (including GPL-licensed code). Ubiquiti's alleged copyrighted materials do not exclude the derivative materials subject to the GPL. |
| "Because each version of the Registered Firmware was registered for copyright 'before or within five years [of its] first publication, ' each copyright registration certificate included in Exhibit A constitutes 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'" FAC, ¶ 36 | This passage does not address the scope of the GPL because Ubiquiti may obtain a copyright registration on code that is a covered work under the GPL. |
| "The Registered Firmware includes computer programs (source and object code), and related comments and compilations of data associated with the following . . ." FAC, ¶ 37. | This passage does not allege that any of the identified packages exclude GPL licensed-in materials. |
| All cited allegations | These passages fail to exclude versions *licensed out by Ubiquiti* under the GPL or Ubiquiti-authored GPL derivatives. |

Ubiquiti's argument that the FAC contains the new allegations is false: The FAC continues to

claim derivatives of GPL open source code authored by Ubiquiti and "covered works."

### D.     Ubiquiti's Statements at the Hearing are Binding Judicial Admissions

If it does not dismiss the FAC in its entirety, the Court should at least limit the new and expansive claims in the FAC to the "four matters" Ubiquiti identified at the hearing on Defendants' first motion to dismiss. Ubiquiti's calculated and deliberate verbal statements[7] on the record were judicial admissions. First, Ubiquiti contends that exemplary statements, such as answers to "hypothetical" questions posed by the court, are not properly subject to judicial admissions. Opp'n at 11 & n.7. However, Ubiquiti's responses were not exemplary—they deliberately limited the scope of its claims after full briefing on that precise issue in a calculated attempt to save the Original Complaint from dismissal. *See* Dkt. No. 70-1, Ex. 1 at 13-18.

Ubiquiti also contends that its admissions attributable to the Original Complaint cannot be used to limit the scope of a future complaint. Opp'n at 11. But this contention is not supported by relevant case law. For example, in *Mopex* the plaintiff had previously admitted in opposing a motion to dismiss "that it should have discovered [its] claims when [certain] products began publicly trading." *Mopex, Inc. v. Barclays Global Investors, N.A.*, No. 01 C 5976, 2003 WL 880996 at \*2 (N.D. Ill. Mar. 5, 2003). The plaintiff ***thereafter filed an amended complaint*** that admitted that the products began publicly trading on a date that foreclosed plaintiff's claim under the statute of limitations. *Id.*, at \*2. The court combined these admissions and ***dismissed the plaintiff's amended complaint*** with prejudice. Similarly, the Court should combine these admissions and limit the scope of the FAC to the "four matters" identified at the hearing.

---

[7] Contrary to Ubiquiti's assertion (*see* Opp'n at 11), verbal admissions during questioning can constitute "binding judicial admission[s], the same as any other formal concession made during the course of proceedings." *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002) (citations omitted).

###### E. All 18 Specifically Identified Packages Were Distributed in Source or Object Form Under the GPL in Ubiquiti's Open Source Archives

The pleadings show that each package identified in the FAC was licensed by Ubiquiti under the GPL. This conclusion is supported by the Declaration of Jeff Fischer, which maps the source or object code files contained in the Ubiquiti Open Source Archives back to each package or file identified in the FAC. *See generally* Dkt. No. 70-12.[8] The expert declaration merely maps the language of the EULA and FULA attached to the FAC to the ubiquiti.com website (and its prominent GPL notices and its Open Source Archives), and these sources together plainly state that the GPL applies to the code contained therein. Dkt. No. 70-12, ¶¶ 16-18, 20-21. It identifies matching code file names for each one of the "packages" identified in the FAC within the Ubiquiti Open Source Archives. *Id.*, ¶¶ 23-38.

The Fischer Declaration then analyzes the Ubiquiti Open Source Archive files for any proprietary notices that might serve as a disclaimer to exclude any file from the reach of the GPL, whether or not such an exclusion would be allowed under the GPL. *Id.*, ¶¶ 21, 43. It concludes that, based on the prominent GPL notices and lack of visible proprietary disclaimers, the files in the Ubiquiti Open Source Archives are licensed under the GPL. *Id.*, ¶ 39. In sum, his findings state the obvious—when you distribute code with notices indicating that code is licensed under the GPL, without any proprietary disclaimer, then the GPL applies to that distribution ***and to all specific packages or files identified in the FAC***. *Id.*

Ubiquiti takes issue with Fischer's conclusions for a variety of reasons, including his conclusion that "human readable source code identified in the FAC . . . is a 'match' for unreadable object code in the SDK." Opp'n at 17. But the GPL license expressly applies through ***distributions***

---

[8] Ubiquiti's expert, Fenn, admits that the identified SDK's indeed do correspond to the asserted versions of AirOS. Dkt. No. 72-1, ¶ 10.

*of object code* to cover the "*corresponding source code*." Dkt. No. 70-7 (GPL v.2), § 3. Thus, Ubiquiti's distribution of object code under the GPL covers the "matching" corresponding source.

But Ubiquiti's unfounded critiques of Fischer's conclusions all fail to address the key point. Despite the clear admonition in the Court's Order not to assert claims based on "covered works" including derivatives under the GPL license, Ubiquiti continues to do so.

**F.      The Motion to Dismiss Is Dispositive of All Claims**

Ubiquiti contends that the arguments in Defendants' motion to dismiss are not dispositive of all claims in the FAC. However, as the Court recognized in its Order, the GPL issue is dispositive of ***all asserted claims***. *See* Order at 9. The FAC asserts a mere subset of the claims asserted in the Original complaint, and Defendants' motion to dismiss the FAC presents similar grounds for dismissal. Thus, Defendants' GPL arguments are again dispositive of the same claims in the FAC.

Ubiquiti argues that "there is nothing improper" about asserting contractual restrictions on data that is not copyright eligible—such as the "data in the configuration and calibration files" and the materials licensed from Atheros that form part of the Proprietary Firmware. Opp'n at 21-22. But "covered works" under the GPL do not distinguish based on copyrightability—they include copyright eligible *and* ineligible works. Thus, Ubiquiti's admission that its firmware contains GPL code and its failure to exclude "covered works" from its Proprietary Firmware bars Ubiquiti from asserting its contractual restrictions: "***You may not impose any further restrictions on the recipients' exercise of the rights granted herein.***" Dkt. No. 70-7 at 4-5 (GPL v.2). Separately defining Proprietary Firmware does not save Ubiquiti's allegations.

Ubiquiti also argues that Defendants fail to address false advertising claims regarding statements about that Ubiquiti's Firmware is present on a device after installing Elevate because Ubiquiti authored the firmware and therefore owns a proprietary interest in *any* remaining portions.

Opp'n at 24. However, the FAC alleges that the **only** items that remain on the devices after installation are "configuration and calibration files," which are defined as "data." FAC, ¶¶ 39, 59, 73. Defendants argued Ubiquiti "failed to establish a proprietary interest in any of the firmware," including the "data" in these files. Mem. at 27. Moreover, Defendants also argued that such "data and information [is] not protectable—adding the word proprietary does not state a claim." Mem. at 2. Thus, Defendants established that Ubiquiti does not have a proprietary interest in the "data" alleged to remain and thus that any alleged statements were not false.

Similarly, Ubiquiti contends that it need not cite to a regulation to state a claim regarding whether Defendants' alleged statements regarding rectifying violations of FCC regulations were false. Opp'n at 25. Yet Ubiquiti's allegation **depends** on a violation to show that Defendants' statement is actually false. Thus, as Defendants' previously argued, Ubiquiti's failure to identify a regulation that has been violated fails to plausibly support its claims. Mem. at 27. Thus, Defendants' motion to dismiss is dispositive of all claims.

## III.   CONCLUSION

Defendants respectfully submit that the FAC fails to satisfy Rule 8 and should be dismissed with prejudice.

15

Dated: August 27, 2019                  Respectfully submitted,

BAKER BOTTS, LLP

*/s/ G. Hopkins Guy, III*
     One of their attorneys

G. Hopkins Guy III (CA Bar No. 124811)
hop.guy@bakerbotts.com
Jon V. Swenson (CA Bar No. 233054)
jon.swenson@bakerbotts.com
Karina Smith (CA Bar No. 286680)
karina.smith@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road Building One, Suite 200
Palo Alto, CA 94304-1007
650.739.7500 (Phone)
650.739.7699 (Facsimile)

Andrew D. Wilson (DC Bar No. 1030144)
1299 Pennsylvania Ave. NW
Washington, DC 20004-2400
202.639.1312 (Phone)
202.508.9336 (Fax)
andrew.wilson@bakerbotts.com

Arthur J. Gollwitzer (06225038)
agollwitzer@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800 (Phone)

*Attorneys for Defendants Cambium Networks, Inc. et. al.*

16