UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UBIQUITI NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 5369 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| CAMBIUM NETWORKS, INC., CAMBIUM NETWORKS, LTD., BLIP NETWORKS, LLC, WINNCOM TECHNOLOGIES, INC., SAKID AHMED, and DMITRY MOISEEV, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

For the reasons set forth below, Defendants' motion to dismiss [70] is denied and Plaintiff's motion to lift discovery stay [72] is granted. Defendants shall answer the first amended complaint [65] by 12/4/2019. The parties shall file a joint status report with a proposed discovery and dispositive motion schedule by 12/3/2019.

### STATEMENT

The court's opinion dismissing without prejudice Ubiquiti's initial complaint held that the initial complaint violated Civil Rule 8(a)(2) by failing to articulate the general nature of Ubiquiti's firmware that is not covered by the GPL and other open source software licenses. Doc. 59 (reported at 2019 WL 2208435 (N.D. Ill. May 22, 2019)). Although Ubiquiti's repleading could have been far clearer and more direct—and had it been, resolving the present motions would not have taken nearly as long—the amended complaint, Doc. 65, passes muster. *Id*. at ¶¶ 33-37, 136-137. Moreover, contrary to Defendants' submission, the amended complaint adequately defines the components of Ubiquiti's alleged protected materials. *Id*. at ¶ 37. Also contrary to Defendants' submission, statements that Ubiquiti made in its (unsuccessful) opposition to the first motion to dismiss are not judicial admissions. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002).

Finally, Ubiquiti's claim for infringement based on the airOS 6.0 firmware was not brought in its original complaint, Doc. 70 at 13; Doc. 77 at 28, and may be brought now. As Defendants correctly observe, in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019), the Supreme Court held that the phrase "registration … has been made" in 17 U.S.C. § 411(a) means not when an application for registration is filed, but when "the Register has registered a copyright." *Id*. at 892. But Ubiquiti did not bring a copyright infringement claim as to the airOS 6.0 firmware until it filed the amended complaint, which occurred was after its copyright for that firmware was registered. So that claim was not prematurely filed, *see Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228, at *2 (N.D. Cal. June 4,

2019) (recognizing that *Fourth Estate* did not address "whether a copyright claimant may amend its complaint to include subsequently registered material"), and may proceed with Ubiquiti's earlier filed claims under Civil Rule 18(a).

  Because there are no other persuasive grounds for dismissing the amended complaint, Defendants' motion to dismiss is denied and Ubiquiti's motion to lift the discovery stay is granted.

November 14, 2019              _____
                         United States District Judge