**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UBIQUITI INC. (f/k/a UBIQUITI NETWORKS, INC.), <br><br> *Plaintiff*, <br><br> v. <br><br> CAMBIUM NETWORKS, INC.; CAMBIUM NETWORKS, LTD.; BLIP NETWORKS, LLC; WINNCOM TECHNOLOGIES, INC.; SAKID AHMED; and DMITRY MOISEEV. <br><br> *Defendants*. | Civil Action No.: 1:18-cv-05369 <br><br> Judge Feinerman <br><br> **JURY TRIAL DEMANDED** |

### JOINT REPORT FROM SUPPLEMENTAL RULE 26(f) CONFERENCE AND PROPOSED CASE MANAGEMENT SCHEDULE

Plaintiff Ubiquiti Inc., f/k/a Ubiquiti Networks, Inc. ("Ubiquiti" or "Plaintiff") and Defendants Cambium Networks, Inc. ("Cambium"), Cambium Networks, Ltd., Blip Networks, Inc., Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev ("Defendants"), by and among the undersigned counsel, hereby notify the Court that the parties have held a supplemental conference pursuant to the Court's November 14, 2019 order (Dkt. No. 87), Rule 26(f) of the Federal Rules of Civil Procedure, and the Northern District of Illinois Standing Order Regarding Mandatory Initial Discovery Pilot ("MIDP") Project. In accordance with the Court's order, the parties hereby submit the enclosed joint status report and proposed case management schedule, as follows:

**A.**  **Nature of the Case**

> **1. Attorneys of Record, and lead trial counsel for each party.**

The parties' attorneys of record are identified in the signature blocks below. David E. Koropp of Fox Swibel Levin & Carroll LLP is lead trial counsel for Ubiquiti. Hopkins Guy of Baker Botts L.L.P. is lead trial counsel for Defendants.

> **2. Basis for federal jurisdiction.**

This Court has jurisdiction over Ubiquiti's claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*("Copyright Act"), Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA"), Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.* ("DMCA"), the Lanham Act, 15 U.S.C. § 1125 *et seq.*("Lanham Act"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO") pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all other claims asserted pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims brought under the federal statutes so as to form part of the same case or controversy.

> **3. Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.**

In the operative First Amended Complaint, Ubiquiti asserts causes of action for breach of contract (Count I), willful violation of the Copyright Act (Count II), violations of the CFAA (Count III), violations of the DCMA (Count IV), false advertising under § 43(a) of the Lanham Act (Count V), tortious interference with contract (Count VI), unfair competition (Count VII), intentional interference with prospective economic advantage (Count VIII), common law misappropriation claims (Count IX), and RICO violations (Counts X & XI) on the basis of the factual allegations set forth therein. Ubiquiti seeks actual and treble damages for Defendants' conduct in an amount to be determined at trial, as well as injunctive relief.

1

Defendants intend[1] to raise numerous affirmative defenses and seek fees under the Copyright Act for Ubiquiti's maintenance of this lawsuit. Defendants' affirmative defenses include that the allegedly unlawful activities were licensed under the GNU General Public License (GPL), which applies to Defendants' use of Ubiquiti's firmware by virtue of Ubiquiti's admitted modification and re-use of GPL-licensed code and through Ubiquiti's own license agreements with Defendants. Defendants also intend to seek discovery to determine whether (1) Ubiquiti's filing and aggressive attempted prosecution of this case was motivated by Cambium's Initial Public Offering ("IPO") and (2) Ubiquiti's attempt to assert 510 Requests for Production while this case was subject to a dispositive motion was motivated by an improper attempt to increase Cambium's litigation costs in order to affect its profitability and the pricing of its IPO. Cambium and Defendants will seek their attorneys' fees and costs in defending this case.

### 4. Whether the defendants will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.

Pursuant to the Court's November 14, 2019 order, Defendants will answer the First Amended Complaint by December 4, 2019.

### 5. Principal legal and factual issues.

The principal legal and factual issues center around Ubiquiti's assertion of 11 claims for relief against Defendants on the basis of allegations relating to Ubiquiti M-series devices, firmware and associated licenses on the one hand, and Cambium's and other Defendants' conduct with respect to those M-series devices, firmware and licenses when in their possession and when deployed by Ubiquiti customers, on the other hand. Ubiquiti has asserted causes of action for breach of contract (Count I), willful violation of the Copyright Act (Count II), violations of the CFAA (Count III), violations of the DCMA (Count IV), false advertising under § 43(a) of the Lanham Act (Count V), tortious interference with contract (Count VI), unfair competition (Count VII), intentional interference with prospective economic advantage (Count VIII), common law misappropriation claims (Count IX), and RICO violations (Counts X & XI).

Key legal and factual issues in this action include, *inter alia*: (i) Defendants' creation, installation and use of firmware licensed under the tradename "Elevate" in alleged violation of Ubiquiti's license agreements, copyrights and other applicable laws as described in Ubiquiti's First Amended Complaint; (ii) Defendants' marketing, licensing and distribution of Elevate in alleged violation of applicable laws; and (iii) Cambium's alleged use of Ubiquiti trademarks, the scope of Ubiquiti's asserted copyrights and ownership of the same, and the provisions of Ubiquiti's asserted contracts. Cambium and Defendants contend that Ubiquiti's development of the asserted firmware files and associated firmware that are described in Paragraph 37 of Ubiquiti's First Amended complaint is another key legal and factual issue in this action.

Cambium and Defendants defenses include, among others, that the use of 18 open-source or open-source derived software files are all protected by the GPL 2.0 open source license do not

---

[1] Defendants' Answer to the First Amended Complaint is due on December 4, 2019.

constitute any violation of any federal or state law. Cambium and Defendants are also seeking their attorneys' fees and costs associated with defense of this case. Ubiquiti denies that any legal basis exists for Cambium and Defendants to seek recovery of their attorneys' fees and costs in connection with this case.

### 6. Status of Service.

All Defendants have been served with process.

### B. Status of Proceedings to Date

Ubiquiti filed the original Complaint in this action on August 7, 2018. Defendants filed an Answer to the original Complaint on October 15, 2018 and filed a First Amended Answer to the Original Complaint on November 5, 2018. On December 18, 2018, the Court stayed discovery pending entry of its order on Defendants' motion to dismiss the original Complaint. On May 22, 2019, the Court granted Defendants' motion to dismiss the original Complaint without prejudice, and granted Ubiquiti leave to file an amended complaint.

On June 19, 2019, Ubiquiti filed the operative First Amended Complaint (Dkt. No. 65). On July 10, 2019, Defendants moved to dismiss the First Amended Complaint, and in the alternative, requested that the Court convert it to a motion for summary judgment under Rule 12(d). On July 15, 2019, Ubiquiti filed a motion to lift the discovery stay without limitation of discovery. The parties fully briefed both motions. On November 14, 2019, the Court entered an order denying Defendants' motion to dismiss and granting Ubiquiti's motion to lift discovery stay (Dkt. No. 87).

Pursuant to the Court's November 14, 2019 order, (i) the parties have been directed to file the enclosed joint status report and proposed case management schedule by December 3, 2019, and (ii) Defendants have been directed to answer the First Amended Complaint by December 4, 2019. The next status hearing in this case is scheduled for December 9, 2019.

### C. Discovery and Case Plan

The parties have different positions with respect to the appropriate discovery and case management schedule:

### 1. Plaintiff's Proposal

In accordance with the Court's November 14, 2019 order, Ubiquiti has proposed a full discovery and dispositive motion schedule for this case as follows:

- January 3, 2020: Supplemental MIDP/Rule 26(a)(1) disclosures to be served.

- January 10, 2020: Deadline for filing proposed Protective Order and ESI Order (with parties' proposals if no agreement reached on material issues) to address matters related to the protection of confidential information and source code.

- February 11, 2020:  Production of ESI identified in Supplemental MIDP disclosures (per deadline for ESI production triggered by MIDP disclosures deadline).

- February 25, 2020:  Issuance of initial written discovery requests (absent a showing of good cause, no issuance to be made prior to this date in order to allow for completion and review of MIDP disclosures and ESI production).

- May 19, 2020:  Deadline to amend the pleadings and bring in other parties absent a showing of good cause.

- August 18, 2020:  Deadline for completing fact discovery.

- September 15, 2020:  Expert reports of parties with burden of proof.

- October 13, 2020:  Rebuttal expert reports.

- November 10, 2020:  Deadline for completing expert discovery.

- December 22, 2020:  Deadline for filing dispositive motions.

Rather than respond to this proposed schedule, Defendants have disregarded the Court's November 14, 2019 order and have (yet again) requested that discovery be bifurcated to focus solely on Defendants' GPL defense while excluding any discovery regarding the alleged misconduct underlying Ubiquiti's affirmative claims.  Defendants' proposal is improper and should be rejected for multiple reasons, including because:

(1) The Court has already denied Defendants' bifurcation request in its November 14, 2019 order, and this proposed case management schedule is not a proper vehicle for seeking reconsideration of that ruling.  Defendants' bifurcation proposal was specifically addressed in both (i) Defendants' Motion to Dismiss the First Amended Complaint, in which Defendants requested in the alternative that the Court adopt the same bifurcated discovery procedure set forth below,[2] and (ii) Ubiquiti's Motion to Lift Discovery Stay, in which Ubiquiti requested that the discovery stay be lifted without limitation or bifurcation.[3]  In its November 14, 2019 order, the Court denied Defendants' Motion to Dismiss the First Amended Complaint and granted Ubiquiti's

---

[2] *See* Dkt. No. 70 at pgs. 27-29 (requesting that the Court enter a case management schedule to "limit discovery to determining the extent to which any of Ubiquiti's alleged firmware encompassed by the GPL license and whether anything survives").

[3] *See* Dkt. No. 72 at pgs. 12-15 (detailing applicable legal standards and reasons for denial of Defendants' bifurcation request).

Motion to Lift Discovery Stay in full – thus rejecting Defendants' bifurcation request.[4]

(2) Even if the Court had not already denied Defendants' bifurcation request (which it has), Defendants have failed to establish good cause to limit discovery for the reasons set forth in Ubiquiti's prior briefing on this matter – which briefing is hereby incorporated by reference. *See* Dkt. No. 72 at pgs. 12-15; Dkt. No. 77 at pgs. 27-30.

Finally, Ubiquiti hereby objects to Defendants' inclusion of unsubstantiated allegations and argument in the proposed case management schedule set forth below, and reserves all rights with respect to such matters as they properly arise in this case.[5]

### 2. Defendants' Proposal

The parties compete in the low end of the broadband services market, where price is a key concern. Ubiquiti has little to no research and development and poor customer support. It creates product specifications and outsources the design to China and Taiwan, where off-the-shelf components and open source software are used to avoid in-house research and development costs.

Cambium went through its IPO on June 26, 2019, after having been widely understood to be IPO-ready for the past two years. If this case proceeds beyond the gating issue of whether Ubiquiti has any claims that can survive the Open Source issues, Cambium intends to eventually seek discovery into whether Ubiquiti launched this litigation with the purpose of interfering with Cambium's anticipated IPO. Such intent is already demonstrated by Ubiquiti's decision to base this lawsuit on claims to unprotectable, open-source software and by the timing of Ubiquiti's complaint.

In its First Amended Complaint, Ubiquiti identified only 18 files upon which it has based its causes of action. Defendants propose that the Court limit any discovery related to the source code to these 18 files and how those files are provided with other source code subject to Open Source licenses.[6] There is no good cause for expanding discovery to, for example, Cambium's

---

[4] *See* Dkt. No. 87. While the Court's written opinion did not offer specific commentary on Defendants' bifurcation proposal (among other issues that the Court did not find "persuasive" enough to address), the Court unequivocally denied this request in its ruling.

[5] Among other matters, Ubiquiti expressly reserves the right to seek discovery with respect to Cambium's IPO in the event that Cambium seeks to introduce that issue to this litigation and is granted the ability to seek discovery related to that topic from Ubiquiti.

[6] Contrary to Ubiquiti's assertion, the November 14, 2019 Order did not foreclose the phased discovery approach proposed by Defendants because that Order lacked "guidance" as to the scope of discovery that the Court stated was forthcoming at the September 4, 2019 hearing. *See* 09/04/19 Hearing Transcript at 21:10-25 (the order on the "motion to lift the discovery stay ought to provide - - *I'm intending it to provide appropriate guidance*.") Defendants are now seeking that "guidance" from the Court.

entire source code for the products at issue, when Ubiquiti's case presently rests upon only its 18 identified files.[7]

Further, considering that Ubiquiti's causes of action will rise and fall depending on whether it is attempting to claim unprotectable, open-source software, Cambium proposes that the case proceed in two phases. In the first phase, the Court should limit discovery to determining whether Ubiquiti's identified source code files constitute unprotectable open-source software. Defendant proposes the following limits on depositions, RFPs, interrogatories, and RFAs for each side:

- One Rule 30(b)(6) deposition on no more than 10 topics.

- One Rule 30(b)(1) deposition.

- Up to ten RFPs.

- Up to five interrogatories.

- Up to five requests for admission that go beyond the authentication of documents.

Defendants have included a proposed schedule below that establishes deadlines through the end of Defendants' proposed first phase. As discussed above, Defendants propose that the Court limit discovery to determining the extent to which any of Ubiquiti's alleged firmware is encompassed by the GPL license and whether any part of Ubiquiti's case survives. Defendants propose that the Court sets a second, separate schedule only if any part of Ubiquiti's case survives summary judgment.

| **Event** | **Date** |
|---|---|
| Deadline for filing proposed Protective Order and ESI Order | December 21, 2019 |
| Production of ESI identified in MIDP disclosures that is relevant to determining the extent to which any of Ubiquiti's alleged firmware is encompassed by Open Source protections | December 24, 2019 (Pursuant to Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project) |
| Deadline to amend the pleadings and bring in other parties | January 1, 2020 |
| Deadline for completing fact discovery for initial phase | February 28, 2020 |
| Deadline for filing dispositive motions with any opening expert declarations | March 13, 2020 |

---

[7] Prior to the Court granting Defendants' first motion to dismiss, Plaintiff had served over 500 discovery requests seeking expansive information from Defendants. Defendants expect that if discovery is not limited as they request Plaintiff will continue its abusive discovery practice.

| Event | Date |
|---|---|
| Deadline to complete deposition of any experts who submit opening expert declarations | April 3, 2020 |
| Deadline for filing opposition dispositive motions with any reply expert declarations | April 17, 2020 |

Defendants have also attached as Exhibit A example RFPs, interrogatories, and requests for admission that it intends to serve during this phase. In the event the Court denies Defendants' summary judgment on the issue over whether Ubiquiti's identified source code files constitute unprotectable open-source software, the case would then move into a second phase, addressing other issues in the case. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

### 3. Discovery Matters That the Parties Have Agreed On

The parties have reached the following agreements with respect to discovery matters:[8]

- The parties have agreed that service of written discovery and other non-filed documents shall be effective if served on the parties' counsel via e-mail.

- The parties do not seek to impose any limits on the scope of discovery provided in Federal Rules of Civil Procedure or the Local Rules of the Northern District of Illinois, except that the parties have agreed to the following limits on depositions and interrogatories [*note that where applicable, the parties' conflicting proposals have been flagged in bold for ruling by the Court*]:

  o Absent a showing of good cause, each side is limited to 15 common interrogatories plus an additional 10 interrogatories per party group in the case when the interrogatories are served.[9]

  o Absent a showing of good cause, each side is limited to a total of 35 hours of taking testimony by deposition upon oral testimony from any Rule 30(b)(6) and fact witnesses associated with **[Plaintiff's Proposal: "each party on the other side as defined in the preceding footnote."] [Defendants' Proposal: "the other side."]**

  o Absent a showing of good cause, each side is limited to a total of **[Plaintiff's Proposal: "50 hours"] [Defendants' Proposal: "35 hours"]**

---

[8] Cambium submits these proposals for discovery limits on the entire case even though it is also proposing a phased approach to discovery.

[9] As used herein, the term "side" means Plaintiff or Defendants, and the term "party" refers to individual parties. Cambium Networks, Inc. and Cambium Networks, Ltd. are deemed one "party group" with each of the other named parties constituting their own "party group."

of taking testimony by deposition upon oral examination from third-parties.

- The parties discussed the potential for international discovery and that there could be a schedule impact on discovery if it turns out that discovery in other countries becomes necessary.

### 4. Summary of discovery, formal and informal, that has already occurred.

On December 18, 2018, the Court stayed discovery pending entry of its order on Defendants' motion to dismiss the original Complaint. Prior to entry of this discovery stay, the parties completed certain preliminary case management filings, MIDP disclosures and discovery meet/confer conferences in connection with the original Complaint, and Ubiquiti also served written discovery requests. However, the parties are in agreement that all requests, disclosures and filings served in connection with the original Complaint have been rendered moot by the Court's subsequent orders and Ubiquiti's subsequent filing of the operative First Amended Complaint. Accordingly, all prior discovery requests, disclosures and/or filings shall be deemed withdrawn.

### 5. Proposed scheduling order.

The parties shall submit a proposed scheduling order consistent with the Court's instructions following the December 9, 2019 status hearing.

### 6. Whether there has been a jury demand.

Ubiquiti made jury demands with its original Complaint and its First Amended Complaint. Defendants made jury demands in their original Answer and First Amended Answer to the original Complaint, and intend to make jury demands in their Answer to the First Amended Complaint.

### 7. Estimated Length of Trial.

The parties estimate that the length of trial will be between 5-10 days, depending on the issues to be tried.

## D. Settlement

1. The parties have engaged in informal settlement discussions to determine whether settlement is feasible at this stage of the litigation.

2. Defendants have requested that the parties participate in a mediation and settlement conference. Ubiquiti has declined this request for now, and believes that it will be in a better position to evaluate the value of the case and the prospects for settlement once certain discovery has been completed. Defendants remain open to settlement discussions now.

**E.**     **<u>Magistrate Judge</u>**

    **1.**    The parties do not consent to proceed before a magistrate judge for all purposes.

    **2.**    To date, no matters have been referred to a magistrate judge for disposition.

    **3.**    The parties note that the previously assigned magistrate judge Michael T. Mason has retired, and thus no magistrate judge is currently assigned to this case.

Dated:  December 3, 2019                            Respectfully submitted,

FOX, SWIBEL, LEVIN & CARROLL, LLP          BAKER BOTTS L.L.P.

*/s/ Erik J. Ives*                                  */s/ G. Hopkin Guy, III*
David Koropp (ARDC #6201442)              G. Hopkins Guy, III (CA Bar No. 124811)
dkoropp@foxswibel.com                      Jon V. Swenson (CA Bar No. 233054)
Erik J. Ives (ARDC #6289811)               Karina Smith (CA Bar No. 286680)
eives@foxswibel.com                        Baker Botts L.L.P.
Fox Swibel Levin & Carroll LLP             1001 Page Mill Road
200 W. Madison St., Suite 3000             Building One, Suite 200
Chicago, IL 60606                          Palo Alto, CA 94304-1007
                                           650.739.7500 (Telephone)
                                           650.739.7699 (Facsimile)
*Attorneys for Plaintiff Ubiquiti Inc., f/k/a*   hop.guy@bakerbotts.com
*Ubiquiti Networks, Inc.*                   jon.swenson@bakerbotts.com
                                           karina.smith@bakerbotts.com


                                           *Local Counsel:*

                                           James P. Fieweger (Bar ID No. 6206915)
                                           Michael Best & Friedrich, LLP
                                           444 W. Lake Street. Suite 3200
                                           Chicago, IL  60606
                                           312.222.0800 (Telephone)
                                           jpfieweger@michaelbest.com

                                           Arthur Gollwitzer, III (Bar ID No. 6225038)
                                           Michael Best & Friedrich, LLP
                                           2801 Via Fortuna, Suite 300
                                           Austin, Texas 78746
                                           512.640.3160 (Telephone)
                                           agollwitzer@michaelbest.com

                                           *Attorneys for Defendants Cambium Networks,*
                                           *Inc. et. al*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certify that I caused a copy of the foregoing document to be served by electronic mail on all counsel of record on this 3rd day of December, 2019.


*/s/ G. Hopkins Guy, III*
G. Hopkins Guy, III