## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UBIQUITI NETWORKS, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 1:18-cv-05369 |
| | ) | |
| v. | ) | Hon. Gary Feinerman |
| | ) | |
| CAMBIUM NETWORKS, INC.; CAMBIUM | ) | |
| NETWORKS, LTD.; BLIP NETWORKS, | ) | JURY TRIAL DEMAND BY ALL |
| LLC; WINNCOM TECHNOLOGIES, INC.; | ) | DEFENDANTS |
| SAKID AHMED; and DMITRY MOISEEV. | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE
### TO UBIQUITI NETWORKS, INC.'S FIRST AMENDED COMPLAINT

Defendants Cambium Networks, Inc. ("Cambium"), Cambium Networks, Ltd. ("Cambium UK")[1], Blip Networks, LLC ("Blip"), Winncom Technologies, Inc. ("Winncom"), Sakid Ahmed ("Ahmed"), and Dmitry Moiseev ("Moiseev") (collectively, "Defendants"), by their attorneys, answer Plaintiff Ubiquiti Networks, Inc.'s ("Plaintiff") First Amended Complaint ("FAC") as follows:

### NATURE OF ACTION

1.      Ubiquiti and Cambium are direct competitors in the wireless networking industry. Since 2009, Ubiquiti's M-series devices have been used by customers primarily to provide wireless internet access to consumers. Ubiquiti sells its M-series devices with pre-installed firmware developed by Ubiquiti at great expense, which operates the devices and ensures they perform as intended by Ubiquiti, as expected by Ubiquiti-device customers and as required by federal regulators. Much of Ubiquiti's firmware, and the work that went into developing, marketing, licensing and servicing that firmware, is protected by license agreements, copyright laws and anti-circumvention statutes.

---

[1] This Answer refers to Cambium Networks, Ltd. as "Cambium UK" to clearly indicate its difference from its subsidiary, the U.S. entity Cambium Networks, Inc. Note that this naming convention is different from that of the Complaint, which refers to Cambium Networks, Ltd. as "Cambium Networks."

**ANSWER**: Defendants Cambium, Cambium UK, Ahmed, and Moiseev (collectively, "Cambium Defendants") admit they are involved in the wireless networking industry and are direct competitors with Ubiquiti. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 1, and therefore deny them. Blip and Winncom (collectively, "Non-Cambium Defendants") lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 1, and therefore deny them.

2.      Seeking to unlawfully capitalize on Ubiquiti's development work and to unfairly take advantage of Ubiquiti's substantial installed Ubiquiti-device customer base, Defendant Cambium used Ubiquiti's firmware without authorization to create firmware licensed under the tradename "Elevate," which was specifically designed to replace the proprietary firmware on Ubiquiti's devices, thereby allowing Cambium to reap illicit license fees while also providing Cambium with a means of inserting its own devices into Ubiquiti-exclusive wireless networks.

**ANSWER**: Cambium Defendants admit that they created firmware under the tradename "Elevate" that was designed to replace the firmware on Ubiquiti's devices. Cambium Defendants deny the remaining allegations as set forth in paragraph 2. Non-Cambium defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 2, and therefore deny them.

3.      In creating, installing and using the Elevate firmware, Defendants breached their license agreements with Ubiquiti, violated Ubiquiti's copyrights and unlawfully evaded Ubiquiti's anti-circumvention technologies causing harm to Ubiquiti.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 3.

4.      In addition, Cambium's unlawful marketing and licensing of Elevate to Ubiquiti's customers interfered with Ubiquiti's contractual relations with those Ubiquiti-device customers, and induced and contributed to those Ubiquiti-device customers breaching their own license agreements with Ubiquiti, violating Ubiquiti's copyrights, and unlawfully evading Ubiquiti's anti-circumvention technologies – thereby causing additional harm to Ubiquiti.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 4. Non-Cambium defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 4, and therefore deny them.

5.      Going far beyond what could possibly be considered legitimate competitive behavior, Defendants engaged in extensive willful criminal copyright infringement and mail/wire fraud in creating, marketing, and licensing Elevate, in violation of the federal RICO statute.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 5.

6.      Ubiquiti brings this action to enjoin Defendants from further harming Ubiquiti and to obtain compensation for the damages Ubiquiti has suffered and will continue to suffer.

**ANSWER**: Defendants admit that Plaintiff purports to have filed a Complaint for injunctive relief and damages. Defendants deny the remaining allegations as set forth in paragraph 6.

## PARTIES

7.      Plaintiff Ubiquiti is a corporation organized under the laws of the State of Delaware, with its principal place of business at 685 Third Avenue, 27th Floor, New York, New York 10017.

**ANSWER**:      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 7, and therefore deny them.

8.      Defendant Cambium is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3800 Golf Road, Suite 360, Rolling Meadows, Illinois 60008.

**ANSWER**:      Cambium Defendants admit that Cambium is a corporation organized under the laws of the State of Delaware and that its principal place of business is at 3800 Golf Road, Suite 360, Rolling Meadows, Illinois 60008. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 8, and therefore deny them.

9.     Defendant Cambium Networks is a British limited liability company with its principal place of business in England.  Cambium Networks is the parent company of Cambium.

**ANSWER**:     Cambium Defendants admit that Cambium UK is a British limited liability company with its principal place of business in England and that Cambium UK is the parent company of Cambium. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 9, and therefore deny them.

10.     Defendant Blip is an Illinois limited liability company, with its principal place of business at 6 Sharp Rock Road, Ava, Illinois 62907-2528.

**ANSWER**:     Blip admits that Blip is an Illinois limited liability company. Blip denies that its principal place of business is at 6 Sharp Rock Road, Ava, Illinois 62907-2528. Cambium Defendants and Winncom lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 10, and therefore deny them.

11.     Defendant Winncom is an Ohio corporation, with its principal place of business at 28900 Fountain Parkway # B, Solon, Ohio 44139-4383.

**ANSWER**:     Winncom admits that Winncom is an Ohio corporation, with its principal place of business at 28900 Fountain Parkway # B, Solon, Ohio 44139-4383. Cambium Defendants and Blip lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 11, and therefore deny them.

12.     Defendant Sakid Ahmed is the Vice President of Engineering at Cambium Networks and a resident of Chicago, Illinois.

**ANSWER**:     Cambium Defendants deny that Ahmed is the Vice President of Engineering at Cambium UK. Cambium Defendants admit that Ahmed is a resident of Chicago, Illinois. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 12, and therefore deny them.

13.     Defendant Dmitry Moiseev is a Project Engineer at Cambium Networks and a resident of Hoffman Estates, Illinois.

**ANSWER**:     Cambium Defendants deny that Moiseev is a Project Engineer at Cambium UK. Cambium Defendants admit that Moiseev is a resident of Hoffman Estates, Illinois. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 13, and therefore deny them.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over Ubiquiti's claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.* ("Copyright Act"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA"), the Digital Millennium Copyright Act, 17 U.S.C. § 101, *et seq.* ("DMCA"), the Lanham Act, 15 U.S.C. § 1125 *et seq.* ("Lanham Act"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO") pursuant to this Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court also has supplemental jurisdiction over all other claims asserted herein pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims brought under the federal statutes so as to form part of the same case or controversy.

**ANSWER**:     Defendants admit the allegations set forth in paragraph 14.

15.     This Court has personal jurisdiction over Defendant Cambium. Cambium is registered to do business in the State of Illinois and has a regular and established place of business in Illinois and in this District at 3800 Golf Road, Suite 360, Rolling Meadows, Illinois 60008, and is and has been doing business in Illinois and in this District at all times relevant hereto.

**ANSWER**:     Cambium Defendants admit the allegations as set forth in paragraph 15. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 15, and therefore deny them.

16.     This Court has personal jurisdiction over Defendants Sakid Ahmed and Dmitry Moiseev, Illinois residents who live, work, are employed, and carried out acts described herein within this district.

**ANSWER**:     Cambium Defendants deny that they carried out acts described in the FAC within this District. Cambium Defendants admit the remaining allegations as set forth in paragraph 16. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 16, and therefore deny them.

17.     This Court has personal jurisdiction over all Defendants because directly or through intermediaries, they have committed acts within or directed at Illinois, causing harm herein and

giving rise to this action, and/or have established minimum contacts with Illinois such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

**ANSWER**:    Cambium Defendants deny the allegations as set forth in paragraph 17 with respect to Cambium UK. Cambium Defendants deny that Cambium Defendants, directly or through intermediaries, have committed actions within or directed at Illinois, causing harm herein and giving rise to this action. Cambium Defendants admit the remaining allegations as set forth in paragraph 17 with respect to Cambium, Ahmed, and Moiseev. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 17 with respect to Non-Cambium Defendants, and therefore deny them. Blip denies that Blip, directly or through intermediaries, has committed actions within or directed at Illinois, causing harm herein and giving rise to this action. Blip admits the remaining allegations as set forth in paragraph 17 with respect to Blip. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 17 with respect to Cambium Defendants or Winncom, and therefore denies them. Winncom denies the allegations as set forth in paragraph 17 with respect to Winncom. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 17 with respect to Cambium Defendants or Blip, and therefore denies them.

18.    Venue is proper in this Court because Defendants Cambium, Ahmed, Moiseev, and Blip reside or may be found in this District.  *See* 28 U.S.C. §§ 1391(b) & (c), and 1400(a).

**ANSWER**:    Cambium Defendants and Blip deny the allegations as set forth in paragraph 18. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 18, and therefore denies them.

19.    Venue is also proper because a substantial part of the events and omissions giving rise to the instant action occurred within this District.  Unlawful and improper conduct including the violations of the CFAA, copyright infringement, and fraudulent mailing and interstate wire communications have occurred and originated within this District.

**ANSWER**:    Cambium Defendants deny the allegations as set forth in paragraph 19 with respect to Cambium Defendants. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 19 with respect to Non-Cambium Defendants, and therefore deny them. Blip denies the allegations as set forth in paragraph 19 with respect to Blip. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 19 with respect to Cambium Defendants or Winncom, and therefore denies them. Winncom denies the allegations as set forth in paragraph 19 with respect to Winncom. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 19 with respect to Cambium Defendants or Blip, and therefore denies them.

20.     Venue is also proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District.

**ANSWER**:    Cambium Defendants deny the allegations as set forth in paragraph 20 with respect to Cambium Defendants. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 20 with respect to Non-Cambium Defendants, and therefore deny them. Blip denies the allegations as set forth in paragraph 20 with respect to Blip. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 20 with respect to Cambium Defendants or Winncom, and therefore denies them. Winncom denies the allegations as set forth in paragraph 20 with respect to Winncom. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 20 with respect to Cambium Defendants or Blip, and therefore denies them.

## FACTUAL BACKGROUND

**A.     Ubiquiti Expends Substantial Time, Effort And Financial Resources Creating Its Industry-Leading Wireless Networking Products.**

21.     Ubiquiti designs, develops, and sells, among other things, industry-leading proprietary wireless networking products at a more attractive price point than many of its

competitors, including Defendant Cambium. Ubiquiti's wireless products are used throughout the world to provide internet access, mostly in more rural areas where hardwired infrastructure is not readily available or economically feasible.

**ANSWER**:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 21, and therefore deny them.

22.     Ubiquiti's broadband product line includes a range of M-series devices: the NanoStation M and NanoStation Loco, which are wireless products meant to be installed on customer premises; the NanoBridge M-series, the NanoBeam M-series, and the PowerBeam M-series, which are wireless bridges that rebroadcast information received; the AirGrid M-series, which is a broadband wireless device designed to work at distances up to 50+ kilometers, and the Rocket M-series, which is a broadband wireless base station to connect customer premises equipment to the rest of the network.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 22, and therefore deny them.

23.     For purposes of the present action, Ubiquiti's primary customers are Wireless Internet Service Providers ("WISPs") that use Ubiquiti's M-series products and access point equipment to create broadband networks capable of providing high-speed wireless Internet access over wide geographic areas.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 23, and therefore deny them.

24.     Ubiquiti launched AirMAX and its M-series product line in 2009. AirMAX incorporates proprietary radio frequency (RF) technology, antenna design, and firmware, which simplifies adoption and use of base stations, back haul equipment and customer premises equipment.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 24, and therefore deny them.

25.     All Ubiquiti AirMAX products run on Ubiquiti's proprietary airOS operating system embodied in Ubiquiti's firmware (hereinafter the "Firmware"), utilizing Ubiquiti's proprietary AirMAX protocol. Ubiquiti's Firmware ensures its devices and the networks they create operate reliably and as intended to meet and/or exceed customer expectations. Ubiquiti's Firmware is not compatible with non-Ubiquiti devices, and Ubiquiti equipment running Firmware cannot be used with non-Ubiquiti networking equipment.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 25, and therefore deny them.

26.     Ubiquiti has invested over $500 million creating its products (including its Firmware), developing its distribution network and establishing goodwill in the marketplace.

**ANSWER**:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 26, and therefore deny them.

27.     Ubiquiti has received substantial accolades for its broadband product line.  In 2007, Ubiquiti received significant attention when a group of Italian amateur radio operators set a distance world record for point-to-point links in the 5.8 GHz spectrum using Ubiquiti cards and antennas.  Ubiquiti also has been named the Wireless Internet Service Providers Association ("WISPA") Manufacturer of the Year in 2010, 2011, 2014, and 2016.

**ANSWER**:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 27, and therefore deny them.

**B.     Ubiquiti Goes To Substantial Lengths To Protect Its Proprietary Technology.**

28.     Ubiquiti employs a variety of means to protect the proprietary portions of its Firmware from being stolen or misused, including firmware verification technologies, copyright registrations and license agreements.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 28, and therefore deny them.

**1.   Firmware Source And Compatibility Verification**

29.     Until 2017, before Ubiquiti-device customers were permitted to upgrade to new versions of firmware in Ubiquiti's M-series devices, a series of checks were performed to determine whether the new firmware was compatible with the Ubiquiti device. Firmware that did not pass the checks was rejected and could not be installed.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 29, and therefore deny them.

30.     In early 2017, Ubiquiti introduced a "signed" version of its airOS firmware, including airOS firmware versions 5.6.15 and 6.0.3. Signed firmware provides a means of verifying that the source of the firmware being downloaded over the Internet is Ubiquiti. Unsigned firmware cannot be successfully installed on Ubiquiti M-series devices running airOS versions 5.6.15 or 6.0.3.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 30, and therefore deny them.

### 2. Copyright Registrations

31.    Ubiquiti also protects the proprietary portions of its Firmware by registering for copyrights. Ubiquiti's Firmware consists of thousands of computer programs and related files. Many of these programs and files were written by Ubiquiti and are subject to copyright protection pursuant to 17 U.S.C. §§ 101, 102(a).

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 31, and therefore deny them.

32.    Ubiquiti owns registered copyrights for its original authorship associated with three versions of its Firmware: (i) U.S. Copyright No. TXu 1-795-146 for airOS version 5.2.1, (ii) U.S. Copyright No. TXu 1-795-147 for airOS version 5.3, and (iii) U.S. Copyright No. TX 8654-155 for airOS version 6.0. True and correct copies of the U.S. certificates of copyright registration are attached hereto as Exhibit A.

**ANSWER**: Defendants admit that Exhibit A to the FAC appears to include a Certificate of Registration for U.S. Copyright No. TXU001795146 and that the Certificate of Registration for U.S. Copyright No. TXU001795146 attached as part of Exhibit A, on its face, has a "Title of Work" of "AirOS 5.2.1" and refers to Ubiquiti Networks, Inc. as "Author" and "Copyright Claimant." Defendants admit that Exhibit A to the FAC appears to include a Certificate of Registration for U.S. Copyright No. TXU001795147 and that the Certificate of Registration for U.S. Copyright No. TXU001795147 attached as part of Exhibit A, on its face, has a "Title of Work" of "AirOS 5.3" and refers to Ubiquiti Networks, Inc. as "Author" and "Copyright Claimant." Defendants admit that Exhibit A to the FAC appears to include a Certificate of Registration for U.S. Copyright No. TXU008654155 and that the Certificate of Registration for U.S. Copyright No. TXU008654155 attached as part of Exhibit A, on its face, has a "Title of Work" of "AirOS v. 6.0" and refers to Ubiquiti Networks, Inc. as "Author" and "Copyright

Claimant." Defendants lack knowledge or information sufficient to form a belief as to the truth

of the remaining allegations as set forth in paragraph 32, and therefore deny them.

33.    The portions of Ubiquiti's Firmware that constitute original authorship by Ubiquiti, and thus are protectable by the registered copyrights of versions 5.2.1, 5.3 and 6.0 of the Firmware, including the computer programs (source and object code) and related comments and compilations of data, are referred to herein as Ubiquiti's "Registered Firmware." The Registered Firmware forms the basis for Ubiquiti's copyright claims herein.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations as set forth in paragraph 33, and therefore deny them.

34.    Ubiquiti's Firmware also includes code authored by third-parties that is subject to third-party license agreements (the "licensed-in materials"). The licensed-in materials encompass code licensed under one or more open source licenses, including the GNU General Public License ("GPL"), as well as code licensed to Ubiquiti pursuant to direct license agreements with third-party companies.

**ANSWER**: Defendants admit that Ubiquiti's Firmware includes code authored by third-

parties that is subject to third-party license agreements, including third-party code licensed-in to

Ubiquiti under the GNU General Public License. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34,

and therefore deny them.

35.    Ubiquiti's Registered Firmware generally excludes licensed-in materials. *See* Ex. A (providing TXu 1-795-146, which excludes "licensed-in materials"; TXu 1-795-147, which excludes "licensed-in materials"; and TX 8-654-155, which excludes "third-party . . . computer code"). However, when Ubiquiti modifies licensed-in materials from third parties that are not subject to the GPL, Ubiquiti owns the copyright to such modifications. Accordingly, these copyrighted modifications are part of Ubiquiti's Registered Firmware.

**ANSWER**: Defendants admit that, on its face, the Certificates of Registration for U.S.

Copyright No. TXU001795146 and U.S. Copyright No. TXU001795147 in Exhibit A lists

"computer program, Previous versions, and licensed-in materials" under "Material Excluded

from this claim." Defendants admit that, on its face, the Certificate of Registration for U.S.

Copyright No. TXU008654155 in Exhibit A lists "Third-party as well as previously-registered

and previously-published versions of computer code" under "Material Excluded from this claim." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 35, and therefore deny them.

36.    Because each version of the Registered Firmware was registered for copyright "before or within five years [of its] first publication," each copyright registration certificate included in Exhibit A constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *See* 17 U.S.C. § 410(c).

**ANSWER**: The allegations of paragraph 36 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of copyright laws of the United States, and deny the remaining allegations set forth in paragraph 36.

37.    The Registered Firmware includes computer programs (source and object code), and related comments and compilations of data associated with the following: (i) AirMAX® radio protocol and wireless drivers (ubnthal and ubnt-regd); (ii) web user interface (ubnt-web and ubnt-cgi) (iii) polling (ubnt-poll); (iv) spectral analysis module (ubnt-spectral and ubnt-spectral-2); (v) configuration (ubnt-regd, ubntbox, and ubntconf_cl.sh); (vi) various utilities (ubntbox and ubnt-3g) related to, among other things, configuration, calibration, discovery tools, and boot code; (vii) base files (bunt-base-files) related to, among other things, support utilities and scripts and configuration parameters; (viii) power over Ethernet (ubnt-poe-control); and (ix) modifications to the bootloader for AirOS provided by Atheros (ar7240-u-boot.rom; ubntxn-u-boot.rom; ubntxn-400-u-boot.rom; ubntwasp-u-boot.rom; ubnttitanium-u-boot.rom).

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 37, and therefore deny them.

38.    The object code versions of Ubiquiti's Firmware include copyright notices for programs in which Ubiquiti is identified as the copyright owner of the respective program and are available for others to view. Copyright notices also are posted on the Ubiquiti website used to download Ubiquiti firmware updates and set forth in Ubiquiti's license agreements.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 38, and therefore deny them.

D.     License Agreements[2]

39.    For purposes of this Complaint, the term "Proprietary Firmware" means (i) Ubiquiti's Registered Firmware, (ii) Ubiquiti's proprietary compilations of data contained in its calibration and configuration files of the Firmware, and (iii) licensed-in materials, not subject to the GPL or any other open-source license, including (a) AirMAx radio protocol and wireless drivers specific to Atheros (atheros-11n and related packages),. and (b) the bootloader for AirOS (ar7240-u-boot.rom; ubntxn-u-boot.rom; ubntxn-400-u-boot.rom; ubntwasp-u-boot.rom; ubnttitanium-u-boot.rom). Ubiquiti's Proprietary Firmware forms the basis for Ubiquiti's breach of contract, CFAA, and DMCA claims set forth herein.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 39, and therefore deny them.

40.    When first setting up a Ubiquiti M-series device, Ubiquiti-device customers, including the Defendants named herein, are directed by Ubiquiti's user manual to a designated IP address where they gain access to a Ubiquiti-provided user interface. This user interface is used to set up and configure the device. Upon first accessing the device, Ubiquiti-device customers are provided an opportunity to review and accept the terms of Ubiquiti's Firmware User License Agreement (the "FULA"). The set-up and configuration process will not commence unless and until Ubiquiti-device customers agree to be bound by the terms of the FULA. A true and correct copy of the FULA is attached as Exhibit B.

**ANSWER**: Defendants admit that, on its face, Exhibit B appears to be a copy of one version of Ubiquiti's Firmware License Agreement. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 40, and therefore deny them.

41.    Ubiquiti-device customers, including the Defendants named herein, are required to and affirmatively do express their agreement to be bound by the terms of the FULA by checking a box before proceeding.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 41, and therefore deny them.

42.    By entering into the FULA, Ubiquiti-device customers, including the Defendants named herein, agree that the FULA only applies to Ubiquiti's Proprietary Firmware and expressly excludes any Open Source Software that may be included in the airOS Firmware. The FULA defines Open Source Software as software Ubiquiti uses under license pursuant to "(a) GNU's General Public License (GPL) or Lesser/Library GPL (LGPL); (b) the Artistic License (e.g.,

---

[2] Ubiquiti's First Amended Complaint skips subsection "C." For clarity and consistency, the same formatting scheme is used here.

PERL); (c) the Mozilla Public License; (d) the BSD License; and (e) the Apache License." *See* Ex. B at pages 2-3 (Open Source Software).

**ANSWER**: Defendants admit that, on its face, Exhibit B states: "(a) GNU's General Public License (GPL) or Lesser/Library GPL (LGPL); (b) the Artistic License (e.g., PERL); (c) the Mozilla Public License; (d) the BSD License; and (e) the Apache License." Defendants deny any interpretation of the quoted language that paragraph 42 may suggest or imply. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 42, and on that basis, deny them.

43.     By entering into the FULA, all Ubiquiti-device customers, including the Defendants named herein, also agree that they are prohibited from:

- "removing or modifying any Ubiquiti copyright notice, trademark, or user interface of the Ubiquiti Firmware or any Ubiquiti Device," *See* Ex. B at page 1;

- "unauthorized copying, use, or modification of ANY PART of this firmware;" *See* Ex. B at page 1;

- "modify[ing], translat[ing], reverse engineer[ing], decompil[ing], dissembl[ing], or otherwise attempt[ing] (1) to defeat, avoid, bypass, remove, deactivate, or otherwise circumvent any software protection mechanism in the Ubiquiti Firmware, including without limitation any such mechanism used to restrict or control the functionality of the Ubiquiti Firmware...;" *See* Ex. B at page 2 (Uses and Restrictions);

- "distribut[ing], rent[ing], transfer[ring] or grant[ing] any rights in the Ubiquiti Firmware or modifications thereof or accompanying documentation in any form to any person without the prior written consent of Ubiquiti;" *See* Ex. B at page 2 (Uses and Restrictions); and

- "remov[ing] any Ubiquiti copyright notice or Ubiquiti branding from the Ubiquiti Firmware or modify[ing] any user interface of the Ubiquiti Firmware or Ubiquiti Device." *See* Ex. B at page 2 (Uses and Restrictions).

**ANSWER**: Defendants admit that the document attached as Exhibit B to the FAC, on its face, includes the language quoted in paragraph 38. Defendants deny any interpretation of the quoted language that paragraph 43 may suggest or imply. Defendants lack sufficient knowledge

or information to form a belief as to the truth of the remaining allegations of paragraph 43, and on

that basis, deny them.

44.     Ubiquiti-device customers, including the Defendants named herein, also agree that
the FULA automatically terminates if a user performs any unauthorized copying or otherwise fails
to comply with the FULA. By entering into the FULA, Ubiquiti-device customers, including the
Defendants named herein, also agree that "[u]pon termination of this license for any reason [the
User] will destroy all copies of the Ubiquiti Firmware." (Ex. B, page 3, Termination).

**ANSWER**: Defendants admit that Exhibit B, on its face, includes language similar to the

language quoted in paragraph 44. Defendants deny any interpretation of the quoted language that

paragraph 44 may suggest or imply. Defendants lack knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of paragraph 44, and on that basis, deny them.

45.     Ubiquiti also allows Ubiquiti-device customers to download Ubiquiti firmware
updates for use on Ubiquiti M-series devices from Ubiquiti's website, but only if they agree to be
bound by the terms of an End User License Agreement ("EULA"). A true and correct copy of the
EULA is attached as Exhibit C.

**ANSWER**: Defendants admit that, on its face, Exhibit C appears to be a copy of an End

User License Agreement. Defendants lack knowledge or information sufficient to form a belief

as to the truth of the remaining allegations as set forth in paragraph 45, and therefore deny them.

46.     By entering into the EULA, Ubiquiti-device customers, including the Defendants
named herein, agree, among other things, that the EULA only applies to Ubiquiti's Proprietary
Firmware and expressly excludes any Open Source Software. *See* Ex. C at II.c.

**ANSWER**: Defendants lack sufficient knowledge or information form a belief as to the

truth of the allegations of paragraph 46, and on that basis, deny them.

47.     Ubiquiti-device customers, including the Defendants named herein, also agree that
they are prohibited under the EULA from:

- "copy[ing]  reproduc[ing],  broadcast[ing],  transmit[ting],  republish[ing],
distribut[ing], modify[ing], prepar[ing] derivative work of, perform[ing], publicly
perform[ing] or display[ing] the Software or any Content in any way without the prior
written consent of Ubiquiti;" *See* Ex. C at II.b.3;

- "reverse engineer[ing], decompil[ing], translat[ing], disassembl[ing] or otherwise attempt[ing] to (i) derive the source code or the underlying ideas, algorithms, structure or organization of any Software (except that the foregoing limitation does not apply to the extent that such activities may not be prohibited under applicable law) or defeat, avoid, bypass, remove, deactivate, or otherwise circumvent any software protection mechanisms in the Software, including, without limitation, any such mechanism used to restrict or control the functionality of the Software;" *See* Ex. C at II.b.5;

- "us[ing] the Software in violation of any third-party rights or any local, state, national or international law or regulation, including, without limitation, any local country regulations related to operation within legal frequency channels, output power and Dynamic Frequency Selection (DFS) requirements;" *See* Ex. C at II.b.6; and

- "creat[ing] a substantially similar software to the Software, or any component thereof." *See* Ex. C at II.b.10.

**ANSWER**: Defendants admit that, on its face, Exhibit C includes language similar to the language quoted in paragraph 47. Defendants deny any interpretation of the quoted language that paragraph 47 may suggest or imply. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 47, and on that basis, deny them.

48.     Like the FULA, the EULA automatically terminates if a user "fails to comply with any term of this EULA." *See* Ex. C at IV. Ubiquiti-device customers, including the Defendants named herein, also agree that, "[u]pon any such termination, the licenses granted by this EULA will immediately terminate and [the user] agree to stop all access and use of the Product, Software and documentation and destroy the Software and documentation, together with all copies and merged portions in any form." *See* Ex. C at IV.

**ANSWER**: Defendants admit that, on its face, Exhibit C states: "fail[s] to comply with any term of this EULA" and "[u]pon any such termination, the licenses granted by this EULA will immediately terminate and you agree to stop all access and use of the Product, Software and documentation and destroy the Software and documentation, together with all copies and merged portions in any form." (Ex. C. at IV.) Defendants deny any interpretation of the quoted language that paragraph 48 may suggest or imply. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 48, and on that basis, deny them.

49.     Ubiquiti's FULA and EULA are referred to collectively as Ubiquiti's "Firmware License Agreements." The Firmware License Agreements are binding and enforceable contracts on all customers of Ubiquiti's products, including the Defendants named herein.

**ANSWER**: The allegations of paragraph 49 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 49, and on that basis, deny them.

### E.     Defendants Breached Ubiquiti's Firmware License Agreements And Infringed Ubiquiti's Copyrights In Developing "Elevate".

50.     Ubiquiti is one of Cambium's main competitors in the market for wireless devices and related firmware. *See* Cambium's May 29, 2019 Form S-1 filing with the Securities and Exchange Commission ("S-1 Filing", at pages 15 and 95) and June 13, 2019 Amended Form S-1 Filing ("Amended S-1 Filing", at pages 15 and 96). Moreover, as Cambium has acknowledged, "[o]nce a network operator has deployed infrastructure for a particular portion of its network, it is often difficult and costly to switch to another vendor's equipment." (S-1 Filing at page 19; Amended S-1 Filing at page 19). This difficulty arises, in part, because each vendor's wireless networking equipment is only compatible with equipment running that particular vendor's firmware.

**ANSWER**: Cambium Defendants admit Ubiquiti and Cambium are competitors in the market for wireless devices and related firmware. Cambium Defendants admit that Cambium's May 29, 2019 Form S-1 filing dated May 29, 2019, and Amended S-1 filing dated June 13, 2019 with the Securities and Exchange Commission (SEC) include language similar to the quoted language in paragraph 50. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 50, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 50, and therefore deny them.

51.     Unable to successfully compete with Ubiquiti in a lawful and legitimate matter, Cambium, the other Defendants named herein, sought to overcome the reluctance of operators to switch to an entirely new system of wireless network equipment and render existing Ubiquiti M-series devices incompatible with other Ubiquiti M-series devices by creating and offering for license Cambium's Elevate firmware as a replacement for Ubiquiti's Firmware. Once Cambium's Elevate firmware is installed on a Ubiquiti device, that device can be accessed by Cambium's

17

wireless network equipment, but will no longer work with any other Ubiquiti devices running Ubiquiti's Firmware.

**ANSWER**: Cambium Defendants admit that Cambium's Elevate firmware is a replacement for Ubiquiti's Firmware and that once installed on a Ubiquiti device, that device can be accessed by Cambium's wireless network equipment. Cambium Defendants lack knowledge or information sufficient to form a belief as to whether a Ubiquiti device will no longer work with any other Ubiquiti devices running Ubiquiti's Firmware once Cambium's Elevate firmware is installed, and therefore deny it. Cambium Defendants deny the remaining allegations in paragraph 51. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 51, and therefore deny them.

52. In attempting to achieve their objective, Defendants acquired one or more Ubiquiti M-series devices and at least one version of Ubiquiti's airOS Firmware, for the unauthorized purpose of developing, marketing and licensing a replacement for Ubiquiti's Firmware that Cambium licensed under the "ePMP Elevate" or "Elevate" names. In so doing, Defendants agreed to be bound by the terms of Ubiquiti's Firmware License Agreements. Among other things, Cambium's display of its collection of M-Series Devices in the 2016 Webinar and recommendations for using particular versions of the Firmware to facilitate installation of Elevate in its Quick Start Guide demonstrate that Cambium has voluntarily entered into Ubiquiti's Firmware License Agreements by obtaining and using one or more Ubiquiti M-Series Device(s) and downloading one or more versions of the Firmware. Despite being agreed to be bound by the terms of the Firmware License Agreements, Defendants thereafter engaged in a series of wrongful acts as set forth herein that infringed Ubiquiti's copyrights, breached Ubiquiti's Firmware License Agreements and violated federal statutory and state common law.

**ANSWER**: Cambium Defendants admit Cambium developed the software product ePMP Elevate. Cambium Defendants deny the remaining allegations as set forth in paragraph 52. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 52, and therefore deny them.

53. Defendants Cambium, Sakid Ahmed and Dmitry Moiseev breached Ubiquiti's Firmware License Agreements by, among other things: (1) copying and using Ubiquiti's Proprietary Firmware to develop and test Elevate; (2) reverse engineering Ubiquiti's Proprietary Firmware to defeat, avoid, bypass or otherwise circumvent the Ubiquiti's Firmware anti-circumvention measures; (3) reverse engineering Ubiquiti's Proprietary Firmware to derive the underlying ideas, algorithms, structure, and organization of the Proprietary Firmware; and (4) using the Proprietary Firmware to create substantially similar software.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 53. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 53, and therefore deny them.

54. While developing and testing Elevate, Defendants Cambium, Sakid Ahmed and Dmitry Moiseev copied, or caused to be copied, object code versions of Ubiquiti's Proprietary Firmware (including the Registered Firmware) without authorization, thereby infringing Ubiquiti's copyrights in the Registered Firmware. As a result, because these Defendants' License Agreements with Ubiquiti were automatically terminated, these Defendants' continuing use and operation of Ubiquiti's Registered Firmware after this time constitute additional instances of copyright infringement.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 54. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 54, and therefore deny them.

**F.    Defendants Violated Ubiquiti's Firmware License Agreements, Copyrights, and Other Applicable Laws When They Installed And Used Elevate To Operate Ubiquiti's M-Series Devices.**

55. The installation and use of Elevate by Cambium and its customers violates Ubiquiti's Firmware License Agreements, infringes on Ubiquiti's copyrights, and violates other applicable law.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 55.

56. When Cambium and its customers install Elevate on Ubiquiti M-series devices, they breach Ubiquiti's Firmware License Agreements by: (1) removing the Ubiquiti user interface from the device; (2) copying, using and modifying Ubiquiti's Proprietary Firmware; and (3) transferring or granting rights in portions of Ubiquiti's Proprietary Firmware (the configuration and calibration files) without obtaining Ubiquiti's prior written consent.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 55. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 54, and therefore deny them.

57. Because installing Elevate on Ubiquiti's M-series devices violates Ubiquiti's Firmware License Agreements, using Ubiquiti's Proprietary Firmware to install Elevate also infringes Ubiquiti's copyrights in the Registered Firmware.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 55.

58.     When Cambium and its customers install Elevate on Ubiquiti's M-series devices, they also circumvent Ubiquiti's access control measures meant to protect Ubiquiti's Proprietary Firmware, including mechanisms used to verify that the firmware to be installed is permissible for use on M-series devices. Cambium intentionally formats Elevate to be accepted by Ubiquiti's firmware update process in a manner that breaches Ubiquiti's Firmware License Agreements.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 58. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 58, and therefore deny them.

59.     After Elevate is installed on a Ubiquiti M-series device, the Proprietary Firmware's configuration and calibration files remain on the device and are used by Elevate to operate the equipment. Such use of Elevate breaches the Firmware License Agreements because it amounts to an unauthorized copying, use and modification of the configuration and calibration files of the Proprietary Firmware.

**ANSWER**: Cambium Defendants admit that some files remain on a compatible device after installation of ePMP Elevate on the compatible device and are used by ePMP Elevate to operate the compatible device. Cambium Defendants deny the remaining allegations in paragraph 59. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 58, and therefore deny them.

60.     In addition, once Elevate is installed on Ubiquiti's M-series devices, the devices no longer operate in conformity with FCC rules and regulations governing such radio equipment.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 60. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 60, and therefore deny them.

61.     Ubiquiti marks its M-series with a unique identifying code called known as a Media Access Control ID ("MAC ID"). The product packaging and the product labels also contain a unique FCC Identification number approved by the FCC, for example, SWX-M2, which can be used to find information about the manufacturer and the product, including approved frequency ranges, via the FCC website. The packaging and labels also have the European Union "CE" mark, certifying compliance with the European Union safety, health, and environmental protection requirements.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 61, and therefore deny them.

62. Cambium's and its customers' use of Elevate in Ubiquiti's M-series devices also violates the Firmware License Agreements because it results in the use of the Proprietary Firmware's configuration and calibration files in a manner that violates applicable FCC regulations. Specifically, Elevate alters the radio functionality of Ubiquiti's M-series devices causing them to transmit signals with characteristics that are not allowed by the applicable FCC equipment authorization, FCC rules and regulations, or the Ubiquiti Firmware originally installed on the devices.

**ANSWER**: Cambium Defendants admit that ePMP Elevate, when installed on a compatible Ubiquiti M-series device, alters the radio functionality. Cambium Defendants deny the remaining allegations in paragraph 62. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 62, and therefore deny them.

G. **Defendants Unlawfully Market, License And Distribute Elevate.**

63. After having wrongfully developed Elevate, Defendants proceeded to market, license and distribute Elevate in a manner that breaches the Firmware License Agreements and violates applicable law in multiple respects.

**ANSWER**: Cambium Defendants deny the characterization of the development of ePMP Elevate as "wrongful." Cambium Defendants deny the remaining allegations in paragraph 63. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 62, and therefore deny them.

64. Beginning on or about November 30, 2016, Defendants Cambium, Dmitri Moiseev, Sakid Ahmed and Blip began the widespread marketing, unauthorized use and licensing of Elevate, including through a webinar, Cambium's website, and other avenues. Since that time, Cambium has continued to heavily promote Elevate in the United States and throughout the world via additional webinars directed at WISPs, marketing literature and web pages provided by third-party distributors. Cambium has also marketed Elevate at industry conferences attended by WISPs and through live educational seminars directed at distributors and WISPs, and has performed installation demonstrations of Elevate on Ubiquiti M-series devices at these events.

**ANSWER**: Cambium Defendants admit that, on or about November 30, 2016, Cambium promoted ePMP Elevate under the names "Elevate" and "ePMP Elevate" through a webinar and Cambium's website. Cambium Defendants note that the meaning of "other avenues," as used in paragraph 64, are unclear, and thus deny any allegations including that term. Cambium Defendants further admit that Cambium has continued to promote ePMP Elevate in the United States and various other countries with webinars and marketing and distribution of literature and web pages through third party distributors, at industry conferences, and live educational seminars. Cambium Defendants admit that Cambium has demonstrated installation demonstrations of Elevate on Ubiquiti M-series devices. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 64, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 64, and therefore deny them.

1. **Defendants Infringe Ubiquiti's Copyrights And Breach Ubiquiti's Firmware License Agreements By Marketing, Licensing And Distributing Elevate.**

65. By promoting Elevate and demonstrating how to install it on Ubiquiti's M-series devices, Cambium, Cambium's employees, including Defendants Dmitry Moiseev and Sakid Ahmed, and Defendant Blip violated Ubiquiti's copyrights and breached Ubiquiti's Firmware License Agreements. These Defendants further violated Ubiquiti's copyrights in the Registered Firmware by copying object code versions of the Registered Firmware and publicly displaying and performing portions of the Registered Firmware, including the Ubiquiti user interface on M-series devices, without authorization.

**ANSWER**: Cambium Defendants and Blip deny the allegations as set forth in paragraph 65. Winncom lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65, and on that basis, denies them.

66. By marketing Elevate and demonstrating how to install it on Ubiquiti's M-series devices, Cambium induces Ubiquiti's licensees and Ubiquiti-device customers to violate Ubiquiti's Firmware License Agreements and to commit copyright infringement. For example, Cambium instructs Ubiquiti's licensees and customers how to install Elevate through both an ePMP Elevate Quick Start Guide and an online video. A true and correct copy attached of the ePMP Elevate Quick Start Guide is as Exhibit D.

**ANSWER**: Defendants admit that, on its face, Exhibit D appears to be a copy of an ePMP Elevate Quick Start Guide. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 66, and therefore deny them. Cambium Defendants further admit that Cambium provided the ePMP Elevate Quick Start Guide to instruct users of Cambium products as to how to install ePMP Elevate on compatible devices. Cambium Defendants admit that Cambium provided an online video to instruct users of Cambium products as to how to install ePMP Elevate on compatible devices. The remaining allegations of paragraph 66 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent that a response is required, Cambium Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66, and on that basis, deny them.

67.     Both the ePMP Elevate Quick Start Guide and the online video instruct Ubiquiti's customers to download Elevate, open the Ubiquiti user interface on Ubiquiti M-series devices used for configuration, and to install Elevate on M-series devices in violation of Ubiquiti Firmware License Agreements. For example, the ePMP Elevate Quick Start Guide instructs:

**SUBSCRIBER SOFTWARE UPGRADE TO EPMP ELEVATE**
1   Download ePMP Elevate software (based on device type) from the Cambium Support website.
2   Using a web browser, navigate to the subscriber module's configured management IP address.
3   Login to the subscriber module using your configured username and password.
4   Upgrade the device software using the ePMP Elevate software package from Step 1.

5   Reboot the device.
    The subscriber will now begin to scan all available frequencies and channel bandwidths for network entry via the installed ePMP access point.

 Note
After upgrade, ePMP Elevate subscribers retain only their configured IP Address and Device Name. All other parameters, including configured access point SSIDs, frequency configuration, VLAN, etc. may be configured over-the-air after upgrade to ePMP Elevate.

*See Figure 1 – Elevate firmware update instructions from ePMP Elevate Quick Start*

*Guide v3.2, at page 5 Ex. D.*

**ANSWER**: Defendants admit that the document titled "ePMP elevate Quick Start Guide" that is attached as Exhibit D to the FAC contains the text shown in Figure 1. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 67, and therefore deny them. Cambium Defendants

admit that Cambium provided the ePMP Elevate Quick Start Guide to instruct users of Cambium products as to how to install ePMP Elevate on compatible devices. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 67, and therefore deny them.

68.    As the Firmware License Agreements with Cambium were automatically terminated due to defendants' breaches of the agreements during the development of Elevate (as detailed *supra* at paragraphs 44 and 48 of the Complaint), Defendants' public display and performance of the Registered Firmware during their live and recorded demonstrations of installing Elevate through the airOS infringes Ubiquiti's Registered Firmware.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 68.

69.    Cambium's marketing, licensing and distribution of Elevate also induces its customers to install and use Elevate. A customer's installation and use of Elevate breaches the Firmware License Agreements and infringes on Ubiquiti's copyrights in the same way that Defendants' installation and use of Elevate does so (as detailed supra at paragraphs 55-62 of the Complaint).

**ANSWER**: Cambium Defendants admit that Cambium marketed, licensed, and distributed ePMP Elevate to customers. Cambium Defendants deny the remaining allegations as set forth in paragraph 69. Non-Cambium Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and on that basis, deny them.

### 2.    Defendants Intentionally Mislead Customers And Consumers In Marketing And Distributing Elevate.

70.    In marketing, licensing and distributing Elevate, Defendants intentionally made a number of material misrepresentations and fraudulent omissions, with knowledge of their falsity. The misrepresentations included stating (i) that installing Elevate on Ubiquiti's M-series devices would result in the removal of all Ubiquiti Firmware from the devices, (ii) the violation of applicable FCC regulations caused by the installation of Elevate could be rectified by requesting that Ubiquiti provide a new FCC label, and (iii) installing Elevate would not void the hardware warranty with Ubiquiti. Defendants also failed to inform Ubiquiti-device customers that installing Elevate on Ubiquiti's M-series devices violates Ubiquiti's Firmware License Agreements, FCC requirements and rules, and Ubiquiti's intellectual property rights, despite knowing that the failure to do so would be false and misleading.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 70. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 70, and therefore deny them.

71.     For example, on and around November 30, 2016, Cambium released a webinar announcing the general availability of Elevate. The lead speakers during the webinar were Defendants Sakid Ahmed and Dmitry Moiseev.

**ANSWER**: Cambium Defendants admit that, on or around November 30, 2016, Cambium released a webinar announcing the general availability of the ePMP Elevate, where Ahmed and Moiseev are speakers of the webinar. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 71, and therefore deny them.

72.     During the webinar Defendants Ahmed and Moiseev directly targeted Ubiquiti's customers by: (i) directing viewers to the Cambium website to download Elevate and providing instructions on how to navigate the Ubiquiti user interface driven by Ubiquiti's Firmware in order to replace the Ubiquiti's Firmware with Elevate; (ii) claiming that Elevate would "support . . . XW-based Ubiquiti hardware (2013-current) [,and] XM-based Ubiquiti hardware (2013 and prior)" totaling 17 supported Ubiquiti models; (iii) touting that Cambium would "continue to develop ePMP Elevate" in order to provide "[s]upport for more Ubiquiti subscriber modules"; (iv) holding a live demonstration providing step-by-step instructions to Ubiquiti-device customers on how to install Elevate (which demonstration involved the unauthorized use and running of Ubiquiti Proprietary Firmware); (v) answering nearly a dozen live questions from the audience specifically regarding Ubiquiti, including pertaining to the alteration of Ubiquiti hardware and the supposed ability to reverse changes made to the Ubiquiti Proprietary Firmware through installation of Elevate; and (vi) referring customers with warranty questions to the hardware manufacturers, including Ubiquiti.

**ANSWER**: Cambium Defendants deny any interpretation or characterization of any statements made during the webinar by the Plaintiff. Cambium Defendants deny the remaining allegations as set forth in paragraph 72. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 72, and therefore deny them.

73.     Cambium and its representatives, Defendants Ahmed and Moiseev, made multiple material misrepresentations during the webinar with the intent to deceive. For example, webinar attendees were informed that "[o]nce you've uploaded ePMP Elevate ... old manufacturers'

firmware is not operating in any form." This statement is false, as the configuration and calibration portions of Ubiquiti's Proprietary Firmware remain and are copied and used after Elevate is installed.

**ANSWER**: Cambium Defendants deny any interpretation or characterization of any statements made during the webinar by the Plaintiff. Cambium Defendants deny the remaining allegations as set forth in paragraph 73. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 73, and therefore deny them.

74.     Cambium and its representatives, Defendants Ahmed and Moiseev, also made, with an intent to deceive, multiple materially false statements by omission during the webinar, including failing to disclose that:

- using Elevate violates the terms of Ubiquiti's Firmware License Agreements;

- installing Elevate causes the device to be non-FCC compliant;

- using Elevate violates Ubiquti's Firmware Licensing Agreements and voids the warranty; and

- installing Elevate infringes Ubiquiti's intellectual property rights.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 74. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 74, and therefore deny them.

75.     Cambium also promoted its Quick Start Guide during its November 30, 2016 webinar targeting Ubiquiti-device customers in stating that Cambium "strongly recommends" viewers read the Quick Start Guide.

**ANSWER**: Cambium Defendants admit that a speaker of the November 30, 2016 webinar stated that he strongly recommended viewers to read a Quick Start Guide. Cambium Defendants deny the remaining allegations as set forth in paragraph 75. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 75, and therefore deny them.

76. The Quick Start Guide contains numerous material misrepresentations, including: the section stating "After the upgrade, the ePMP Elevate subscribers retain only their configured IP Address and Device Name. All other parameters, including configured access points SSIDs, frequency configuration, VLAN, etc. may be configured over-the-air after upgrade to ePMP Elevate." *See* ePMP Elevate Quick Start Guide v3.2 (Nov. 2016) (Ex. D) at pg. 5. This statement is literally false and was known by Cambium to be false at the time it was made. Multiple Ubiquiti parameters are copied, maintained, and used by Elevate (as detailed *supra* at paragraph 59 of the Complaint).

**ANSWER**: Defendants admit that the document titled "ePMP elevate Quick Start Guide" that is attached as Exhibit D to the FAC includes the language quoted in paragraph 76. Cambium Defendants deny the remaining allegations as set forth in paragraph 76. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 76, and therefore deny them.

77. Cambium also made misleading and/or false representations in its Quick Start Guide regarding the impact of Elevate on FCC Standards:

FCC Standards:

Caution! The user must ensure that deployed ePMP products operate in accordance to local regulatory limits. ePMP and ePMP Elevate-compatible devices may not share regulatory certifications in all regions.

Some 3rd-party radio devices were originally FCC-certified and labeled to operate in the 5.8 GHz frequency range only. An ePMP Elevate upgrade enables 3rd-party radios to operate within the U-NII-1 through U-NII-4 frequency band range 5150 – 5980 MHz. To ensure FCC regulatory compliance for ePMP Elevate-upgraded radio devices:

1. A **new label must be applied** to the device with the updated FCC ID clearly visible. 3rd-party radio manufacturers support FCC label requests online (labels are shipped directly).

2. FCC-allowed transmit power in the 5.8 GHz band has been reduced with the latest regulatory guidelines. **ePMP Elevate adheres to these FCC power limits**, and an upgrade to ePMP Elevate software **may introduce a reduction of the device's operating transmit power to adhere to regulatory limits** (as a result of the ePMP access point's transmit power control mechanism).

*See* ePMP Elevate Quick Start Guide v3.2 (Nov. 2016) at pg. 2 (Ex. D, emphasis added). These statements regarding compliance with FCC standards are false and/or misleading. For example, the statement that "a reduction of the device's operating transmit power" may "adhere to regulatory limits" is false and/or misleading. These statements falsely imply customers can comply with FCC standards using Elevate on Ubiquiti's M-series devices.

**ANSWER**: Cambium Defendants admit that the document titled "ePMP elevate Quick Start Guide" that is attached as Exhibit D to the FAC includes the language quoted in paragraph 77. Cambium Defendants deny the remaining allegations in paragraph 77. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 77, and therefore deny them.

78.     While marketing Elevate to Ubiquiti's customers for use with Ubiquiti M-series devices, Defendants made additional false and misleading statements about the nature of Elevate and its impact after installation on Ubiquiti's M-series devices and Ubiquiti's Proprietary Firmware that Cambium knew to be false and misleading, including the following:

- Falsely stating that after installing Elevate the original firmware is no longer present or operating in any form;

- Falsely stating that after installing Elevate the original device manufacturer hardware warranty still applies; and

- Falsely stating that after installing Elevate the user can ensure FCC compliance by having a third party manufacturer, who is not the source of Elevate, generate and apply a new FCC label to the device.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 78. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 78, and therefore deny them.

### 3.   Cambium Wrongfully Instructs Ubiquiti's Customers How To Circumvent Ubiquiti's Access Control Mechanisms.

79.     Cambium's marketing, licensing and distribution of Elevate also involved instructing Ubiquiti's customers how to circumvent Ubiquiti's access control measures so that potions of Ubiquiti's Proprietary Firmware could be used without authorization.

28

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 79. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 79, and therefore deny them.

80.     Cambium's website contains a "Community" forum where members of the public—including potential and current Ubiquiti customers—post questions and comments. During its November 30, 2016 webinar, Cambium encouraged listeners to use the Cambium Community forum, noting that its employees were "active" users of the Community forum. Cambium personnel, posting under a Cambium account displaying the Cambium logo, frequently post on the Community.Cambiumnetworks.com website on various message boards.

**ANSWER**: Cambium Defendants admit that Cambium's website contains a "Community" forum where members of the public may post questions and comments. Cambium Defendants further admit that during its November 30, 2016 webinar, Cambium encouraged listeners to use the Cambium Community forum, noting that its employees were "active" users of the Community forum. Cambium Defendants further admit that Cambium personnel have posted in the Cambium Networks Community at https://community.cambiumnetworks.com/. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 80, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 80, and therefore deny them.

81.     On the Cambium Community forum, Cambium instructs Ubiquiti's customers of Elevate how to circumvent Ubiquiti's access control measures on Ubiquiti's signed versions of the Proprietary Firmware in order to install Elevate and access the configuration and calibration information on the M-series devices without authorization.

**ANSWER**: Cambium Defendants admit that Cambium has provided information and firmware to facilitate users to install ePMP Elevate on otherwise non-interoperable competitor products in order to allow interoperability. Cambium Defendants lack knowledge or information sufficient to form a belief as to which competitor products bear signed versions of the "Proprietary Firmware" as characterized by Plaintiff, and therefore deny any allegations in paragraph 81

regarding signed firmware versions. Cambium Defendants deny the remaining allegations in paragraph 81. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 81, and therefore deny them.

## G. Defendants' RICO Enterprise And Racketeering Activity[3]

82. Cambium sits at the helm of the "Enterprise"—an association-in-fact—consisting of Cambium, Cambium Networks, Sakid Ahmed, Dmitry Moiseev, and distributor Winncom. At all relevant times, the Enterprise constituted an association-in-fact enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c).

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 82. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 82, and therefore denies them.

83. At all relevant times, the Enterprise was engaged in interstate and international commerce and involved in activities affecting interstate and international commerce.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 83. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 83, and therefore denies them.

84. Although functioning as independent legal entities, Cambium, Cambium Networks and Winncom joined together with individual Defendants Moiseev and Ahmed for the common purpose of ensuring financial gain for themselves through misleading Ubiquiti customers.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 84. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 84, and therefore denies them.

85. The purpose of the Enterprise was to carry out a scheme to obtain money by persuading Ubiquiti customers to leave for Cambium based on material misrepresentations and omission, and sell Cambium equipment by competing unfairly against Ubiquiti, in violation of applicable law.

---

[3] Plaintiff's duplicate "G." For clarity and consistency, the same formatting scheme is reproduced here.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 85. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 85, and therefore denies them.

86.     Cambium led this Enterprise, with Winncom and Defendants Moiseev and Ahmed assisting in attracting customers.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 86. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 86, and therefore denies them.

87.     Cambium Networks helped fund the Enterprise by providing monetary support to Cambium and having Cambium carry out all distribution to Winncom in the United States.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 87. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 87, and therefore denies them.

88.     Defendants Ahmed and Moiseev marketed Elevate to the public through promotional and instructional videos containing multiple material misrepresentations and omissions and, on information and belief, assisted in the development of Elevate.

**ANSWER**: Cambium Defendants admit that Ahmed and Moiseev have participated in marketing ePMP Elevate to the public through promotional and instructional videos and assisted in the development of ePMP Elevate. Cambium Defendants deny the remaining allegations in paragraph 88. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 88, and therefore deny them.

89.     The members of the Enterprise came together with the specific purpose of ensuring financial gain via misleading and inducing consumers to purchase and install Elevate among other illicit business and profit gaining purposes. On information and belief, the members of the Enterprise exchanged numerous emails, phone calls and communications to strategize regarding the development and launch of Elevate and the best ways to attract Ubiquiti customers and ensure commercial success of Elevate.

**ANSWER**: Cambium Defendants and Winncom admit they corresponded generally regarding the launch of ePMP Elevate. Cambium Defendants deny the remaining allegations as set forth in paragraph 89. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 89, and therefore denies them.

90.     Each member of the Enterprise was recruited by Cambium, and Cambium provided each member of the Enterprise financial incentives and/or direct financial benefit for participation in the Enterprise.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 90. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 90, and therefore denies them.

91.     The Enterprise carried out its goal of ensuring financial gain by engaging in various acts of willful criminal copyright infringement and mail and wire fraud to induce customers to partially remove Ubiquiti Proprietary Firmware by installing Elevate, copying portions of the Ubiquiti firmware, and circumventing signed versions of Ubiquiti firmware without authorization to ensure that Ubiquiti M-series devices would no longer be compatible with a Ubiquiti network using Ubiquiti protocols and instead be used only with newly purchased Cambium networking equipment.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 91. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 91, and therefore denies them.

92.     The Enterprise trafficked in and made material misrepresentations and omissions regarding Elevate specifically to defraud and induce Ubiquiti's customers into breaching the Firmware License Agreements and to make changes to the Ubiquiti M-series device.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 92. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 92, and therefore denies them.

93.     The scheme of the Enterprise has been going on since prior to the launch of Elevate on November 30, 2016, at which point in time Cambium, with the knowledge and encouragement of its parent corporation Cambium Networks and through its Vice President of Engineering Sakid Ahmed, and employee Dmitry Moiseev, in conjunction Winncom, began wrongfully promoting the Elevate and offering it for sale to consumers. Prior to this date, Cambium, with the knowledge

and encouragement of its parent corporation Cambium Networks and through its Vice President of Engineering Sakid Ahmed, and employee Dmitry Moiseev developed Elevate in violation of applicable law.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 93. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 93, and therefore denies them.

94.    The Enterprise carried out its goal of obtaining financial gain at the expense of customers and Ubiquiti through a pattern of racketeering activity.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 94. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 94, and therefore denies them.

95.    First, the Enterprise members conspired together to fraudulently enter into the Ubiquiti Firmware License Agreements with the intention to breach the agreements and commit willful criminal copyright infringement in the development and testing of Elevate.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 95. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 95, and therefore denies them.

96.    The scheme began with Cambium, working with the funding and encouragement of its parent Cambium Networks to develop Elevate.

**ANSWER**: Cambium Defendants and Winncom deny the existence of a "scheme" as characterized by Plaintiff, and deny the allegations as set forth in paragraph 96. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 96, and therefore denies them.

97.    The Enterprise further concocted a scheme to mislead and induce customers to purchase and install Elevate.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 97. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 97, and therefore denies them.

98.     Cambium, working with the funding and encouragement of its parent Cambium Networks, entered into partnerships with Blip and Winncom to traffic in and promote Elevate.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 98.

99.     On information and belief, in exchange for offering positive statements regarding the use of Elevate, Blip and Winncom were able to take advantage of Cambium's special discount offered to customers that "spread the word" regarding Elevate.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 99.

100.     The Enterprise accomplished its promotion of Elevate and inducement of third-party purchases and installation in multiple ways.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 100. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 100, and therefore denies them.

101.     Blip and the Enterprise conspired together to issue various public comments regarding purported benefits that Blip gained from installation of Elevate.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 101.

102.     On November 29, 2016, Cambium posted on its website a "Resource" which touted that Blip's use of Elevate "dramatically improved performance."

**ANSWER**: Cambium admits that its website includes a web page that states that Blip's use of Elevate "dramatically improved performance." Cambium lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 102, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 102, and therefore deny them.

103.    Cambium also quoted from Blip's co-owner, Ian Ellison, in product release announcements that touted the benefits of Elevate.

**ANSWER**: Cambium admits that it released product release announcements that quote Ian Ellison regarding Elevate. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 103, and therefore deny them.

104.    Cambium's citation to the benefits Blip purportedly incurred in using Elevate was done in order to specifically target customers of Ubiquiti. And, on information and belief, the members of the Enterprise were all aware of Cambium's intent to advertise the purported benefits to Blip from using Elevate.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 104.

105.    Winncom posted on its website numerous advertisements touting the supposed benefits of Elevate, including seven separate "EPMP Case Studies" describing Elevate.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 105, and therefore deny them.

106.    Winncom also held seminars for Cambium in an effort to aid and abet others of the Enterprise. On information and belief, these seminars included the same or similar material misrepresentations and omissions as detailed supra at paragraphs 70-78 of the Complaint.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 106. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 106, and therefore denies them.

107.    One such seminar, which included a product demonstration of Elevate, was held on October 7, 2017 at a WISPApalooza event. Sakid Ahmed and Dmitry Moiseev attended the WISPApalooza event on behalf of Cambium in an effort to work with Winncom to spread false and misleading information regarding Elevate and to lure away Ubiquiti customers.

**ANSWER**: Cambium Defendants and Winncom admit that Sakid Ahmed and Dmitry Moiseev attended the WISPApalooza event on October 7, 2017. Cambium Defendants and

Winncom deny the remaining allegations. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 107, and therefore denies them.

108. Winncom also served as a "Connected Partner" for Cambium, receiving various benefits to "reward" Winncom for furthering the Enterprise's scheme.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 108. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 108, and therefore denies them.

109. Winncom's advertisement of the case studies discussing Elevate was done in order to specifically target Ubiquiti customers and induce purchases and use of Elevate.

**ANSWER**: Winncom denies the allegations as set forth in paragraph 109. Cambium Defendants and Blip lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 109, and therefore deny them.

110. The Enterprise's misleading advertisements and tutorials were provided to consumers to mislead them and induce them to install Elevate on Ubiquiti M-series devices, notwithstanding that doing so would violate FCC rules and the Ubiquiti Firmware License Agreements in order for Cambium to sell Cambium equipment with which the newly installed Elevate firmware is compatible.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 110. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 110, and therefore denies them.

111. Ubiquiti has been directly and proximately harmed by the Enterprises' willful copyright infringement, false advertisements and statements because customers are misled and induced to violate Ubiquiti's Firmware License Agreements, Ubiquiti's intellectual property rights and FCC rules by installing Elevate.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 111. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 111, and therefore denies them.

112. Although the full extent of willful criminal copyright infringement and wire and mail fraud carried out by the Enterprise in furtherance of their scheme to mislead consumers and

sell Elevate remains to be determined, the following are examples of fraudulent statements members of the Enterprise made using the U.S. Mail and/or interstate wires:

- The Cambium website's advertisement of a "Resource Guide," discusses purported benefits Blip gained from installation of Elevate without disclosing the true nature of Elevate.

- Cambium's running of "field experience" webinars discussed Blip's experience using Elevate without disclosing the true nature of Elevate.

- Cambium's launching and showing of various promotional videos on its website, which discuss purported "benefits" of Elevate and instruct Cambium Customers to install Elevate on their Ubiquiti M-series devices through the Ubiquiti M-series web interface without disclosing the true nature of Elevate.

- Cambium's issuance of a press release on November 30, 2016, which tout Elevate's benefit and Blip's experience without disclosing the true nature of Elevate.

- Cambium's November 30, 2016 webinar designed to target Ubiquiti customers and provide a step-by-step procedure for installing Elevate on the Ubiquiti M-series devices, contained numerous material misrepresentations and omissions detailed supra at paragraphs 71-78 of the Complaint.

- Winncom's hosting of an ePMP course on October 7th-9th, 2017 at WSIPApalooza 2017—an event attended by Defendants Ahmed and Moiseev— wherein Winncom in connection with Cambium hosted a session regarding "hardware installation", which upon information and belief involved Winncom providing a how-to tutorial to WISPs who ultimately sold Elevate to customers without disclosing the true nature of Elevate.

- Winncom's advertising campaign regarding it ePMP course at WISPApalooza in advance of the event in October 2017, which failed to disclose the true nature of Elevate.

- Winncom's staging of a promotion via its website in the Russian language whereby licenses to Elevate were provided free of charge to potential customers to induce installation of Elevate on Ubiquiti M-series devices. Specifically, on a Winncom affiliate website, Winncom advertised that: "Cambium Networks is launching a campaign to help owners of wireless networks built on Ubiquiti equipment upgrade their network by replacing old equipment with the base station of the ePMP1000 series or ePMP 2000. When purchasing new ePMP equipment, you get an Elevate license as a gift!!!"

- Cambium's issuance of promotional videos and a Quick Start Guide, which instruct Cambium Customers to install Elevate on their Ubiquiti M-series devices through the Ubiquiti M-series web interface, which failed to disclose the true nature of Elevate. Upon information and belief, the promotional videos and Quick Start Guide were released via the Cambium website on or about November 30, 2016.

- Defendants Ahmed and Moiseev made numerous posts on Cambium's message boards disseminating false and misleading information regarding Elevate and providing encouragement to customers installing Elevate.

- With the knowledge and encouragement of Winncom, and Cambium Networks, Cambium hosted a video webinar featuring Defendants Ahmed and Moiseev in late 2016 wherein Cambium made false statements regarding Elevate. These materially false statements and omissions are supra at paragraphs 71-78 of the Complaint.

- Cambium's publication of a Quick Start Guide, which contained materially false statements and omissions detailed supra at paragraphs 75-77 of the Complaint.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 112. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 112, and therefore denies them.

113.    Each of these statements was made through the wires and/or the US mails with the intent to defraud and induce consumers to install Elevate.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 113. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 113, and therefore denies them.

114.    On information and belief, Cambium also used the U.S. Mail to send promotional advertisements which encouraged customers to use Elevate on the Ubiquiti devices.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 114. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 114, and therefore deny them.

115.    On information and belief, Cambium used the U.S. Mail to send invoices for Elevate to customers throughout the United States, including in this district.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 115. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 115, and therefore deny them.

116.     On information and belief, in furtherance of the Enterprise, the Enterprise members communicated with each other via e-mail communications and over the phone.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 116. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 116, and therefore denies them.

117.     On information and belief, income in furtherance of the Enterprise's scheme was received via wires when customers paid on-line to purchase Elevate.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 117. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 117, and therefore denies them.

118.     The advertisements, promotions, and web videos on the Cambium site were broadcast to and viewed by consumers throughout the United States.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 118, and therefore deny them.

119.     The advertisements on the Winncom website were viewed and transmitted via wires to consumers throughout the United States.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 119, and therefore deny them.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**
**(Asserted Against Cambium)**

120.     Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

121. Defendant Cambium entered into valid, enforceable Firmware License Agreements with Ubiquiti and agreed to abide by their terms and conditions.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 121. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 121, and therefore deny them.

122. The Firmware License Agreements include restrictions on use that apply to portions of the Firmware that are not subject to open source licenses, such as the GNU General Purpose License (GPL). The restrictions specifically apply to the Proprietary Firmware portions of the Firmware detailed supra at paragraph 39 of the Complaint, which include (i) the Registered Firmware; (ii) proprietary compilations of data in the calibration and configuration files; and (iii) computer programs (source and object code) and related comments and compilations of data authored by Ubiquiti and its suppliers, including: (a) AirMAx radio protocol and wireless drivers specific to Atheros (atheros-11n and related packages); and (b) the bootloader for AirOS (ar7240-u-boot.rom; ubntxn-u-boot.rom; ubntxn-400-u-boot.rom; ubntwasp-u-boot.rom; ubnttitanium-u-boot.rom).

**ANSWER**: Defendants deny the allegations as set forth in paragraph 122.

123. Defendant Cambium breached the Firmware License Agreements as detailed supra at paragraphs 50-69 of the Complaint, resulting in damage to Ubiquiti.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 123. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 123, and therefore deny them.

124. Cambium has breached the FULA by:

- removing the Ubiquiti user interface from the Ubiquiti devices;

- unauthorized copying and use of the Proprietary Firmware during the development, testing, installation, and demonstration of Elevate;

- unauthorized copying, use and modification of portions of the Proprietary Firmware, including the configuration and calibration files, during use of Elevate;

- reverse engineering the Proprietary Firmware to defeat, avoid, bypass or otherwise circumvent the Firmware protection mechanisms; and

- transferring or granting rights in portions of the Proprietary Firmware (including the configuration and calibration files) without the prior written consent of Ubiquiti.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 124. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 124, and therefore deny them.

125. Cambium has breached the EULA by:

- copying and reproducing the Proprietary Firmware during the development, testing and installation of Elevate without the prior written consent of Ubiquiti;

- copying, reproducing, publicly performing and publicly displaying the Proprietary Firmware during the demonstration of Elevate without the prior written consent of Ubiquiti;

- reverse engineering the Proprietary Firmware to derive the underlying ideas, algorithms, structure or organization of the Proprietary Firmware;

- reverse engineering the Proprietary Firmware to defeat, avoid, bypass or otherwise circumvent the Firmware protection mechanisms;

- using portions of the Proprietary Firmware (including the configuration and calibration files) to violate FCC regulations; and

- using the Proprietary Firmware during testing and development of Elevate to create a substantially similar software.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 125. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 125, and therefore deny them.

126. Ubiquiti has performed all of its obligations under the Firmware License Agreements.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 126, and therefore deny them.

127.    As a result of the breaches identified herein, the Ubiquiti Firmware License Agreements were automatically terminated and Cambium was required to delete any copies of Ubiquiti Proprietary Firmware for the M-series devices. Cambium, however, continued to use the Ubiquiti Proprietary Firmware on M-series devices in violation of the terms of the Firmware License Agreements.

**ANSWER**: Defendants deny the existence of "breaches" as characterized by Plaintiff. Cambium Defendants deny the remaining allegations in paragraph 127. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 127, and therefore deny them.

128.    Cambium's breaches of the Firmware License Agreements are material and have proximately and directly caused damage to Ubiquiti.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 128. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 128, and therefore deny them.

129.    Continued copying and use of the Proprietary Firmware after knowing violations of the Firmware License Agreements constitutes commercially motivated, gross and willful misconduct, and have caused additional damages and violations of Ubiquiti's proprietary rights and damages as set forth in the related counts of this Complaint.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 129.

**SECOND CLAIM FOR RELIEF**
(Willful violation of the Copyright Act, 17 U.S.C. §§ 101, et seq.)
(Asserted Against Cambium)

130.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

131. Ubiquiti is and has been at all relevant times the owner of all copyrights and interests in its Registered Firmware.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 131, and therefore deny them.

132. In 2010, Ubiquiti completed airOS version 5.2.1 and, effective April 3, 2012, Ubiquiti registered its copyright for its authorship within this version of the Firmware under U.S. Registration No. TXu 1-795-146.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 132, and therefore deny them.

133. In 2011, Ubiquiti completed authorship of airOS version 5.3 and, effective April 3, 2012, Ubiquiti registered its copyright for its authorship within this version of the Firmware under U.S. Registration No. TXu 1-795-147.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 133, and therefore deny them.

134. In 2016, Ubiquiti completed authorship of airOS version 6.0 and, effective December 18, 2018, Ubiquiti registered its copyright for its authorship within this version of the Firmware under U.S. Registration No. TX 8-654-155.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 134, and therefore deny them.

135. Ubiquiti owns the copyright in the Registered Firmware as a work made for hire, pursuant to 17 U.S.C. § 101 (defining "work made for hire").

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 135, and therefore deny them.

136. The source code covered by the Registered Firmware does not include open source software licensed to Ubiquiti pursuant to the terms of the GNU General Public License (GPL), other open source license, or other "licensed-in" materials.

**ANSWER**:   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 136, and therefore deny them.

137.   The Registered Firmware includes, but is not limited to, computer programs (source and object code), and related comments and compilations of data associated with the following: (i) AirMAX® radio protocol and wireless drivers (ubnthal and ubnt-regd); (ii) web user interface (ubnt-web and ubnt-cgi) (iii) polling (ubnt-poll); (iv) spectral analysis module (ubnt-spectral and ubnt-spectral-2); (v) configuration (ubnt-regd, ubntbox, and ubntconf_cl.sh); (vi) various utilities (ubntbox and ubnt-3g) related to, among other things, configuration, calibration, discovery tools, and boot code; (vii) base files (bunt-base-files) related to, among other things, support utilities and scripts and configuration parameters; (viii) power over Ethernet (ubnt-poe-control); and (ix) modifications to the bootloader for AirOS provided by Atheros (ar7240-u-boot.rom; ubntxn-u-boot.rom; ubntxn-400-u-boot.rom; ubntwasp-u-boot.rom; ubnttitanium-u-boot.rom).

**ANSWER**:   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 137, and therefore deny them.

138.   As the owner of the copyrights, Ubiquiti maintains exclusive rights to, inter alia, reproduce and create derivatives of, and to publicly distribute, publicly display, and publicly perform the Registered Firmware, including the Infringed Firmware, in whole or in part (as expressed in existing and future versions of the Ubiquiti Firmware or other computer programs that Ubiquiti authors), for any purpose as well as to authorize such uses by any and all third parties. *See* 17 U.S.C. § 106.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to whether Ubiquiti is the owner of the copyrights, and on that basis denies that allegation of paragraph 138. Defendants also deny paragraph 138's characterization of any Ubiquiti firmware as "Infringed Firmware." The remaining allegations of paragraph 138 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent that a response is required, Defendants lacks sufficient knowledge or information to admit or deny the allegations of paragraph 138, and on that basis, deny them.

139.   Any person or entity that violates any of Ubiquiti's exclusive copyright rights in the Registered Firmware infringes the copyright. *See* 17 U.S.C. § 501.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to whether Ubiquiti has exclusive copyright rights in the Registered Firmware, and on that basis denies that allegation of paragraph 139. The remaining allegations of paragraph 139 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent that a response is required, Defendants lacks sufficient knowledge or information to admit or deny the allegations of paragraph 139, and on that basis, deny them.

140.    The Firmware License Agreements authorize limited use of Ubiquiti's Registered Firmware, on the conditions specified in such agreements as detailed supra at paragraphs 43 and 47 of the Complaint. The conditions prohibit, inter alia, reverse engineering, unauthorized downloading, copying and modifying Proprietary Firmware, removal or modification of the Ubiquiti user interface, and removal of other aspects of the Proprietary Firmware.

ANSWER: Defendants admit that Exhibit B, on its face, includes the language quoted in paragraph 140. Defendants deny any interpretation of the quoted language above may suggest or imply. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 140, and on that basis, deny them.

141.    The Firmware License Agreements are clear that failure to comply with the Firmware License Agreements' restrictions will result in automatic termination of Agreement, and any use of the Proprietary Firmware after termination is unlawful and constitutes copyright infringement.

ANSWER: Defendants deny the allegations as set forth in paragraph 141.

**A.    Cambium's Direct Infringement of Ubiquiti's Copyrights in the Registered Firmware**

142.    Using a copyrighted work in violation of conditions of a license or otherwise in excess of rights granted under a license in a manner that implicates one or more exclusive copyright rights constitutes infringement of the copyright.

ANSWER: The allegations of paragraph 142 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent that a response is required,

Defendants lacks sufficient knowledge or information to admit or deny the allegations of paragraph 142, and on that basis, deny them.

143.     Cambium, under the Firmware License Agreements, was not permitted to, inter alia, remove the user interface associated with the Proprietary Firmware, reverse engineer the Proprietary Firmware, copy or modify portions of the Proprietary Firmware or remove or reproduce, distribute, display, perform, or prepare derivatives of the Registered Firmware for any purposes other than those expressly stated in the Firmware License Agreements. Cambium, and those acting on its behalf, including Cambium's employees, Dmitry Moiseev and Sakid Ahmed violated, inter alia, each of these conditions and restrictions and as a result breached the Ubiquiti Firmware License Agreements and thereafter immediately lost the limited license to the Proprietary Firmware and obligated to destroy all copies of the Ubiquiti Proprietary Firmware.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 143. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 143, and therefore deny them.

144.     Cambium, however, did not destroy all copies of the Ubiquiti Proprietary Firmware.

**ANSWER**: Cambium Defendants admit that certain files remain after installation of Elevate on a Ubiquiti device. Cambium Defendants deny the remaining allegations set forth in paragraph 144. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 144, and therefore deny them.

145.     Rather, after breaching one or more of the Ubiquiti Firmware License Agreements, Cambium knowingly and willfully directly infringed Ubiquiti's exclusive copyright rights in the Registered Copyrights, by engaging in the following actions, among others as specified *supra* at paragraphs 50-69 of the Complaint:

- Development of Elevate based on downloading copies of the Ubiquiti Firmware that necessarily include the Registered Firmware from Ubiquiti's website, copying the Registered Firmware onto an Ubiquiti M-series device, and/or copying portions of the Registered Firmware into memory on a M-series device by running it on a M-series device during development and testing of Elevate;

- Demonstrating how to install Elevate based on the making of unauthorized reproductions of the Registered Firmware, including by downloading copies of the Ubiquiti Firmware that necessarily include the Registered Firmware from Ubiquiti's website, copying the Registered Firmware onto an Ubiquiti M-series

device, and/or copying portions of the Registered Firmware into memory on a M-series device by running it on a M-series device, for example, before or during demonstrations; and

- Publicly displaying and publicly performing the user interface within the Registered Firmware when demonstrating how to install Elevate on M-Series Devices in the 2016 Webinar posted online and in other similar live and recorded programs.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 145. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 145, and therefore deny them.

146. All of these actions were unlawful, explicitly prohibited by the Firmware License Agreements, and were taken by Cambium and its employees and agents for commercial gain to sell licenses to Elevate and related Cambium products at Ubiquiti's expense.

**ANSWER**: Defendants deny that these actions were unlawful and explicitly prohibited by the Firmware License Agreements. Cambium Defendants deny the remaining allegations as set forth in paragraph 146. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 146, and therefore deny them.

147. Cambium's conduct was taken willfully and/or with reckless disregard for and/or willful blindness to Ubiquiti's copyright rights protected by the Registered Firmware because: (i) Cambium agreed to the conditions in the Firmware License Agreements; (ii) such agreements expressly identified Ubiquiti's copyright interest in the portions of the Firmware it authored (which are at least in part protected by the Registered Firmware); and (iii) Cambium still engaged in conduct expressly prohibited by such agreements.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 147. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 147, and therefore deny them.

148. Cambium has therefore infringed upon and profited from, and, unless enjoined by this Court, will in the future infringe upon and profit from Ubiquiti's Registered Firmware.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 148. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 148, and therefore deny them.

149.    As a result of Cambium's wrongful conduct, Ubiquiti has suffered damages and, unless permanently enjoined, will continue to suffer damages based on wrongful conduct.

**ANSWER**: Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants deny the allegations as set forth in paragraph 149. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 149, and therefore deny them.

150.    Cambium's wrongful conduct, unless enjoined by the Court, will cause irreparable harm to Ubiquiti, which has no adequate remedy at law.

**ANSWER**: Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants deny the allegations as set forth in paragraph 150. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 150, and therefore deny them.

151.    In these circumstances, the Copyright Act entitles Ubiquiti to an injunction restraining Cambium, its officers, agents and employees, and all persons acting in concert with it from engaging in any present or future acts in violation of the copyright laws.

**ANSWER**: The allegations of paragraph 151 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent that a response is required, Cambium Defendants deny the allegations in paragraph 151, and Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 151, and on that basis, deny them.

152.    The infringing conduct described above has damaged and continues to damage Ubiquiti in an amount to be determined at trial, accounting for 17 U.S.C. § 501. Ubiquiti is entitled to recover, under the Copyright Act, actual damages Ubiquiti has sustained and any additional gains, profits and advantages obtained by Cambium as a result of its infringement.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 152. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 152, and on that basis, deny them.

153.    On information and belief, because Ubiquiti obtained U.S. Registration No. TXu 1-795-146 and U.S. Registration No. TXu 1-795-147 before Cambium commenced their infringement of the Infringed Firmware, the Copyright Act also entitles Ubiquiti to statutory damages in lieu of actual damages, up to $150,000.00 per work for willful infringement, plus attorneys' fees and costs to the extent Cambium are shown to have infringed the authorship protected under those copyright registrations. *See* 17 U.S.C. §§ 412, 504.

**ANSWER**: Defendants lack sufficient knowledge or information to admit or deny whether Ubiquiti obtained U.S. Registration No. TXu 1-795-146 and U.S. Registration No. TXu 1-795-147, and if it did, when it obtained them. Defendants also deny paragraph 153's characterization of any Ubiquiti firmware as "Infringed Firmware." Cambium Defendants deny that Cambium infringed any Ubiquiti firmware.   Non-Cambium Defendants lack sufficient knowledge or information to admit or deny whether Cambium infringed any Ubiquiti firmware,, and on that basis, deny that allegation of paragraph 153. The remaining allegations of paragraph 153 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 153.

B.    **Secondary Infringement (Contributory & Inducement)**

154.    In addition to Cambium's direct infringement of Ubiquiti's copyrighted authorship in the Registered Firmware, Cambium has contributed to and induced third parties (distributors and customers) to infringe Ubiquiti's copyrights in the Registered Firmware.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 154. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 154, and on that basis, deny them.

155.    As detailed supra at paragraphs 55-69 of the Complaint, Cambium intentionally misleads and induces distributors and Ubiquiti customers to run, and in certain cases download and run, copies the Firmware on M-Series Devices without authorization for the sole purpose of facilitating the installation of Elevate. By downloading, installing and using Firmware to bypass security restrictions on M-Series Devices to install and use Elevate, the customers violate the Firmware License Agreements and thus infringe Ubiquiti's copyright in the Registered Firmware.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 155. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 155, and on that basis, deny them.

156.    Cambium's customers directly infringe the Registered Firmware when they download and run the versions of Firmware recommended in Cambium's Quick Start Guide for the sole purpose of installing Elevate, because to do so, the customer must agree to the EULA but immediately violate the conditions of that agreement.

**ANSWER**: Defendants deny the allegations of paragraph 156.

157.    Cambium has knowledge that distributors' and customers' uses of the Firmware violate the conditions of the Firmware License Agreements because Cambium received and accepted the Firmware License Agreements when it acquired one or more M-Series Devices and downloaded one or more versions of the Firmware to create Elevate and to determine which version to recommend as "officially tested" in its Quick Start Guide.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 157. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 157, and on that basis, deny them.

158.    With this knowledge, Cambium provides and "strongly recommends" that customers view its tutorials, demonstrations, live classes, and links to circumvention tools to encourage, facilitate and induce Ubiquiti customers to make unauthorized copies of the Firmware by downloading versions of it for the sole purpose of installing Elevate.

**ANSWER**: Cambium Defendants admit that Cambium provided various resources to instruct users of Cambium products as to how to download and install ePMP Elevate on compatible devices. Cambium Defendants deny the remaining allegations in paragraph 158. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 158, and on that basis, deny them.

159.    Cambium's instructions and express encouragement to download particular versions of the Firmware to facilitate and ultimately install and run Elevate on M-Series Devices materially contribute to direct infringement of the Firmware by Cambium customers and is in furtherance of an ongoing relationship with Cambium to purchase and use its Elevate software and related hardware.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 159. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 159, and on that basis, deny them.

160.    As a result of Cambium's wrongful conduct, Ubiquiti has suffered damages and, unless permanently enjoined, will continue to suffer damages based on this conduct.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 160. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 160, and on that basis, deny them.

161.    Cambium's wrongful conduct, unless enjoined by the Court, will cause irreparable harm to Ubiquiti, which has no adequate remedy at law.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 161. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 161, and on that basis, deny them.

162.    In these circumstances, the Copyright Act entitles Ubiquiti to an injunction restraining Cambium, its officers, agents and employees, and all persons acting in concert with them from engaging in any present or future acts in violation of the copyright laws.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 162. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 162, and on that basis, deny them.

163.    The infringing conduct described above has damaged and continue to damage Ubiquiti in an amount to be determined at trial, accounting for actual damages Ubiquiti has sustained and any additional gains, profits and advantages obtained by Cambium as a result of its infringement.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 163. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 163, and on that basis, deny them.

## THIRD CLAIM FOR RELIEF

**(Violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030)**
**(Asserted Against Cambium)**

164. Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

165. On the basis of the misconduct detailed herein, Cambium has violated the following sections of the CFAA: CFAA § 1030(a)(2)(C); CFAA § 1030(a)(6)(A); and CFAA § 1030(b).

**ANSWER**: Cambium Defendants deny the allegations in paragraph 165. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 165, and on that basis, deny them.

### A. CFAA § 1030(a)(2)(C) Violations

166. Section 1030(a)(2)(C) of the CFAA prohibits a person from intentionally accessing a protected computer without or in excess of authorization and obtaining information from a protected computer.

**ANSWER**: The allegations of paragraph 166 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

167. Ubiquiti's M-series devices are protected computers within the meaning of the CFAA because the M-series devices are used in and affect interstate commerce.

**ANSWER**: The allegations of paragraph 167 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

168. Cambium has itself, and has aided and abetted others, to intentionally install Elevate on Ubiquiti M-series devices in violation of multiple provisions of the Ubiquiti Firmware License Agreements.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 168. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 168, and on that basis, deny them.

169.    Installing Elevate makes unauthorized access to among other things, Ubiquiti M-series devices and Ubiquiti's Proprietary Firmware, including the configuration and calibration portions of the Ubiquiti Proprietary Firmware on the Ubiquiti M-series devices (the protected computers) in order to take control of the Ubiquiti M-series devices for Cambium's commercial purposes.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 169. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 169, and on that basis, deny them.

170.    By virtue of this conduct, Cambium has violated and has conspired with others to violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing Ubiquiti M-series devices, which consist of protected computers used for interstate commerce or communications, without authorization or by exceeding authorized access to the Ubiquiti M-series devices, and by accessing configuration and calibration portions of the Ubiquiti Proprietary Firmware in order to take control of the Ubiquiti M-series devices for Cambium's commercial purposes.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 170. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 170, and on that basis, deny them.

171.    Ubiquiti has sustained damage and loss by, inter alia, having the Ubiquiti Proprietary Firmware, which underlies its Firmware License Agreements with customers of Ubiquiti M-series devices, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols, while Cambium's Elevate makes unauthorized access to portions of Ubiquiti's Proprietary Firmware remaining on the device enabling the devices to operate with other Cambium devices.

**ANSWER**: Cambium Defendants deny the allegations in paragraph 171. Non-Cambium Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 171, and on that basis, deny them.

172.    Elevate has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 172, and therefore deny them.

173.   Ubiquiti has spent in excess of $100,000 investigating the nature of Elevate and the damage it causes to Ubiquiti and the integrity of the Ubiquiti Proprietary Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

**ANSWER**: Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 173, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 173, and therefore deny them.

174.   Ubiquiti is entitled to damages for Cambium's violation of Section 1030(a)(2)(C) of the CFAA in an amount to be determined at trial.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 174. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 174, and therefore deny them.

175.   Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, as provided by 18 U.S.C. § 1030(g).

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 175. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 175, and therefore deny them.

**B.**   **CFAA § 1030(a)(6)(A) Violations**

176.   Section 1030(a)(6)(A) of the CFAA prohibits a person from knowingly and with intent to defraud trafficking in any password or similar information through which a protected computer may be accessed without authorization, if such trafficking affects interstate or foreign commerce.

54

**ANSWER**: The allegations of paragraph 176 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

177. Cambium traffics in—sells and transports to customers and third-party sellers— Elevate and additional programs, videos and guides instructing third parties how to bypass and gain unauthorized access to Ubiquiti M-series devices and Ubiquiti Proprietary Firmware.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 177. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 177, and therefore deny them.

178. Through Elevate and additional materials, consumers learn how and are able to bypass and gain unauthorized access to Ubiquiti's M-series Devices and the Ubiquiti Proprietary Firmware that is combined with Elevate.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 178. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 178, and therefore deny them.

179. Elevate and alteration of the M-series Devices caused by installation of Elevate using unauthorized access to the Ubiquiti Proprietary Firmware, facilitates further unauthorized access, and affects interstate commerce, as Elevate is being distributed by Cambium and used throughout the United States and the world.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 179. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 179, and therefore deny them.

180. By the above described conduct, Cambium has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(6)(A), by knowingly and with intent to defraud trafficking in information by distributing Elevate and additional programs, videos and guides instructing third parties how to bypass and gain unauthorized access to Ubiquiti M-series devices using Ubiquiti Proprietary Firmware and the Firmware, which trafficking and access has affected and continues to affect interstate commerce and communications and foreign commerce.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 180. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 180, and therefore deny them.

181.     Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Proprietary Firmware, which underlies its Firmware License Agreements with customers, impaired and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 181. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 181, and therefore deny them.

182.     Elevate has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 182, and therefore deny them.

183.     Ubiquiti has spent in excess of $100,000 investigating the nature of Elevate and the damage it causes to Ubiquiti Proprietary Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

**ANSWER**: Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 183, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 183, and therefore deny them.

184.     Ubiquiti is entitled to damages for Cambium's violation of Section 1030(a)(6)(A) of the CFAA in an amount to be determined at trial.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 184. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 184, and therefore deny them.

185.     Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, or other equitable relief, as provided by 18 U.S.C. § 1030(g).

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 185. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 185, and therefore deny them.

**C.     CFAA § 1030(b) Violations**

186.     Section 1030(b) of the CFAA prohibits a person from conspiring to violate any other subsection of the CFAA.

**ANSWER**: The allegations of paragraph 186 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of CFAA and affirmatively state that this statute speaks for itself.

187.     Cambium has violated the CFAA by conspiring to commit the 18 U.S.C. § 1030(a) offenses listed above.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 187. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 187, and therefore deny them.

188.     Cambium has conspired with Ubiquiti licensees of Ubiquiti M-series devices and Ubiquiti Proprietary Firmware to intentionally make unauthorized access by installing Elevate based on unauthorized access to Ubiquiti Proprietary Firmware on Ubiquiti M-series devices. Such licensees include third parties, including Defendant Blip, and other third parties acting on behalf of Cambium, including Defendant Winncom, who traffic in Elevate, related software, guides and videos for Ubiquiti M-series devices and directly or indirectly facilitate unauthorized access to the Ubiquiti M-series devices and installation of Elevate on Ubiquiti M-series devices.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 188. Blip denies the allegations in paragraph 188 that pertain to Blip. Blip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 188, and therefore denies them. Winncom denies the allegations in paragraph 188 that pertain to Winncom. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 188, and therefore denies them.

189.    Ubiquiti has sustained damage and loss by, *inter alia*, having the Ubiquiti Proprietary Firmware which underlies its Firmware License Agreements with customers impaired, preserved and altered and no longer compatible with other Ubiquiti devices using Ubiquiti's wireless protocols.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 189. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 189, and therefore deny them.

190.    Cambium's Elevate has been provided by Cambium and third parties authorized by Cambium to well in excess of ten (10) Ubiquiti M-series devices, which are protected computers.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 190, and therefore deny them.

191.    Ubiquiti has spent in excess of $100,000 investigating the nature of Elevate and the damage it causes to Ubiquiti Proprietary Firmware on Ubiquiti M-series devices resulting from Cambium's wrongful conduct.

**ANSWER**: Cambium Defendants deny that ePMP Elevate has caused damages to Ubiquiti Firmware. Cambium Defendants deny that Cambium has committed wrongful conduct. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 191, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 191, and therefore deny them.

192.    Ubiquiti is entitled to damages for Cambium's violation of Section 1030(b) of the CFAA in an amount to be determined at trial.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 192. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 192, and therefore deny them.

193. Unless restrained and enjoined, Cambium will continue to commit such acts. Ubiquiti's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Ubiquiti to remedies, including injunctive relief, and other equitable relief, as provided by 18 U.S.C. § 1030(g).

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 193. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 193, and therefore deny them.

### D. Allegations Applicable to All CFAA Violations Asserted Herein

194. Cambium and those distributors, customers and other agents that Cambium has misled and induced to commit willful breaches and violations of the Firmware License Agreements described herein each exceeded the limited, authorized access that Ubiquiti provides to use the Proprietary Firmware on M-Series devices. Cambium's and/or its agents' intentional and willful acts to make unauthorized access during installation of Elevate and to continue to make unauthorized access to M-Series devices and the altered and remaining Proprietary Firmware on M-series devices were all without authorization and in violation of the Computer Fraud and Abuse Act.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 194. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 194, and therefore deny them.

195. The actions of Cambium were and continue to be knowing, deliberate, willful and in utter disregard of Ubiquiti's rights under the CFAA.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 195. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 195, and therefore deny them.

196. Ubiquiti has standing to bring the Computer Fraud and Abuse Act claims set forth above, and is entitled to remedies at law and equity pursuant to 18 U.S.C. § 1030(g) because Cambium's conduct has caused a loss to Ubiquiti during any one (1) year period aggregating far more than $5,000 in value as specified in 18 U.S.C. § 1030(c)(4)(A)(i)(I).

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 196. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 196, and therefore deny them.

197.    Ubiquiti has suffered loss and has spent in excess of $100,000 investigating Elevate in response to learning of Cambium's promotion and distribution of Elevate to Ubiquiti M-series device customers in order to determine the nature of Elevate and determine its response to Cambium's unauthorized access and trafficking.

**ANSWER**: Cambium Defendants deny that Cambium has committed unauthorized access and trafficking. Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 197, and therefore deny them. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 197, and therefore deny them.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**(Violations of §§ 1201(a)(1), 1201(a)(2) and
1202(b) of the Digital Millennium Copyright Act)
(Asserted against Cambium)**

198.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

199.    On the basis of the misconduct detailed herein, Cambium has violated the following sections of the DMCA: DMCA § 1201(a)(1); and DMCA § 1201(a)(2).

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 199. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 199, and therefore deny them.

**A.    DMCA § 1201(a)(1) Violations**

200.    Section 1201(a)(1) of the DMCA provides that no person shall circumvent a technological measure that effectively controls access to a work protected under this title.

**ANSWER**: The allegations of paragraph 200 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of DMCA and affirmatively state that this statute speaks for itself.

201.    Ubiquiti's Proprietary Firmware, including the Registered Firmware, for its M-series products is subject to protection under the copyright laws of the United States.

**ANSWER**: The allegations of paragraph 201 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of copyright laws of the United States, and otherwise deny the allegations as set forth in paragraph 201.

202.    Access to Ubiquiti's Proprietary Firmware is subject to the Firmware License Agreements and is controlled by technological measures, namely signature protected firmware in the case of Ubiquiti Firmware versions 5.6.15 and later and software for detecting unauthorized firmware for Ubiquiti Firmware versions 5.6.14 and lower.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 202, and therefore deny them.

203.    Cambium, individually and acting in concert and with third parties, has violated Ubiquiti's rights under 17 U.S.C. § 1201(a)(1) by directly circumventing access control measures that effectively control the ability to update or alter the firmware on Ubiquiti M-series devices by using Elevate, which passes through Ubiquiti's access control measures for detecting unauthorized firmware, and allows Elevate to install on Ubiquiti M-series devices and thereafter make unauthorized access and use of portions of the Proprietary Firmware to take control of Ubiquiti M-series devices. Elevate, after installation, disables Ubiquiti's access control measures.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 203. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 203, and therefore deny them.

204.    The conduct described above has cost Ubiquiti an amount to be determined at trial and constitutes a violation of 17 U.S.C. § 1201.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 204. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 204, and therefore deny them.

205.    The conduct described above was willful and undertaken with knowledge of wrongdoing, and was undertaken with commercial motives to sell licenses to Elevate and Cambium hardware to interface with hacked Ubiquiti M-series devices. An award of statutory damages is necessary to dissuade Cambium and others from the use of Elevate.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 205. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 205, and therefore deny them.

206.    Accordingly, pursuant to 17 U.S.C. § 1203, Ubiquiti is entitled to and hereby demands statutory damages in the maximum amount of $2,500 for each of the violations of the statute.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 206. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 206, and therefore deny them.

207.    Cambium's conduct, unless enjoined by the Court, will cause irreparable harm to Ubiquiti, which has no adequate remedy at law.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 207. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 207, and therefore deny them.

208.    Ubiquiti is also entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 208. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 208, and therefore deny them.

### B.    DMCA § 1201(a)(2) Violations

209.    Section 1201(a)(2) of the DMCA provides that no person shall traffic in any technology, product, service, device, component, or part thereof, that, among other things, is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title.

**ANSWER**: The allegations of paragraph 209 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of DMCA and affirmatively state that this statute speaks for itself.

210.    Ubiquiti's Proprietary Firmware, including the Registered Firmware, for its M-series products is subject to protection under the copyright laws of the United States.

**ANSWER**: The allegations of paragraph 210 consist solely of legal conclusions, not factual allegations, hence no response thereto is required. To the extent any response is required, Defendants admit the existence of copyright laws of the United States, and otherwise deny the allegations as set forth in paragraph 210.

211.    Access to Ubiquiti's Firmware is subject to the Firmware License Agreements and is controlled by technological measures, namely signature protected firmware in the case of Ubiquiti Firmware versions 5.6.15 and later and software for detecting unauthorized firmware for Ubiquiti Firmware versions 5.6.14 and lower.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 211, and therefore deny them.

212.    Cambium, individually and collectively, have directly or acting in concert with a third party violated Ubiquiti's rights under 17 U.S.C. § 1201(a)(2) by offering Elevate and certain related services to the public to circumvent Ubiquiti's technological measures.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 212. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 212, and therefore deny them.

213.    Such services include in-person educational seminars demonstrating installation of Elevate to circumvent Ubiquiti's technological measures, disseminating quick start guides and on-line videos demonstrating how to circumvent technological measures on Ubiquiti M-series devices

and install Elevate, and disseminating instructions on how to defeat Ubiquiti's signature protected firmware on Ubiquiti Firmware versions 5.6.15 and later on Cambium's community website.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 213. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 213, and therefore deny them.

214.    Cambium traffics in such services and Elevate, which are used to disable Ubiquiti's technological measures and make Ubiquiti M-series devices and Ubiquiti Proprietary Firmware that remains on the Ubiquiti M-series devices after Elevate has been installed available for unauthorized access, copying and use thereafter.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 214. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 214, and therefore deny them.

215.    The conduct described above has damaged Ubiquiti in an amount to be determined at trial and constitutes a violation of 17 U.S.C. § 1201.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 215. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 215, and therefore deny them.

216.    The conduct described above was willful and undertaken with knowledge of wrongdoing, and was undertaken with commercial motives to sell licenses to Elevate and Cambium hardware to interface with Ubiquiti M-series devices. An award of statutory damages is necessary to dissuade Cambium and others from the use of Elevate.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 216. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 216, and therefore deny them.

217.    Accordingly, pursuant to 17 U.S.C. § 1203, Ubiquiti is entitled to and hereby demands statutory damages in the maximum amount of $2,500 for each violation of the DMCA.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 217. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 217, and therefore deny them.

218.    Cambium' conduct, unless enjoined by the Court, will cause irreparable harm to Ubiquiti, which has no adequate remedy at law.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 218. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 218, and therefore deny them.

219.    Ubiquiti is also entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 219. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 219, and therefore deny them.

## FIFTH CLAIM FOR RELIEF

**(False Advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))**
**(Asserted Against Cambium)**

220.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

221.    As detailed supra at paragraphs 70-78 of the Complaint, Cambium has disseminated through its promotion of and promotional materials for Elevate, false and misleading statements concerning Ubiquiti, the nature and propriety of Elevate and the impact of installing Elevate on Ubiquiti M-series devices, all in violation of Section 43(a) of the Lanham Act.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 221. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 221, and therefore deny them.

222.    Cambium's statements constitute false and deceptive advertising because they are material, false and/or are likely to mislead, and/or have misled, consumers and distributors about the nature, characteristics and quality of Elevate as set forth in this Complaint.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 222. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 222, and therefore deny them.

223.    Cambium's false and misleading statements and material omissions are intended to conceal Cambium's copyright infringement, lead to the sale or other provision of licenses to Elevate and Cambium products to Ubiquiti-device customers, and attack the reputation, goodwill and market position of Ubiquiti.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 223. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 223, and therefore deny them.

224.    Cambium's false and misleading statements and material omissions have been and are made in connection with the sale of products in interstate commerce.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 224. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 224, and therefore deny them.

225.    Cambium's false and misleading statements and material omissions: (i) intentionally seek to capitalize on the goodwill and brand recognition that Ubiquiti developed through the investment of resources in the market directly targeted by Cambium; and (ii) deliberately aim to deceive and induce customers into installing Elevate on their existing installed base of M-Series Devices for the purpose of selling more Cambium access points and hardware and migrating Ubiquiti customers to Cambium hardware.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 225. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 225, and therefore deny them.

226.    Cambium has willfully, knowingly, and intentionally made and continues to make false and misleading descriptions in advertising, and unless enjoined by this Court, will continue to deceive, mislead and confuse consumers and distributors into believing that, among other things,

Cambium's creation and dissemination of Elevate for Ubiquiti M-series devices is lawful, supported by warranty coverage from Ubiquiti and yields Ubiquiti M-series devices that are FCC complaint.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 226. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 226, and therefore deny them.

227.    Cambium's false and deceptive advertising is intentionally and specifically targeted at Ubiquiti M-series devices as part of a deceptive sales strategy to migrate Ubiquiti customers away from Ubiquiti products to Cambium products with which the Ubiquiti M-series devices are then compatible.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 227. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 227, and therefore deny them.

228.    As a direct and proximate cause of Cambium's unlawful acts and practices detailed herein, Cambium has caused, is causing, and unless enjoined by this Court, will continue to cause immediate and irreparable harm to Ubiquiti, for which there is no adequate remedy at law, and for which Ubiquiti is entitled to injunctive relief. Cambium's acts, as described herein, are, and unless enjoined, will continue to be, in violation of Section 43(a) of the Lanham Act.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 228. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 228, and therefore deny them.

229.    As a direct and proximate cause of Cambium's unlawful acts and practices, including those set forth above, Cambium has caused, is causing, and unless enjoined by this Court, will continue to cause Ubiquiti to suffer damages to its business, reputation, and goodwill, and the loss of sales and profits Ubiquiti would have made but for Cambium's wrongful acts.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 229. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 229, and therefore deny them.

230.    Cambium has acted in bad faith and has willfully engaged in false advertising with the intent to injure Ubiquiti and deceive the public. Thus, in addition to the injunctive relief and

damages requested herein, Ubiquiti is entitled to costs and attorneys' fees pursuant to 25 U.S.C. § 1117(a).

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 230. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 230, and therefore deny them.

## SIXTH CLAIM FOR RELIEF

### (Tortious Interference With Contract)
### (Asserted Against Cambium)

231.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

232.    As detailed supra at paragraphs 40-41, 49 and 52 of the Complaint, the Firmware License Agreements are binding and enforceable contracts between Ubiquiti and Cambium, Cambium had actual knowledge of the Firmware License Agreements and voluntarily entered into them by virtue of Cambium's obtaining and using Ubiquiti M-series devices and Proprietary Licensed Firmware as described above.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 232. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 232, and therefore deny them.

233.    Cambium's false and misleading advertisement and promotion of Elevate as detailed supra at paragraphs 70-78 of the Complaint, has been and continues to be used to induce Ubiquiti's customers to install Elevate on Ubiquiti M-series devices constitute intentional acts taken with knowledge that customers would be induced into violating the terms of their Firmware License Agreements with Ubiquiti.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 233. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 233, and therefore deny them.

234.    Cambium configured Elevate to make changes to the Ubiquiti Proprietary Firmware knowing that these changes would breach the express terms of Ubiquiti's Firmware License Agreements with customers.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 234. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 234, and therefore deny them.

235.    Cambium's distribution of Elevate, and its false and misleading promotion of Elevate targeting Ubiquiti customers, has directly and proximately caused Defendant Blip and other third party customers of Ubiquiti to violate their Firmware License Agreements with Ubiquiti for M-series devices.

**ANSWER**: Cambium Defendants and Blip deny the allegations as set forth in paragraph 235. Winncom lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 235, and therefore denies them.

236.    Cambium's interference with the Firmware License Agreements between Ubiquiti and its customers has harmed Ubiquiti by having induced and continuing to induce its customers to violate the terms of their Firmware License Agreements with Ubiquiti and causing damage to M-series devices rendering them no longer compatible with Ubiquiti protocols used to communicate with other Ubiquiti devices, causing, *inter alia*, lost sales, infringement and reputational harm.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 236. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 236, and therefore deny them.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition)
### (Asserted Against Cambium)

237.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

238.    Cambium and Ubiquiti are competitors in wireless devices and in the dissemination of firmware for wireless devices.

**ANSWER**: Cambium Defendants admit the allegations as set forth in paragraph 238. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 238, and therefore deny them.

239.    As detailed supra at paragraphs 21-27 of the Complaint, Ubiquiti has invested considerable money and time into developing the Ubiquiti Firmware.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 239, and therefore deny them.

240.    Rather than independently developing its own product, Cambium gained access to Ubiquiti's Proprietary Firmware for M-series devices by entering into the Ubiquiti Firmware License Agreements, and then proceeded to violate the terms of those agreements in multiple ways as detailed supra at paragraphs 50-69 and 124-125 of the, all in order to save time, money and effort in developing Elevate.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 240. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 240, and therefore deny them.

241.    Following this wrongful development, Cambium has improperly marketed Elevate as a legitimate, competing product of the Ubiquiti Proprietary Firmware, i.e., a product that can substitute for use of Ubiquiti's Firmware, on M-Series Devices. Contrary to Cambium's claims, however, Elevate is not authorized for use with Ubiquiti M-series devices and violates and causes others to violate the Ubiquiti Firmware License Agreements when used on an Ubiquiti M-series device in any manner, including as directed by Cambium in its promotional materials.

**ANSWER**: Cambium Defendants admit that Cambium marketed Elevate as a replacement for Ubiquiti's Firmware. Cambium Defendants deny the remaining allegations as set forth in paragraph 241. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 241, and therefore deny them.

242.    Cambium's unauthorized reverse engineering and subsequent unauthorized copying, modification, promotion, distribution and uses of the Ubiquiti Proprietary Firmware, including Registered Firmware, to cause third parties to use Ubiquiti's own Proprietary Firmware

in installing Elevate are designed to allow Cambium to unfairly reap the benefits of and free ride on Ubiquiti's substantial investment of time and money in Ubiquiti's Proprietary Firmware and goodwill associated with its M-series devices.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 242. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 242, and therefore deny them.

243.  By falsely and misleadingly inducing customers to install Elevate on an Ubiquiti M-series device, Cambium creates a device that is not in compliance with FCC rules and regulations, causes the customer to breach its Firmware License Agreements with Ubiquiti and other violations of applicable law.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 243. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 243, and therefore deny them.

244.  Cambium, through its videos, promotional materials and message board postings has been targeting Ubiquiti customers since November 30, 2016 and has unfairly competed with Ubiquiti by propagating false and misleading statements regarding Elevate, and by so doing maliciously interferes with Ubiquiti's customer relationships in an effort to mislead and induce those customers to breach their Firmware License Agreements and become customers of Cambium.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 244. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 244, and therefore deny them.

245.  Cambium's reverse engineering and use of Ubiquiti's Proprietary Firmware in violation of the Ubiquiti Firmware License Agreements in connection with the launch and distribution of Elevate for Ubiquiti M-series devices constitutes unfair competition and has damaged Ubiquiti and will continue to dilute and harm the reputation for quality, legality and reliability of Ubiquiti's M-series devices in a manner beyond Ubiquiti's control unless Cambium's actions are permanently enjoined.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 245. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 245, and therefore deny them.

246.     Cambium's alteration of the Ubiquiti firmware damages and otherwise dilutes the quality of the Ubiquiti Firmware and harms Ubiquiti and its customers who purchased Ubiquiti M-series devices.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 246. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 246, and therefore deny them.

247.     Cambium's unfairly competitive behavior has proximately and directly caused damage to Ubiquiti as described above in an amount to be determined at trial.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 247. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 247, and therefore deny them.

## EIGHTH CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage)**
**(Asserted Against Cambium)**

248.     Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

249.     Ubiquiti has valid and binding contracts between itself and its customers, who voluntarily entered into Firmware License Agreements by obtaining and using the M-Series Devices and by downloading the Ubiquiti Proprietary Firmware.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 249, and therefore deny them.

250.     Ubiquiti had a reasonable opportunity to obtain business advantage from customers and prospective customers who would purchase and make use of Ubiquiti's M-series devices, Proprietary Firmware for M-series devices, and related wirelessly compatible Ubiquiti products.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 250, and therefore deny them.

251.     Cambium was aware of Ubiquiti's Firmware License Agreements and relationships with current M-series device customers and expectations of obtaining business from its existing and other customers.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 251. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 251, and therefore deny them.

252.     Indeed, Cambium specifically advertised and promoted Elevate using targeted, false, deceptive and misleading descriptions to Ubiquiti customers and prospective customers for M-series devices.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 252. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 252, and therefore deny them.

253.     Cambium intentionally and unjustifiably interfered with Ubiquiti's relationships with current and prospective customers through its promotion and distribution of Elevate and instructions to install Elevate on Ubiquiti M-series devices causing customers to breach their respective Firmware License Agreements with Ubiquiti.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 253. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 253, and therefore deny them.

254.     Cambium unjustifiably misled and induced customers of Ubiquiti to install Elevate in violation of Ubiquiti Firmware License Agreements, altering the Ubiquiti firmware on Ubiquiti M-series devices so that customers of Ubiquiti could no longer use the hacked M-series devices to communicate with other Ubiquiti devices using Ubiquiti wireless protocols, but instead could communicate with Cambium products.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 254. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 254, and therefore deny them.

255.    Cambium induced customers to terminate and not enter into certain business relationships with Ubiquiti for the sale of Ubiquiti devices to communicate with the installed base of Ubiquiti M-series running Elevate. As a result, Cambium has unjustly profited from causing Ubiquiti customers to breach its Firmware License Agreements and violate other rights of Ubiquiti in is Proprietary Firmware.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 255. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 255, and therefore deny them.

256.    Cambium's interference has proximately and directly caused damage to Ubiquiti as described above in an amount to be determined at trial.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 256. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 256, and therefore deny them.

## NINTH CLAIM FOR RELIEF

### (Common Law Misappropriation)
### (Asserted Against Cambium)

257.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

258.    Ubiquiti invested considerable time and money into developing its Proprietary Firmware, Ubiquiti M-series devices, and its brand recognition.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 258, and therefore deny them.

259.     Cambium misappropriated Ubiquiti's Proprietary Firmware and related goodwill and reputation associated with that firmware by promoting and distributing Elevate targeting Ubiquiti's Firmware, and that still incorporates portions of Ubiquiti's Proprietary Firmware after installation of Elevate, deceiving customers regarding the true nature of Elevate, and inducing such customers to violate Ubiquiti Firmware License Agreements at little or no cost to Cambium and at the expense of Ubiquiti's goodwill and reputation developed through Ubiquiti's effort, time, and money to create, market, and sell its M-Series Devices and Firmware.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 259. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 259, and therefore deny them.

260.     Under Illinois common law, Cambium is misappropriating Ubiquiti's goodwill and brand reputation, which was earned through significant expenditure of time, labor, skill and money.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 260. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 260, and therefore deny them.

261.     As a direct and proximate result of Cambium's misappropriation Ubiquiti has suffered and will continue to suffer, damages in an amount to be determined at trial, and other commercial damages in the marketplace.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 261. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 261, and therefore deny them.

262.     Cambium's conduct as set forth above is knowing, deliberate and willful.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 262. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 262, and therefore deny them.

263.     Cambium has earned and will continue to earn profits from its unlawful actions unless permanently enjoined.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 263. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 263, and therefore deny them.

## TENTH CLAIM FOR RELIEF

**(Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c))**
**(Asserted Against Cambium)**

264.    Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

265.    Defendants Cambium, Cambium Networks, Winncom, Dmitry Moiseev and Sakid Ahmed comprise the Enterprise. The Enterprise is an association-in-fact enterprise engaged in activities that affect interstate commerce. The aforementioned Defendants joined together and acted in concert, relying on each other for specific roles, in order to ensure consumer deception and financial gains beyond those they could have obtained through "run-of-the-mill" commercial activities.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 265. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 265, and therefore denies them.

266.    Cambium oversees the Enterprise running its day-to-day operations, with Winncom serving Cambium's needs within the Enterprise.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 266. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 266, and therefore denies them.

267.    Winncom reports to Cambium regarding its distribution and sales.

**ANSWER**: Cambium Defendants and Winncom admit the allegations set forth in paragraph 267. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 267, and therefore denies them.

268. Cambium, in turn, keeps Cambium Networks apprised of the Enterprises' activities, profits and distributions thereof.

**ANSWER**: Cambium Defendants deny the allegations as set forth in paragraph 268. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 268, and therefore deny them.

269. Cambium agreed to and did conduct and participate in the conduct of the Enterprise's affairs through a pattern of racketeering activity for the unlawful purpose of intentionally defrauding consumers into installing Elevate, which in turn ensured financial gains for the Enterprise members above and beyond those which the members would have received had then been engaging solely in lawful activities.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 269. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 269, and therefore denies them.

270. To the extent known at this time and to be further developed through discovery of information exclusively within the possession, custody, control and knowledge of the Enterprise members, that pattern includes related predicate acts of mail fraud and wire fraud (in violation of 18 U.S.C. §§ 1341, 1343) and willful criminal copyright infringement (in violation of 17 U.S.C. § 506) detailed supra at paragraphs 88-119 of the Complaint.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 270. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 270, and therefore denies them.

271. Cambium was involved in each of these racketeering acts, specifically orchestrating and arranging for the racketeering acts to occur through the Enterprise.

**ANSWER**:  Cambium Defendants deny the allegations as set forth in paragraph 271. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 271, and therefore deny them.

272.    The acts set forth above, which happened over a period of years, constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 272. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 272, and therefore denies them.

273.    Because the Enterprise directly targeted Ubiquiti customers, Ubiquiti has lost customers as a result of the Enterprises' activities.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 273. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 273, and therefore denies them.

274.    Given false and misleading statements and material omissions made by the members of the Enterprise through the wires and mail, Ubiquiti has lost consumer good will in the market place and its brand reputation has been harmed.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 274. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 274, and therefore denies them.

275.    As a direct and proximate result of the Enterprise's illegal racketeering activities and violations of 18 U.S.C. § 1962(c), Ubiquiti has been injured in its business and property in that Ubiquiti has lost consumer good will in the market place and its brand reputation has been harmed, Ubiquiti has lost customers and customers were induced to breach the terms of the Ubiquiti's Firmware Licensing Agreements, Ubiquiti's M-series devices and licensed firmware have been damaged by eliminating their compatibility with other Ubiquiti networking devices using Ubiquiti protocols, and Ubiquiti's rights in its Proprietary Firmware have been violated, in each case through installation of Elevate and the ongoing and unauthorized access to Ubiquiti's Proprietary Firmware that remains on Ubiquiti M-series devices after installation of Elevate. As a direct and proximate result of the RICO violations described herein, Ubiquiti has lost sales and prospective sales to consumers in an amount to be determined at trial.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 275. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 275, and therefore denies them.

276. Thus, Ubiquiti prays that the Court grant Ubiquiti legal relief to remedy the RICO violations described herein, including entry of an order requiring Defendant Cambium to pay (a) damages for the RICO violations described herein, including those damages which have resulted in the concrete financial losses outlined in this Complaint, and (b) treble damages.

**ANSWER**: Cambium Defendants and Winncom deny the allegations as set forth in paragraph 276. Blip lacks knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 276, and therefore denies them.

## ELEVENTH CLAIM FOR RELIEF

**(Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d))**
**(Asserted Against Cambium Networks, Blip, Winncom, Sakid Ahmed, and Dmitry Moiseev)**

277. Ubiquiti incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

**ANSWER**: Defendants repeat and reallege their answers to each of the foregoing paragraphs, as and for their response to this paragraph.

278. In commission of the racketeering acts set forth herein, each member of the Enterprise and co-conspirator Blip conspired to violate the RICO statute in violation of 18 U.S.C. § 1962(d).

**ANSWER**: Defendants deny the allegations as set forth in paragraph 278.

279. Specifically, the Enterprise members and co-conspirator Blip worked together to ensure financial gain at the expense of Ubiquiti's copyrights and customer base.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 279.

280.    The members of the Enterprise worked together to exceed the permissible and ordinary scope of a developer-manufacturer-distributor relationships and co-conspirator Blip likewise worked with Cambium to exceed the ordinary scope of a manufacturer-distributor relationship.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 280.

281.    The members of the Enterprise conspired together to develop Elevate or promote false advertisement to customers through webinars and in person demonstrations involved Elevate.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 281.

282.    Each of the members of the Enterprise, as well as co-conspirator Blip, were aware of the fraudulent nature and scope of the Enterprise and agreed to assist the Enterprise in carrying out its fraudulent acts.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 282.

283.    Each of the members of the Enterprise, as well as co-conspirator Blip, agreed to the commission of, or participated in, at least two of the racketeering acts described herein.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 283.

284.    Indeed, each of the members of the Enterprise, as well as co-conspirator Blip, was aware of the Enterprise and received direct personal financial gain from the activities of the Enterprise.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 284.

285.    Each of the members of the Enterprise, as well as co-conspirator Blip, intended to and in fact did further the purposes of the Enterprise.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 285.

286.    Each of the members of the Enterprise, as well as co-conspirator Blip, engaged in the RICO conspiracy in order to further their own personal interests and ensure financial health for themselves individually.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 286.

287.    Each of the members of the Enterprise, as well as co-conspirator Blip, wanted to harm Ubiquiti's goodwill and customer standing in the market place.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 287.

288.     Each of the members of the Enterprise was aware of Cambium's control and worked together to further that control. Blip likewise aided Cambium in its control of the Enterprise and profit seeking motive.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 288.

289.     Cambium took the control of the Enterprise.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 289.

290.     Cambium Networks placed Cambium at the helm and allowed Cambium to run the U.S. sales and operations of Elevate.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 290.

291.     Dmitry Moiseev and Sakid Ahmed assisted in the development of Elevate, advertised Elevate, monitored web boards pertaining to Elevate, and answered individual questions from Ubiquiti customers regarding Elevate.

**ANSWER**: Cambium Defendants admit that Moiseev and Ahmed answered individual questions from users regarding ePMP Elevate. Cambium Defendants deny the remaining allegations as set forth in paragraph 291. Non-Cambium Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 291, and therefore deny them.

292.     Blip and Winncom conspired with Cambium to ensure Cambium's position of control in the Enterprise and supported Cambium's efforts to market Elevate.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 292.

293.     Cambium Networks provided financial support to Cambium to ensure its position as the leader of the Enterprise and also authorized discounts and personal financial gains for Blip and Winncom.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 293.

294. The members of the Enterprise knew that their actions were part of a pattern of racketeering activity and agreed to commit their actions in furtherance of the scheme described herein. This conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

ANSWER: Defendants deny the allegations as set forth in paragraph 294.

295. Blip likewise worked with Cambium to ensure Cambium's role as the lead of the Enterprise, and knew that Cambium was carrying out a pattern of racketeering activity along with various other members of the Enterprise and agreed to have Cambium commit its racketeering activities along with co-conspirators in furtherance of the scheme described herein. This conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

ANSWER: Defendants deny the allegations as set forth in paragraph 295.

296. Each of the members of the Enterprise and co-conspirator Blip were aware that Cambium was directly targeting Ubiquiti customers and making misleading claims implying that the Firmware was appropriately used with Ubiquiti products.

ANSWER: Defendants deny the allegations as set forth in paragraph 296.

297. The Enterprise is an enterprise engaged in and whose activities affect interstate commerce.

ANSWER: Defendants deny the allegations as set forth in paragraph 297.

298. As a direct and proximate result of the Enterprise's conspiracy, conspiracy with Blip, and RICO violations flowing therefrom, Ubiquiti has been injured in its business and property in that Ubiquiti has lost consumer good will in the market place and its brand reputation has been harmed, Ubiquiti has lost customers and customers were induced to breach the terms of the Ubiquiti's Firmware Licensing Agreements, Ubiquiti's M-series devices and licensed firmware have been damaged by eliminating their compatibility with other Ubiquiti networking devices using Ubiquiti protocols, and Ubiquiti's rights in its Proprietary Firmware have been violated, in each case through installation of Elevate and the ongoing and unauthorized access to Ubiquiti's Proprietary Firmware that remains on Ubiquiti M-series devices after installation of Elevate. As a direct and proximate result of the RICO violations described herein, Ubiquiti has further lost sales and prospective sales to consumers in an amount to be determined at trial.

ANSWER: Defendants deny the allegations as set forth in paragraph 298.

299. Thus, Ubiquiti prays that the Court grant Ubiquiti legal relief to remedy the RICO violations described herein, carried out with the knowing assistance of co-conspirator Blip, including entry of an order requiring Defendants Cambium, Cambium Networks, Blip, Winncom,

Sakid Ahmed, and Dmitry Moiseev to pay (a) damages for the RICO violations described herein, including those damages which have resulted in the concrete financial losses outlined in this Complaint, and (b) treble damages.

**ANSWER**: Defendants deny the allegations as set forth in paragraph 299.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, Defendants do not admit that they have the burden of proof and/or burden of persuasion with respect to any of these defenses.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The FAC, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Plead with Sufficient Particularity)**

The FAC, in whole or in part, fails to state a claim for which relief can be granted as Plaintiff has not pled the claims with sufficient particularity.

### THIRD AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Plaintiff lacks standing to assert one or more of the statutory claims, and additionally, Plaintiff lacks Article III standing to assert a claim.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches/Waiver/Estoppel)**

Plaintiff's claims are barred, in whole or in part, by latches, waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

**(Release)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred or limited as against Defendants, because at all relevant times, Defendants acted in good faith, and any and all acts alleged to have been committed by Defendants were performed with lack of knowledge and lack of willful intent.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## NINTH CLAIM FOR RELIEF

### (Bar based on Promissory Estoppel)

Plaintiff's claims are barred, in whole or in part, based on the doctrine of Promissory Estoppel based on Cambium's reliance on the General Public License as applied to Ubiquiti's firmware. To the extent that Cambium is alleged to have copied, modified, or used any of Ubiquiti's firmware, it did so in reliance on Plaintiff's unambiguous promise through its licenses and the licenses posted on its website, and such reliance was expected and foreseeable by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Bar or Unenforceability based on GNU General Public License)

The Ubiquiti Firmware is subject to and governed by Versions 2 or 3 of the GNU General Public License. Plaintiff's claims are barred or unenforceable, in whole or in part, by the terms of the GNU General Public License.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Breach of the GNU General Public License)**

The Ubiquiti Firmware is subject to and governed by Versions 2 or 3 of the GNU General Public License. Defendants are third-party beneficiaries of the GNU General Public License. Plaintiff breaches the GNU General Public License by bring this lawsuit against the Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

**(Breach of Firmware License Agreement)**

Defendants are licensed to use the Ubiquiti Firmware under Ubiquiti's Firmware License Agreement. By bringing this lawsuit against Defendants, Plaintiff breaches the Firmware License Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Invalidity of Contract)**

Ubiquiti's Firmware License Agreements are invalid, indefinite, or unconscionable.

## FOURTEENTH AFFIRMATIVE DEFENSE
**(Lack of Mutual Assent)**

A valid and enforceable contract is formed only if the parties to the contract mutually assent to the terms of the contract. To the extent that Plaintiff advances contractual interpretations that contravene the plain meaning of the terms in dispute, then there was a failure to achieve mutual assent and no enforceable contract was formed between the parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Lack of Privity)**

Plaintiff's contract claims are barred, in whole or in part, by lack of privity of contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Invalidity of Copyright)**

Plaintiff's copyright-based claims are barred, in whole or in part, because Plaintiff's

alleged copyrights are invalid.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Non-copyrightable Subject Matter)

Plaintiff's copyright-based claims are barred, in whole or in part, because the alleged copyrighted work, or portions thereof alleged to have been copied, or both, are not copyrightable subject matter.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

Plaintiff's copyright-based claims are barred, in whole or in part, because the alleged copyrighted work lacks requisite originality.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Merger Doctrine for Copyright)

Plaintiff's copyright-based claims are barred, in whole or in part, by the "Scenes â Faire" and/or merger doctrine in that, among other things, Plaintiff's alleged copyrighted work is ordinary, commonplace, or standard in the relevant art or industry.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Copyright Ownership)

Plaintiff's copyright-based claims are barred, in whole or in part, because Plaintiff is not the author of the alleged copyright referenced in the FAC, and Plaintiff is not the owner or the holder of equivalent rights in and to the alleged copyright referenced in the FAC.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Inequitable Conduct in Obtaining Copyright)

Plaintiff's copyright-based claims are barred, in whole or in part, because Plaintiff misrepresented material facts in applying for registration of its alleged copyright, in violation of

its certification to the Copyright Office that all statements in the application are correct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiff's copyright-related claims are barred, in whole or in part, by Plaintiff's copyright misuse. To the extent Plaintiff owns copyright in the Ubiquiti Firmware, Plaintiff has engaged in abusive or improper conduct in exploiting or enforcing such copyright. On information and belief, Plaintiff committed fraud on the Copyright Office to obtain the copyright. On information and belief, Plaintiff engaged in abusive or improper conduct by extending its copyright claim to cover uncopyrighted material.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Independent Creation)

Plaintiff's copyright-based claims are barred, in whole or in part, because Cambium's software was independently created.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Fair Use/De Minimis Use/Scenes a Faire of Copyright)

Plaintiff's copyright-based claims are barred, in whole or in part, by the fair use doctrine, *de minimis* use doctrine, or scenes a faire doctrine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Permitted Use of Copyright)

Plaintiff's copyright-based claims are barred, in whole or in part, because Defendant's use of Plaintiff's alleged copyrighted work was pursuant to a license, express or implied, or was otherwise pursuant to the express, implied, or ostensible permission by persons or entities with the right to permit such use.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Justification)

Plaintiff's Sixth Claim (Tortious Interference with Contract) is barred, in whole or in part, by the doctrine of justification. To the extent Cambium is found to have interfered with Ubiquiti's contract relationships, Cambium did so based on the exercise of Cambium's own legal rights a good-faith claim to a colorable legal right.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Competition Privilege)

Plaintiff's Eighth Claim (Intentional Interference with Prospective Economic Advantage) is barred, in whole or in part, by Cambium's privilege of fair competition. To the extent Cambium is found to have interfered with Ubiquiti's prospective economic advantage, Cambium did so using only fair and reasonable means.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Access to Protected Computer Permitted)

Plaintiff's Third Claim (Violation of the Computer Fraud and Abuse Act) is barred, in whole or in part, because any alleged access to protected computers by Cambium is permitted by persons or entities with the right to permit such access.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (§ 1201(f) Exemption of the Digital Millennium Copyright Act)

Cambium is exempt from Plaintiff's Fourth Claim (Violations of §§ 1201(a)(1), 1201(a)(2) and 1202(b) of the Digital Millennium Copyright Act), in whole or in part, under Section 1201(f) of the DMCA.

To the extent Cambium circumvents a technological measure that effectively controls access to a particular portion of the Ubiquiti Firmware, Cambium did so for the sole purpose of identifying and analyzing those elements of the Ubiquiti Firmware that are necessary to achieve interoperability of an independently created computer program with other programs, and that have

not previously been readily available to Cambium. Any such acts of Cambium do not constitute copyright infringement.

To the extent Cambium develop and employ technological means to circumvent a technological measure, or to circumvent protection afforded by a technological measure that effectively controls access to a particular portion of the Ubiquiti Firmware, Cambium did so in order to enable the identification and analysis of those elements of the Ubiquiti Firmware that are necessary to achieve interoperability of an independently created computer program with other programs, and that have not previously been readily available to Cambium or for the purpose of enabling interoperability of an independently created computer program with other programs. The technological means are necessary to achieve interoperability and does not constitute copyright infringement.

To the extent Cambium made the aforementioned information or means available to others, Cambium did so solely for the purpose of enabling interoperability of an independently created computer program with other programs. Doing so does not constitute copyright infringement.

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Preemption by Copyright Law)

Plaintiff's Fourth Claim (Violations of §§ 1201(a)(1), 1201(a)(2) and 1202(b) of the Digital Millennium Copyright Act) is preempted, in whole or in part, by copyright law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
#### (Lack of Knowledge about Alleged DMCA Violation)

Plaintiff's Fourth Claim (Violations of §§ 1201(a)(1), 1201(a)(2) and 1202(b) of the Digital Millennium Copyright Act) is barred from recovery of damages because Defendant was not aware and had no reason to believe that the alleged acts constituted violations of 17 U.S.C. § 1201.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
**(Lack of Standing for Asserting RICO Claims)**

Plaintiff's Tenth Claim and Eleventh Claim are barred, in whole or in part, as Plaintiff lacks standing to assert a RICO claim because, among other reasons, it fails to assert a concrete financial loss, and its alleged injury is not separate from any injury resulting from what Plaintiff alleges is "racketeering activity."

### THIRTY-THIRD AFFIRMATIVE DEFENSE
**(Failure to Adequately Plead Common Enterprise)**

Plaintiff's Tenth Claim and Eleventh Claim are barred, in whole or in part, because plaintiff has failed to adequately plead, and cannot prove, a common "enterprise."

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Reservation of Fed. R. Civ. P. 8(c) Defenses and Right to Modify/Amend/Supplement)**

Plaintiff's FAC may be barred by any or all of the Affirmative Defenses contemplated by Rule 8 of the Federal Rules of Civil Procedures. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until Defendant has had the opportunity to conduct adequate discovery. Therefore, Defendant reserves the right to amend this Answer for the purpose of asserting any additional defenses based upon evidence obtained during the course of discovery.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim as to Costs, Attorneys' Fees, or Interest)**

The FAC, in whole or in part, fails to state a claim upon which relief can be granted as to costs, attorneys' fees, or interest.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
**(Failure to Allege Damages with Adequate Certainty)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, lack the requisite certainty and are unduly speculative.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Requisite Control)

Plaintiff's claims are barred, in whole or in part, because Defendants are not liable for the acts of others over whom they have no control.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Cambium Networks, Inc., Cambium Networks, Ltd, Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev request that the Court enter a judgment in Defendants' favor and against Plaintiff and provide Defendants the following relief.

1. That this Court find that the Ubiquiti's airOS software is a work based on OpenWRT and UBoot software within the meaning of the GNU General Public License.

2. That this Court find that Defendants are entitled, pursuant to the terms and conditions of the applicable GNU General Public License, to obtain and freely use the source code for Ubiquiti's airOS software.

3. That this Court find that this case is "exceptional" for purposes of awarding Defendants their reasonable attorneys' fees and costs incurred in connection with this action.

4. That Defendants be awarded reasonable attorneys' fees and costs incurred in connection with this action and as prevailing parties including, but not limited to the following statutory provisions: 17 U.S.C. § 505, 17 U.S.C. § 1203, and 15 U.S.C. § 1117.

### Demand for Jury Trial

Defendants Cambium Networks, Inc., Cambium Networks, Ltd, Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev demand a trial by jury on all claims and issues so triable.

Dated: December 4, 2019        Respectfully submitted,

*/s/ James P. Fieweger*
One of their attorneys
Arthur J. Gollwitzer (06225038)
agollwitzer@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800 (Phone)

G. Hopkins Guy III (CA Bar No. 124811)
hop.guy@bakerbotts.com
Jon V. Swenson (CA Bar No. 233054)
jon.swenson@bakerbotts.com
Karina Smith (CA Bar No. 286680)
karina.smith@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road Building One, Suite 200
Palo Alto, CA 94304-1007
650.739.7500 (Phone)
650.739.7699 (Facsimile)

*Attorneys for Defendants Cambium Networks, Inc. et. al*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2019 I electronically filed the foregoing

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE TO UBIQUITI**

**NETWORKS, INC.'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using

the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users.


                                           */s/ James P. Fieweger*

Arthur J. Gollwitzer (06225038)
agollwitzer@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800