## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UBIQUITI INC. (f/k/a UBIQUITI NETWORKS, INC.), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 18-CV-5369 |
| CAMBIUM NETWORKS, INC., CAMBIUM NETWORKS, LTD., BLIP NETWORKS, INC., WINNCOM TECHNOLOGIES, INC., SAKID AHMED, and DMITRY MOISEEV, | ) ) ) ) ) ) ) ) | Judge Feinerman<br><br>JURY TRIAL DEMANDED |
| Defendants. | ) | |

**Stipulated ESI Order**

The Parties to this Stipulated ESI Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.    Scope and Background.**

**(a)**    The Parties have met and conferred through their respective attorneys and reached the following agreements regarding the efficient discovery of electronically-stored information ("ESI") in this case. The Parties are further aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter as it relates to the subject matter of this Stipulated ESI Order.

**(b)**    This Stipulated ESI Order shall govern the production of documents and electronically stored information ("ESI"), as described in Federal Rules of Civil Procedure 26, 33, and 34. Provided, however, that nothing in this Stipulated ESI Order shall supersede the provisions of any subsequent Stipulated Protective Order.

1

**(c)** Nothing in this Stipulated ESI Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

**2. General Matters.**

**(a)** The Parties agree to service of documents on counsel of record by e-mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

**(b)** The Parties agree to produce documents pursuant to the Agreed Protective Order filed herewith.

**3. Privileged Materials.**

**(a)** <u>Privilege Log Exclusions</u>: The Parties agree that any materials protected from discovery by the attorney-client privilege or the work product doctrine and created after August 7, 2018, solely for the purposes of this litigation, do not need to be identified on a log of withheld documents under Rule 26(b)(5).

**(b)** <u>Non-Waiver and Claw Back Protocol (FRE 502(d))</u>:

**(1)** Non-Waiver By Production. Production of documents and ESI in this case shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege or work product protection that otherwise would apply.

**(2)** Time For Asserting Privilege And Protection. A producing party may assert privilege or protection over produced documents and ESI at any time by notifying the receiving party(ies) in writing of the assertion of privilege or

2

protection, except that: (a) affirmative use of ESI or a document by the producing party in the case waives privilege and protection with respect to it, and of other ESI and documents to the extent provided by Federal Rules of Evidence, Rule 502(a); and (b) upon use in the case by another of ESI or a document that was produced by a party, that producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

**(3)** Disputing Claims of Privilege/Protection Over Produced Documents. Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party shall: (a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the Court; and (b) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media). In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion.

**4.    Discovery Limits.** The Parties do not seek to impose any limits on the scope of discovery provided in Federal Rules of Civil Procedure or the Local Rules of the Northern District of Illinois,

except that the Parties have agreed to the following limits on depositions and interrogatories as identified in the Court hearing transcript dated December 9, 2019:

**(a)** Absent a showing of good cause, each side is limited to 15 common interrogatories plus an additional 10 interrogatories per party group in the case when the interrogatories are served.[1]

**(b)** Absent a showing of good cause, each side is limited to a total of 35 hours of taking testimony by deposition upon oral testimony from any Rule 30(b)(6) and fact witnesses associated with each party on the other side as defined in footnote 1.

**(c)** Absent a showing of good cause, each side is limited to a total of 50 hours of taking testimony by deposition upon oral examination from third-parties.

**5.** **Third-Party Discovery**.

**(a)** A Party that serves a subpoena on a non-party (the "Issuing Party") shall include a copy of this Order and the Agreed Protective Order with the subpoena and state that the Parties to the litigation have requested that third-parties produce documents in accordance with the specifications set forth herein.

**(b)** The Issuing Party shall promptly produce to all other parties all documents and things obtained from any non-party by subpoena.

**(c)** If the Issuing Party receives any hard-copy documents or native files, the Issuing Party will process the documents in accordance with the provisions of this Stipulated ESI Order, and then produce the processed documents to all other Parties. However, any documents the Issuing Party does not intend to process for its own use may be disseminated to all other Parties in

---

[1] As used herein, the term "side" means Plaintiff or Defendants, and the term "party" refers to individual parties. Cambium Networks, Inc. and Cambium Networks, Ltd. are deemed one "party group" with each of the other named parties constituting their own "party group."

the format in which such documents are received by the Issuing Party. If the Issuing Party subsequently processes any such documents, the Issuing Party will produce those processed documents to all other Parties. If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other Parties.

**(d)** Nothing in this Stipulated ESI Order is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or third parties to object to a subpoena.

**6. Preservation.**

**(a)** Absent a showing of good cause by the requesting party, the Parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up or archive data; provided, however, that the Parties shall preserve the non-duplicative discoverable information currently in their possession, custody, or control.

**(b)** Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved, restored, collected, or produced:

**(1)** deleted, slack, fragmented, unallocated, or other data only accessible by forensics;

**(2)** random access memory (RAM), temporary files, or other ephemeral data that is difficult to preserve without disabling the operating system;

**(3)** on-line access data such as temporary internet files, history, caches, cookies, and the like;

**(4)** data in metadata fields that are frequently updated automatically, such as last-opened dates;

**(5)** archival or disaster recovery back-up data;

**(6)** voice and text messages;

**(7)** instant messages and self-deleting or "ephemeral" communications that are not ordinarily printed or maintained in a server dedicated to instant messaging;

**(8)** electronic data (*e.g.* e-mail, calendars, contact data, notes, and text messages) sent to or from mobile devices (*e.g.* iPads or other tablets and iPhones or other "smart" phones), [provided that a copy of all such data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage)];

**(9)** server, system, or network logs;

**(10)** electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as a part of a laboratory report; and

**(11)** data remaining from legacy systems no longer in use that is unintelligible on the system now in use.

**(c)** Nothing herein withstanding, any specific ESI known by the Party in its possession to be responsive to a Party's requests for production, and/or relevant to the claims or defenses in this action, shall be preserved, and if otherwise required by any applicable rule or court order, produced.

**7.** **Collection and Production.** Each party shall be responsible for generating a searching protocol that it believes in good faith will return a reasonably high proportion of relevant documents and things responsive to each party's requests for production in accordance with

Federal Rule of Civil Procedure 26 and all other applicable legal standards. Each Party shall disclose its above-described searching protocol to all other parties in this case upon request; that is, each Party's respective searching protocol or methodology is not protected from discovery by the attorney-client privilege or the work product doctrine. The Parties agree to work together with respect to requests for reasonable modifications or additions to their respective searching protocol or methodology.

**8.** **Production Format**. The Parties agree to produce ESI in the following format in line with Federal Rule of Civil Procedure 34(b)(1)(C):

**(a)** single-page Group IV TIFF files imaged to at least 300 dpi in black and white, with each image endorsed with a Bates number;

**(b)** load files that map to all of the TIFF images and depict the document boundaries and attachment (parent/child) relationships (if a document is more than one page, the unitization of the document and any attachments shall be maintained as they existed in the original document) and;

**(c)** such data load files which contain extracted text and available metadata fields corresponding to those listed in this table:

| Metadata Fields | Description |
| --- | --- |
| BegDoc# | The bates label of the first page of the document |
| EndDoc# | The bates label of the last page of the document |
| To | The recipient of the document or email |
| From | The author of the document or email |
| CC | The persons copied on the document or email |
| BCC | The persons blind-copied on the document or email |
| Custodian | The person who maintains custody of the document or email |
| Duplicate Custodian | Persons who had copies of the documents but were removed from the Custodian field due to deduplication |
| Date Created | Document date or date email was created |
| Date Sent | Date document or email was sent |
| Date Received | Date document or email received by recipient |

| | |
|---|---|
| Date Last Modified | Date last modified for attachments and standalone electronic files |
| Date Last Printed | Date last printed for attachments and standalone electronic files |
| Email Subject | Subject of email |
| Doc Title | Title of document |
| File Name | File name of electronic document |
| File Path | File path as maintained by operating system |
| Folder | Email folder information |
| Attachment ID | Bates range of document or email attachment |
| Parent ID | Bates range of parent document or email |
| MD5 Hash | |

**(d)** All spreadsheets (*e.g.* Excel files), presentations (*e.g.* PowerPoint files), database files, graphics, audio files, video files, animations, and other files that cannot readily be converted to TIFF format or that reasonably require access to the native file, shall be produced in native format with all metadata intact (and not as a TXT file).

**(e)** The Parties will make reasonable efforts to agree upon the format for producing data from a structured database using existing report formats or report formats that can be developed without undue burden.

**(f)** Web pages, social media data, and other information not otherwise covered above shall be produced as "screen shots" or in native format.

**(g)** Documents originally maintained in paper or other non-electronic format and documents not searchable in their native format shall be produced as TIFF files endorsed with a bates number with their contents in a single TXT file (not one TXT file per page) using optical character recognition (OCR) and a load file that maps the TXT file to the corresponding TIFF file. Any redacted or privileged material should be labeled clearly to show the redactions.

**(h)** In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records. That is, paper

documents should be logically unitized. In the case of an organized compilation of separate documents – *e.g.*, a binder or file folder containing several separate documents behind tabs of sub-files – the document behind each tab or sub-file should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. The Parties will use their best efforts to unitize the documents correctly. (Logical Unitization is the process of human review of each individual page in an image collection using logical cues to determine pages that belong together as documents. Such cues can be consecutive page numbering, report titles, similar headers and footers, folders, binders, and other logical indicators.)

**(i)** Each Party reserves the right to request native files for documents that are difficult to understand after they have been produced in the format specified herein or that contain potentially relevant embedded information, and such requests will not be unreasonably denied.

**9.** **De-Duplication.** A party is only required to produce a single copy of a responsive document. The Parties may de-duplicate stand-alone documents or entire document families using MD5 or SHA-1 Hash value matching. (Common system files defined by the NIST library (http://www.nsrl.nist.gov/) need not be produced.) However, (i) attachments to e-mails shall not be eliminated from the parent e-mail, and (ii) paper documents shall not be eliminated as duplicates of responsive ESI. To the extent the parties de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced. ESI that is not an exact duplicate may not be removed.

**So Ordered.**

Dated: 2/4/2020

_____
U.S. District Judge Feinerman

| | |
|---|---|
| **WE SO MOVE<br>and agree to abide by the<br>terms of this Order** | **WE SO MOVE<br>and agree to abide by the<br>terms of this Order** |
| FOX SWIBEL LEVIN & CARROLL, LLP<br><br>*/s/ Erik J. Ives*<br>David E. Koropp (ARDC # 6201442)<br>dkoropp@foxswibel.com<br>Erik J. Ives (ARDC # 6289811)<br>eives@foxswibel.com<br>Steven L. Vanderporten (ARDC # 6314184)<br>svanderporten@foxswibel.com<br>200 W. Madison, Suite 3000<br>Chicago, IL  60606<br><br><br>*Counsel for Plaintiff Ubiquiti Networks, Inc.*<br><br>Dated:  January 17, 2020 | MICHAEL BEST & FRIEDRICH, LLP<br><br>*/s/ Karina Smith*<br><br>Arthur J. Gollwitzer (IL Bar No. 06225038)<br>James P. Fieweger (IL Bar No. 6206915)<br>MICHAEL BEST & FRIEDRICH, LLP<br>444 West Lake Street, Suite 3200<br>Chicago, Illinois 60606<br>312.222.0800<br>ajgollwitzer@michaelbest.com<br>jpfieweger@michaelbest.com<br><br>BAKER BOTTS L.L.P.<br><br>Hopkins Guy<br>Jon V. Swenson<br>Karina Smith<br>1001 Page Mill Road<br>Bldg. 1, Suite 200<br>Palo Alto, CA 94304<br>650.739.7500 (Telephone)<br>hop.guy@bakerbotts.com<br>jon.swenson@bakerbotts.com<br>karina.smith@bakerbotts.com<br><br>Andrew D. Wilson<br>1299 Pennsylvania Ave. NW<br>Washington, DC 20004<br>(202) 639-1312 (Telephone)<br>andrew.wilson@bakerbotts.com<br><br>*Counsel for Defendants Cambium Networks, Inc., Cambium Networks, Ltd., Blip Networks, Inc., Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev*<br><br>Dated:  January 17, 2020 |