**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UBIQUITI NETWORKS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CAMBIUM NETWORKS, INC.; CAMBIUM NETWORKS, LTD.; BLIP NETWORKS, LLC; WINNCOM TECHNOLOGIES, INC.; SAKID AHMED; and DMITRY MOISEEV, <br><br> *Defendants*. | Civil Action No.: 1:18-cv-05369 <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSED MOTION TO CONTINUE STATUS HEARING**

Defendants Cambium Networks, Inc. ("Cambium") and Cambium Networks, Ltd. ("Cambium UK"), Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev (collectively the "Defendants"), respectfully request the Court to grant the enclosed Motion[1] to Continue the Status Hearing from March 17, 2020 to April 8, 2020 (or another time suitable for the Court). Defendants seek a continuance in light of the unprecedented travel restrictions and recommendations enacted by state, local, and federal governments, and Plaintiff Ubiquiti Networks Inc.'s ("Ubiquiti's") failure to clearly identify its protected source code. Bluntly, Defendants will have little to report until they have reviewed Ubiquiti's source code (as expressly directed by Ubiquiti's terse discovery responses). Only then can Defendants finally assess Ubiquiti's allegations with any certainty. In the meantime, Defendants seek to

---

[1] Plaintiff Ubiquiti Networks, Inc. indicated that it would oppose this motion by email dated March 12, 2020.

1

avoid unnecessary travel.

Specifically, Defendants' have not yet obtained critical information about Ubiquiti's alleged 18 files in discovery beyond what Ubiquiti alleged in its First Amended Complaint. That information is essential to assessing the status of discovery and the case in general (as the parties are required to discuss at the scheduled status hearing), but is not available to Defendants because, instead of providing substantive written responses to Defendants' interrogatories, Plaintiff relied almost exclusively on its source code production as containing the requested information. *See, e.g.,* Ubiquiti's Answers to Defendants' First Set of Interrogatories Nos. 1, 2, and 4 (March 3, 2020) (responding for each that Ubiquiti will "make source code available that will be readily identifiable as Ubiquiti's answer to this Interrogatory."). But Defendants have not yet been able to inspect Ubiquiti's code—initially because Ubiquiti's source code was not available for inspection the week of the deadline for production[2] when Defendants' properly noticed expert was available and, subsequently, because of that expert's scheduling conflicts. It is critical for Defendants to review that code, which they have requested access to since this case was filed almost 19 months ago, in order to determine what exactly remains at issue. Defendants' expert is ready and available to begin his inspection of Ubiquiti's code beginning early next week, and Defendants therefore anticipate being better suited to assess the status of discovery with the benefit of the additional time afforded should the requested continuance be granted.

In addition, continuing the currently schedule status hearing could resolve the need to conduct multiple hearings on related issues, which would each require the burden and expense of

---

[2] Plaintiff contends that Defendants' did not afford proper notice of its intent to inspect as the reason that its source code was not available by the due date despite Plaintiff's prior notice that the source code was available for inspection.

2

substantial travel for Defendants' counsel. For example, based on the positions set forth in the correspondence and conferences between the parties, it appears the parties will also likely have disputes over the scope of discovery served by Plaintiff, which goes beyond the 18 files and includes nearly 650 individual requests to Defendants. It appears likely that Defendants will have to move for a protective order on this issue, which will likely require an additional hearing after the current status conference date. Moreover, Defendants are also contemplating raising issues with respect to Plaintiff's MIDP production, which included only 80 documents (compared to Defendants' production of over 67,000 documents). Unless this discrepancy is remediated in short order, this issue will likely require yet another hearing. These numerous related hearings could be consolidated into one and be heard at the later date proposed in this motion.

Finally, reducing the number of events in this case that require travel is particularly critical at this time given the Coronavirus Disease 2019 (COVID-19) pandemic—particularly in Santa Clara County, CA, where Defendants' lead counsel is located. Defendants' counsel's law firm has restricted all travel and county officials have issued orders prohibiting large public and private gatherings. Most universities have also closed and, just last night, President Trump announced an unprecedented 30-day ban on travel from several European nations.[3] Given this situation, counsel for Defendants would rather not travel now or make the multiple trips for hearings that appear to be on the horizon. Defendants respectfully submit that these multiple trips can be avoided by simply continuing the status hearing several weeks until April 8 so that any additional motions could be heard at that time and would minimize repetitive travel and potential exposure for Defendants' counsel.

---

[3] Defendants also note that three Transportation Security Administration agents working at San Jose International Airport—an airport frequently used by Defendants' counsel—tested positive for COVID-19.

Defendants therefore request the Court to continue the status hearing currently scheduled for March 17, 2020 until April 8, 2020 (or another time suitable for the Court), which would enable Defendants to assess the status of the case and discovery with the benefit of access to Ubiquiti's asserted code, and consolidate potential redundant travel engagements necessitated by the current discovery disputes between the parties.

| Dated: March 12, 2020 | Respectfully submitted, |
|---|---|
| | BAKER BOTTS L.L.P. |
| | */s/ G. Hopkins Guy, III* |
| | One of their attorneys |
| | |
| | G. Hopkins Guy III (CA Bar No. 124811) |
| | hop.guy@bakerbotts.com |
| | Jon V. Swenson (CA Bar No. 233054) |
| | jon.swenson@bakerbotts.com |
| | Karina Smith (CA Bar No. 286680) |
| | karina.smith@bakerbotts.com |
| | BAKER BOTTS L.L.P. |
| | 1001 Page Mill Road Building One, Suite 200 |
| | Palo Alto, CA 94304-1007 |
| | 650.739.7500 (Phone) |
| | 650.739.7699 (Facsimile) |
| | |
| | Andrew D. Wilson (DC Bar No. 1030144) |
| | 700 K Street, N.W. |
| | Washington, DC 20001-5692 |
| | 202.639.1312 (Phone) |
| | 202.508.9336 (Fax) |
| | andrew.wilson@bakerbotts.com |
| | |
| | Arthur J. Gollwitzer (06225038) |
| | agollwitzer@michaelbest.com |
| | James P. Fieweger (6206915) |
| | jpfieweger@michaelbest.com |
| | MICHAEL BEST & FRIEDRICH, LLP |
| | 444 West Lake Street, Suite 3200 |
| | Chicago, Illinois 60606 |

|  | 312.222.0800 (Phone) *Attorneys for Defendants Cambium Networks, Inc. et al.* |
|---|---|

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2020, I electronically filed the foregoing **DEFENDANTS' OPPOSED MOTION TO CONTINUE STATUS HEARING** with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users.

*/s/ G. Hopkins Guy, III*