# EXHIBIT A

```
 1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3
        UBIQUITY NETWORKS, INC.,          )
 4                                        )
                         Plaintiff,       )
 5                                        )
        -vs-                              )   Case No. 18 C 5369
 6                                        )
        CAMBIUM NETWORKS, INC.;           )
 7      CAMBIUM NETWORKS, LTD.; BLIP      )
        NETWORKS, LLC; WINNCOM            )
 8      TECHNOLOGIES, INC.; SAKID         )
        AHMED; and DMITRY MOISEEV,        )   Chicago, Illinois
 9                                        )   September 4, 2019
                         Defendants.      )   10:25 a.m.
10

11                      TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE GARY FEINERMAN
12

13      APPEARANCES:

14      For the Plaintiff:      FOX, SWIBEL, LEVIN & CARROLL, LLP
                                BY:  MR. JASON J. KEENER
15                                   MR. ERIK J. IVES
                                200 West Madison Street
16                              Suite 3000
                                Chicago, Illinois  60606
17                              (312) 224-1239

18      For the Defendants:     BAKER BOTTS, LLP
                                BY:  MR. HOPKINS GUY
19                              1001 Page Mill Road
                                Building 1, Suite 200
20                              Palo Alto, California  94304
                                (630) 739-7510
21

22      Court Reporter:

                          CHARLES R. ZANDI, CSR, RPR, FCRR
23                            Official Court Reporter
                            United States District Court
24                    219 South Dearborn Street, Room 2144E
                              Chicago, Illinois  60604
25                          Telephone:  (312) 435-5387
                     email:  Charles_zandi@ilnd.uscourts.gov
```

1    APPEARANCES:  (Continued)

2    For the Defendants:     MICHAEL BEST & FRIEDRICH, LLP
                                  BY:  MR. JAMES P. FIEWEGER

3                                   444 West Lake Street
                                  Suite 3200

4                                   Chicago, Illinois  60606
                                  (312) 222-0800

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      (Proceedings heard in open court:)

2              THE CLERK:  18 C 5369, Ubiquiti v. Cambium.

3              MR. KEENER:  Jason Keener for plaintiff Ubiquiti.

4              MR. IVES:  And Eric Ives for plaintiff.

5              MR. GUY:  Hopkins Guy for the defendant.

6              MR. FIEWEGER:  Jim Fieweger also for the defendant.

7              THE COURT:  Good morning.  We have a couple of

8      motions.  There's a motion to dismiss the first amended

9      complaint, and a motion to lift the discovery stay.

10              So, in -- when I dismissed the original complaint,

11     I said that in order to state a claim under the particular

12     circumstances of this case, the plaintiff had to say which

13     part of its firmware is not covered by the GPL or other open

14     source software licenses, and only that way can the defendants

15     get adequate notice of the claims.

16              And in the various motions, the plaintiff pointed

17     to paragraphs 33 to 37 as identifying what portions of the

18     firmware is -- is the basis of -- or are the basis of its

19     copyright claims.  And there has to be an allegation that

20     these are the portions of the firmware, and it's not derived

21     from GPL or other open source software in a way that would

22     eliminate copyright protection under the GPL license.

23              And I have to say -- and I don't know whether this

24     was intentional or not, but it's very squirrelly,

25     paragraphs 33 to 37.  It's like you just don't want to pull

1    the trigger and say, "None of these things in paragraph 37

2    have open source software or are derived from open source

3    software."  There's a lot of dancing beforehand, but it seems

4    like -- and again, maybe it's me and not you.  It seems like

5    you crafted the language in order to give the impression that

6    the things in paragraph 37 aren't GPL without actually saying

7    it.  And here's why.

8         So, we have 33, you say, there's Ubiquiti firmware,

9    and then you say there's a narrower category of Ubiquiti

10   registered firmware.  And you're saying your copyright claim

11   is based on the registered firmware.  So far so good.

12        And then in paragraph 34, you say Ubiquiti firmware,

13   not the registered firmware, the firmware, the broader

14   category, includes -- is subject to third-party licenses,

15   including the GPL.  So far so good, because that's the

16   firmware, not the registered firmware.

17        And then in paragraph 35, you say Ubiquiti's

18   registered firmware generally excludes licensed-in materials.

19        MR. KEENER:  Right.

20        THE COURT:  Generally.

21        MR. KEENER:  Because paragraph 35 goes on to provide

22   the one exception.  The one exception is for third-party

23   materials that are not subject to GPL, where we modify that,

24   we own the copyrights to those modifications.

25        So, if we license someone else's source code, such as

1   Atheros source code, and made modifications to that source

2   code and that source code is not subject to GPL in any way,

3   those modification derivatives are part of the definition of

4   registered firmware.

5           There was certainly no intent to be squirrelly or

6   deceiving in drafting the complaint.  We've said it in our

7   briefs, said it in open court numerous times, our copyright

8   claim, we are not attempting to assert copyright over anything

9   that's covered by the GPL.

10          We've tried to craft the complaint in a way that

11  breaks down the GPL components into the different parts and

12  saying we're not asserting copyright over anything that we

13  received under the GPL and any modifications made to any code

14  we received from others.  We're only asserting copyright for

15  those that are not subject to the GPL.

16          We're trying to be as clear as possible that we are

17  not making a claim in copyright over any of our source code

18  that is based on or derived from GPL.

19          THE COURT:  But 35 gives you some wiggle room.

20  35 says, "Registered firmware generally excludes licensed-in

21  materials."  That's fine.  And then you talk about the

22  licensed-in materials not subject to the GPL.

23          MR. KEENER:  Right.

24          THE COURT:  And that's fine.  But you never say the

25  registered firmware excludes categorically GPL.  You talk

1    about the non-GPL, but then you don't -- you don't finish the

2    thought by saying, "Oh, and by the way, none of the things in

3    paragraph 37 incorporate GPL-covered materials."

4           And that's why I was saying if you really dig beneath

5    the surface here, you're not pulling the trigger and saying

6    everything in 37 doesn't have anything to do with GPL.

7           MR. KEENER:  We intended to complete the thought with

8    the last line of paragraph 35, which says, "These copyrighted

9    modifications," those modifications to third-party source code

10   not subject to GPL, "are part of registered firmware."

11          THE COURT:  Right.  But you're not saying that --

12   you're not completing the thought by saying, "And we don't

13   do anything with -- the registered firmware has nothing to

14   do with GPL."

15          MR. KEENER:  That was clearly the intent of the

16   pleading, your Honor; and under the Rule 8 standards, we're

17   entitled to all inferences that can facially be made from the

18   complaint.  The point --

19          THE COURT:  Yes, but not if I say in an order

20   dismissing the complaint, "You have to say X," and then it

21   seems like you're dancing around something in a way to

22   avoid -- to give the impression that you're saying X but

23   you're not actually saying X.

24          Why didn't you just say in paragraph 37, at the end

25   of paragraph 37 where you list the nine things or the 18

1    things, "None of this rests on GPL"?  Why didn't you just pull
2    that trigger --

3                MR. KEENER:  We could --

4                THE COURT:  -- in the complaint after I told you that
5    you have to pull the trigger in the complaint?

6                MR. KEENER:  Your Honor, we believe 35 through 37 did
7    pull the trigger.  I understand how you're reading it, but the
8    way we intended it to be read is that none of the GPL code
9    that's licensed in is part of the registered firmware; and the
10   only exception is modifications to licensed-in materials not
11   subject to GPL is the one exception that's included in
12   registered firmware and nothing else.  That was the intent to
13   try and clarify this and provide it with specificity.

14               The point of your Honor's order as we read it
15   originally was a notice issue, that where we assert generally
16   that the whole firmware is infringed and they don't know which
17   portions of the firmware are at issue, they can't assert their
18   affirmative defense of a GPL because they don't know what
19   portions of the code are going to be at issue in the case.

20               We specifically identify the nine portions of the
21   code in paragraph 37 with very detailed specificity.  No one
22   is not on notice, there's no scavenger hunt about what
23   portions of the code are at issue.  And if they want to raise
24   their GPL defense, they can now do so with specificity to
25   these pieces of the code.

8

1        There's no dispute and no notice issue of the parties

2   not knowing what is at issue in this case.  There's no

3   heightened pleading standard or requirement to plead around

4   all potential affirmative defenses.

5        We intended to and think we did comply with this

6   Court's order to say, "This code is not subject to GPL.  It's

7   not licensed in by the GPL, and it's not modified by the GPL."

8   That was the intent, and that's how we think a fair reading,

9   with all inferences going toward plaintiff, would read this

10  complaint.

11       But the bigger issue is the notice problem has been

12  cured.  With all the briefing going back and forth, there's no

13  question about what portions of the code are at issue; and if

14  they want to raise their GPL affirmative defense in light of

15  this very specific portion of the code at issue, they're

16  allowed to.

17       THE COURT:  You could have done this -- you just

18  bought -- I mean, you cost yourself hours of work and

19  thousands of dollars by not just saying -- just -- when a

20  court order says, "Say X," don't draft a complaint that dances

21  around X and then come in and say, "Well, you have to draw

22  inferences in our favor."  If I was drawing inferences in your

23  favor in that way, I would have denied the original motion to

24  dismiss because I would say, "Well, there's got to be

25  something in here that isn't covered by GPL."

1             I just don't understand why you didn't just say in

2    plain English expressly what I said in the opinion what you

3    needed to say.  Instead, we're -- I have to parse and you're

4    saying, "Well, this is what we meant to say."  But it's

5    just -- you just wasted a ton of time by doing it in the way

6    that you did it, which is very frustrating because if what

7    you're saying -- you're saying these nine things have nothing

8    to do with GPL --

9             MR. KEENER:  Correct.

10            THE COURT:  All you needed -- all this, we wouldn't

11   have it if you would have just said that in the complaint.

12            MR. KEENER:  Your Honor, respectfully, instead of the

13   broader term, we went into what does the GPL cover and broke

14   that apart into licensed-in and modifications.  If you look at

15   their brief and your order, they both say the GPL covers stuff

16   licensed in from the GPL and modifications you made to it.

17            That's why we address it in both parts, trying to

18   provide the more specificity that defendants demanded in the

19   complaint, saying none of this code is licensed in to the GPL,

20   and none of this code is a modification to the GPL.  And that

21   is the basis of our registered firmware for the copyright

22   complaint.

23            MR. GUY:  If I may be heard on that, your Honor.

24            THE COURT:  Okay.  Well, why -- you actually did get

25   around, 100 paragraphs later, to saying kind of what I was

1    asking you to say, if you could consistent with your

2    obligations as an attorney; and that's paragraph 136.

3         MR. KEENER:  Correct, your Honor.

4         THE COURT:  So, why didn't you just put paragraph 136

5    as paragraph 38?  It shouldn't be a scavenger hunt.

6         MR. KEENER:  We were not intending it to be a

7    scavenger hunt, but 136 summarizes what we meant in

8    paragraphs 33 through 38 and again says none of the registered

9    source code is covered by the GPL or other open source

10   licenses.

11        The point of 33 through 37 was to provide the

12   specificity the Court wanted us to of exactly what portions

13   of the source code were at issue to cure the notice issue.

14   We thought we did that, and then we thought we took the

15   general definition of GPL-covered works, broke it into

16   component parts, and denied both of those.

17        And then in 136, belts and suspenders, as we're

18   restating the claim for copyright infringement, we again

19   reiterate that the registered firmware has nothing to do with

20   the GPL.

21        That's an affirmative defense they can raise, but the

22   notice issue, the Rule 8 issue has been cured.

23        THE COURT:  Okay.  So, what do I do with

24   paragraph 136?

25        MR. GUY:  Your Honor, if I can refer you back to your

1   order briefly, your order dealt with this idea of licensed-in
2   code, which they have -- we've gone through that; also, this
3   idea of modifications and derivatives to some extent.
4          But your order, in discussing a covered work, went
5   further.  "The covered work" -- and I'm quoting from page 4 of
6   your order.  "A covered work under GPL includes a work based
7   in whole or in part on open source software but does not
8   include 'separate and independent works' which are not by
9   their nature extensions of the covered work and which are not
10  combined with it such as to form a larger program," close
11  quote.
12         And you're quoting from the GPL Version 3 license
13  effective June 2007.
14         Then quoting from a case, you said, "As a result,
15  the GPL propagates the rights associated with open source
16  software to derivative programs, affording users of derivative
17  programs the same 'freedom to change the software' that the
18  GPL guarantees."
19         Now, what is missing out of paragraph 136 is it
20  doesn't exclude that aspect of the -- of the open source
21  protection of GPL, which is, "which can be combined such as
22  to form a larger program."
23         So, they're still -- in paragraph 36, they still
24  gerrymandered around the definitions.  You quoted them chapter
25  and verse of what a covered work is.  And our big issue is

1   they have not categorically said, "Nothing we're asserting is

2   covered by a GPL license," and they have not come forward and

3   said categorically that, "All the files we're asserting

4   copyright protection on are not covered works."

5           It is incredible, your Honor, after you gave them

6   clear scope, that all they had to do was define their asserted

7   firmware as not a covered work.  Had they simply done that, we

8   would at least have in the pleadings something we could begin

9   to work with.

10          THE COURT:  But doesn't paragraph 136 effectively do

11  that by saying that the registered firmware does not include

12  GPL, other open source license, or other licensed-in

13  materials?

14          MR. GUY:  No.  It does include the licensed-in.

15  That's correct.  That's the last bit.  But it says, "The

16  source code covered by the registered firmware does not

17  include open source software licensed to Ubiquiti pursuant to

18  the terms of a GNU general public license, GPL."

19          So, this means that it doesn't cover the combined to

20  form a larger program aspect of GPL.  So, if I take a piece of

21  code, it's open source, and I bring it over to my shop and I

22  combine it with a larger program and I make the connection

23  between the two and so forth, then the piece that I added,

24  even though I'm the original author of it, is now open source

25  as well.

1     So, this is where an example of the -- of failing to

2   exclude all covered works necessarily leaves open the door

3   that they're still making a claim for covered works.

4     THE COURT:  What's your response to that?

5     MR. KEENER:  A couple of issues, your Honor.  First,

6   I agree with you that 136 covers this issue.  It broadly and

7   generally states --

8     THE COURT:  I was just asking questions.  I wasn't

9   stating anything affirmatively, but go ahead.

10     MR. KEENER:  We believe 136 addresses the issue.  It

11   broadly states, "None of the registered firmware is covered at

12   all by the general public license."  Therefore, the correct

13   inference is it is not, therefore, a combination of general

14   public license code with our own code because nothing in that

15   set is general public license code.

16     Second issue is this is an issue they've raised only

17   in their reply, the combination.  In all of the prior

18   briefing, it's always been about:  Is it licensed-in or

19   modifications?  This combination is raised for first time in

20   their reply brief.

21     Third, not even their expert, who submitted an expert

22   report, which clearly shows --

23     THE COURT:  Nobody has to talk about the expert

24   report because I'm not considering it.

25     MR. KEENER:  The only point I'm making is even he

1 doesn't raise --

2       THE COURT:  We don't have to talk about it.  It

3 doesn't exist.

4       MR. KEENER:  That's fine.  No one --

5       THE COURT:  By the way, it doesn't exist --

6       MR. KEENER:  Agreed.

7       THE COURT:  -- for purposes of 12(b)(6).  Okay?  So,

8 we don't have to talk about it.

9       MR. KEENER:  The last reason, then, would be if they

10 want to raise an affirmative defense that there is some sort

11 of combination that subjects one of these specifically

12 identified pieces to the GPL, that's an affirmative defense,

13 that there's no pleading requirement that we have to plead

14 around that affirmative defense that hasn't been raised by

15 anybody at this point.

16       It's a fact issue that's going to be deeply involved

17 in discovery with later-stage expert reports and not an issue

18 for the pleading stage.  We've generally asserted, as the

19 Court required, that none of the registered firmware is

20 subject to the GPL.  If they think otherwise, they're allowed

21 to assert that affirmative defense.  The notice issue has been

22 cured.  They know what target they're shooting for.

23       MR. GUY:  Your Honor, if I may respond.

24       THE COURT:  Sure.

25       MR. GUY:  We did clearly address this in our opening

1  papers.  It's in page 2 at the top where we talk about covered

2  works include a work based in whole or in part on open source

3  software.  And, your Honor, we then went through the last

4  hearing in which you went through and asked them to identify

5  any non-public-source-derivative programs.  They identified

6  only four.  And we again quoted the language in paragraph 7

7  regarding this idea that they were -- they were extensions and

8  not combined with the larger program.

9          The whole point, I think, with paragraph 36, if you

10 read it carefully, it does not -- it doesn't really exclude

11 any later combination with an open source --

12          THE COURT:  Sure, it does.

13          MR. GUY:  No, it doesn't.

14          THE COURT:  "Include."

15          MR. GUY:  It says, "The source code covered by the

16 registered firmware does not include open source software

17 licensed to Ubiquiti."

18          THE COURT:  Right.  But general public license is

19 licensed to everybody.

20          MR. GUY:  In other words, they can -- you know, their

21 example with Atheros, they didn't get the license; Atheros

22 did.  And so that's the way it comes in to them, and then if

23 they include it as part of -- they take Atheros's code, they

24 never signed an open source license for that.

25          MR. KEENER:  I'm a little lost there.  If they're

1   saying Atheros has GPL code and then they give that GPL code

2   to us, the Atheros license said it's covered by the GPL.

3   We're accepting it under the GPL.  And if we're using GPL

4   code, that is not what we're saying is registered firmware,

5   whether it's from Atheros or any other open source.

6            There's other proprietary Atheros code that we have

7   modified that we have asserted in those nine; but as 136 says,

8   the registered firmware does not include any code covered by

9   the GPL.  Whether we get it from the original author or 10

10  steps down the line, the GPL license propagates to every

11  person who receives the GPL, and they take it under GPL terms.

12  So, by using that, we would be subject to the GPL.  We're

13  broadly saying we are not using any code in the registered

14  firmware that's subject to the GPL.

15           THE COURT:  Do you mind if we take a quick break for

16  a few moments?  I'll call you back after I'm done with these

17  criminal cases.

18    (Recess had.)

19           THE CLERK:  18 C 5369, Ubiquiti Networks versus

20  Cambium Networks.

21           THE COURT:  Okay.  So, I think you were about to say?

22           MR. GUY:  Yes.  I was about to say that what is not

23  in paragraph 136 and is not in any of their definitions is a

24  clear disclaimer that what they're asserting is not a covered

25  work.  It is incredible that they went 299 paragraphs without

1    even using the term, even though it was clearly in your order.

2         In their opposition, they suggest that they are --

3    you know, they're outside of the GPL license, but they refuse

4    to disclaim anything called a covered work.

5         And our concern is -- and it's in our papers, we did

6    address this, that simply excluding the licensed-in materials

7    or works of authorship by an open source author does not

8    exclude the full scope that the Court has already found in

9    page 4 of your order.

10        So, you have to -- you know, going back to the

11   paragraph 33 through 39 that you said were squirrelly, I

12   think, I couldn't agree more.  We wonder why it is that we can

13   have all of this briefing and they will not clearly and

14   unequivocally disclaim covered works.

15        So, why can't they pull the trigger, as you said?

16   Why can't they pull the trigger and say, "We are not asserting

17   any covered work in this case under a GPL license," simply add

18   that?  Why can't they do that?

19        MR. KEENER:  Your Honor, may I respond?  In the fact

20   session we tried to be overly specific in 33 through 37,

21   talking about the ways in which --

22        THE COURT:  Why don't you just answer -- address that

23   issue.  Why don't you just say, "We're disclaiming copyright

24   in any covered work"?

25        MR. KEENER:  We believe 136 does that, "The

1    registered firmware does not include any GPL licensed
2    material."
3            THE COURT:  And you're saying that that encompasses
4    covered works?
5            MR. KEENER:  We think it does.  We also think -- in
6    our briefing, we state that again.  We think we've stated
7    again in open court.  All of these are binding admissions that
8    we are not asserting any code covered by the GPL is infringed
9    by copyright.
10           MR. GUY:  Just use the phrase.
11           MR. KEENER:  We believe -- there are no covered
12    works.  The registered firmware are not covered works under
13    the GPL.  We pulled the trigger.  We've said it in multiple
14    different ways.  The phrasing "covered work" as a magical
15    word --
16           THE COURT:  I understand.  The shortest distance
17    between two points is a straight line; and this complaint --
18    and in complying with what I said had to be done in the
19    opinion, this is anything but a straight line.  And it -- as I
20    said, it bought you dozens of hours and tens of thousands of
21    dollars in legal fees.  It bought me hours of trying to delve
22    through this complaint to try and figure out what was going
23    on.  It just -- just -- simplicity -- it's not always better,
24    but it's almost always better, and in this situation, it would
25    have been.

1    So, assuming that I think that 136 solves any problem

2  with 33 through 37, what else do you have to say in support of

3  your motion to dismiss?

4    MR. GUY:  Well, your Honor, if I can focus back on

5  136, it does not exclude all covered works.

6    THE COURT:  Okay.  Let's say I disagree with you on

7  that.  What else do you have?

8    MR. GUY:  Your Honor, we have the issue that they've

9  now ballooned this out to something much larger than what they

10  said at the last hearing where we went through, I think with

11  some pain by them and the Court, to talk about calibration

12  files, configuration files.  We have no greater specificity to

13  that.  They're still very, very broad.  They've now named a

14  few of them in their -- in their opposition.

15    Again, maybe I can answer it this way:  I think the

16  question the Court should ask defendants here is, "Don't you

17  know what they're accusing you of?"  And the answer is we

18  really don't.

19    We know that they're saying there's a public park

20  out there.  They've now admitted there's a big public park.

21  But they're still saying you -- you're trespassed in that

22  park.  So, what portion of these codes, what portion of these

23  files are actually protectable by them?  It's still not clear.

24    THE COURT:  Well, they're saying these nine things,

25  or 18 things, however you want to count them, that's the part

1   of the firmware that is copyright protected, and that's the

2   part of the firmware that the defendants infringed.

3           MR. GUY:  But that's not what the limit -- those are

4   examples.

5           THE COURT:  Right.  But at least you have a start

6   here.  You have 18 things.  And then if they seek discovery

7   on 19 through 28, you can say, "Well, where is that in the

8   complaint?"  And then you'll either get an answer you like or

9   you don't like.  And if you -- if there's a discovery scope

10  issue, you can bring it to me, either by way of a motion to

11  compel or a motion for a protective order.

12          MR. GUY:  Okay.  Let's go to the issues -- I'm sure I

13  can't remember all the counts, but there are counts here

14  regarding defeating the anti-circumvention software and also

15  removing copyright codes.  Both of those are protected under

16  the open source, so again, we don't know how is it that we can

17  go in and look at certain files on their machine, we can't

18  look at others?  I mean, you don't get to download pieces and

19  bits.

20          So, we don't know how those survive in light of the

21  failure to be very, very specific about whether the protected

22  code was somehow separately protected under anti-circumvention

23  or the notice provision.

24          But our primary -- I will say our primary issue here

25  was always focusing on their lack and refusal to exclude

1  covered works, and I still don't think I got, you know, a
2  clear admission on that.  I think we heard something in which
3  the word "covered works" was mentioned in a statement, but I
4  still feel that they are asserting protection for covered
5  works.
6       THE COURT:  Okay.  That's not how I heard it, but I
7  take your point.
8       So, anything -- any other issues that either side
9  would like to address with respect to the motion to dismiss?
10      MR. GUY:  None, your Honor, except in the
11  alternative -- it seems as though the Court's inclined to
12  allow them to proceed in some form.  We do feel that there
13  is a dire need in this case not to have this case go wide.
14  I think in the last hearing, they said it was a very narrow
15  case.  I said that -- it was not going to be a wide-open thing
16  is what they said last time.  We would like to make sure that
17  happens and focus discovery on what they can show is not a
18  covered work under the GPL licenses.
19      THE COURT:  Okay.  All right.  And I think I
20  understand both sides' position on that.
21      So, what I'll do is I will review the materials once
22  again.  I'll issue a ruling shortly on the motion to lift the
23  stay on discovery.  It will certainly take me a bit longer to
24  get a ruling on the motion to dismiss, but the motion to lift
25  the discovery stay ought to provide -- I'm intending it to

1    provide appropriate guidance, at least in the near time.

2            Why don't we set this for a status hearing, Jackie,

3    in early November.

4            THE CLERK:  Sure.  How about November 7th, 9:00 a.m.

5            THE COURT:  Does that work for everybody?

6            MR. GUY:  I'm checking, your Honor.

7            MR. KEENER:  Yes, your Honor.

8            MR. GUY:  Yes.  And, your Honor, maybe could I ask

9    that I be by phone at this point?

10           THE COURT:  Oh, of course.  Yeah, any time you could

11   appear -- not at trial, if it gets to trial; but any time, you

12   can appear by phone.  Just make advance arrangements with

13   Jackie; and she'll let you know the call-in number, and we'll

14   have the line open.

15           MR. GUY:  Thank you, your Honor.

16           THE COURT:  Sure.

17           MR. IVES:  Thank you, your Honor.

18           MR. KEENER:  Thank you, your Honor.

19           MR. FIEWEGER:  Thank you.

20     (Which were all the proceedings heard.)

21                            CERTIFICATE

22     I certify that the foregoing is a correct transcript from
       the record of proceedings in the above-entitled matter.
23
       /s/Charles R. Zandi                September 18, 2019
24     _____      _____
       Charles R. Zandi                   Date
25     Official Court Reporter