# EXHIBIT C

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com
Direct 312.224.1235

February 18, 2020

**VIA EMAIL**

G. Hopkins Guy, III (hop.guy@bakerbotts.com)
Jon V. Swenson (jon.swenson@bakerbotts.com)
Karina Smith (karina.smith@bakerbotts.com)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007

James P. Fieweger (jpfieweger@michaelbest.com)
Michael Best & Friedrich, LLP
444 W. Lake Street. Suite 3200
Chicago, IL 60606

Arthur Gollwitzer, III (agollwitzer@michaelbest.com)
Michael Best & Friedrich, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746

Re: *Ubiquiti Inc. v. Cambium Networks, Inc. et al.*, Case No. 18-cv-05369 (N.D. Ill.)

Dear Counsel:

We are writing to you on behalf of Plaintiff Ubiquiti Inc. ("Ubiquiti") in response to your discovery meet and confer correspondence dated February 13, 2020 in which Defendants identified certain objections to Ubiquiti's 2/10/20 Discovery Requests (herein "Defendants' 2/13/20 Letter").[1] This response is being sent for discovery meet and confer purposes in accordance with the Federal Rules of Civil Procedure, Local Rules for the United States District Court for the Northern District of Illinois, and all other applicable rules and orders governing discovery in this action. Ubiquiti further reserves all rights with respect to these discovery matters as addressed herein.

As a preliminary matter, we first note that Defendants' 2/13/20 Letter grossly mischaracterizes the nature, number and scope of Ubiquiti's written discovery requests, including as follows:

---

[1] Unless otherwise stated herein, capitalized terms used in this response shall have the same meaning as defined in Defendants' 2/13/20 Letter and Ubiquiti's 2/10/20 Discovery Requests.

1

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com

Direct  312.224.1235

- Ubiquiti has properly complied with the terms of the Court's orders and the rules governing discovery in this case – including as it pertains to the scope of Ubiquiti's affirmative claims focused on the specific firmware files identified in Paragraph 37 of the First Amended Complaint. It must be noted, however, that the Federal Rules of Civil Procedure allow for broad discovery to be obtained on all relevant topics in order to avoid the potential concealment of responsive documents and information that may be relevant to any party's claim or defense in the case. Specifically, Rule 26(b)(1) states:

  > Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

  Fed. R. Civ. P. 26(b)(1). Ubiquiti's discovery requests fully comply with this controlling legal standard, as well as the Court's statements made at the hearing held on December 9, 2019 in this matter concerning the anticipated scope of discovery in this action.

- Contrary to Defendants' claims, Ubiquiti has **not** issued 645 separate discovery requests. Instead, Ubiquiti has issued a total of 139 unique requests for production, which total is imminently reasonable given the complexity, scope and nature of the claims and defenses at issue in this case, which include eleven (11) separate affirmative claims alleged by Ubiquiti and thirty-one (31) separate affirmative defenses alleged by Defendants.[2] The mere fact that many of these requests are applicable to multiple named defendants does not, in and of itself, mean that the requests are overly broad, burdensome and/or abusive. Ubiquiti has served these requests individually (or with instructions to be answered individually) in order to allow each named defendant the ability to respond individually in accordance with discovery rules – including, where applicable, to identify legally material distinctions concerning the responsive documents and information that may exist within each individual defendant's possession, custody and/or control. To the extent that no such material distinctions exist, Ubiquiti has no objection to written responses being provided jointly on behalf of multiple defendants.

- It is likewise noteworthy that Defendants' 2/13/20 Letter does not raise objections with respect to the vast majority of Ubiquiti's requests for production (or any of Ubiquiti's interrogatory requests). Instead, Defendants appear to have raised objections only with

---

[2] Ubiquiti has also issued certain interrogatory requests well within the agreed upon limits set forth in the case management order for this case.

2

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com                                                                 Direct 312.224.1235

    respect to a small number of requests for production – specifically, RFP Nos. 4, 5, 6, 11-1, 19, 21, 25, 26, 45-46, 48-49, 110, and 114. Even if Defendants' objections had been valid (which they are not), the proper procedure for asserting such objections would be to do so within Defendants' written responses to each specific request – not to blankety demand that Ubiquiti withdraw the entirety of its written discovery requests in this action.

In addition to these threshold deficiencies, the alleged objections identified in Defendants' 2/13/20 Letter each lack merit for the reasons detailed in the subsections below. Nevertheless, in the interest of seeking to amicably resolve these preliminary discovery disputes without requiring the expenditure of further party or juridical resources, Ubiquiti has agreed to accept and/or propose certain meet and confer agreements as set forth herein.

    (1) <u>Disclosure of Elevate Source Code</u>: In Defendants' First Supplemental MIDP Disclosures served January 10, 2020, Defendants agreed to produce portions of Elevate source code – but sought to restrict that production to only those files that Cambium self-identified to be "[s]ource code for any portions of Elevate firmware and Elevator installation tool that reproduce any of the 'Ubiquiti 18 Modules,' defined herein as any file, Code File, or other directory, object or module identified in Paragraphs 37 and 39 of the First Amended Complaint" as "to be determined after Cambium's analysis of the Ubiquiti 18 Modules and related source code". In essence, Defendants proposed to produce only the portions of the Elevate source code that it would seemingly self-identify to constitute a violation of applicable law, thereby rendering Defendants the sole arbiter of what code may be used to establish Ubiquiti's claims.[3] As a result of this inappropriate limitation, Ubiquiti submitted discovery requests seeking production of all potentially relevant portions of Elevate source code that may be relevant to the claims and defenses in this case. Contrary to Defendants' assertions in the 2/13/20 Letter and First Supplemental MIDP Disclosures, Ubiquiti is not required to accept a limited production of Elevate source code that *Cambium* believes can be used to prove Ubiquiti's claims given the focus of this case on the 18 files. Rather, Ubiquiti is entitled to review the Elevate source code in its entirety to determine the extent to which the 18 files are utilized during the installation, operation, use, and marketing of Elevate, and then determine with its consultants whether that information establishes Defendants' liability for the eleven claims alleged or defeats any of Defendants' thirty-one affirmative defenses.

    Notwithstanding our disagreement as to Defendants' objections to the request for production of Elevate source code, in an effort to reasonably resolve Defendants' objections and avoid unnecessary discovery disputes, Ubiquiti will consider Defendants' meet and confer proposal in the 2/13/20 Letter as follows: Ubiquiti is open to evaluating and continuing to meet and confer with Defendants regarding the proposal to limit the production of Elevate source code to the first and most recent versions only, provided that (i) Cambium shall also identify in

---

[3] Conversely, Ubiquiti agreed to produce the source code for the registered versions of the AirOS firmware that supports its copyright infringement claims.

## Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com                                                                                                             Direct  312.224.1235

writing each additional released version of Elevate source code by name and date, with a brief narrative description of the changes, modifications and/or updates made in each version, and (ii) Ubiquiti shall reserve the right to request production of additional version(s) following its review of this production as permitted by the applicable rules governing discovery in this case.

(2) <u>Requests Directed to the Ubiquiti Firmware</u>:  As an initial matter, Defendants' 2/13/20 Letter misinterprets a number of Ubiquiti's requests as seeking overbroad discovery regarding Ubiquiti's Firmware, without limitation to the specific firmware files identified in Paragraph 37 of the First Amended Complaint (referred to by Defendants as the 18 files), when in fact the requests seek information related to entirely different topics.  For example, a number of the specific requests cited in your letter have nothing to do with this particular issue, including by virtue of the fact that:

- Requests Nos. 6 and 15 do not seek documents and communications that relate to the Firmware; and

- Requests Nos. 110 and 114 seek documents and communications referring or relating to contentions made by Defendants in their Fourteenth and Twenty-First Affirmative Defenses, respectively, by merely quoting the specific language used by Defendants in those affirmative defenses – which requests are certainly permissible and are based solely on Defendants' own allegations as plead in these affirmative defenses.

With respect to the pertinent requests that do focus on Ubiquiti's Firmware, Ubiquiti sought to narrowly tailor those requests to obtain only those documents that may be relevant to the claims and affirmative defenses in this case, including as specifically relevant to the 18 files that comprise Ubiquiti's Registered Firmware and are part of Ubiquiti's Proprietary Firmware. However, the conduct alleged against Defendants makes it unrealistic for Ubiquiti to specifically tailor each and every request to produce to make specific reference to those 18 files, as a number of categories of responsive documents are not likely to make specific distinctions between those 18 files and the Firmware as a whole.  As just one example (among many), to the extent that email communications exist in which Defendants discuss their access, use, copying and reverse engineering of Ubiquiti's Firmware as a whole, such communications would be responsive and relevant because they would necessarily include admissible evidence regarding Defendants' conduct as related to the 18 files (as part of the whole).

For these reasons, Ubiquiti asserts that its requests for production related to Ubiquiti Firmware are properly tailored to seek evidence relevant to the claims and defenses at issue in this litigation.  Nevertheless, in response to Defendants' 2/13/20 Letter, Ubiquiti hereby acknowledges and clarifies that none of Ubiquiti's discovery requests should be interpreted by Defendants to seek the production of documents, communications or information that relate solely to a portion of the Firmware that is subject to the GPL (or other open source license). Accordingly, for purposes of Defendants' responses to Ubiquiti's 2/10/20 Discovery Requests,

4

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com                                                                 DIRECT  312.224.1235

the definition of "Firmware" shall be limited to make reference to this additional clarification and limitation, whereby:

- Firmware shall be defined to include only instances in which Firmware is referenced in a manner that either (i) makes specific reference to the firmware files identified in Paragraph 37 of the First Amended Complaint (referred to by Defendants as the 18 files), or (ii) includes reference to the firmware files generally or in their entirety, such that it necessarily includes reference to the firmware files identified in Paragraph 37 of the First Amended Complaint (referred to by Defendants as the 18 files) because of these files' inclusion in the entirety of Ubiquiti's Firmware.

- Firmware shall be defined to exclude reference to documents, communications or information that relate solely to a portion of the Firmware that is subject to the GPL (or other open source license).

This clarification is made by Ubiquiti in the interest of amicably resolving discovery disputes with Defendants and fully conforms to the Court's comments at the December 9, 2019 hearing, as well as the applicable rules governing discovery in this action. Notwithstanding this clarification, Ubiquiti reserves all rights with respect to the issuance of requests for production of any specific category of relevant documents as permitted by the applicable rules governing discovery.

(3) Requests Directed to Collaboration and Issue-Tracking Systems:

Ubiquiti believes that collaboration and issue-tracking systems may contain responsive information necessary to establish Ubiquiti's claims, including its claims based on the 18 files. There does not appear to be a dispute over Ubiquiti's requests given Defendants' commitment in the 2/13/20 Letter to provide "information regarding the design and development of Elevate, including information stored in the types of tracking systems."

Ubiquiti reserves the right to address this issue once it has a clearer understanding of whether information relating to the collaboration and issue-tracking systems, including information requested in Requests Nos. 45 and 46, is being withheld by Defendants on the basis of an objection.

(4) Requests Directed to M-Series Devices: In a short two (2) sentence section on page 3 of Defendants' 2/13/20 Letter, Defendants object to certain requests "related to M-Series devices" as being "overly broad and burdensome because they are not tailored to seek information rooted in the 18 files and Ubiquiti does not allege a violation of any agreement or intellectual property right governing use of its hardware." However, this generic objection does not specify the requests to which Defendants' actually object. Nor can Ubiquiti readily identify the requests that are purportedly objectionable from the limited context provided, as the

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com                                                                 Direct  312.224.1235

discovery requests seeking information related to M-Series devices are each narrowly tailored to seek specific information, conduct and events pertaining to the claims and defenses at issue in this case (as in nearly each instance, the reference to "M-Services devices" sets forth the necessary limitation as to the scope of the specific request at issue). With respect to the generic objection raised in Defendants' 2/13/20 Letter, Ubiquiti proposes the following: (i) to the extent the objection is premised upon the allegedly overbroad definition of Ubiquiti Firmware, Ubiquiti incorporates by reference the meet and confer proposal set forth in Section (2) of this letter; and (ii) to the extent that Defendants object to any specific request containing reference to "M-Series devices" on other grounds, such objection should be identified in Defendants' written responses and objections to Ubiquiti's 2/10/20 Discovery Requests in accordance with the applicable rules governing discovery, and if needed, the parties can meet and confer further with respect to such specific objections once identified therein.

(5) <u>Defendants' Request for an Extension of the Deadline to Respond to Ubiquiti's 2/10/20 Discovery Requests</u>: In email correspondence sent on February 14, 2020, Defendants requested a three (3) week extension of the deadline to respond to Ubiquiti's 2/10/20 Discovery Requests – extending the response date to April 1, 2020. Although Ubiquiti is generally amenable to reasonable discovery extension requests, this request is potentially problematic given the schedule that has been established for the settlement conference before Magistrate Judge Cummings, pursuant to which Ubiquiti must submit its settlement conference demand letter on March 27, 2020. As you are aware, the schedule was established by Magistrate Judge Cummings in order to allow the parties to exchange necessary discovery in advance of written submissions and the April 17, 2020 settlement conference. While this presents a potential problem with respect to Defendants' extension request, we are confident that the parties will be able to collaborate to agree upon a workable schedule. To that end, Ubiquiti proposes that the parties agree to the following schedule for Defendants' discovery responses:

- March 3, 2020: Per the parties' agreed extension request, the deadline for Defendants to produce Elevate source code (in accordance with a meet and confer agreement to be determined above), and all other documents and electronically stored information (ESI) identified in Defendants' supplemental MIDP disclosures.

- March 20, 2020: Deadline for Defendants to provide written responses to Ubiquiti's 2/10/20 Discovery Requests – thus providing at least one (1) week for Ubiquiti to review such responses prior to submission of its settlement demand letter on March 27, 2020.

- March 20, 2020: Deadline for Defendants to complete initial production of responsive documents and electronically stored information (ESI) to Ubiquiti's 2/10/20 Discovery Requests. Provided, however, that the parties shall agree to meet and confer regarding the timing for production of any category of responsive documents that Defendants identify to be overly burdensome and/or not possible to be produced within this timeframe – with the goal of ensuring that information that is necessary for the parties to

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
WWW.FOXSWIBEL.COM ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com                                                            DIRECT  312.224.1235

engage in a meaningful settlement conference be produced in a timely manner.

We request that you confirm that the meet and confer proposals set forth herein are sufficient to resolve the matters raised in Defendants' 2/13/20 Letter. To the extent necessary, we are also available to participate in a meet and confer teleconference to discuss these matters.


Very truly yours,


/s/ *David Koropp*


David E. Koropp



cc:    Erik J. Ives (eives@foxswibel.com)
       Steven L. Vanderporten (svanderporten@foxswibel.com)

7