# EXHIBIT A

**Reynolds, Steven J.**

| | |
|---|---|
| **From:** | Reynolds, Steven J. |
| **Sent:** | Thursday, March 05, 2020 9:15 PM |
| **To:** | 'jon.swenson@bakerbotts.com'; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com |
| **Cc:** | Ives, Erik J.; Koropp, David E. |
| **Subject:** | RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983] |

Jon,

Is the "notice" you're now referring to the March 4 e-mail in which Steve V. stated that there is an open dispute about the expert disclosures:

> "We will make the source code available pursuant to the Agreed Confidentiality Order (the "Protective Order") at Fox Swibel's offices, 200 West Madison Street, Suite 3000, Chicago, IL 60606, once you fulfill your obligations to complete the disclosures for the consultants that you intend to have inspect the code."

(emphasis added)

Even if you disagreed with our position, the language is plain that the computer would not be available until ("once") the dispute was settled. We've been in active communication about discovery issues this week, so it seems strange that you would dispatch your expert to Chicago even though the parties were not yet agreed—especially given that no date and time had been agreed upon.

It is also confusing to me why Mr. Zeidman traveled to Chicago (on Wednesday) before you even notified us of the 8 programs that you wished to have installed (which occurred at 10:00 pm on Wednesday). Notably, in that request, you asked us to let you know if we were to have any issues installing those programs. Thus, Mr. Zeidman was already on his way before you even requested the necessary tools and a day before the parties could even discuss installation logistics (e.g., locating DirUnzip).

Between this and your statement that Defendants will skip over providing objections to document discovery and right to a seeking a protective order, it appears you have predetermined to involve the Court at some level. We have done everything we can to avoid that. We responded to your discovery letter in one day, and installed the files you requested on the source code computer in one day, even though we had an open dispute as to the disclosure of two of your experts. But if one party is bent on making the meet-and-confer process fail, there is little the other can do.

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
Fox Swibel Levin & Carroll LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Thursday, March 05, 2020 8:29 PM
**To:** Reynolds, Steven J.; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steven,

When Ubiquiti sent its notice yesterday (a day too late in violation of the Court's order) that it had its Source Code available for inspection, we understood that it was indeed available for inspection which turns out not to be the case. Mr. Zeidman traveled to Chicago after that notice.

We provided notice (twice) that we were going to inspect Ubiquiti's Source Code "the same day" it is made available. There is nothing in the Protective Order that allows Ubiquiti to create artificial requirements to avoid inspection of its code.

We will raise this issue with the Court.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 5, 2020 5:56 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Jon,

Is the e-mail copied below the February 6 "notice" you're referring to? The protective order certainly does not allow one to make an open-ended, running appointment such that they can demand to show up at a moment's notice whenever they choose. That would completely eviscerate the 5-day notice requirement.

We do not have the ability, in Chicago, to install software on a source-code-review computer—given how those computers must be locked down. You provided notice of the software you required last night just before 10:00 pm. We worked today to have the software you requested installed but, as Steve V. noted, we could not find the proprietary DirUnzip program you requested. You did not let us know until just before 6:00 pm today that DirUnzip would not be required. At that point it was too late to have the computer finalized and shipped to us.

That also begs the question of when you dispatched Mr. Zeidman to travel. Was it before or after you notified us that Dr. Zip need not be installed?

2

In any event, we will do our best to have the computer ready by Monday (we will confirm tomorrow), but we simply cannot complete requests to install multiple tools on a source code computer in a single day.

In every other case I've worked on, the parties agreed to concrete dates and times—just as one would for any other meeting or appointment—before making travel plans. If you would please be specific next time, we could avoid such logistical problems.

-Steve

---------------------------------------------------------------------------------------------------------------

**From:** Swenson, Jon
**Sent:** Thursday, February 6, 2020 8:32 PM
**To:** 'Koropp, David E.' <dkoropp@foxswibel.com>; Ives, Erik J. <eives@foxswibel.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>
**Cc:** DL Cambium / Ubiquiti <DLCambium/Ubiquiti@BakerBotts.com>; jpfieweger@michaelbest.com
**Subject:** Ubiquiti v. Cambium

Counsel:

Pursuant to Paragraph 13(b) of the Agreed Confidentiality Order, Defendants hereby provide notice that they intend to inspect any Source Code made available by Plaintiff beginning on February 18, 2020 and continuing daily thereafter. One or more of Defendants' counsel of record and/or Defendants retained experts will conduct the inspection.

Thanks,

Jon
**Jon V. Swenson**
*Partner*

Baker Botts L.L.P.
jon.swenson@bakerbotts.com
T +1.650.739.7514
F +1.650.739.7614
M +1.650.773.9185
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304


Steve Reynolds
sreynolds@foxswibel.com │ 312-224-1249 (direct) │ 312-636-4674 (mobile)

**FOX SWIBEL**
**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 │ Chicago, Illinois 60606
www.foxswibel.com │ 312-224-1200 (main) │ 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Thursday, March 05, 2020 6:54 PM
**To:** Reynolds, Steven J.; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Stephen,

As we explained previously on the other email chain regarding the expert disclosures, we provided notice of our intent to review the code on February 6, 2010. That far exceeds the five business days required under the Protective Order. If you do not have all of the tools installed that we requested by tomorrow, that is fine. We will do what we can.

Mr. Zeidman is cleared under the protective order. The other consultants are not yet cleared and the Protective Order prohibits them from access to protected information. Thus, there is no need for a wall as requested.

Finally, Cambium already provided notice on March 3 that its Source Code is available for inspection at our offices in Palo Alto. Ubiquiti has not provided us any notice that it intends to inspect the code but can do so under the terms of the Protective Order.

Mr. Zeidman has already traveled to Chicago and is ready to begin review at 9 am tomorrow morning. If you refuse to let us review the code we will request that Ubiquiti pay for our time and costs for not complying with the Protective Order.

Please confirm that Ubiquiti will make its Source Code available for review by Mr. Zeidman starting at 9 am at your offices tomorrow morning.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 5, 2020 4:34 PM
**To:** Vanderporten, Steven L. <svanderporten@foxswibel.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Andrew,

Allow me to respond to your e-mail (copied below). I'm new to the firm here, so going forward, please add me to all correspondence regarding this case.

The source code computer will not be ready tomorrow. You did not identify the 8 tools you would like installed until late last night. Additionally, there are outstanding issues regarding potential conflicts of others from Mr. Zeidman's frim (e.g.,

4

Mr. Baer); we need to take measure to ensure he is screened off until that issue is resolved. Further, under the protective order, we are allowed 5 days' notice, and there is certainly no mandate that one party be allowed to unilaterally choose the date and time. I'm sure you'll appreciate the courtesy of some flexibility when we request to review Defendants' source code.

Further, as mentioned below, we request that Defendants first withdraw their refusal to produce their source code until an indefinite time after Ubiquiti has made its available. Delays in making your source code available will unduly prejudge Ubiquiti, and you still have not provided legal support for your refusal.

We've offered to meet and confer on outstanding discovery issues as early as Monday, despite the fact that you sent your letter and source code requests late last night. Assuming the parties can reach an agreement, we expect to have the computer loaded and ready early next week.

-Steve

---

Steven,

DirUnzip is a proprietary tool and it is not necessary to install that tool at this time.

In addition, Mr. Zeidman intends to appear at your offices to conduct his inspection of source code beginning at 9am tomorrow morning.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400


Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**FOX SWIBEL**
FOX SWIBEL LEVIN & CARROLL LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** Vanderporten, Steven L.
**Sent:** Thursday, March 05, 2020 4:57 PM
**To:** jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.; Reynolds, Steven J.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

Attached please find a letter from David Koropp responding to your letter sent on March 4th.

We also write to dispute the contentions made in your March 4th e-mail concerning Ubiquiti's source code and Defendants' consultants Nikolaus Baer and Atif Hashmi. Ubiquiti's source code will be made available consistent with the Agreed Confidentiality Order, including to Defendants' counsel and Mr. Zeidman; however, as addressed in the attached letter, and in our letter sent February 18th, we request that you withdraw your improper proposal to make Elevate source code available for inspection only *after* your review of Ubiquiti's source code. There is no basis in the Federal Rules for this one-sided approach to mandatory disclosures. Consistent with your present discovery deadlines, we request that you make the Elevate source code available no later than March 11th.

We also reiterate our request that you supplement your disclosure for Dr. Hashmi. Attached is Dr. Hashmi's resume that was submitted in another case. While you claim this resume is "immaterial," it reveals consulting work on litigation matters that were never disclosed to us (*e.g.*, *Broadcom v. LG, MediaTek et. al* (No. 337-TA-1047)). Our request for you to supplement his disclosure on this ground is entirely reasonable, but you have nonetheless refused. To the extent you file a motion regarding this issue, we will be prepared to raise with the Court the fact that your consultant omitted litigation work from his disclosure. However, should you fully disclose Dr. Hashmi's litigation consulting history, and assuming we have no objections, Dr. Hashmi will be given access to our source code.

Finally, we disagree that we were under any obligation to make substantive objections to your incomplete disclosure of Mr. Baer on February 11th. Notably, you never challenged our objection to the incomplete disclosure or challenged the fact that the supplemental disclosure would determine our deadline to object. Rather, recognizing that Mr. Baer had omitted critical employment information, you supplemented his disclosure on February 27th. Mr. Baer is presently consulting for a competitor of Ubiquiti. Your refusal to give us information necessary to determine whether the nature of his consulting role could harm our client is contrary to the provision in the Agreed Confidentiality Order requiring the Receiving Party to "first attempt to resolve the objection(s)" with the Producing Party. As such, we maintain our objections to Mr. Baer.

We are available Monday to have a telephonic meet and confer, including on the issues over which the parties have exchanged meet and confer letters and on our objections to your consultants Mr. Baer and Dr. Hashmi.

Best,

Steven Vanderporten

Steven L. Vanderporten
svanderporten@foxswibel.com | 312-224-1218 (direct)



**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Wednesday, March 04, 2020 9:43 PM
**To:** Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com

**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

Please see the attached.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Vanderporten, Steven L. <svanderporten@foxswibel.com>
**Sent:** Tuesday, February 18, 2020 7:09 PM
**To:** Guy, Hop <hop.guy@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]


**[EXTERNAL EMAIL]**

Counsel,

Please see the attached correspondence, which responds to your February 13, 2020 letter and related e-mail communications. Thank you.

Best,

Steven Vanderporten

Steven L. Vanderporten
svanderporten@foxswibel.com | 312-224-1218 (direct)


**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.