# EXHIBIT B

**Reynolds, Steven J.**

| | |
|---|---|
| **From:** | Reynolds, Steven J. |
| **Sent:** | Thursday, March 26, 2020 11:21 AM |
| **To:** | 'jon.swenson@bakerbotts.com' |
| **Cc:** | andrew.wilson@BakerBotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Ives, Erik J.; Koropp, David E. |
| **Subject:** | RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983] |

Jon,

I'll request again that you please tone down the generalized rhetoric in your discovery correspondence. Your broad, introductory assertions about obstruction and delay are not helpful to solving any particular discovery dispute. Responding briefly in that regard, Ubiquiti identified the licenses that were breached and proprietary portions of code that Cambium accessed, infringed, and illegally used (among other claims). The full extent of Defendant's actions, and financial benefit to Defendants, is known only to them.

In terms of written discovery, Defendants specifically targeted Ubiquiti's source code, and Ubiquiti answered all of it. If there are deficiencies, please identify them in detail—as we have done with Defendants' responses (*see, e.g.,* nine items raised in March 20 Koropp Ltr). Simply comparing page counts in the parties' respective productions is not helpful; especially given that Defendants' production is the proverbial document dump, largely unorganized (*see, e.g., id.* § 8) and comprised of many illegible file types and duplicative information.

Second, your continued attempt to overstate the problem of identifying a solution to reviewing source code in these trying times undermines the meet-and-confer process. Defendants had the opportunity to review Ubiquiti's source code for two weeks. They declined to do so, and then the COVID-19 circumstances escalated. The resulting delays have been felt by both parties. For instance, we still have not received your responses to Ubiquiti's interrogatories or any explanation of your position in that regard.

Further, neither party has been able to propose a workable solution to source code review in the escalated COVID-19 circumstances. Thus, your assertion that I made any statements about not seeking approval is misleading—and premature in any event. Indeed, I stated that constantly evolving events (including office closures, state/city mandated closures, and "shelter-in-place" orders) have prevented us from identifying a workable solution that would both satisfy the security requirements of the Protective Order, while also not violating the public health orders or concerns articulated above. I then asked that your office propose a specific, workable solution to accommodate the concerns raised by COVID-19 (including the health of both side's employees) that would apply to **both** parties.

In the "additional correspondence" you promise, please detail such a specific solution so that we can consider and discuss it. Your correspondence to date has provided only one-sided demands. As we've stressed throughout this case, discovery is a two-way street, and your source code review proposal has to be **mutual**. It may be helpful to talk this through on the phone. We will make ourselves available to do so after receiving your further correspondence.

Best,

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)



**Fox Swibel Levin & Carroll LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Wednesday, March 25, 2020 9:55 PM
**To:** Reynolds, Steven J.
**Cc:** andrew.wilson@BakerBotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steve,

Ubiquiti continues to obstruct and delay discovery. Cambium is entitled to know why this case is being brought, but Ubiquiti has refused to answer that question for nearly two years. Meanwhile, Cambium has produced 178,279 pages of documents while Ubiquiti has produced only 811 pages. This disparity and is telling. Ubiquiti's motive in this lawsuit is simply to run up Cambium's costs while at the same time refusing to identify what it claims is at issue in this case (if anything).

Your statement that you would request "client input" regarding our specific source code review proposals more than a week ago followed by your most recent email that you now didn't seek any such approval is telling as to Ubiquiti's intentions.

I will send you additional correspondence related to our ongoing efforts to review Ubiquiti's source code soon.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 19, 2020 4:05 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>
**Cc:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Jon,

As you are undoubtedly aware, the Northern District of Illinois entered a general standing order (in our case and all others) that automatically extended all civil case deadlines by 21 days (whether such deadlines were set by the Court or any applicable federal or local rules) due to the COVID-19/corona virus public emergency. The constantly evolving events and public-health restrictions we are all facing will undoubtedly have an impact on our case—likely as it relates to the progress of discovery, the parties' settlement conference submissions (deadlines we understand to have now been extended by court order), and potentially the settlement conference itself.

Notwithstanding the Court's general continuance of all matters, we are continuing to work remotely during this time. As a result, we fully intend to work with you to move this case forward and make as much progress as possible with respect to outstanding discovery issues. But, as we have mentioned multiple times, this process must be a ***two-way street***. In addition, this process must also take into account the limitations that are presently being imposed due to the COVID-19/corona virus events, as we do not intend to unnecessarily risk the health of any of our attorneys, staff, or any other individuals (including your own personnel).

With all of this as background, we respond to your demand for access to Ubiquiti's source code as follows:

- As an initial matter, your statement misleadingly implies that Ubiquiti has been withholding source code. However, as detailed in our prior correspondence, Ubiquiti has fully complied with its obligations under the terms of the Protective Order and court deadlines. In sum, we remind you that your office gave us 14 hours' notice (instead of 5 days) that your source code reviewer would show up for one day (Friday, March 7); we could not accommodate that short notice but nevertheless made the source code computer available beginning the very next business day and at any time during the next two weeks.

- Ubiquiti remains open to a meet-and-confer to discuss acceptable procedures for the parties' experts to obtain access to source code. Such procedures must necessarily provide ***both*** parties with access. We note that constantly evolving events (including office closures, state/city mandated closures, and "shelter-in-place" orders) have prevented us from being able to identify a workable solution that would both satisfy the security requirements of the Protective Order, while also not violating the public health orders or concerns articulated above.

- To move this process forward, we request that your office propose a specific, workable solution to accommodate these concerns—to the extent you believe such a solution exists. Alternatively, we are available to participate in a telephonic meet/confer with you to brainstorm a potential solution.

In line with our efforts to continue to move discovery in this matter forward, we will also be sending you formal meet-and-confer correspondence with respect to outstanding written discovery matters (including the fact that we have not received Defendants' interrogatory responses to date). To that end, we again stress that discovery must necessarily be a two-way street, as there exists no basis for Defendants to demand that Ubiquiti make extraordinary discovery efforts (beyond the scope of the existing Protective Order) while at the same time failing to comply with their own discovery obligations.

Please feel free to contact me to discuss the matters addressed herein.

Thanks,

-Steve

Steve Reynolds
[sreynolds@foxswibel.com](mailto:sreynolds@foxswibel.com) | 312-224-1249 (direct) | 312-636-4674 (mobile)



Fox Swibel Levin & Carroll LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Wednesday, March 18, 2020 7:00 PM
**To:** Reynolds, Steven J.
**Cc:** andrew.wilson@BakerBotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Stephen,

Can you please let us know your response to our proposals? It has been over two weeks since Ubiquiti was required to make its code available for inspection and we still have not been able to inspect it.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Monday, March 16, 2020 6:40 AM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>
**Cc:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Jon,

Surely you know that this is the type of decision that requires client input. We will discuss the matter with Ubiquiti as soon as we can and get back to you.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

## Fox Swibel
**Fox Swibel Levin & Carroll llp**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Friday, March 13, 2020 10:27 PM
**To:** Reynolds, Steven J.
**Cc:** andrew.wilson@BakerBotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Ives, Erik J.; Koropp, David E.
**Subject:** Re: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Let's do better. Let us know your response tomorrow.

Jon V. Swenson
O: 650-739-7514
M: 650-773-9185


On Mar 13, 2020, at 5:54 PM, Reynolds, Steven J. <sreynolds@foxswibel.com> wrote:


[EXTERNAL EMAIL]

Thanks for the notice, Jon. We'll put our heads together early next week. I'm sure we can come up with something.

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

<image001.png>

FOX SWIBEL LEVIN & CARROLL LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.


**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Friday, March 13, 2020 6:42 PM
**To:** Reynolds, Steven J.; andrew.wilson@BakerBotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steve,

Due to COVID-19 concerns, Mr. Kovanis has just informed us that he is unable to travel to Chicago next week. Given that it seems likely that this situation will persist for at least several weeks, we would like to make arrangements for him to review Ubiquiti's code in the Bay Area where he is.

We suggest that you could send the computer with the code to a location in the Bay Area where he can access it. I do not think your firm has an office in the Bay Area, but it seems likely that Ubiquiti has other outside counsel on other matters that does. We could agree to do the source code inspection there. Alternatively, we could do it at our offices in the Bay Area and be supervised by our attorneys.

Please let us know how you would like to proceed. Happy to jump on a call to discuss if needed.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Swenson, Jon
**Sent:** Friday, March 13, 2020 2:46 PM
**To:** 'Reynolds, Steven J.' <sreynolds@foxswibel.com>; Wilson, Andrew <andrew.wilson@BakerBotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steve,

You are correct that our expert plans to be there at 2 on Monday. He may be a little later than 2 given the timing of his flight and depending on traffic.

Should circumstances change, we should discuss alternatives to experts traveling to review code. It strikes me that if we can reach some arrangement that our experts can conduct a review without traveling that would be ideal. Let's see how things play out, but please let us know as soon as you can if the situation changes on your end.

Obviously the review of Ubiquiti's source code is critical to our understanding of the case and will be a key issue with respect to the settlement discussions mentioned by the Court's order today. We need to work to make sure that it is done without interruption.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Friday, March 13, 2020 2:37 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Wilson, Andrew <andrew.wilson@BakerBotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Jon,

Please confirm that you intend to have your expert (Mr. Kovanis) arrive at our office on Monday (3/16) at 2:00pm central. If so, we will send a calendar invite.

As of now, our office is planning to be open on Monday. But, as I said below, I cannot guarantee what the weekend will bring. I would note that my strong, personal preference (based upon my lay reading of the COVID-19 progression) is to avoid downtown (and our office) as much as possible. But I'm willing to work with you nonetheless.

You mention alternatives to in-office review. If you feel a contingency plan for review is necessary, please propose one <u>before</u> your expert travels, so we can discuss it as needed without finding ourselves in the place of negotiating a solution with your expert already here. That goes for all other expert issues (including disclosures). If you dispatch your expert before we have resolved pending issues/logistics, there's no way to guarantee that those will be resolved prior to arrival. In any event, you must be willing to accept some possibility that the COVID-19 situation will interrupt the review.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

<image001.png>

Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Thursday, March 12, 2020 4:34 PM
**To:** Reynolds, Steven J.; andrew.wilson@BakerBotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steven,

As you note things are getting substantially worse with respect to the COVID-19 situation and we are going to file the motion now. Your proposals (and indeed the fact that you forced us to spend the resources and time to draft up a motion in the first place) are nothing more than the continued pattern of delay. We will note that you oppose the motion.

Regarding the source code inspection, we have provided proper notice as required and our expert will be there as indicated. We are happy to be flexible as to a location of the inspection of the code on the laptop if necessary. Surely we can work together to find an agreeable location for our expert to sit in a room with a laptop for the week.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 12, 2020 2:23 PM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Andrew,

I asked you for a draft motion early yesterday morning. You just now provided one—a day-and-a-half later. And you're giving us 3 hours' notice to respond (2 of which come after hours here in Chicago). Not only that, but the draft is heavy on Defendants' posturing on a number of issues that we have heavily contested in lengthy correspondence back and forth—especially your continued assertion about the source code availability, which we've explained numerous times is baseless (*see* my e-mail below). On that note, if you do file a motion with tangential arguments about discovery disputes, it will force us to respond, and the whole matter will waste the Court's time reviewing briefing that should focus on your travel difficulties due to COVID-19.

We also understand that you and the Court have indicated a willingness to attend the status conference telephonically. Is there a reason that is not a suitable alternative?

Additionally, it strikes me as unfairly one-sided that you would like to push the hearing, but are asking us to ensure that our office remains open and staffed for your expert to review source code. I have to let you know that we cannot guarantee that the circumstances surrounding the virus will not cause the office to close. I'm willing to do whatever it takes to grant you access to the code, but procedures

relating to employee health are entirely out of my control. I would suggest that you postpone the source code review for the time being; but that is your decision to make based on the risk you're willing to take given potential office closure—or travel restrictions—due to COVID-19. **If you intend to proceed, please acknowledge your acceptance of the risk of office closure at any time**.

Back to the motion, even if we could attempt to confer with our client in the next hour before business closes, your deadline does not give us time to negotiate a draft that removes the rhetoric you've included. We agree that the COVID-19 situation has changed drastically in the last day, and we would like to consider your request based on those reasons (i.e., not spurious discovery disputes). If you revise the draft to focus on COVID-19, we will consider it. If we were to agree—which would not likely happen before tomorrow—I would suggest then that we contact the Court clerk and see if the Court would consider a motion inside of the required notice period given the rapidly changing conditions.

-Steve

Steve Reynolds
sreynolds@foxswibel.com │ 312-224-1249 (direct) │ 312-636-4674 (mobile)

<image001.png>

**Fox Swibel Levin & Carroll LLP**

200 W. Madison Street, Suite 3000 │ Chicago, Illinois 60606
www.foxswibel.com │ 312-224-1200 (main) │ 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Thursday, March 12, 2020 3:41 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steve,

The attached draft lays out our positions as to why a continuance is appropriate. We also understand that Chicago courts are considering closing for some period, which may moot this issue and require rescheduling anyway. Our ability to travel next week is becoming more and more remote with every hour that passes. We therefore propose filing the attached motion (or some version of it) as unopposed.

It seems frivolous to object to delaying the status conference at this point just to primarily rehash a dispute about access to source code that you argue was made available for inspection by the deadline despite Defendants' properly noticed expert being denied access to it. Nevertheless, if you insist on opposing the motion we will file it as opposed as currently drafted and we will file it tonight. **Please let us know by 7:00 pm central time tonight if you plan to oppose or if we may file it as unopposed**.

In addition, Defendants' expert, Mr. Evan Kovanis, intends to inspect source code under the Protective Order made available at your offices beginning Monday afternoon March 16th after 2:00 pm, and to continue his inspection throughout the remainder of the week.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
700 K Street, NW
Washington, D.C. 20001

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Wednesday, March 11, 2020 8:31 AM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Wilson, Andrew <andrew.wilson@BakerBotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Jon,

We did receive your call yesterday morning, and have discussed it internally. We see no need to move the status conference. You mention that you would like to update the Court on the status of discovery, but there will be multiple status conferences throughout discovery for that purpose. Status conferences are held at the Court's pleasure, and not for one side of a case to schedule as best fits their discovery posture. As we've discussed in the past, it seems that Defendants would like to skip past the usual steps of responding to discovery and holding meet-and-confers and bring disputes immediately to the Court. To the extent you are seeking to re-schedule status conferences in furtherance of that purpose, it's not a practice we endorse, and not one we believe the Court will either.

We explained the source code production in multiple e-mails and on our meet-and-confer (on which you agreed to drop the issue and move on). I will not repeat our position in detail again other than to remind you that making source code available is separate from the steps of scheduling access to it. Subsection 13(b) of the PO expressly requires 5 days' notice to "provide access to the Source Code Computer(s)." The following does not suffice: (1) your statement on February 6 that you would like to review source code on February 18 and (2) Andrew's e-mail on the evening of Thursday, March 5, which (a) corrected your list of requested tools to be installed on the source code computer (provided at 10pm the day before) and (b) stated that your expert was in Chicago and ready to review source code the next morning (Friday).

As to the Corona virus issue, we are sensitive to it and are feeling the impact in Chicago as well. However, I doubt the circumstances will be better in April then they are now, given that there is no indication we've hit the peak of the epidemic curve. Can you please provide some specific indication that you or your team will be unable to travel next week? If so, we will consider it in connection with your request. Additionally, I do not quite understand how next week will suffice for your expert to travel to Chicago but not your team.

That said, if you provide a copy of your motion with the specific reasons you are moving the Court, we will consider whether an opposition is necessary.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

<image001.png>

Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Tuesday, March 10, 2020 7:16 PM
**To:** Reynolds, Steven J.; andrew.wilson@BakerBotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Stephen,

As we let you know this morning, we will be requesting that the Court move the status conference from March 17 to April 8. We would like to move the conference in part because we want to be able to advise the Court of any outstanding issues with respect to discovery and the production of ESI in response to the MIDP, particularly with respect to Ubiquiti's source code production and the 811 pages it has produced. As we discussed during the meet and confer, Ubiquiti did not make its source code available for inspection on March 3 as required and despite a notice that it was ready on March 4, it was not available when our expert was there to inspect it on March 6. Thus, we were unable to review Ubiquiti's source code last week and our expert is not available to review it this week. Given the critical importance of that code to the case (particularly in light of Ubiquiti's refusal to provide substantive responses to Defendant's interrogatories and instead telling us that the answers are in the code), we would like to conduct that review prior to reporting to the Court on the status of the case. Finally, as you are undoubtedly aware the coronavirus outbreak is significant here in the Bay Area where our offices are located and we have travel restrictions being placed on activities by both our Firm and local health departments.

Please let us know by noon tomorrow if you will agree to the extension or oppose our request.

We will respond to the other issues below separately.

Thanks,

Jon

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Tuesday, March 10, 2020 9:46 AM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>;
Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>;
Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com;
agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-
iManage.FID278983]


[EXTERNAL EMAIL]

Andrew and Jon,

Thanks for your time yesterday. The following summarizes the results of our call and answers your
requests for an extension of time to respond to interrogatories.

Defendants' Request for an Extension of Time to Answer Interrogatories
Ubiquiti agrees to a 7-day extension—from March 11 to March 18—for Defendants to respond to
interrogatories so they can provide full, substantive responses.

Defendants' Document Production
You agreed to identify, by Bates number, which documents produced last week were produced by which
specific defendant—to the extent Defendants can make a distinction. You stated that you expect to be
able to do so this week.

Defendants' Source Code Production
You stated that Defendants will make available only the first version of ePMP and Elevate and the latest
version of ePMP/Elevate (three versions in all). You objected to producing additional versions on what
we understood to be relevance grounds. You also refused to identify how many versions there are in
total or to produce information regarding the changes from version to version (e.g., providing a version
history). We do not agree with the relevance objection or refusal to provide information about versions
(which is available from most source code repositories).

Source Code Review
The parties agreed to work together to identify date-and-times certain for source code review with
sufficient advance notice for the producing party to ensure it has the necessary support (e.g., requested
tools installed and conference room and paralegal coverage). We advised that our office is relatively
small and has a modest paralegal staff; we thus require time to coordinate conference room and
paralegal coverage for source code review. As mentioned in previous correspondence, Ubiquiti's source
code is ready for Defendants to schedule a time to review it.

Dr. Hashmi
You agreed to supplement Dr. Hashmi's disclosure to complete the list of his prior consulting work.

Mr. Bear
We provisionally objected to Mr. Baer having access to Ubiquiti source code given that he was, until very
recently, serving as an expert consultant for an entity that purchased a competitor of Ubiquiti. We
asked you to identify (at a high level) the instrumentality (e.g., accused devices) at issue in the *Arista* case so
that our client can clear potential conflicts. You refused to provide us any information outside of what is
listed on his resume and instructed us to investigate for ourselves. To avoid a dispute, we will attempt to

do so, but it is still our position that such disclosure is your obligation and a reasonable request on our part.

<u>Source Code Review Limited to Mr. Zeidman</u>
Given the above remaining disputes—and that the objection period is still open as to Mr. Kovanis—only Mr. Zeidman may presently review or be provided any information regarding Ubiquiti's source code. *See* Jon's Mar. 5 E-mail acknowledging that "the Protective Order prohibits them from access to protected information." Please let us know if your position is otherwise.

<u>Source Code and Document Production</u>
You stated your position that the Court limited discovery to 18 *Ubiquiti* files (with the emphasis on "Ubiquiti"). Your position is that Defendants are not required to produce any documents or source code of their own. You were not able to explain how that position squares with the fact that Defendants *have* produced documents and stated that their source code will be made available. Because you have not yet answered written discovery—and thus have not identified documents you will refuse to produce on such grounds—we do not presently have a ripe dispute. But it is probably on the horizon if you persist with your one-sided interpretation of the discovery obligations in this case.

<u>Document Requests</u>
You stated on the call that the document requests listed in your e-mail (below) are overly broad due to the use of the term "Ubiquiti Firmware." We previously provided a clarifying limitation on that term, which you have yet to meaningfully address:

> Firmware shall be defined to include only instances in which Firmware is referenced in a manner that either (i) makes specific reference to the firmware files identified in Paragraph 37 of the First Amended Complaint (*referred to by Defendants as the 18 files*), or (ii) includes reference to the firmware files generally or in their entirety, such that it necessarily includes reference to the firmware files identified in Paragraph 37 of the First Amended Complaint (*referred to by Defendants as the 18 files*) because of these files' inclusion in the entirety of Ubiquiti's Firmware.

*See* Feb. 18, 2020 Koropp Ltr. (emphasis added).

There may be some gray area between what is covered by the requests and what is not based upon our clarification, but that is because only Defendants have information about their own documents. For that reason, the proper procedure is for Defendants to respond Ubiquiti's requests; Defendants should explain what they are willing to produce and what they are not based upon specific objections. With that information, Ubiquiti can meaningfully meet and confer with Defendants to the extent there is a dispute.

The next step is certainly not an onerous one; providing written responses and objections to approximately 12 (unique) document requests should not be a burdensome task. Nonetheless, you stated the Defendants are set on moving the Court for a protective order. You acknowledged that filing a motion for a protective order at this juncture does not keep with normal federal court practice but suggested that the Court's comments on discovery created an exception. We disagree. As stated above, by threatening to file a motion for protective order without responding to the requests, you are seeking to force Ubiquiti to provide a precise description of everything that should be produced without having any information as to what type or amount of documents might actually be responsive. Ubiquity does not agree to drop the 12 requests you identified and asks that you reconsider your approach.

Best regards,

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

<image001.png>

Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Monday, March 09, 2020 3:24 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; Vanderporten, Steven L.;
hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com;
agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

As discussed on our call, below is a list of RFP's that seek information related to Ubiquiti's firmware that exceed the clear limits on discovery set by the Court. Defendants intend to move for a protective order if these requests are not withdrawn or substantially narrowed to reference the 18 files. Please let us know by noon tomorrow whether you intend to withdraw or narrow these requests.

- **RFP's to Cambium, Ahmed, Moiseev**
  - 4, 5, 11, 12, 13, 14, 15, 19, 21, 23, 24, 25
- **RFP's to Blip**
  - 18, 19, 23, 24, 26
- **RFP's to Winncom**
  - 18, 19, 23, 24, 26

We also wanted to follow up on our request for a one-week extension in order to provide more detailed responses to Plaintiff's interrogatories.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Monday, March 9, 2020 12:06 PM

**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Counsel,

Attached are the items we'd like to discuss on today's meet-and-confer:

1. Prior notice of specific dates to review of Ubiquiti source code.

2. Defendants' document production. What are the documents responsive to and which entities produced them. FRCP 34(E).

3. Review of Elevate Source Code – What versions have been made available for our review in Palo Alto.

4. Providing a supplemental disclosure for Dr. Atif Hashmi, which includes the complete extent of his litigation consulting work.

5. Our objection to Nikolaus Baer, which objection could potentially be resolved pending our receipt of additional information about Mr. Baer's consulting work for Arista Work.

Talk to you soon,

-Steve


Steve Reynolds
sreynolds@foxswibel.com │ 312-224-1249 (direct) │ 312-636-4674 (mobile)

<image001.png>

**Fox Swibel Levin & Carroll llp**

200 W. Madison Street, Suite 3000 │ Chicago, Illinois 60606
www.foxswibel.com │ 312-224-1200 (main) │ 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** Reynolds, Steven J.
**Sent:** Friday, March 06, 2020 2:21 PM
**To:** 'andrew.wilson@BakerBotts.com'; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.

**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

We are available then. Please send around a meeting invite.

Also, please provide a list of topics you'd like to discuss ahead of time and any support for your positions that you'd like us to consider. We will do the same.

-Steve

Steve Reynolds

sreynolds@foxswibel.com │ 312-224-1249 (direct) │ 312-636-4674 (mobile)

<image001.png>

**Fox Swibel Levin & Carroll llp**

200 W. Madison Street, Suite 3000 │ Chicago, Illinois 60606
www.foxswibel.com │ 312-224-1200 (main) │ 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Friday, March 06, 2020 1:21 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steve,

We are available to meet and confer on these issues by phone Monday at 10am pacific, noon central. Please let us know if counsel for Ubiquiti is available then.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 5, 2020 10:15 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>

**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Jon,

Is the "notice" you're now referring to the March 4 e-mail in which Steve V. stated that there is an open dispute about the expert disclosures:

> "We will make the source code available pursuant to the Agreed Confidentiality Order (the "Protective Order") at Fox Swibel's offices, 200 West Madison Street, Suite 3000, Chicago, IL 60606, once you fulfill your obligations to complete the disclosures for the consultants that you intend to have inspect the code."

(emphasis added)

Even if you disagreed with our position, the language is plain that the computer would not be available until ("once") the dispute was settled. We've been in active communication about discovery issues this week, so it seems strange that you would dispatch your expert to Chicago even though the parties were not yet agreed—especially given that no date and time had been agreed upon.

It is also confusing to me why Mr. Zeidman traveled to Chicago (on Wednesday) before you even notified us of the 8 programs that you wished to have installed (which occurred at 10:00 pm on Wednesday). Notably, in that request, you asked us to let you know if we were to have any issues installing those programs. Thus, Mr. Zeidman was already on his way before you even requested the necessary tools and a day before the parties could even discuss installation logistics (e.g., locating DirUnzip).

Between this and your statement that Defendants will skip over providing objections to document discovery and right to a seeking a protective order, it appears you have predetermined to involve the Court at some level. We have done everything we can to avoid that. We responded to your discovery letter in one day, and installed the files you requested on the source code computer in one day, even though we had an open dispute as to the disclosure of two of your experts. But if one party is bent on making the meet-and-confer process fail, there is little the other can do.

Steve Reynolds
sreynolds@foxswibel.com  |  312-224-1249 (direct)  |  312-636-4674 (mobile)

<image001.png>

**Fox Swibel Levin & Carroll llp**

200 W. Madison Street, Suite 3000  |  Chicago, Illinois 60606
www.foxswibel.com  |  312-224-1200 (main)  |  312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Thursday, March 05, 2020 8:29 PM
**To:** Reynolds, Steven J.; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com;

andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steven,

When Ubiquiti sent its notice yesterday (a day too late in violation of the Court's order) that it had its Source Code available for inspection, we understood that it was indeed available for inspection which turns out not to be the case. Mr. Zeidman traveled to Chicago after that notice.

We provided notice (twice) that we were going to inspect Ubiquiti's Source Code "the same day" it is made available. There is nothing in the Protective Order that allows Ubiquiti to create artificial requirements to avoid inspection of its code.

We will raise this issue with the Court.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 5, 2020 5:56 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Jon,

Is the e-mail copied below the February 6 "notice" you're referring to? The protective order certainly does not allow one to make an open-ended, running appointment such that they can demand to show up at a moment's notice whenever they choose. That would completely eviscerate the 5-day notice requirement.

We do not have the ability, in Chicago, to install software on a source-code-review computer—given how those computers must be locked down. You provided notice of the software you required last night just before 10:00 pm. We worked today to have the software you requested installed but, as Steve V. noted, we could not find the proprietary DirUnzip program you requested. You did not let us know until just before 6:00 pm today that DirUnzip would not be required. At that point it was too late to have the computer finalized and shipped to us.

That also begs the question of when you dispatched Mr. Zeidman to travel. Was it before or after you notified us that Dr. Zip need not be installed?

In any event, we will do our best to have the computer ready by Monday (we will confirm tomorrow), but we simply cannot complete requests to install multiple tools on a source code computer in a single day.

In every other case I've worked on, the parties agreed to concrete dates and times—just as one would for any other meeting or appointment—before making travel plans. If you would please be specific next time, we could avoid such logistical problems.

-Steve

--------------------------------------------------------------------------------------------------------

**From:** Swenson, Jon
**Sent:** Thursday, February 6, 2020 8:32 PM
**To:** 'Koropp, David E.' <dkoropp@foxswibel.com>; Ives, Erik J. <eives@foxswibel.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>
**Cc:** DL Cambium / Ubiquiti <DLCambium/Ubiquiti@BakerBotts.com>; jpfieweger@michaelbest.com
**Subject:** Ubiquiti v. Cambium

Counsel:

Pursuant to Paragraph 13(b) of the Agreed Confidentiality Order, Defendants hereby provide notice that they intend to inspect any Source Code made available by Plaintiff beginning on February 18, 2020 and continuing daily thereafter. One or more of Defendants' counsel of record and/or Defendants retained experts will conduct the inspection.

Thanks,

Jon

**Jon V. Swenson**
*Partner*

Baker Botts L.L.P.
jon.swenson@bakerbotts.com
T +1.650.739.7514
F +1.650.739.7614
M +1.650.773.9185
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304

Steve Reynolds
sreynolds@foxswibel.com │ 312-224-1249 (direct) │ 312-636-4674 (mobile)

<image001.png>

Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 │ Chicago, Illinois 60606

www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Thursday, March 05, 2020 6:54 PM
**To:** Reynolds, Steven J.; Vanderporten, Steven L.; hop.guy@BakerBotts.com;
karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com;
andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Stephen,

As we explained previously on the other email chain regarding the expert disclosures, we provided notice of our intent to review the code on February 6, 2010. That far exceeds the five business days required under the Protective Order. If you do not have all of the tools installed that we requested by tomorrow, that is fine. We will do what we can.

Mr. Zeidman is cleared under the protective order. The other consultants are not yet cleared and the Protective Order prohibits them from access to protected information. Thus, there is no need for a wall as requested.

Finally, Cambium already provided notice on March 3 that its Source Code is available for inspection at our offices in Palo Alto. Ubiquiti has not provided us any notice that it intends to inspect the code but can do so under the terms of the Protective Order.

Mr. Zeidman has already traveled to Chicago and is ready to begin review at 9 am tomorrow morning. If you refuse to let us review the code we will request that Ubiquiti pay for our time and costs for not complying with the Protective Order.

Please confirm that Ubiquiti will make its Source Code available for review by Mr. Zeidman starting at 9 am at your offices tomorrow morning.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 5, 2020 4:34 PM
**To:** Vanderporten, Steven L. <svanderporten@foxswibel.com>; Swenson, Jon
<jon.swenson@bakerbotts.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina
<karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson,
Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>

**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Andrew,

Allow me to respond to your e-mail (copied below). I'm new to the firm here, so going forward, please add me to all correspondence regarding this case.

The source code computer will not be ready tomorrow. You did not identify the 8 tools you would like installed until late last night. Additionally, there are outstanding issues regarding potential conflicts of others from Mr. Zeidman's frim (e.g., Mr. Baer); we need to take measure to ensure he is screened off until that issue is resolved. Further, under the protective order, we are allowed 5 days' notice, and there is certainly no mandate that one party be allowed to unilaterally choose the date and time. I'm sure you'll appreciate the courtesy of some flexibility when we request to review Defendants' source code.

Further, as mentioned below, we request that Defendants first withdraw their refusal to produce their source code until an indefinite time after Ubiquiti has made its available. Delays in making your source code available will unduly prejudge Ubiquiti, and you still have not provided legal support for your refusal.

We've offered to meet and confer on outstanding discovery issues as early as Monday, despite the fact that you sent your letter and source code requests late last night. Assuming the parties can reach an agreement, we expect to have the computer loaded and ready early next week.

-Steve

--------------------------------------------------------------------------------
Steven,

DirUnzip is a proprietary tool and it is not necessary to install that tool at this time.

In addition, Mr. Zeidman intends to appear at your offices to conduct his inspection of source code beginning at 9am tomorrow morning.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400

Steve Reynolds
sreynolds@foxswibel.com ⎪ 312-224-1249 (direct) ⎪ 312-636-4674 (mobile)

**Fox Swibel Levin & Carroll llp**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** Vanderporten, Steven L.
**Sent:** Thursday, March 05, 2020 4:57 PM
**To:** jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.; Reynolds, Steven J.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

Attached please find a letter from David Koropp responding to your letter sent on March 4th.

We also write to dispute the contentions made in your March 4th e-mail concerning Ubiquiti's source code and Defendants' consultants Nikolaus Baer and Atif Hashmi. Ubiquiti's source code will be made available consistent with the Agreed Confidentiality Order, including to Defendants' counsel and Mr. Zeidman; however, as addressed in the attached letter, and in our letter sent February 18th, we request that you withdraw your improper proposal to make Elevate source code available for inspection only *after* your review of Ubiquiti's source code. There is no basis in the Federal Rules for this one-sided approach to mandatory disclosures. Consistent with your present discovery deadlines, we request that you make the Elevate source code available no later than March 11th.

We also reiterate our request that you supplement your disclosure for Dr. Hashmi. Attached is Dr. Hashmi's resume that was submitted in another case. While you claim this resume is "immaterial," it reveals consulting work on litigation matters that were never disclosed to us (*e.g.*, *Broadcom v. LG, MediaTek et. al* (No. 337-TA-1047)). Our request for you to supplement his disclosure on this ground is entirely reasonable, but you have nonetheless refused. To the extent you file a motion regarding this issue, we will be prepared to raise with the Court the fact that your consultant omitted litigation work from his disclosure. However, should you fully disclose Dr. Hashmi's litigation consulting history, and assuming we have no objections, Dr. Hashmi will be given access to our source code.

Finally, we disagree that we were under any obligation to make substantive objections to your incomplete disclosure of Mr. Baer on February 11th. Notably, you never challenged our objection to the incomplete disclosure or challenged the fact that the supplemental disclosure would determine our deadline to object. Rather, recognizing that Mr. Baer had omitted critical employment information, you supplemented his disclosure on February 27th. Mr. Baer is presently consulting for a competitor of Ubiquiti. Your refusal to give us information necessary to determine whether the nature of his consulting role could harm our client is contrary to the provision in the Agreed Confidentiality Order requiring the Receiving Party to "first attempt to resolve the objection(s)" with the Producing Party. As such, we maintain our objections to Mr. Baer.

We are available Monday to have a telephonic meet and confer, including on the issues over which the parties have exchanged meet and confer letters and on our objections to your consultants Mr. Baer and Dr. Hashmi.

Best,

Steven Vanderporten

Steven L. Vanderporten
svanderporten@foxswibel.com | 312-224-1218 (direct)

<image001.png>

FOX SWIBEL LEVIN & CARROLL LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Wednesday, March 04, 2020 9:43 PM
**To:** Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

Please see the attached.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Vanderporten, Steven L. <svanderporten@foxswibel.com>
**Sent:** Tuesday, February 18, 2020 7:09 PM
**To:** Guy, Hop <hop.guy@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Counsel,

Please see the attached correspondence, which responds to your February 13, 2020 letter and related e-mail communications. Thank you.

Best,

Steven Vanderporten

Steven L. Vanderporten
svanderporten@foxswibel.com │ 312-224-1218 (direct)

<image001.png>

FOX SWIBEL LEVIN & CARROLL LLP

200 W. Madison Street, Suite 3000 │ Chicago, Illinois 60606
www.foxswibel.com │ 312-224-1200 (main) │ 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

## Confidentiality Notice:

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.