# EXHIBIT C

## Reynolds, Steven J.

| | |
|---|---|
| **From:** | Reynolds, Steven J. |
| **Sent:** | Wednesday, April 15, 2020 1:40 PM |
| **To:** | 'andrew.wilson@BakerBotts.com'; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com |
| **Cc:** | Ives, Erik J.; Koropp, David E. |
| **Subject:** | RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983] |
| **Attachments:** | 2020.04.15 SJR Ltr.pdf |

Thanks, Andrew. Attached is a response.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**FOX SWIBEL**
**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Monday, April 13, 2020 6:57 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

Please see the attached correspondence from Jon Swenson.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
700 K Street, NW
Washington, D.C. 20001

1

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Wednesday, April 8, 2020 8:41 PM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]


**[EXTERNAL EMAIL]**

Counsel,

Please see the attached letter of today's date.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
**Fox Swibel Levin & Carroll LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** Reynolds, Steven J.
**Sent:** Friday, April 03, 2020 4:12 PM
**To:** 'andrew.wilson@BakerBotts.com'; 'jon.swenson@bakerbotts.com'; Vanderporten, Steven L.; 'hop.guy@BakerBotts.com'; 'karina.smith@bakerbotts.com'; 'jpfieweger@michaelbest.com'; 'agollwitzer@michaelbest.com'
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Andrew and Jon,

We would like to discuss the impact of the attached order, issued this week, on this case and discovery in general. Please let us know if you have time Monday for a meet-and-confer. We can be available at your convenience.

Have a great weekend,

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
**Fox Swibel Levin & Carroll LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** Reynolds, Steven J.
**Sent:** Monday, March 30, 2020 4:42 PM
**To:** 'andrew.wilson@BakerBotts.com'; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Thanks for the letter, Andrew.

We will review it carefully and respond promptly after conferring with our client. Please understand that we will not be able to respond in a single business day—as you have become accustomed to demanding. Note, by comparison, that you responded to Mr. Koropp's letter seven days later.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**FOX SWIBEL**
**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Friday, March 27, 2020 8:58 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

Please see the attached correspondence from Jon Swenson.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.

700 K Street, NW
Washington, D.C. 20001

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Friday, March 20, 2020 5:15 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Wilson, Andrew <andrew.wilson@BakerBotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]


**[EXTERNAL EMAIL]**

Jon,

Please see the attached letter from Dave Koropp.

Have a good weekend and stay safe.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
**Fox Swibel Levin & Carroll LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Wednesday, March 18, 2020 9:21 PM
**To:** Reynolds, Steven J.; andrew.wilson@BakerBotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steven,

To follow up briefly on the issues you identify below (at least the ones we have not already addressed separately or that have been otherwise addressed by subsequent events):

1. The documents in CMBM-00000001 – CMBM-00000029 were produced by Blip. The rest were produced by the Cambium and the individual defendants.
2. Regarding Cambium's source code production, we already provided the versions we identified to you during the meet and confer, which included the entire source code for various versions of Cambium's products. We asserted that the remaining versions were not discoverable, including that they were beyond the 18 asserted files and were otherwise not proportional to the needs of the case (the versions we already provided were

beyond the scope of required production but we have produced them anyway to avoid a dispute and based on the fact that Ubiquiti has never identified the 18 files that are supposedly at issue in this case). This includes any descriptions of various version of these files. Your statement that our objection was based on relevance alone is incorrect. Rather, the fundamental objection, like many of our objections, is that Ubiquiti has still not identified what is at issue in this case.

3. Regarding Dr. Hashmi, we provided the additional information and I do not believe we received any specific objections and understand that he is now clear to access confidential/source code information.
4. Regarding Mr. Bear, we have not heard from you and your time to object is otherwise expired and we understand that he is now clear to access confidential/source code information.
5. Regarding Cambium's production, we have provided you with amended MIDP disclosures and the corresponding document production as well as responses to Ubiquiti's production requests. As we discussed on the call, we have not limited Cambium's production to the 18 files asserted Ubiquiti and we have produced many times more information than Ubiquiti has produced in this frivolous case.
6. Regarding Ubiquiti's production of 811 pages of documents in this case, we continue to assert that Ubiquiti has not met its production obligations and are awaiting your response that Ubiquiti has properly responded in accordance with the MIDP and our document requests.

Finally, we reiterate our request to inspect any source code that has been made available by Ubiquiti in this case in a timely manner. We have yet been unable inspect any such code and thus are prevented from understanding the allegations that Ubiquiti is making in this case despite its long pendency and Ubiquiti has so far done nothing by delay its response.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Tuesday, March 10, 2020 9:46 AM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Andrew and Jon,

Thanks for your time yesterday. The following summarizes the results of our call and answers your requests for an extension of time to respond to interrogatories.

Defendants' Request for an Extension of Time to Answer Interrogatories
Ubiquiti agrees to a 7-day extension—from March 11 to March 18—for Defendants to respond to interrogatories so they can provide full, substantive responses.

Defendants' Document Production

You agreed to identify, by Bates number, which documents produced last week were produced by which specific defendant—to the extent Defendants can make a distinction. You stated that you expect to be able to do so this week.

Defendants' Source Code Production
You stated that Defendants will make available only the first version of ePMP and Elevate and the latest version of ePMP/Elevate (three versions in all). You objected to producing additional versions on what we understood to be relevance grounds. You also refused to identify how many versions there are in total or to produce information regarding the changes from version to version (e.g., providing a version history). We do not agree with the relevance objection or refusal to provide information about versions (which is available from most source code repositories).

Source Code Review
The parties agreed to work together to identify date-and-times certain for source code review with sufficient advance notice for the producing party to ensure it has the necessary support (e.g., requested tools installed and conference room and paralegal coverage). We advised that our office is relatively small and has a modest paralegal staff; we thus require time to coordinate conference room and paralegal coverage for source code review. As mentioned in previous correspondence, Ubiquiti's source code is ready for Defendants to schedule a time to review it.

Dr. Hashmi
You agreed to supplement Dr. Hashmi's disclosure to complete the list of his prior consulting work.

Mr. Bear
We provisionally objected to Mr. Baer having access to Ubiquiti source code given that he was, until very recently, serving as an expert consultant for an entity that purchased a competitor of Ubiquiti. We asked you to identify (at a high level) the instrumentality (e.g., accused devices) at issue in the *Arista* case so that our client can clear potential conflicts. You refused to provide us any information outside of what is listed on his resume and instructed us to investigate for ourselves. To avoid a dispute, we will attempt to do so, but it is still our position that such disclosure is your obligation and a reasonable request on our part.

Source Code Review Limited to Mr. Zeidman
Given the above remaining disputes—and that the objection period is still open as to Mr. Kovanis—only Mr. Zeidman may presently review or be provided any information regarding Ubiquiti's source code. *See* Jon's Mar. 5 E-mail acknowledging that "the Protective Order prohibits them from access to protected information." Please let us know if your position is otherwise.

Source Code and Document Production
You stated your position that the Court limited discovery to 18 *Ubiquiti* files (with the emphasis on "Ubiquiti"). Your position is that Defendants are not required to produce any documents or source code of their own. You were not able to explain how that position squares with the fact that Defendants *have* produced documents and stated that their source code will be made available. Because you have not yet answered written discovery—and thus have not identified documents you will refuse to produce on such grounds—we do not presently have a ripe dispute. But it is probably on the horizon if you persist with your one-sided interpretation of the discovery obligations in this case.

Document Requests
You stated on the call that the document requests listed in your e-mail (below) are overly broad due to the use of the term "Ubiquiti Firmware." We previously provided a clarifying limitation on that term, which you have yet to meaningfully address:

> Firmware shall be defined to include only instances in which Firmware is referenced in a manner that either (i) makes specific reference to the firmware files identified in Paragraph 37 of the First Amended Complaint (*referred to by Defendants as the 18 files*), or (ii) includes reference to the firmware files generally or in their entirety, such that it necessarily includes reference to the firmware files identified in

> Paragraph 37 of the First Amended Complaint (*referred to by Defendants as the 18 files*) because of these files' inclusion in the entirety of Ubiquiti's Firmware.

See Feb. 18, 2020 Koropp Ltr. (emphasis added).

There may be some gray area between what is covered by the requests and what is not based upon our clarification, but that is because only Defendants have information about their own documents. For that reason, the proper procedure is for Defendants to respond Ubiquiti's requests; Defendants should explain what they are willing to produce and what they are not based upon specific objections. With that information, Ubiquiti can meaningfully meet and confer with Defendants to the extent there is a dispute.

The next step is certainly not an onerous one; providing written responses and objections to approximately 12 (unique) document requests should not be a burdensome task. Nonetheless, you stated the Defendants are set on moving the Court for a protective order. You acknowledged that filing a motion for a protective order at this juncture does not keep with normal federal court practice but suggested that the Court's comments on discovery created an exception. We disagree. As stated above, by threatening to file a motion for protective order without responding to the requests, you are seeking to force Ubiquiti to provide a precise description of everything that should be produced without having any information as to what type or amount of documents might actually be responsive. Ubiquity does not agree to drop the 12 requests you identified and asks that you reconsider your approach.

Best regards,

-Steve


Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**FOX SWIBEL**
**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Monday, March 09, 2020 3:24 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

As discussed on our call, below is a list of RFP's that seek information related to Ubiquiti's firmware that exceed the clear limits on discovery set by the Court. Defendants intend to move for a protective order if these requests are not withdrawn or substantially narrowed to reference the 18 files. Please let us know by noon tomorrow whether you intend to withdraw or narrow these requests.

- **RFP's to Cambium, Ahmed, Moiseev**
    - 4, 5, 11, 12, 13, 14, 15, 19, 21, 23, 24, 25

7

- **RFP's to Blip**
    - 18, 19, 23, 24, 26
- **RFP's to Winncom**
    - 18, 19, 23, 24, 26

We also wanted to follow up on our request for a one-week extension in order to provide more detailed responses to Plaintiff's interrogatories.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Monday, March 9, 2020 12:06 PM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Counsel,

Attached are the items we'd like to discuss on today's meet-and-confer:

1. Prior notice of specific dates to review of Ubiquiti source code.

2. Defendants' document production. What are the documents responsive to and which entities produced them. FRCP 34(E).

3. Review of Elevate Source Code – What versions have been made available for our review in Palo Alto.

4. Providing a supplemental disclosure for Dr. Atif Hashmi, which includes the complete extent of his litigation consulting work.

5. Our objection to Nikolaus Baer, which objection could potentially be resolved pending our receipt of additional information about Mr. Baer's consulting work for Arista Work.

Talk to you soon,

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** Reynolds, Steven J.
**Sent:** Friday, March 06, 2020 2:21 PM
**To:** 'andrew.wilson@BakerBotts.com'; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

We are available then. Please send around a meeting invite.

Also, please provide a list of topics you'd like to discuss ahead of time and any support for your positions that you'd like us to consider. We will do the same.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Friday, March 06, 2020 1:21 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steve,

We are available to meet and confer on these issues by phone Monday at 10am pacific, noon central. Please let us know if counsel for Ubiquiti is available then.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 5, 2020 10:15 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

[EXTERNAL EMAIL]

Jon,

Is the "notice" you're now referring to the March 4 e-mail in which Steve V. stated that there is an open dispute about the expert disclosures:

> "We will make the source code available pursuant to the Agreed Confidentiality Order (the "Protective Order") at Fox Swibel's offices, 200 West Madison Street, Suite 3000, Chicago, IL 60606, once you fulfill your obligations to complete the disclosures for the consultants that you intend to have inspect the code."

(emphasis added)

Even if you disagreed with our position, the language is plain that the computer would not be available until ("once") the dispute was settled. We've been in active communication about discovery issues this week, so it seems strange that you would dispatch your expert to Chicago even though the parties were not yet agreed—especially given that no date and time had been agreed upon.

It is also confusing to me why Mr. Zeidman traveled to Chicago (on Wednesday) before you even notified us of the 8 programs that you wished to have installed (which occurred at 10:00 pm on Wednesday). Notably, in that request, you asked us to let you know if we were to have any issues installing those programs. Thus, Mr. Zeidman was already on his way before you even requested the necessary tools and a day before the parties could even discuss installation logistics (e.g., locating DirUnzip).

Between this and your statement that Defendants will skip over providing objections to document discovery and right to a seeking a protective order, it appears you have predetermined to involve the Court at some level. We have done everything we can to avoid that. We responded to your discovery letter in one day, and installed the files you requested on the source code computer in one day, even though we had an open dispute as to the disclosure of two of your experts. But if one party is bent on making the meet-and-confer process fail, there is little the other can do.

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
Fox Swibel Levin & Carroll LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

10

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Thursday, March 05, 2020 8:29 PM
**To:** Reynolds, Steven J.; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Steven,

When Ubiquiti sent its notice yesterday (a day too late in violation of the Court's order) that it had its Source Code available for inspection, we understood that it was indeed available for inspection which turns out not to be the case. Mr. Zeidman traveled to Chicago after that notice.

We provided notice (twice) that we were going to inspect Ubiquiti's Source Code "the same day" it is made available. There is nothing in the Protective Order that allows Ubiquiti to create artificial requirements to avoid inspection of its code.

We will raise this issue with the Court.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 5, 2020 5:56 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Jon,

Is the e-mail copied below the February 6 "notice" you're referring to? The protective order certainly does not allow one to make an open-ended, running appointment such that they can demand to show up at a moment's notice whenever they choose. That would completely eviscerate the 5-day notice requirement.

We do not have the ability, in Chicago, to install software on a source-code-review computer—given how those computers must be locked down. You provided notice of the software you required last night just before 10:00 pm. We worked today to have the software you requested installed but, as Steve V. noted, we could not find the proprietary

DirUnzip program you requested. You did not let us know until just before 6:00 pm today that DirUnzip would not be required. At that point it was too late to have the computer finalized and shipped to us.

That also begs the question of when you dispatched Mr. Zeidman to travel. Was it before or after you notified us that Dr. Zip need not be installed?

In any event, we will do our best to have the computer ready by Monday (we will confirm tomorrow), but we simply cannot complete requests to install multiple tools on a source code computer in a single day.

In every other case I've worked on, the parties agreed to concrete dates and times—just as one would for any other meeting or appointment—before making travel plans. If you would please be specific next time, we could avoid such logistical problems.

-Steve

---

**From:** Swenson, Jon
**Sent:** Thursday, February 6, 2020 8:32 PM
**To:** 'Koropp, David E.' <dkoropp@foxswibel.com>; Ives, Erik J. <eives@foxswibel.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>
**Cc:** DL Cambium / Ubiquiti <DLCambium/Ubiquiti@BakerBotts.com>; jpfieweger@michaelbest.com
**Subject:** Ubiquiti v. Cambium

Counsel:

Pursuant to Paragraph 13(b) of the Agreed Confidentiality Order, Defendants hereby provide notice that they intend to inspect any Source Code made available by Plaintiff beginning on February 18, 2020 and continuing daily thereafter. One or more of Defendants' counsel of record and/or Defendants retained experts will conduct the inspection.

Thanks,

Jon
**Jon V. Swenson**
*Partner*

Baker Botts L.L.P.
jon.swenson@bakerbotts.com
T +1.650.739.7514
F +1.650.739.7614
M +1.650.773.9185
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304


Steve Reynolds
sreynolds@foxswibel.com  |  312-224-1249 (direct)  |  312-636-4674 (mobile)


Fox Swibel Levin & Carroll LLP

200 W. Madison Street, Suite 3000 │ Chicago, Illinois 60606
www.foxswibel.com │ 312-224-1200 (main) │ 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Thursday, March 05, 2020 6:54 PM
**To:** Reynolds, Steven J.; Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Stephen,

As we explained previously on the other email chain regarding the expert disclosures, we provided notice of our intent to review the code on February 6, 2010. That far exceeds the five business days required under the Protective Order. If you do not have all of the tools installed that we requested by tomorrow, that is fine. We will do what we can.

Mr. Zeidman is cleared under the protective order. The other consultants are not yet cleared and the Protective Order prohibits them from access to protected information. Thus, there is no need for a wall as requested.

Finally, Cambium already provided notice on March 3 that its Source Code is available for inspection at our offices in Palo Alto. Ubiquiti has not provided us any notice that it intends to inspect the code but can do so under the terms of the Protective Order.

Mr. Zeidman has already traveled to Chicago and is ready to begin review at 9 am tomorrow morning. If you refuse to let us review the code we will request that Ubiquiti pay for our time and costs for not complying with the Protective Order.

Please confirm that Ubiquiti will make its Source Code available for review by Mr. Zeidman starting at 9 am at your offices tomorrow morning.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Thursday, March 5, 2020 4:34 PM
**To:** Vanderporten, Steven L. <svanderporten@foxswibel.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Andrew,

Allow me to respond to your e-mail (copied below). I'm new to the firm here, so going forward, please add me to all correspondence regarding this case.

The source code computer will not be ready tomorrow. You did not identify the 8 tools you would like installed until late last night. Additionally, there are outstanding issues regarding potential conflicts of others from Mr. Zeidman's frim (e.g., Mr. Baer); we need to take measure to ensure he is screened off until that issue is resolved. Further, under the protective order, we are allowed 5 days' notice, and there is certainly no mandate that one party be allowed to unilaterally choose the date and time. I'm sure you'll appreciate the courtesy of some flexibility when we request to review Defendants' source code.

Further, as mentioned below, we request that Defendants first withdraw their refusal to produce their source code until an indefinite time after Ubiquiti has made its available. Delays in making your source code available will unduly prejudge Ubiquiti, and you still have not provided legal support for your refusal.

We've offered to meet and confer on outstanding discovery issues as early as Monday, despite the fact that you sent your letter and source code requests late last night. Assuming the parties can reach an agreement, we expect to have the computer loaded and ready early next week.

-Steve

---

Steven,

DirUnzip is a proprietary tool and it is not necessary to install that tool at this time.

In addition, Mr. Zeidman intends to appear at your offices to conduct his inspection of source code beginning at 9am tomorrow morning.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400


Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
**Fox Swibel Levin & Carroll llp**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** Vanderporten, Steven L.
**Sent:** Thursday, March 05, 2020 4:57 PM
**To:** jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.; Reynolds, Steven J.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

Attached please find a letter from David Koropp responding to your letter sent on March 4th.

We also write to dispute the contentions made in your March 4th e-mail concerning Ubiquiti's source code and Defendants' consultants Nikolaus Baer and Atif Hashmi. Ubiquiti's source code will be made available consistent with the Agreed Confidentiality Order, including to Defendants' counsel and Mr. Zeidman; however, as addressed in the attached letter, and in our letter sent February 18th, we request that you withdraw your improper proposal to make Elevate source code available for inspection only *after* your review of Ubiquiti's source code. There is no basis in the Federal Rules for this one-sided approach to mandatory disclosures. Consistent with your present discovery deadlines, we request that you make the Elevate source code available no later than March 11th.

We also reiterate our request that you supplement your disclosure for Dr. Hashmi. Attached is Dr. Hashmi's resume that was submitted in another case. While you claim this resume is "immaterial," it reveals consulting work on litigation matters that were never disclosed to us (*e.g.*, *Broadcom v. LG, MediaTek et. al* (No. 337-TA-1047)). Our request for you to supplement his disclosure on this ground is entirely reasonable, but you have nonetheless refused. To the extent you file a motion regarding this issue, we will be prepared to raise with the Court the fact that your consultant omitted litigation work from his disclosure. However, should you fully disclose Dr. Hashmi's litigation consulting history, and assuming we have no objections, Dr. Hashmi will be given access to our source code.

Finally, we disagree that we were under any obligation to make substantive objections to your incomplete disclosure of Mr. Baer on February 11th. Notably, you never challenged our objection to the incomplete disclosure or challenged the fact that the supplemental disclosure would determine our deadline to object. Rather, recognizing that Mr. Baer had omitted critical employment information, you supplemented his disclosure on February 27th. Mr. Baer is presently consulting for a competitor of Ubiquiti. Your refusal to give us information necessary to determine whether the nature of his consulting role could harm our client is contrary to the provision in the Agreed Confidentiality Order requiring the Receiving Party to "first attempt to resolve the objection(s)" with the Producing Party. As such, we maintain our objections to Mr. Baer.

We are available Monday to have a telephonic meet and confer, including on the issues over which the parties have exchanged meet and confer letters and on our objections to your consultants Mr. Baer and Dr. Hashmi.

Best,

Steven Vanderporten

Steven L. Vanderporten
svanderporten@foxswibel.com | 312-224-1218 (direct)



**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Wednesday, March 04, 2020 9:43 PM
**To:** Vanderporten, Steven L.; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; andrew.wilson@BakerBotts.com
**Cc:** Ives, Erik J.; Koropp, David E.
**Subject:** RE: Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

Counsel,

Please see the attached.

Thanks,

Jon

**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

---

**From:** Vanderporten, Steven L. <svanderporten@foxswibel.com>
**Sent:** Tuesday, February 18, 2020 7:09 PM
**To:** Guy, Hop <hop.guy@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com; Wilson, Andrew <andrew.wilson@BakerBotts.com>
**Cc:** Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** Ubiquiti Response to Defendants February 13, 2020 Meet and Confer Letter [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Counsel,

Please see the attached correspondence, which responds to your February 13, 2020 letter and related e-mail communications. Thank you.

Best,

Steven Vanderporten

Steven L. Vanderporten
svanderporten@foxswibel.com | 312-224-1218 (direct)

**Fox Swibel**
**Fox Swibel Levin & Carroll LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.