# EXHIBIT D

**BAKER BOTTS** LLP

| | | |
|---|---|---|
| 1001 PAGE MILL ROAD | AUSTIN | LONDON |
| BUILDING ONE, SUITE 200 | BEIJING | MOSCOW |
| PALO ALTO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94304-1007 | DALLAS | **PALO ALTO** |
| | DUBAI | RIYADH |
| TEL +1 650.739.7500 | HONG KONG | SAN FRANCISCO |
| FAX +1 650.739.7699 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

February 13, 2020

086764.0101

Jon V. Swenson
TEL: 6507397514
FAX: 6507397614
jon.swenson@bakerbotts.com

VIA E-MAIL (DKOROPP@FOXSWIBEL.COM)

David Koropp
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

  Re: Ubiquiti's Abusive Discovery; *Ubiquiti Networks, Inc. v. Cambium Networks, Inc. et al.*; Case No. 1:18-cv-05369, USDC, Northern District of Illinois

Dear David:

  I write regarding the 645 overly broad, burdensome, and abusive discovery requests Ubiquiti recently served on Defendants ("Ubiquiti's 2/10/20 Discovery Requests").[1] This discovery violates the Court's clear and repeated instructions regarding the scope of permissible discovery at this stage and contradicts your representations to the Court regarding your acknowledgement and compliance with its instructions. This letter is a request to meet and confer on this issue in an attempt to avoid incurring the additional costs associated with seeking protection from the Court in the precise manner discussed during the December 9, 2019 Hearing. Specifically the Court stated:

> **THE COURT**: Then do you have to answer them, or can you say, "No, this is *just the 18*, and you can *only do the 18* and *the judge said only the 18*. Please withdraw those other ones." *And if they say, "No," you can bring it to me*, and you can say, "See, I told you so."
> **\*\*\***

---

[1] "Ubiquiti's 2/10/20 Discovery Requests" refer to the following requests served on counsel for Defendants on February 10, 2020: Plaintiff's First Set of Requests for Production to Cambium Networks, Inc., Cambium Networks, Ltd., Ahmed, and Moiseev (the "RFP's to Cambium"); Plaintiff's First Set of Requests for Production to Winncom; Plaintiff's First Set of Requests for Production to Blip; Plaintiff's First Set of Interrogatories to Winncom; Plaintiff's First Set of Interrogatories to Moiseev; Plaintiff's First Set of Common Interrogatories to Defendants; Plaintiff's First Set of Interrogatories to Cambium Networks, Inc. and Cambium Networks, Ltd.; Plaintiff's First Set of Interrogatories to Blip; Plaintiff's First Set of Interrogatories to Ahmed

Active 44653047.1

**BAKER BOTTS** LLP

David Koropp - 2 - February 13, 2020

> **THE COURT**: And then I get mad at them, and that's a good day for you. *Or they can just do what they said they were going to do and just limit it to the 18* . . . .

Dec. 9 Hearing Tx. at 10:14-24. The Court thus contemplated this precise scenario and forecasted what it would do (namely, limiting discovery to the 18 files).

**Requests Directed to the Ubiquiti Firmware**

The Court clearly and unequivocally limited the First Amended Complaint and fundamentally limited the scope of discovery to "just the 18 [files]" and "only the 18" files. *See* Dec. 9 Hearing Tx. at 10:14-24. Ubiquiti's 2/10/20 Discovery Requests go well beyond these limits and are contradictory of the Court's position. These requests also fail to satisfy the proportionality requirement of Rule 26. Specifically, Ubiquiti seeks information regarding "Ubiquiti's Firmware"—which is defined as "any and all versions of Ubiquiti's airOS operating system licensed or provided by Ubiquiti for use with Ubiquiti's M-Series Devices"—in ***hundreds*** of Requests, without limiting the information sought to the 18 files identified in the FAC. *See, e.g.,* RFP's to Cambium at 4 (Feb. 10, 2020) (defining "Ubiquiti's Firmware"); *id.* at Request Nos. 4, 6, 11-15, 19, 21, 25, 26, 110, and 114 (representing over 50 individual document requests[2] concerning Ubiquiti's Firmware without limitation). This goes beyond any reasonable scope of discovery contemplated at this stage of the case because it requires Cambium to collect documents and information concerning the ***60,000 files*** and ***1.4 million lines*** of open source code contained in ***each version*** of Ubiquiti's Firmware for which Cambium enjoys an undisputed free licensed to use under the GPL and are therefore not at issue in this case.

Narrowing requests to specific categories of information that involve the Ubiquiti Firmware and are not limited to the 18 files is not enough. For example, Ubiquiti's RFP's to Cambium No. 5 requests documents and communications relating to "reverse engineering, decompiling, or disassembling of Ubiquiti's Firmware." But Defendants are expressly licensed to reverse engineer at least the 60,000 files of open source code and modifications contained in Ubiquiti's Firmware under the GPL. Requests targeting documents and information concerning modification of open source files is overly broad and burdensome. Similarly, Ubiquiti's RFP's to Cambium No. 19 requests documents and communications relating to "any modifying, translating, reverse engineering, decompiling, dissembling, or otherwise attempting to defeat, avoid, bypass, remove, deactivate or circumvent any Access Control Measure in the Ubiquiti Firmware or M-Series Devices." But Ubiquiti has not alleged that any Access Control Measures are part of the 18 files or narrowed its request to target access control measures that fall within that scope. These requests are therefore overly broad and burdensome because they require

---

[2] Ubiquiti's RFP's to Cambium require that each "should be answered separately in writing by each of the [four] responding parties" named in those requests (Cambium Networks, Inc., Cambium Networks, Ltd., Ahmed, and Moiseev). *See* Requests at 1. Accordingly, each individual request requires at least four separate responses.

Active 44653047.1

**BAKER BOTTS** LLP

David Koropp - 3 - February 13, 2020

Defendants to produce information relevant to software under open source licenses that do not prohibit any of the alleged activities.

### Requests Directed to Elevate

Ubiquiti's requests that are directed to the Elevate source code and its development are also overly broad and burdensome because they too are not tailored to the 18 files. For example, you request all source code for all versions of Elevate. *See* RFP's to Cambium Nos. 45 and 46. But you also admit that the Elevate firmware itself does not infringe Ubiquiti's copyrights—*i.e.*, that Elevate itself does not include any of the 18 files. *See* Dkt. No. 77 at 20. Thus, the Elevate source code is not required to identify any infringing instances of the 18 files. Instead Ubiquiti only alleges that "defendants' development, testing, installation and marketing of Elevate runs the Ubiquiti Firmware." *See id*. But, again, Defendants are licensed to use the vast majority, if not all, of the Ubiquiti Firmware under the GPL. And an analysis of defendants' development, testing, installation, and marketing activity related to the 18 files *within Ubiquiti's Firmware* does not require access to the entire source code for all versions of the *Elevate firmware* as requested. Nevertheless, Cambium will agree to provide the first and most recent versions of the source code for the Elevate firmware if Ubiquiti withdraws all of its source code requests that go beyond this scope.

### Requests Directed to Collaboration and Issue-Tracking Systems

Similarly, Ubiquiti's requests for entire "collaboration systems" and "issue-, requirements-, defect-, or bug-tracking system[s] (*e.g.,* Atlassian Jira) used in the design or development of Elevate" without limitation as to any categories of information contained therein are overly broad and burdensome because they are also not tailored to discoverable information about the 18 files or even about Elevate alone. *See* RFP's to Cambium Nos. 48 and 49. Requests for entire databases of information would be considered overbroad and burdensome in any context, much less the case here where discovery is limited to just 18 files. Cambium will agree to provide information regarding the design and development of Elevate, including information stored in the types of tracking systems.

### Requests Directed to M-Series Devices

Ubiquiti's requests that seek information and documents related to M-Series devices generally are also overly broad and burdensome because they are not tailored to seek information rooted in the 18 files and Ubiquiti does not allege a violation of any agreement or intellectual property right governing use of its hardware. Accordingly, like documents and information concerning Defendants' activities involving the open source portions of the Ubiquiti Firmware, Defendants' general activities relating to the M-Series hardware are outside the scope of discovery in this case unless they otherwise relate to the 18 files.

\* \* \* \*

Active 44653047.1

**BAKER BOTTS** LLP

David Koropp - 4 - February 13, 2020

Each of these requests are an improper attempt to expand this case to put the entire Ubiquiti and Elevate Firmware at issue—scope you expressly disclaimed in order to "just barely" survive a second dismissal. Dec. 9, 2019 Hearing Tx. at 6:18. Ubiquiti's conduct in propounding this new set of nearly 650 requests is particularly troubling given Ubiquiti's admission during the hearing that Ubiquiti's initial set of just 500 requests[3] were "too many," "not relevant," and that "[p]ersonally, I've never seen that, so that's not what we're going to do." *Id.* at 13:2-7. Yet these requests are even broader and more burdensome than Ubiquiti's 2018 Discovery Requests.

If Ubiquiti will not agree to immediately withdraw these overly broad, burdensome, and abusive discovery requests, please provide a time when you are available to meet and confer on February 14, 2020. If we do not reach agreement, we intend to move the Court for a Protective Order so that the dispute can be presented to the Court for hearing during our status conference on February 20.

Respectfully,

Jon V. Swenson
Partner

---

[3] In December 2018, Ubiquiti served over 500 discovery requests on Defendants ("Ubiquiti's 2018 Discovery Requests") that it formally withdrew before submitting the supplemental joint Rule 26(f) status report. Dkt. No. 89.

Active 44653047.1