# EXHIBIT F

**BAKER BOTTS** L.L.P.

| | | |
|---|---|---|
| 1001 PAGE MILL ROAD | AUSTIN | LONDON |
| BUILDING ONE, SUITE 200 | BEIJING | MOSCOW |
| PALO ALTO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94304-1007 | DALLAS | **PALO ALTO** |
| | DUBAI | RIYADH |
| TEL +1 650.739.7500 | HONG KONG | SAN FRANCISCO |
| FAX +1 650.739.7699 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

March 4, 2020

Jon V. Swenson
TEL: 6507397514
FAX: 6507397614
jon.swenson@bakerbotts.com

086764.0101

VIA E-MAIL (DKOROPP@FOXSWIBEL.COM)

David Koropp
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

  Re: Ubiquiti's Abusive Discovery; *Ubiquiti Networks, Inc. v. Cambium Networks, Inc. et al.*; Case No. 1:18-cv-05369, USDC, Northern District of Illinois

Dear David:

  I write in response to your February 18, 2020 letter (your "Response Letter"). As noted in our initial letter, Ubiquiti's set of 645 discovery requests (the "645 Requests") are overbroad and go well beyond the Court-ordered limits on the scope of discovery in this case because they are not limited to the 18 files. *Compare* 2019-12-9 Hearing Tx. at 10:14-24 (limiting discovery to the 18 files) *with* Response Letter at 4 (admitting that the 645 Requests "seek information related to entirely ***different topics***" than the 18 files). The proposals in your Response Letter do nothing to change that and your requests therefore remain improper.

  Ubiquiti now proposes an additional definition of what source code is at issue in this case. But this new definition does not meaningfully limit the scope of Ubiquiti's requests or comply with the Court's orders. Instead, it only adds complexity to the already indecipherable allegations in the FAC—Ubiquiti's proposed third definition of "Firmware" would now include ***over 615 words*** across ***three separate documents*** with numerous subparts, special exceptions, and carveouts.

  Ubiquiti's pattern of adding such unnecessary complexity to these matters is consistent with its pattern of asserting vague and confusing allegations, including Your Responses to Defendants First Set of Interrogatories ("Ubiquiti's Responses"), in which Ubiquiti, once again, fails to identify or produce the 18 files while at the same time admitting that the once allegedly proprietary 18 files ***actually do contain GPL-licensed open source code***. It is now clear exactly why you were unable to "just say in plain English expressly what [the Court] said in the opinion what you needed to say"—you were simply unable to allege that the 18 files were not a "covered work" under the GPL while complying with Rule 11. Ubiquiti's Responses now admit that just ***one*** of its 18 files—u-boot—remains after Elevate is installed ***and***

Active 44795195.2

**BAKER BOTTS** LLP

David Koropp - 2 - March 4, 2020

that it is licensed under the GPL.  *See* Ubiquiti's Responses at 8, 10.  The only other remaining file—referred to only as "cfg"—is not even alleged to be part of Ubiquiti's registered or proprietary firmware in the FAC.  Ubiquiti's claims are meritless in light of these stunning admissions.

Defendants cannot begin to prepare their defensives because Ubiquiti has refused for over a year to identify exactly what code it is asserting. Ubiquiti's conduct has prevented Defendants from doing so because Ubiquiti failed to answer our interrogatories or make the 18 files available for inspection as we have repeatedly requested.  Defendants have produced over ***178,000 pages*** of documents—Ubiquiti has produced ***only 800***.  And numerous versions of Cambium's source code are awaiting inspection while Ubiquiti refuses to make its source code available for inspection.  Defendants will not provide any additional discovery, including any discovery in response to Ubiquiti's overbroad RFPs, without knowing exactly what source code files Ubiquiti is asserting.

If Ubiquiti will not agree to immediately withdraw its 645 overly broad, burdensome, and abusive discovery requests, or substantially narrow them to comply with the Court's instructions, Defendants will be forced to move the Court for a protective order, which they intend to do if we do not reach agreement by Monday March 9, 2020.  In addition, if the parties remain at an impasse, Defendants will not be responding to Ubiquiti's 645 Requests on Wednesday, March 11th and reserve all their objections.  Counsel for Defendants are available to meet and confer further on this matter by telephone tomorrow or Friday.

Respectfully,

Jon V. Swenson
Partner

Active 44795195.2