# EXHIBIT G

# Fox Swibel

FOX, SWIBEL, LEVIN & CARROLL, LLP
WWW.FOXSWIBEL.COM • 312.224.1200
200 W MADISON ST, STE 3000
CHICAGO, IL 60606

DAVID E. KOROPP
dkoropp@foxswibel.com

DIRECT 312.224.1235

March 5, 2020

**VIA EMAIL**

G. Hopkins Guy, III (hop.guy@bakerbotts.com)
Jon V. Swenson (jon.swenson@bakerbotts.com)
Karina Smith (karina.smith@bakerbotts.com)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007

James P. Fieweger (jpfieweger@michaelbest.com)
Michael Best & Friedrich, LLP
444 W. Lake Street. Suite 3200
Chicago, IL 60606

Arthur Gollwitzer, III (agollwitzer@michaelbest.com)
Michael Best & Friedrich, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746

Re: *Ubiquiti Inc. v. Cambium Networks, Inc. et al.*, Case No. 18-cv-05369 (N.D. Ill.)

Dear Jon:

Defendants' approach to discovery in this case puts the proverbial cart before the horse. It is improper for at least three reasons.

***First***, Rule 34(b)(2)(a) determines the time for Defendants to respond to Ubiquiti's document requests. That response shall include (1) any objections Defendants have to the requests and (2) a description of what Defendants are willing to produce. Your letters sent on February 13th and March 4th fail to comply with Rule 34 because they do not address the requests individually, let alone provide any proper objection. *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997) ("The burden is on the party resisting discovery to <u>clarify and explain precisely</u> why its objections are proper given the broad and liberal construction of the federal discovery rules." (emphasis added)); *Whole Woman's Health Alliance, et al., v. Curtis T. Hill, Jr.*, No. 118CV01904SEBMJD, 2020 WL 1028040, at *5 (S.D.

1

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
WWW.FOXSWIBEL.COM • 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com

DIRECT 312.224.1235

Ind. Mar. 2, 2020) (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006):

> [T]he objecting party's burden "cannot be met by a 'reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" (emphasis added)

***Second***, by skipping over the response mandated by Rule 34, your letters fail to provide any of the information that would allow the parties to effectively meet-and-confer on the issue of production. *Cty. of Cook v. Bank of Am. Corp.*, No. 14 C 2280, 2019 WL 6309925, at *2 (N.D. Ill. Nov. 25, 2019) ("Defendants do not explain what specific burdens production would impose, nor have they submitted a declaration providing information regarding the time or expense involved in producing these documents." (Citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011)). As addressed below, Ubiquiti's request in its February 18th letter to clarify what specific objections were being made to what specific requests went unanswered.

***Third***, Defendants threaten to "move the Court for a protective order . . . ." without complying with LR37.2 or even providing any indication of the specific relief they intend to seek. Is it simply to avoid the exercise of drafting responses and objections to document requests? If so, please provide us (1) the legal basis for moving for a protective order to avoid responding to 139 unique discovery requests and (2) the factual basis supporting your claim that preparing such responses (separate from production of documents) is unduly burdensome.

Defendants' approach is also substantively problematic. Ubiquiti alleges, among other things, that Defendants misused its proprietary source code and misappropriated its goodwill and reputation. The full extent of how Defendants did so is not known to Ubiquiti; only Defendants have those answers.[1] Your letters demand that Ubiquiti blindly decide the scope of discovery in this case. That is not how the process works. Ubiquiti issues discovery, and Defendants must meet their burden of providing specific responses and objections to the requests. Without such objections, Ubiquiti has no way of knowing, for example, (1) whether its discovery seeks an

---

[1] This is no more evident than your implication that Ubiquiti's identification of source code that remains after Elevate is installed by Defendants is somehow a "stunning admission" by some negative implication. It is impossible for Ubiquiti to determine the full extent of Defendants' malfeasance without discovery.

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com

DIRECT 312.224.1235

unduly large volume of documents, (2) whether it seeks documents that have no potential relevance to the case, or (3) whether it seeks privileged material.

The lack of responses to discovery requests also unfairly burdens Ubiquiti. You acknowledge that Defendants produced "over ***178,000 pages***" of documents. Are those responsive to any document requests and, if so, which ones? Further, Ubiquiti is entitled to know which Defendants produced which documents; please identify by Bates number which Defendants produced which documents. Without written responses to discovery, Ubiquiti is left with a document dump.

In sum, Ubiquiti will not withdraw its document requests. If the mere exercise of providing objections and responses is unduly burdensome, please provide your full factual and legal bases for that assertion—especially in view of the 139 unique requests and the fact we have stated that Defendants can respond jointly to the extent there are no material distinctions. If you do not provide objections on March 11th without good cause for such failure, Defendants risk waiving their objections. *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 and n.2 (N.D. Ill. 2006) (collecting cases).

As a final matter, we note that Defendants are again seeking to circumvent the meet/confer process by demanding a response to their letter within 1-2 days (similar to Defendants' prior demand for meet/confer to be completed in 12 hours). This despite the fact that Defendants received Ubiquiti's meet and confer response letter on February 18th – more than 2 weeks ago. The March 4th letter also fails to acknowledge (let alone identify a specific objection to) the meet and confer responses provided in our February 18th letter, which effectively addressed all of the purported concerns set forth in Defendants' initial February 13th letter. The March 4th letter does not respond to at least the following issues raised in our February 18th letter:

- The vast majority of Ubiquiti's requests for production have never been objected to by Defendants in a manner prescribed by the Federal Rules, including Ubiquiti's document requests directed at the M-Series Devices.

- Ubiquiti's discovery requests have been misinterpreted and misconstrued by Defendants as overbroad when in fact they are reasonably tailored and based on contentions made in Defendants' affirmative defenses.

- The nature of the claims and defenses at issue in this litigation do not practically allow Ubiquiti to limit its discovery to just 18 files.

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com

DIRECT 312.224.1235

- Ubiquiti's proposal for responding to Defendants' request for an extension of time to answer Ubiquiti's Discovery Requests.[2]

In addition to these items, the March 4th letter fails to respond to Ubiquiti's objection to Defendants only making available source code that was disclosed in their First Supplemental MIDP Disclosures "after Cambium's analysis of the Ubiquiti 18 Modules and related source code." Ubiquiti maintains its objection to this improper limitation on Defendants' mandatory disclosure obligations. Ubiquiti requests Defendants make the source code for Elevate available for inspection no later than March 11, 2020. [3]

In light of these deficiencies and Defendants' repeated refusal to engage in meaningful meet and confer discussions, it is obvious that Defendants are merely seeking to manufacture a dispute in the hopes of being able to re-argue the merits of their alleged GPL defenses before the Court at the March 17th status hearing. If that is the goal of Defendants (which certainly seems to be the case), we are confident that the Court will not tolerate such willful disregard of Defendants' discovery and meet/confer obligation. If we are incorrect about Defendants' goal, and you would like to have a telephonic meet/confer, we can be available on Monday, March 9th, so long as you identify for us in writing the specific issues you wish to address in advance of the call.

Very truly yours,

David E. Koropp

cc: Erik J. Ives (eives@foxswibel.com)
Steven J. Reynolds (sjreynolds@foxswibel.com)
Steven L. Vanderporten (svanderporten@foxswibel.com)

---

[2] On this point, the Defendants as a group have declared that if the parties remain at an impasse, they will simply not respond to Ubiquiti's Discovery Requests by the deadline of March 11th.

[3] Defendants chose not to address Ubiquiti's proposal to limit the production of Elevate source code to the first and most recent versions based on Cambium providing certain information requested in the response letter.