# EXHIBIT H

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com
DIRECT 312.224.1235

March 20, 2020

**VIA EMAIL**

G. Hopkins Guy, III (hop.guy@bakerbotts.com)
Jon V. Swenson (jon.swenson@bakerbotts.com)
Karina Smith (karina.smith@bakerbotts.com)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007

James P. Fieweger (jpfieweger@michaelbest.com)
Michael Best & Friedrich, LLP
444 W. Lake Street. Suite 3200
Chicago, IL 60606

Arthur Gollwitzer, III (agollwitzer@michaelbest.com)
Michael Best & Friedrich, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746

    Re:    *Ubiquiti Inc. v. Cambium Networks, Inc. et al.*, Case No. 18-cv-05369 (N.D. Ill.)

Dear Jon:

    I write to address Defendants' responses to written discovery and to respond to your March 18, 2020 e-mail regarding written discovery.

Defendants' Responses to Written Discovery

    1. Defendants previously agreed to answer Ubiquiti's interrogatories by March 18th. That date included a 7-day extension of the March 11 deadline, which we agreed to provide based upon your agreement that Defendants would provide substantive answers. To date, we have not received those answers. We request that you advise as to the status of those answers immediately. To the extent Defendants are taking the position that the deadline has been extended by the Court's COVID-19 general order (No. 20-0012), that is an issue we will need to address in the context of discovery as a whole. Per our prior comments, Defendants' repeated demands to continue discovery at this time must apply equally to all parties.

    2. Defendants have objected to producing documents in response to the following document requests ("RFPs"):

1

# Fox Swibel

FOX, SWIBEL, LEVIN & CARROLL, LLP
WWW.FOXSWIBEL.COM ▪ 312.224.1200
200 W MADISON ST, STE 3000
CHICAGO, IL 60606

DAVID E. KOROPP
dkoropp@foxswibel.com                                                                DIRECT  312.224.1235

    Cambium, et al.: RFP Nos. 4-5, 11-15, 19, 21, 23-25
    Winncom: RFP Nos. 18-19, 23-24, 26
    Blip: RFP Nos. 18-19, 23-24, 26

    Defendants' general objections are improper for the reasons addressed in detail in the parties' prior correspondence. Among other reasons, the above RFPs include, for example, documents related to Defendants' use and/or reverse-engineering of the 18 Ubiquiti files at issue (Cambium et al. RFP Nos. 4-5, 19, 21, and 23-25) and the extent to which Defendants recognized any of Ubiquiti's rights in the 18 files (*id.* Nos. 11-15). In accordance with the rules governing discovery, we request that you identify, on a Defendant-by-Defendant and request-by-request basis (Fed. R. Civ. P. 34(b)(2)(B)), what if any documents Defendants are withholding based upon their objections. To the extent Defendants are in fact withholding documents responsive to the above requests, we request that the parties engage in a meet-and-confer teleconference to address the matter.

    3.   In their RFP responses, Winncom and Blip each routinely cite back to Defendants' Second Supplemental MIDP disclosures and state that "Defendant will produce any <u>additional</u> . . . documents." To date, it is our understanding that Winncom, for example, has yet to produce any documents. We therefore request that you advise as to (i) whether you have identified any documents, communications, and ESI from Winncom or Blip that will be forthcoming, or (ii) whether it is your position that all responsive documents, communications, and ESI in the possession, custody, or control of Winncom and Blip have been produced.

    4.   Our review of Defendants' production indicates that the individual Defendants (Messrs. Admed and Moiseev) have not produced any documents, communications, or ESI separately from those produced by the Cambium Defendants. We therefore request that you advise as to (i) whether any such production of documents, communications, and ESI from the individual Defendants is forthcoming or (ii) whether it is your position that all responsive documents, communications, and ESI in the possession, custody, or control of the individual Defendants have been produced as part of Cambium's production, such that no responsive documents, communications, or ESI exist in the personal files of the individual Defendants.

    5.   As stated above, Defendants' responses to Ubiquiti's RFPs often refer back to categories of documents provided in Defendants' Second Supplemental MIDP disclosures. In sum, those MIDP categories, to which Defendants cite, include:

    1.  Cambium source code
    2.  Documents related to the distribution of the Elevate firmware, including agreements between Cambium and Winncom
    3.  Similar to (2.) except as applied to Blip
    4.  Cambium's planning, development, and testing of the Elevate firmware

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com                                              DIRECT 312.224.1235

5. Communications relating to (4.)
6. Market requirement documentation, user guides, and training documents related to the Elevate firmware
7. Communications relating to (6.)
8. Documents and communications related to advertising and marketing of the Elevate firmware.

However, the MIDP disclosures are not necessarily coextensive with Ubiquiti's requests for production of these categories of documents. As just a few examples, Defendants' responses are not clear as to whether the full scope of following RFPs necessarily fall within the above categories: RFPs to Cambium et al. Nos. 17 (modification of Ubiquiti copyright notices), 18 (removal of Ubiquiti's interface), 22 (compliance with laws or regulations), 30 (decision to have Messrs. Admed and Moiseev lead the development effort of Elevate), 31 and 74 (decision to use Blip), 32 and 74 (decision to use Winncom), 36-43 (communications related to this litigation), 58 (open source disclosures of Elevate), 59 (claims by third-parties relating to Elevate), 60 (violations of Cambium user licenses), 69-70 (funding to design Elevate), 71 and 77 (compensation to Messrs. Moiseev or Ahmed relating to Elevate), 72 (indemnification agreements), 75 (Cambium's Flexible Licensing program), 76 (partnership with Blip or Winncom), 79 (market studies or business plans regarding Elevate or M-series devices), 80 (revenue, profits, and losses related to Elevate), 81-83 (decisions on pricing of Elevate), 85 and 90-91 (numbers of M-Series devices on which Elevate has been installed), 92-96 (Cambium organizational structure), and 98 (board meetings discussing Elevate).

Accordingly, we request that Defendants confirm (i) whether any additional production of documents, communications, and ESI from Defendants will be forthcoming, or (ii) whether it is your position that all documents, communications, and ESI in the possession, custody, or control of Defendants that are responsive to the RFPs have been produced. To the extent that responsive documents exist that are being withheld on the basis of any objection to these requests, Ubiquiti requests that those categories of documents be identified with specificity in order to allow the parties to meet and confer with respect to any such objections.

   6.  As to each of RFP Nos. 99-122, the Cambium Defendants stated that they will only produce documents at "the appropriate time set by the Court and the local and federal rules . . . ." To the extent any documents have been already been identified, the applicable discovery rules require that such documents be produced. As just one example, RFP No. 106 requests documents and communications regarding Defendants' contention that the 18 Ubiquiti files contain source code subject to an open source license. Defendants have been pursuing that defense from the beginning of this case (even offering an expert declaration in support of it). Thus, Defendants should have identified documents meeting these requests. Ubiquiti therefore demands that Defendants' amend their answers to these requests and produce any responsive documents that

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
WWW.FOXSWIBEL.COM ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com                                                                             DIRECT  312.224.1235

exist at this time, with supplemental documents to be produced thereafter (to the extent identified) in accordance with the rules governing discovery in this action.

  7.  Ubiquiti's objections to Mr. Baer and Mr. Hashmi remain. Defendants have not responded to Mr. Vanderporten's March 13, 2020 e-mail regarding Mr. Hashmi. Ubiquiti is available to continue to investigate his disclosure and any potential conflicts, if you would do so.

  8.  The Stipulated ESI Order (Dkt. 101) requires, among other things, that ESI be produced with information related to "attachment (parent/child) relationships." ESI Order § 8(b). Cambium's production includes documents related to what appears to be a ticketing system, which often include "attachments." *See, e.g.,* CMBM-00000041 (.cfg file listed as attachment); CMBM-00000524 (.pdf, .jpg, and .odp files listed as attachments). It also includes ESI that does not appear to be linked to any other document and is unlikely to exist on its own. *See, e.g.,* CMBM-00003184. We do not believe attachment metadata was provided with such documents. We therefore request that Defendants supplement their production to provide this required metadata (or alternatively, if you believe it has been provided, please specify the field in which such data is located).

  9.  Ubiquiti's review of Cambium's production remains ongoing. Ubiquiti therefore reserves all rights with respect to further discovery matters that may be identified on the basis of this review.

Defendants' Requests

We have received your March 18th e-mail, but are unable to identify which requests as to which you claim to be awaiting a "response." Ubiquiti has responded to each of your document requests and provided MIDP disclosures. Our investigation continues, but the Ubiquiti source code contains most of the information your written requests seek.

Meet-and-Confer Request

Please let us know when you are available to meet and confer on the above issues. Given the nature of the above-requests, we further note that it would be helpful to receive Defendants' written response to these matters in advance in order to clarify the scope of the matters that remain for further discussion. Ubiquiti will not—as Defendants have become accustomed to[1]—

---

[1] Note that during our March 9 meet-and-confer via telephone, you promised to provide us an identification of which Defendant produced which documents no later than that week. However, as further illustration of the double-standard that Defendants have sought to impose in discovery in this case, we note that this response included a single piece of information (identifying CMBM-00001 to CMBM-000029), which took a full week for Defendants to identify.

4

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

David E. Koropp
dkoropp@foxswibel.com

DIRECT 312.224.1235

demand a meet-and-confer in a single day or less. Instead, we expect Defendants will look into these matters and advise as to the earliest available date on which you are prepared to proceed.

Very truly yours,

/s/ David E. Koropp

David E. Koropp


cc: Erik J. Ives (eives@foxswibel.com)
Steven J. Reynolds (sjreynolds@foxswibel.com)
Steven L. Vanderporten (svanderporten@foxswibel.com)