# EXHIBIT I

**BAKER BOTTS LLP**

| | |
|---|---|
| 1001 PAGE MILL ROAD<br>BUILDING ONE, SUITE 200<br>PALO ALTO, CALIFORNIA<br>94304-1007<br><br>TEL +1 650.739.7500<br>FAX +1 650.739.7699<br>BakerBotts.com | AUSTIN    LONDON<br>BEIJING    MOSCOW<br>BRUSSELS    NEW YORK<br>DALLAS    **PALO ALTO**<br>DUBAI    RIYADH<br>HONG KONG    SAN FRANCISCO<br>HOUSTON    WASHINGTON |

March 27, 2020

Jon V. Swenson
TEL: 6507397514
FAX: 6507397614
jon.swenson@bakerbotts.com

086764.0101

VIA E-MAIL (DKOROPP@FOXSWIBEL.COM)

David Koropp
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

      Re:    Ubiquiti's Abusive Discovery; *Ubiquiti Networks, Inc. v. Cambium Networks, Inc. et al.*; Case No. 1:18-cv-05369, USDC, Northern District of Illinois

Dear David:

      I write in response to your March 20, 2020 letter demanding ***additional*** documents and written discovery responses—beyond the ***62,000*** documents, ***178,000*** pages, and ***600*** written discovery responses that Defendants have already provided—and accusing Defendants of imposing a "double-standard" on discovery. Your demands are entirely improper and disproportionate in light of Ubiquiti's production of ***just 80 documents*** and your continued refusal to produce the very materials at the heart of this case—the 18 files identified in the First Amended Complaint.

      As the Court recognized in limiting discovery to "just the 18, and . . . only the 18 [files]" in conjunction with the court-ordered deadline to produce that code, Defendants' access to and review of the 18 files is critical because it will enable Defendants to "figure out what – which of the 18 are in the case or not," and thereby dramatically narrow, if not eliminate, the remaining issues in the case. ***The only "double-standard" here has been imposed by Ubiquiti, who seeks even further overly broad discovery (despite Defendants' massive production to date) while refusing to produce the critical materials expressly identified by the Court and delaying, under the guise of seeking client approval, by almost two weeks our attempts to arrange alternate review procedures in light of COVID-19 restrictions***. Defendants will not entertain your requests for any additional discovery until Ubiquiti produces its source code as ordered by the Court.

      As you know, the COVID-19 restrictions in Illinois and California have made it impossible to conduct expert review of Ubiquiti's source code over the past two weeks because the protective order provides only for in-person review at the offices of the producing party (your offices are closed as well as ours). We again propose allowing our experts to review the

**BAKER BOTTS** LLP

David Koropp - 2 - March 27, 2020

materials without needing to travel. This can be done under the same level of confidentiality protections otherwise afforded under the protective order (*i.e.*, that code is made available on a non-networked computer with the ability to run applications limited to code viewers and code comparison software, and permission to print or download only a very limited number of pages of source code). We understand that it is possible to enforce certain restrictions on use of the source code review computer by technical mechanisms, but any other restrictions will have to be enforced by the expert alone (i.e., reliance on the expert's sworn statement to abide by the protective order). Please let us know immediately if Ubiquiti would be agreeable to such arrangement.

Regarding the specific discovery issues raised in your letter of March 20th, Defendants respond to each item as follows:

1. **The Court's COVID-19 Amended General Order Extends Defendants' Deadline to Respond to Interrogatories**

Under the COVID-19 Amended General Order (Dkt. No. 116, the "COVID-19 Order"), Defendants' deadline to respond to Ubiquiti's interrogatories is extended until April 8, 2020. As your letter recognizes, the initial deadline for Defendants to respond to Ubiquiti's interrogatories was first extended by agreement of the parties to March 18, 2020. The COVID-19 Order, which issued March 16, 2020, states that "[i]n all civil cases, all deadlines . . . are hereby extended by 21 days from the current deadline set." Thus, the March 18th deadline for Defendants to respond to Ubiquiti's interrogatories is "extended by 21 days from the current deadline," until April 8, 2020 by order of the Court.

It is improper for Ubiquiti to demand that Defendants respond to discovery before the Court-ordered extension requires, or to condition production of the 18 files on Defendants' early response. Ubiquiti's deadline to produce the 18 files passed over 3 weeks ago—well before the COVID-19 Order issued. Ubiquiti's refusal to comply with a long-passed source code production deadline does not entitle it to the benefit of this extension and does not require any analysis "in the context of discovery as a whole."

2. **Defendants' Responses to RFP's**

Ubiquiti improperly seeks to pursue discovery not limited to the 18 files as required by the Court. For Ubiquiti's RFPs related to the "Ubiquiti Firmware" as a whole, Ubiquti requests that Defendants identify "on a Defendant-by-Defendant and request-by-request basis . . . what if any documents Defendants are withholding based upon their objections." Defendants will not do so as Ubiquti's requests are broader than those allowed by the Court. As we have repeatedly asked Ubiquiti, please withdraw and reissue reasonable requests tailored to the 18 files as required by the Court. Ubiquiti's inability to issue requests that differentiate between the small portion of allegedly protectable code and the unprotectable code further demonstrate that the firmware as a whole is a "covered work" under the GPL.

Moreover, Ubiquiti's continued efforts to seek additional overly broad discovery from Defendants are also improper as disproportionate to the needs of the case in light of case-

**BAKER BOTTS** LLP

David Koropp - 3 - March 27, 2020

dispositive information obtained from Ubiquiti to date. For example, Ubiquiti admits that (1) only *one* of the 18 files ("u-boot") actually remains on the device when Elevate is installed—the other 17 are deleted without being used, and (2) that this (once allegedly proprietary) u-boot file *actually "contain[s]" GPL-licensed code*. There is nothing illegal about using open source code or deleting allegedly proprietary code. Indeed, Ubiquiti's website (included by reference into its contracts) includes instructions on how to create custom firmware, and erase and replace Ubiquiti's firmware while re-using u-boot—the precise activity Ubiquiti alleges to be illegal. Moreover, Ubiquiti produced a document proving that it "*irrevocably* covenant[ed] and agree[d]" not to assert any claims against Cambium as a licensee of Atheros. *See* UBIQ_0000644. No further offensive discovery by Ubiquiti can change these facts, which prove that your claims are meritless and sanctionable. Defendants therefore will continue to refuse to respond to these requests, which are improper under the Court's instructions.

### 3. Winncom's and Blip's Responses to RFP's

As stated in Defendants Winncom's and Blip's responses to your RFP's, our investigation into any additional responsive documents is ongoing. No additional responsive documents have been identified at this time.

### 4. Messrs. Ahmed's and Moiseev's Responses to RFP's

As stated in Defendants Ahmed's and Moiseev's responses to your RFP's, each of your requests relate to activities undertaken within the scope of their employment with Cambium. Therefore, all documents responsive to Ubiquiti's requests are in Cambium's production and Ahmed and Moiseev will not make a separate production.

### 5. Ubiquiti's Request for Additional Materials and Acknowledgment That Ubiquiti's RFP's Go Beyond the Court-Imposed Limit on Discovery of the 18 Files

You ask that Defendants state whether any additional production in response to Ubiquiti's RFP's is forthcoming beyond Defendants' MIDP production or whether all documents responsive to those RFP's have already been produced. As you already know, the Court ordered that discovery be limited to the 18 files and instructed Defendants to bring to its attention any discovery requests that go beyond that limit.

> **THE COURT:** How do you know that they're going to go beyond the 18?
> . . .
> **MR. GUY**: Well, your Honor, suppose they send us 100.
> **THE COURT**: Then do you have to answer them, or can you say, "No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones." And if they say, "No," you can bring it to me, and you can say, "See, I told you so."

**BAKER BOTTS** LLP

David Koropp - 4 - March 27, 2020

*See* Dec. 9 Hearing Tx. at 10:6-18. Thus, the Court directly instructed Defendants to raise discovery requests going beyond the scope of the 18 files.

But Ubiquiti's requests do not even mention these 18 files or otherwise attempt to meet this court-ordered limit. Now Ubiquiti admits that its requests go beyond even the extremely broad bounds of MIDP disclosure and production requirements by demanding Defendants' identification and production of additional documents beyond the 62,000 documents already produced. Ubiquiti's requests are overbroad and not proportional to the needs of the case in light of the clear scope of discovery established by the Court.

Defendants therefore will not entertain discussions regarding production of any additional documents until Ubiquiti produces the 18 files that are central to this case.

### 6. RFP's Regarding Affirmative Defenses

As stated in Defendants' responses to Ubiquiti's RFP's Nos. 99-122, Defendants intend to produce documents in its possession, custody, or control that support its affirmative defenses. But Defendants cannot continue to participate in one-sided discovery while Ubiquiti refuses to produce source code materials regarding the 18 files at issue in this case. Accordingly, Defendants will produce these documents only after Ubiquiti makes its code available for inspection.

### 7. Defendants' Disclosures of Messrs. Hashmi and Baer

Regarding Defendants' disclosure of Mr. Hashmi, you contend that we did not provide Ubiquiti with express permission to discuss the list of Mr. Hashmi's clients, which we provided as "confidential," with your client. But "parties and up to 2 in-house counsel or employees" are permitted to review confidential materials under the Protective Order (Dkt. No. 102). Please immediately withdraw your objection to Mr. Hashmi.

Regarding Mr. Baer, your letter does not mention any specific objection to his disclosure, which we believe was resolved during our meet and confer call on March 9, 2020. During that call, counsel for Ubiquiti was unable to articulate how Mr. Baer's prior service as an expert consultant for an entity that purchased Ubiquiti's competitor might somehow prejudice Ubiquiti. Please immediately withdraw your objection to Mr. Baer.

### 8. Production of Parent/Child Metadata

Defendants' production fully complied with the requirements to produce parent and child metadata information pursuant to the ESI Order (Dkt. No. 101). Where practicable, Defendants' production includes load files that map the TIFF images and depicts attachment relationships using the "Attachment ID" and "Parent ID" fields as specified under the order.

Documents extracted from Cambium's Jira database may require custom loading to show the parent/child relationship information. Specifically, our technical vendor has informed us that the family groups for documents extracted from Jira can be identified in the

**BAKER BOTTS** LLP

David Koropp - 5 - March 27, 2020

production DAT file by the "FilePath" field. They also informed us that many of the attachments are simply found at the next sequential bates number. Any other files that were not included were either corrupt or errored out during the Jira extraction. We confirmed this is the case regarding the files you identified specifically at CMBM-00000041 and 524.

\* \* \* \*

Please let us know whether Ubiquiti will agree to the procedures outlined above with respect to source code review at the home of the receiving party's expert by Monday March 30, 2020 and immediately ship by overnight delivery a source-code review laptop to Evan Kovanis at 23 Lyell St., Los Altos, CA 94022.

Respectfully,

Jon V. Swenson
Partner

Active 45439162.1