# EXHIBIT K

**BAKER BOTTS** L.L.P.

| | |
|---|---|
| 1001 PAGE MILL ROAD<br>BUILDING ONE, SUITE 200<br>PALO ALTO, CALIFORNIA<br>94304-1007<br><br>TEL +1 650.739.7500<br>FAX +1 650.739.7699<br>BakerBotts.com | AUSTIN    LONDON<br>BEIJING    MOSCOW<br>BRUSSELS  NEW YORK<br>DALLAS    **PALO ALTO**<br>DUBAI    RIYADH<br>HONG KONG SAN FRANCISCO<br>HOUSTON  WASHINGTON |

April 13, 2020

Jon V. Swenson
TEL: 6507397514
FAX: 6507397614
jon.swenson@bakerbotts.com

086764.0101

VIA E-MAIL (SREYNOLDS@FOXSWIBEL.COM)

Steven J. Reynolds
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

      Re:    Ubiquiti's Abusive and Harassing Discovery Posture; *Ubiquiti Networks, Inc. v. Cambium Networks, Inc. et al.*; Case No. 1:18-cv-05369, USDC, Northern District of Illinois

Dear Steven:

      Your one-sided demand for immediate responses to some 15 separate alleged discovery deficiencies contained in your letter of April 8, 2020 is simply unreasonable in light of the current status of the case and the Court's COVID-19 Orders.[1]  The COVID-19 Orders are clear—***all deadlines*** (including discovery) are stayed for seven weeks while the pandemic abates. Cambium's discovery responses and document production far exceed Ubiquiti's own effort. Ubiquiti's ten-page, single-spaced letter completely ignores the Court-ordered stay and, remarkably, seeks to *accelerate* discovery on issues beyond the 18 files that the Court limited discovery to.  This is wholly improper in light of the state-mandated prohibitions recognized in the Court's COVID-19 Orders that legally prohibit Defendants from accessing the very facilities necessary to investigate the issues raised in Ubiquiti's letter.

      Ubiquiti's position that Defendants must respond immediately during a pandemic to its litany of petty discovery gripes is particularly improper given Ubiquiti's strenuous argument ***just one day earlier*** (conveniently memorialized in Ubiquiti's own letter) that Ubiquiti is excused from accommodating inspection of the 18 files because "***much of the discovery in this case cannot proceed***" under the COVID-19 Orders.  Ubiquiti's improper one-way reliance on the COVID-19 Orders to dodge inspection of Ubiquiti's 18 files—materials the Court ordered you to produce weeks before the stay was entered—while at the same time seeking even further discovery from Defendants (beyond their 600 written responses and production of over 62,000 relevant documents) goes beyond harassment—it is a clear attempt to force Defendants to incur additional

---

[1] The "COVID-19 Orders" refer to the Court's Orders Regarding Coronavirus COVID-19 Public Emergency at Dkt. Nos 115, 116, and 117.

Active 46588782.1

**BAKER BOTTS** LLP

Steven J. Reynolds            - 2 -            April 13, 2020

costs addressing Ubiquiti's baseless claims and manufactured discovery issues, even when all deadlines are stayed.

But beyond the clearly inappropriate nature of Ubiquiti's demands under the COVID-19 Orders, it is now clear that Ubiquiti's entire case, and permission to conduct even the limited discovery allowed by the Court, is premised on misrepresentations—*Ubiquiti now admits that the 18 files "contain" GPL and open source code after misrepresenting that very fact to the Court numerous times to survive Ubiquiti's second dismissal*. Specifically, Ubiquiti told the Court that its "registered firmware" components defined in paragraph 37 of Ubiquiti's First Amended Complaint—including the u-boot and ubntbox components constituting six of the "18 files" at issue—do not contain any GPL code:

> MR. KEENER: Your Honor, we believe 35 through 37 did pull the trigger. I understand how you're reading it, but the way we intended it to be read is that *none of the GPL code that's licensed in is part of the registered firmware* . . . . We intended to and think we did comply with this Court's order to say, 'This code is not subject to GPL. *It's not licensed in by the GPL*, and it's not modified by the GPL' . . . .

Sept. 4, 2019 Hearing Tx. at 7:6-9. Thus, in a desperate effort to survive dismissal, Ubiquiti repeatedly argued to the Court that no GPL code is contained in or "part of the registered firmware," including the u-boot and ubntbox files. But Ubiquiti's very first discovery responses admit this is not true—Ubiquiti admits that, at the very least, the u-boot and ubntbox components actually do *"contain a portion of" GPL open source code*. Ubiquiti stated the exact opposite to the Court. Any discovery by Ubiquiti (much less further discovery beyond the 600 written responses and 62,000 documents produced to date) is not proportionate to the needs of the case because Ubiquiti's entire basis for surviving dismissal was premised on misrepresentations.

Moreover, Ubiquiti's admission that its "[i]nvestigation continues" into *additional* GPL and open source code embedded in the 18 files proves that you failed to sufficiently investigate Ubiquiti's claims *before* you brought Ubiquiti's second complaint, which was specifically drafted around this issue. Ubiquiti had no basis for bringing the First Amended Complaint in the first place and you are not entitled to any additional discovery until Defendants have an opportunity to inspect the 18 files for additional instances of embedded GPL code.

Active 46588782.1

**BAKER BOTTS** LLP

Steven J. Reynolds — - 3 - — April 13, 2020

      Defendants therefore intend to file with the Court a motion for clarification or, in the alternative, to stay all discovery in light of the Court's COVID-19 Orders and Ubiquiti's continued attempts to continue with one-sided discovery against Defendants without producing the 18 files.

      Respectfully,

Jon V. Swenson
Partner

Active 46588782.1