# EXHIBIT M

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UBIQUITI INC. (f/k/a UBIQUITI NETWORKS, INC.), <br><br> *Plaintiff*, <br><br> v. <br><br> CAMBIUM NETWORKS, INC.; CAMBIUM NETWORKS, LTD.; BLIP NETWORKS, LLC; WINNCOM TECHNOLOGIES, INC.; SAKID AHMED; and DMITRY MOISEEV., <br><br> *Defendants*. | Civil Action No.: 1:18-cv-05369 <br><br> The Honorable Judge Feinerman <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS CAMBIUM NETWORKS, INC., CAMBIUM NETWORKS, LTD.,
SAKID AHMED, AND DMITRY MOISEEV'S RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION (NOS. 1-122)**

Defendants Cambium Networks, Inc. ("Cambium"), Cambium Networks, Ltd. (together with Cambium referred to as the "Cambium Entities"), Sakid Ahmed, and Dmitry Moiseev (collectively "Defendants"), through their undersigned attorneys, hereby provide the following responses to Ubiquiti Networks, Inc.'s ("Ubiquiti" or "Plaintiff") first set of Requests for Production (Nos. 1-122).

**GENERAL OBJECTIONS**

1.      Defendants submit the below responses without waiving: (a) the right to object to the use of any information or documents produced for any purpose, in this action or in any other action, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (b) the right to object to any other discovery requests involving or relating to the subject matter of the

1

requests responded to herein; and (c) the right to revise, supplement or clarify any of the answers provided below at any time.

2.      Defendants specifically reserve and do not waive their right to object to the provision of any documents or information protected from disclosure by attorney-client privilege, the attorney work product doctrine, or the protection for trial preparation materials.

3.      Defendants object to Plaintiff's Definitions and Instructions to the extent that they seek to impose on Defendants obligations greater than or different from those imposed under the Federal Rules of Civil Procedure, the Local Rules, any applicable orders of this Court, or any stipulations or agreements of the parties. Defendants further object to Plaintiff's Definitions and Instructions to the extent that they purport to alter the plain meaning and/or scope of any specific request, to the extent that such alteration renders the request vague, ambiguous, and overbroad.

4.      Defendants object to each request to the extent that it requests Defendants to produce or otherwise analyze any document or other information that is not within the possession, custody, or control of Defendants, that is already within the possession, custody, or control of Plaintiff, or that is as more readily available to Plaintiff than to Defendants, on the ground that such requests are unduly burdensome.

5.      Defendants object to each request to the extent that it seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence or is otherwise not discoverable because it is not proportional to the issues in this case.

6.      Defendants object to each request to the extent that it seeks the identification of "any," "each," "every," or "all" documents, products, persons, circumstances, companies, entities, facts, or other things regarding or relating to a particular subject, as unduly burdensome,

overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants reserve the right to revise and/or supplement each of the responses provided herein as new facts, evidence, and analysis become available to Defendants.

7.      Defendants object to each request that seeks "all" documents rather than noncumulative documents sufficient to satisfy the Request. To the extent Defendants produces documents responsive to a particular request, Defendants will produce non-cumulative documents sufficient to satisfy the non-objectionable portions of that request.

8.      Defendants object to each request to the extent it seeks separate responses from the Cambium Entities, Sakid Ahmed, and Dmitry Moiseev. Sakid Ahmed and Dmitry Moiseev each acted in their capacity as employees of Cambium in all relevant respects for purposes of these Responses. Accordingly, their Response is the same as Cambium's Response.

## **RESPONSES**

*1.      All documents and communications referenced in Defendants' Initial Disclosures served January 10, 2020.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 1 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request.

2.     *All documents and communications referenced in Your responses to Plaintiff's First Set of Common Interrogatories and First Set of Interrogatories directed specifically to You dated February 10, 2020.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this request as premature. Defendants have not yet served responses to Plaintiff's interrogatories dated February 10, 2020 as the deadline for Defendants' response has been extended per agreement of the parties to March 18, 2020. Defendants intend to supplement their response to this Request as the information sought becomes available.

3.     *All documents and communications referring or relating to the decision to create Elevate, or any other firmware to install on M-Series Devices, including but not limited to any technical, financial, sales or marketing analysis, internal memoranda, spreadsheets, PowerPoints, tests and testing results, programs, proposals, projections, plans, designs, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this

Request. Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

4. *All documents and communications referring or relating to the use of Ubiquiti's Firmware in any way in connection with designing, developing, testing, installing or using Elevate, including but not limited to technical analysis, internal memoranda, spreadsheets, PowerPoints, tests and testing results, programs, proposals, projections, plans, designs, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

5.    *All documents and communications referring or relating to any reverse engineering, decompiling, or disassembling of Ubiquiti's Firmware.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.  Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised.  *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

6.    *All documents and communications referring or relating to how Elevate runs on, interacts with, operates, or otherwise is utilized in connection with M-Series Devices.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely

to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

7. *All documents and communications referring or relating to the installation of Elevate on M-Series Devices, including but not limited to any technical analysis, internal memoranda, spreadsheets, PowerPoints, tests and testing results, programs, proposals, projections, plans, designs, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any

additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

8.     *All documents and communications referring or relating to whether installing Elevate on an M-Series Device renders, or potentially may render, that device inoperable or incompatible with other Ubiquiti hardware or equipment.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

9.     *All documents and communications referring or relating to whether or to what extent installing Elevate on an M-Series Device renders that device operable or compatible with Cambium hardware or equipment, including but not limited to any technical analysis, internal memoranda, spreadsheets, PowerPoints, tests and testing results, programs, proposals, projections, plans, designs, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

10.     *All documents and communications referring or relating to the use of code licensed to Ubiquiti from Atheros, Qualcomm, or Qualcomm Atheros in regard to the creation of Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any

additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

11.     *All documents and communications referring or relating to whether Ubiquiti's Firmware does or does not include code subject to open source licenses, including but not limited to the GNU General Public License ("GPL").*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised.  *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

12.     *All documents and communications referring or relating to Ubiquiti's Firmware.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

13. *All documents and communications referring or relating to any copyrights Ubiquiti may or may not have in all or any portion of Ubiquiti's Firmware.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court,

which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

14.     *All documents and communications referring or relating to any copyright notices pertaining to Ubiquiti's Firmware.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you

so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

15. *All documents and communications referring or relating to whether the design, development, testing, use, or demonstration, installation or performance of Elevate may or may not infringe any copyrights held by Ubiquiti.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

13

16.     *All documents and communications referring or relating to whether the design, development, testing, use, or demonstration, installation or performance of Elevate may or may not breach any Firmware License Agreements.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

17.     *All documents and communications referring or relating to the removal or modification of any Ubiquiti copyright notices.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

14

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

18.    *All documents and communications referring or relating to the removal or modification of Ubiquiti's interface from any M-Series Device.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

19.    *All documents and communications referring or relating to any modifying, translating, reverse engineering, decompiling, dissembling, or otherwise attempting to defeat,*

*avoid, bypass, remove, deactivate or circumvent any Access Control Measure in the Ubiquiti Firmware or M-Series Devices.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

20.     *All documents and communications referring or relating to any work or other activity Ahmed or Moiseev engaged in related to the creation, marketing, licensing, or distribution of Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely

to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

21. *All documents and communications referring or relating to any copying, reproducing, transferring, broadcasting, transmitting, republishing, distributing, modifying, preparing a derivative work of, performing publicly or displaying Ubiquiti Firmware.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those

other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

22.     *All documents and communications referring or relating to whether the installation of Elevate in an M-Series Device does or does not cause the device to comply with any laws or regulations governing legal frequency channels, frequency ranges, radio functionality, output power, or dynamic frequency selection (DFS) requirements.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

23.     *All documents and communications referring or relating to how to install Elevate on M-Series Devices, including but not limited to all documents relating to installing older versions of Firmware on the M-Series Device prior to installing Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

24. *All documents and communications referring or relating to any firmware verification system or process present in M-Series Devices.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court,

which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

25.  *All documents and communications referring or relating to whether or to what extent any portion of Ubiquiti's Firmware remains on M-Series Devices following the installation of Elevate, including but not limited to any technical analysis, internal memoranda, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendants intend to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this

is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendants incorporate the positions included in the parties' correspondence on this issue as though fully set forth herein.

26. *All statements, and all documents and communications referring or relating to any statements, made by any Defendant relating to downloading prior versions of Ubiquiti's Firmware in connection with the installation of Elevate on an M-Series Device.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

27.     *All documents and communications referring or relating to whether installation of Elevate on an M-Series Device may or may not void the Ubiquiti warranty, or may or may not render the M-Series Device non-compliant with FCC regulations.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

28.     *All documents and communications referring or relating to re-labeling any M-Series Device in which Elevate has been installed to comply with FCC or any other governmental regulations.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

29. *All documents and communications referring or relating to the Quick Start Guide, including but not limited to all draft versions thereof, all documents pertinent to the development of the Quick Start Guide, and all criticism, comment, or suggested revisions to the Quick Start Guide.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 6 and 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

30. *All documents and communications referring or relating to the decision to have Ahmed and Moiseev lead the effort to develop, design, promote, or market Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

31. *All documents and communications referring or relating to the decision to work with Blip to promote, market, distribute, license or sell Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents produced in connection with Defendants' identification of category number 3 in Defendants' Second Supplemental

Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

32.     *All documents and communications referring or relating to the decision to work with Winncom to promote, market, distribute, license, or sell Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

33.     *All documents and communications exchanged between the Defendants, or any two or more of the Defendants, referring or relating to Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the

needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

34.     *All documents and communications containing, referring or relating to statements made on the internet by You, your employees, independent contractors, agents, users or customers, including but not limited to posts in forums, chatrooms, blogs and on social media platforms, that relate to Elevate, M-Series Devices or this Lawsuit.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any

additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

*35.    All documents and communications containing, referring or relating to statements made on the internet by any of the other Defendants, their employees, independent contractors, agents, users or customers, including but not limited to posts in forums, chatrooms, blogs and on social media platforms, that relate to Elevate, M-Series Devices or this Lawsuit.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

*36.    All communications between You and any third-party that refers or relates to the Litigation.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the

needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 5 and 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

37.     *All documents and communications exchanged between Cambium's in-house legal department, including its General Counsel Sally Rau, and Blip that refer or relate to this Lawsuit.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 3 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-

privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

38.     *All documents and communications exchanged between Cambium's in-house legal department, including its General Counsel Sally Rau, and Blip that refer or relate to the design, development, testing, use or demonstration, installation or performance of Elevate, including but not limited to documents and communications relating to whether any such activities may or may not infringe copyrights held by Ubiquiti or violate the Firmware License Agreements.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 3 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

39.     *All documents and communications exchanged between Cambium's in-house legal department, including its General Counsel Sally Rau, and Blip that refer or relate to the marketing,*

*promotion, distribution, licensing or sale of Elevate, including but not limited to documents and communications relating to whether any such activities may or may not involve making false or misleading statements or omissions about Elevate or M-Series Devices, infringe copyrights held by Ubiquiti, or violate the Firmware License Agreements.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 3 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

*40.     All documents and communications exchanged between Cambium's in-house legal department, including its General Counsel Sally Rau, and Blip that refer or relate to any agreements, partnerships or deals with Blip to promote, market, license, distribute or sell Elevate and any financial benefits received by Blip, or which Blip continues to receive, as a result of these activities.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 3 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

41.     *All documents and communications exchanged between Cambium's in-house legal department, including its General Counsel Sally Rau, and Winncom that refer or relate to this Lawsuit.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

42.     *All documents and communications exchanged between Cambium's in-house legal department, including its General Counsel Sally Rau, and Winncom that refer or relate to the design, development, testing, use or demonstration, installation or performance of Elevate, including but not limited to documents and communications relating to whether any such activities may or may not infringe copyrights held by Ubiquiti or violate the Firmware License Agreements.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-

privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

43.    *All documents and communications exchanged between Cambium's in-house legal department, including its General Counsel Sally Rau, and Winncom that refer or relate to the marketing, promotion, distribution, licensing or sale of Elevate, including but not limited to documents and communications relating to whether any such activities may or may not involve making false or misleading statements or omissions about Elevate or M-Series Devices, infringe copyrights held by Ubiquiti, or violate the Firmware License Agreements.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

*44.     All documents and communications exchanged between Cambium's in-house legal department, including its General Counsel Sally Rau, and Winncom that refer or relate to any agreements, partnerships or deals with Winncom to promote, market, license, distribute or sell Elevate and any financial benefits received by Winncom, or which Winncom continues to receive, as a result of these activities.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

*45.     All released versions of the Elevate computer code in its native format(s), including its source code and compiled or built object code forms, as well as any instructions, comments, notices, notations, data, schemas, and other information contained therein.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the

needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 1 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

46.     *All versions of Elevate source code files, scripts, configuration files, data files, project files, and build or packaging files and tools in their native formats, as stored in the version control system (such as git or svn) repositories in which they were developed, including but not limited to all structure and metadata, so as to enable examination of all such versions using the same version control system software used by Cambium's developers, employees or independent contractors.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 1 in Defendants'

Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

47.    *All versions of any scripts, files or documentation necessary to establish what versions of each source code file correspond to each released version of Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 1 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

48.    *A native copy of any collaboration systems or environments, such as "wikis" (e.g., Atlassian Confluence) or similar systems, used in the design, development, or documentation of Elevate.  To the extent that a native copy of the system cannot be provided, this request seeks the production of a complete data export from the system.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 4 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

49.     *A native copy of any issue-, requirements-, defect-, or bug-tracking system (e.g., Atlassian Jira) used in the design or development of Elevate. To the extent that a native copy of the system cannot be provided, this request seeks the production of a complete data export of that system, including for all issues (e.g., defects, requirements, or tasks), fields, comments, images, attachments, or other associated items.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 6 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

50.     *All interface documents, design documents, product feature documents, internal specification documents, diagrams, coding style guides, and requirements documents referring or relating to Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 6 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

51.    *All testing documents, test implementation files, testing suite data, and test definitions, processes, and results referring or relating to Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 6 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

52.    *All documents provided to end users of Elevate, including but not limited to manuals, technical references, spec sheets, and troubleshooting documents.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 6 and 8 in

Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

53.    *All documents related to the development of Elevate, including but not limited to documents referring or relating to the architecture, design, engineering review, integration, and release of Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 4 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

54.    *All user logs for Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the

needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4, 6, and 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

55.     *All documents and communications referring or relating to inquiries or complaints from customers, suppliers, investors, or others relating to M-Series Devices or Elevate, including but not limited to inquiries or complaints relating to the download or installation of Elevate, the functionality of M-Series Devices which have had Elevate installed on them, the compatibility of M-Series Devices with Ubiquiti or Cambium hardware or equipment following the installation of Elevate, requests for maintenance or support on M-Series Devices, the legality of installing Elevate on M-Series Devices, the accuracy of statements made in the Quick Start Guide, at the Webinar, in the Cambium Community Forum page, or made at any other seminar, webinar, conference or forum in which Elevate was marketed or promoted.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely

to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

56.     *All documents and communications referring or relating to any public comments You have made regarding Elevate or M-Series Devices.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

57.    *All versions and draft versions of license agreements for the downloading, installation or use of Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4, 6, and 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

58.    *All documents and communications referring or relating to any request(s) received by You to make available open source software or modifications to open source software included in Elevate, including but not limited to request(s) made under Section 1.4 of Cambium's ePMP Elevate End User License Agreement, and all documents and communications referring or relating to Your response(s) to any request(s) to make open source software or modified open source software available.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely

to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

59.    *All documents and communications sent by You to any third-party that states, claims or alleges a violation of any Elevate license agreement, including but not limited to cease and desist letters claiming a third-party has violated Section 1.2 of Cambium's ePMP Elevate End User License Agreement, and all documents and communications referring or relating to any response(s) You have received from third-parties to any document, communication, or cease and desist letter produced in response to this Request.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this

Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

60. *All documents and communications referring or relating to investigations commenced or undertaken by You to determine whether a third-party has violated any Elevate license agreement, including but not limited to violations of Section 1.2 of Cambium's ePMP Elevate End User License Agreement.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

61. *All documents and communications referring or relating to the marketing or promotion of Elevate, including but not limited to any internal analysis, internal memoranda, spreadsheets, PowerPoints, programs, proposals, projections, plans, reports, marketing*

*materials, circulars, business records, promotional materials, advertisements, or statements made at webinars, seminars, or conferences relating to Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

62.    *All documents, communications, and videos containing instructions on how to download, install, or use Elevate on M-Series Devices, documents referring or relating to the development of such instructions, all drafts of the instructions, all criticism, comment, or suggested revisions to the instructions, and documents and communications that in any way reference whether statements made in the instructions were factually incorrect, misleading, or omitted information.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely

to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 6 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

63.    *All documents and communications referring or relating to the Webinar, including but not limited to any internal analysis, internal memoranda, PowerPoints, programs, proposals, projections, plans, reports, marketing materials, circulars, business records, documents sufficient to identify any attendees, participants, or viewers of the Webinar, and all communications exchanged between any Defendant and any attendee, participant, or viewer of the Webinar.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 6 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any

additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

64.     *All documents and communications referring or relating to any webinar (other than the November 30, 2016 Webinar), industry conference, or seminar during which any Defendant marketed, promoted, or demonstrated the installation or use of Elevate, including but not limited to any internal analysis, internal memoranda, PowerPoints, programs, proposals, projections, plans, reports, marketing materials, circulars, business records, documents sufficient to identify any attendees, participants or viewers of any such webinar, industry conference, or seminar, and all communications exchanged between any Defendant and any attendee, participant or viewer of the webinar(s), industry conference(s), or seminar(s) disclosed in response to this request.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 6 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

65. *A copy of any Cambium Community Forum page, post, comment, question, or private message that refers or relates to Elevate or the M-Series Devices.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

66. *All documents and communications referring or relating to the targeting of Ubiquiti customers through the introduction of Elevate into the market, including but not limited to any internal analysis, internal memoranda, forecasts, budgets, spreadsheets, PowerPoints, tests and testing results, market research, programs, projections, plans, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely

to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

67.     *All documents and communications referring or relating to whether Elevate did or did not, or may or may not, have any effect whatsoever on customers purchasing, renting or licensing any other products, hardware or software offered by Cambium, including but not limited to any internal analysis, internal memoranda, forecasts, budgets, spreadsheets, PowerPoints, tests and testing results, market research, programs, projections, plans, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this

Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

68.     *All documents and communications referring or relating to any benefits of any type that may accrue to Cambium from Elevate, or any detriment to Ubiquiti, including but not limited to loss of or increase in market share of any software or hardware product, business prospects, good will, long-term stability and placement in the market, and infrastructure.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

69.     *All documents and communications referring or relating to the funding or capitalization by Cambium Networks Ltd. to develop, design, market, promote or distribute Elevate, and the recipient(s) of any such funding or capitalization, including but not limited to*

*account statements, transfers, checks, financial statements, accounting records, corporate minutes, and investor disclosures.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

70. *All documents and communications referring or relating to any grants, investments, loans, or other financial support received by any of the Defendants to develop, design, market, promote, distribute or license Elevate, including but not limited to account statements, transfers, checks, financial statements, accounting records, corporate minutes, and investor disclosures.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

71.     *All documents and communications referring or relating to any compensation or other benefit received by Moiseev or Ahmed relating, directly or indirectly, to Elevate, or any benefits Cambium has derived, directly or indirectly, from Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

72.    *All indemnification agreements between You and any other Defendant or Defendants that refer or relate to this Lawsuit, Ubiquiti, Elevate, or M-Series Devices.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

73.    *All documents and communications referring or relating to any efforts or activities by Cambium, Wincomm, Ahmed and/or Moiseev, or any of the two Defendants, to promote, market, distribute, sell or license Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2, 3, and 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

*74.    All documents and communications referring or relating to Cambium's Connected Partner program, including how individuals or entities were selected to be Connected Partners, any agreements or terms and conditions with Connected Partners, and any documents and communications relating to financial incentives or compensation paid as a result of being a Connected Partner.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

75.    *All documents and communications referring or relating to Cambium's Flexible Licensing program, including but not limited to contracts, agreements, payment terms, or terms and conditions with users of the program, and any memoranda, spreadsheets, PowerPoints, tests and testing results, market research, projections, plans, reports, marketing materials, circulars and business records relating to the program.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

76.    *All documents and communications referring or relating to Cambium's partnership, relationship, or dealings with Blip or Winncom as it relates to Elevate, including but not limited to agreements, memoranda, spreadsheets, PowerPoints, tests and testing results, market research, programs, projections, plans, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 and 3 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

77. *All documents and communications referring or relating to financial incentives received by Ahmed, Moiseev, Blip or Winncom for promoting Elevate, including but not limited to monetary transfers, commissions, royalties, bonuses, discounts, hardware, equipment, or items of monetary value.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in

Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

78. *Documents sufficient to show Cambium's financial forecasts or budgets related to Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

79. *All documents and communications referring or relating to any market studies or business plan associated with Elevate or the M-Series Devices.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

*80.     All documents and communications referring or relating to any revenue, profits or losses incurred by Cambium from licensing Elevate (including the price charged for licensing Elevate and providing any related support services), including but not limited to any financial analysis, budgets, programs, plans, projections, reports, spreadsheets, PowerPoints, financial statements, revenue statements, and account statements.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

81.     *All documents and communications referring or relating to the determination of the price to charge for an Elevate license, including but not limited to any financial analysis, budgets, programs, plans, projections, reports, spreadsheets or PowerPoints relating to determining such a price.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

82.     *All documents and communications referring or relating to whether a customer would or would not be charged a fee for licensing Elevate, including but not limited to all documents and communications relating to the decision to license Elevate to some customers for no fee.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

83.     *Documents sufficient to show any financial benefit of any type received by Cambium as a result of providing licenses to Elevate on a royalty-free basis, including but not limited to increased sales of Cambium hardware and hardware-related products.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely

to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

84.     *Documents sufficient to show revenues derived from any sales of Cambium equipment attributable, in whole or in part, to the licensing of Elevate, including but not limited to any financial analysis, budgets, programs, plans, projections, reports, spreadsheets, PowerPoints, financial statements, revenue statements, and account statements.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any

additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

85.     *All documents and communications referring or relating to the number of M-Series Devices on which Elevate has been installed.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

86.     *All documents and communications referring or relating to the number of licenses issued for Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely

to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

87. *All documents and communications referring or relating to the number of times Elevate has been downloaded from Cambium's website.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

88.     *All documents and communications referring or relating to the number of orders placed for Elevate, including but not limited to invoices, receipts, confirmations, internal analysis, internal memoranda, spreadsheets, PowerPoints, programs, projections, plans, reports, and business records.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

89.     *Documents sufficient to identify the countries in which users, customers, or third-parties downloaded, accessed, or purchased Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

90.    *All documents and communications referring or relating to how many M-Series Devices in Blip's network have had Elevate installed.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 3 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

91.    *All documents and communications referring or relating to how many M-Series Devices in Winncom's network have had Elevate installed.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category number 3 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

92. *Documents sufficient to identify all persons who served as directors, executives, managers, and in-house legal counsel for Cambium during the time period from January 1, 2012 through the present.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants also object to this Request as seeking information that is not relevant to any of the claims or defenses at issue in this case. Defendants therefore will not produce documents in response to this Request.

93. *Documents sufficient to identify all owners of Cambium from January 1, 2012 through the present.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants also object to this Request as seeking information that is not relevant to any of the claims or defenses at issue in this case. Defendants therefore will not produce documents in response to this Request.

94. *All Corporate Governance Documents applicable to Cambium from January 1, 2102 through the present.*

Notwithstanding and without waiving their General Objections above, Defendants Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants also object to this Request as seeking information that is not relevant to any of the claims or defenses at issue in this case. Defendants therefore will not produce documents in response to this Request.

95.     *Documents sufficient to show Cambium's corporate and organizational structure from January 1, 2012 through the present, including but not limited to a copy of Cambium's organizational chart from 2012 through the present, as well as documents evidencing reporting relationships between employees of Cambium and any corporate affiliates, parents, siblings, subsidiaries or other affiliated entities.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.  Defendants also object to this Request as seeking information that is not relevant to any of the claims or defenses at issue in this case.  Defendants therefore will not produce documents in response to this Request.

96.     *Documents reflecting the organizational structure of Cambium's corporate family from January 1, 2012 through the present, including but not limited to organizational charts and documents evincing reporting relationships between employees of Cambium and any corporate affiliates, parents, siblings, subsidiaries or other affiliated entities.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.  Defendants

also object to this Request as seeking information that is not relevant to any of the claims or defenses at issue in this case. Defendants therefore will not produce documents in response to this Request.

97. *All Cambium Operational Policies from January 1, 2012 through the present, including but not limited to document retention policies.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged. Defendants also object to this Request as seeking information that is not relevant to any of the claims or defenses at issue in this case. Defendants therefore will not produce documents in response to this Request.

98. *All Cambium board meeting minutes, notes, or records discussing or referencing Elevate.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties

and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants identify the documents and communications produced in connection with Defendants' identification of category numbers 2 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Further, Defendants' investigation is still ongoing, and Defendants will produce any additional non-privileged, non-cumulative, discoverable documents in Defendants' custody or control located during their investigation.

99. *All documents and communications referring or relating to the determination of the share price for Cambium's Initial Public Offering (IPO).*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

100. *All documents and communications referring or relating to any effect Ubiquiti, or any Ubiquiti product, hardware, software, or service had, or may have had, on Cambium's Initial Public Offering (IPO) share price.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

101.    *All documents and communications referring or relating to any change in Cambium's share price attributable to the Lawsuit.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.


102.    *All documents and communications evaluating the success (or lack of success) of Cambium's Initial Public Offering (IPO), including analysis, memoranda, spreadsheets, forecasts, budgets, PowerPoints, proposals, projections, reports, and all other financial, accounting, and business records relevant to the success of the IPO.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.


103.    *All documents and communications made or exchanged between Cambium and any of its lenders, institutional investors, or creditors concerning Cambium's Initial Public Offering (IPO), to the extent such documents and communications refer or relate to Ubiquiti or this Lawsuit.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged,

non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

*104.    All documents and communications referring or relating to Defendants' contention that it was "widely understood" to be "IPO-ready" for two years prior to commencing its Initial Public Offering (IPO), as alleged in the Fourth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

*105.    All documents and communications referring or relating to Defendants' contention that it was "IPO-ready" for two years prior to commencing its Initial Public Offering (IPO), as alleged in the Fourth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

*106.    All documents and communications referring or relating to the factual basis for Defendants' contention that Ubiquiti's Registered and Proprietary Firmware contains code subject to third-party open sources licenses, including the General Public License (GPL), as alleged in the First Affirmative Defenses.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

*107.    All documents and communications referring or relating to the factual basis for Defendants' contention that Ubiquiti's Registered Firmware (as defined in the Complaint) and Proprietary Firmware contains modifications to public code made by Ubiquiti, as alleged in the First Affirmative Defenses.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

*108.    All documents and communications referring or relating to the factual basis for Defendants' contention that Cambium acted in good faith reliance on Ubiquiti's incorporation of public code into its Firmware and Ubiquiti's acknowledgments that the GPL license applies and takes precedence over the Firmware License Agreements, as alleged in the Fifth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

109.    All documents and communications referring or relating to the factual basis for *Defendants' contention that the Firmware License Agreements are invalid, as alleged in the Fifth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

110.    *All documents and communications referring or relating to the factual basis for Defendants' contention that Ubiquiti's Firmware includes revisions required by the functionality of Ubiquiti hardware, as alleged in the Fourteenth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

111.    *All documents and communications referring or relating to the factual basis for Defendants' contention that the "18 allegedly proprietary firmware files" contain data and information related to functional aspects of the Firmware, as alleged in the Fifteenth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged,

non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

112.    *All documents and communications referring or relating to the factual basis for Defendants' contention that the "18 files" are in their entirety or contain elements protected by the merger doctrine, as alleged in the Seventeenth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

113.    *All documents and communications referring or relating to the factual basis for Defendants' contention that the expression of Ubiquiti's Proprietary Firmware is synonymous with the function of Ubiquiti hardware, as alleged in the Seventeenth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

114.    *All documents and communications referring or relating to the factual basis for Defendants' contention that Cambium's software was independently created and that Cambium did not reverse engineer, decompile or otherwise copy Ubiquiti's Firmware in creating Elevate, as alleged in in the Twenty-First Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

115.    *All documents and communications referring or relating to the factual basis for Defendants' acknowledgement that information is kept on M-Series Devices after the installation of Elevate on such devices, as alleged in the Twenty-Third Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

116.    *All documents and communications referring or relating to the factual basis for Defendants' contention that Elevate was developed, marketed and installed without breaching the Firmware License Agreements, as alleged in the Twenty-Fifth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

117.    *All documents and communications referring or relating to the factual basis for Defendants' contention that Cambium did not access Ubiquiti's M-Series Devices without or in*

*excess of authorization by those permitted to grant such access, as alleged in the Twenty-Sixth Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

*118. All document and communications referring or relating to Cambium's circumvention of technological measures for the purpose of identifying and analyzing elements of the Ubiquiti Firmware that are necessary to achieve interoperability of an independently created computer program with other programs, as alleged in the Twenty-Seventh Affirmative Defense.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

*119. All documents and communications specifically related to the allegations and claims set forth in the Complaint that are not otherwise addressed in Defendants' responses to the foregoing requests, including but not limited to any and all documents which support or do not support any of Ubiquiti's claims or allegations as set forth therein.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged,

non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

120.    *All documents and communications specifically related to the allegations and Affirmative Defenses set forth in Defendants' Answer that are not otherwise addressed in Defendants' responses to the foregoing requests, including but not limited to any and all documents which support or do not support each alleged defense identified therein.*

Notwithstanding and without waiving their General Objections above, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

121.    *All witness statements or witness affidavits taken and/or received by You in connection with this Litigation.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

122.    *All documents that You intend to use or rely on at trial or hearing of the action.*

Notwithstanding and without waiving their General Objections above, Defendants specifically object to this request as premature. Defendants will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendants' custody or control that are responsive to this Request to the extent such documents exist.

WHEREFORE Defendants Cambium Networks, Inc., Cambium Networks, Ltd., Sakid Ahmed, and Dmitry Moiseev, provide these Responses to Plaintiff's First Set of Requests for Production.

Dated:  March 11, 2020

Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/ G. Hopkins Guy, III*
   One of their attorneys

G. Hopkins Guy III (CA Bar No. 124811)
hop.guy@bakerbotts.com
Jon V. Swenson (CA Bar No. 233054)
jon.swenson@bakerbotts.com
Karina Smith (CA Bar No. 286680)
karina.smith@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road Building One, Suite 200
Palo Alto, CA 94304-1007
650.739.7500 (Phone)
650.739.7699 (Facsimile)

Andrew D. Wilson (DC Bar No. 1030144)
700 K Street, N.W.
Washington, DC 20001-5692
202.639.1312 (Phone)
202.508.9336 (Fax)
andrew.wilson@bakerbotts.com

Arthur J. Gollwitzer (06225038)
agollwitzer@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800 (Phone)

*Attorneys for Defendants Cambium Networks, Inc. et al.*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I caused a copy of the foregoing **DEFENDANTS CAMBIUM NETWORKS, INC., CAMBIUM NETWORKS, LTD., SAKID AHMED, AND DMITRY MOISEEV'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-122)** be served via electronic mail.

Erik J. Ives
Fox, Swibel, Levin & Carroll, LLP
200 West Madison Street
Suite 3000
Chicago, IL 60606
(312) 224-1239
Email: eives@fslc.com

David E. Koropp
Fox, Swibel, Levin & Carroll, LLP
200 West Madison Street
Suite 3000
Chicago, IL 60606
(312) 224-1200
Email: dkoropp@foxswibel.com

March 11, 2020

*/s/ G. Hopkins Guy, III*