# EXHIBIT N

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UBIQUITI INC. (f/k/a UBIQUITI NETWORKS, INC.), <br><br> *Plaintiff*, <br><br> v. <br><br> CAMBIUM NETWORKS, INC.; CAMBIUM NETWORKS, LTD.; BLIP NETWORKS, LLC; WINNCOM TECHNOLOGIES, INC.; SAKID AHMED; and DMITRY MOISEEV., <br><br> *Defendants*. | Civil Action No.: 1:18-cv-05369 <br><br> The Honorable Judge Feinerman <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT WINNCOM TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-54)

Defendant Winncom Technologies, Inc. ("Defendant"), through its undersigned attorneys, hereby provides the following responses to Ubiquiti Networks, Inc.'s ("Ubiquiti" or "Plaintiff") first set of Requests for Production (Nos. 1-54).

## GENERAL OBJECTIONS

1. Defendant submits the below responses without waiving: (a) the right to object to the use of any information or documents produced for any purpose, in this action or in any other action, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (b) the right to object to any other discovery requests involving or relating to the subject matter of the requests responded to herein; and (c) the right to revise, supplement or clarify any of the answers provided below at any time.

1

2.     Defendant specifically reserves and does not waive its right to object to the provision of any documents or information protected from disclosure by attorney-client privilege, the attorney work product doctrine, or the protection for trial preparation materials.

3.     Defendant objects to Plaintiff's Definitions and Instructions to the extent that they seek to impose on Defendant obligations greater than or different from those imposed under the Federal Rules of Civil Procedure, the Local Rules, any applicable orders of this Court, or any stipulations or agreements of the parties. Defendant further object to Plaintiff's Definitions and Instructions to the extent that they purport to alter the plain meaning and/or scope of any specific request, to the extent that such alteration renders the request vague, ambiguous, and overbroad.

4.     Defendant objects to each request to the extent that it requests Defendant to produce or otherwise analyze any document or other information that is not within the possession, custody, or control of Defendant, that is already within the possession, custody, or control of Plaintiff, or that is as more readily available to Plaintiff than to Defendant, on the ground that such requests are unduly burdensome.

5.     Defendant objects to each request to the extent that it seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to each request to the extent that it seeks the identification of "any," "each," "every," or "all" documents, products, persons, circumstances, companies, entities, facts, or other things regarding or relating to a particular subject, as unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant reserves the right to revise and/or supplement each of the responses provided herein as new facts, evidence, and analysis become available to Defendant.

7.      Defendant objects to each request that seeks "all" documents rather than noncumulative documents sufficient to satisfy the Request. To the extent Defendant produces documents responsive to a particular request, Defendant will produce non-cumulative documents sufficient to satisfy the non-objectionable portions of that request.

## RESPONSES

*1.      All documents and communications referenced in Defendants' Initial Disclosures served January 10, 2020.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 1 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request.

*2.      All documents and communications referenced in Your responses to Plaintiff's First Set of Common Interrogatories and First Set of Interrogatories directed to Winncom dated February 10, 2020.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this request as premature.  Defendant has not yet served responses to Plaintiff's interrogatories dated February 10, 2020 as the deadline for Defendant's response has been

extended per agreement of the parties to March 18, 2020.  Defendant intends to supplement its response to this Request as the information sought becomes available.


3.      *All documents and communications referring or relating to Elevate.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 1 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.


4.      *All documents and communications referring or relating to M-Series Devices.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 1 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

5. *All documents and communications referring or relating to the decision to work with Cambium, Ahmed, or Moiseev to promote, market, distribute, license or sell Elevate.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

6. *All documents and communications relating to Your partnership, relationship, or dealings with any Defendant to promote, market, distribute, license or sell Elevate.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

7. *All communications with Cambium referring or relating to Elevate or M-Series Devices.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request.

Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

8.    *All communications with Blip referring or relating to Elevate or M-Series Devices.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 3 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

9.    *All communications with Ahmed or Moiseev referring or relating to Elevate or M-Series Devices.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to

the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

10.     *All documents and communications exchanged between the Defendants, or any two or more of the Defendants, referring or relating to Elevate.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

11.     *All documents and communications containing, referring or relating to statements made on the internet by You, your employees, independent contractors, agents, users or customers, including but not limited to posts in forums, chatrooms, blogs and on social media platforms, that relate to Elevate, M-Series Devices or this Lawsuit.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

12.     *All documents and communications containing, referring or relating to statements made on the internet by any of the other Defendants, their employees, independent contractors, agents, users or customers, including but not limited to posts in forums, chatrooms, blogs and on social media platforms, that relate to Elevate, M-Series Devices or this Lawsuit.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

13.     *All communications between You and any third-party that refers or relates to the Litigation.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 5 and 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional

non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

14.     *All documents and communications exchanged between You and Cambium's in-house legal department, including its General Counsel Sally Rau, referring or relating to this Lawsuit.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

15.    *All documents and communications exchanged between You and Cambium's in-house legal department, including its General Counsel Sally Rau, referring or relating to the design, development, testing, use or demonstration, installation or performance of Elevate, including but not limited to documents and communications relating to whether any such activities may or may not infringe copyrights held by Ubiquiti or violate the Firmware License Agreements.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

16.    *All documents and communications exchanged between You and Cambium's in-house legal department, including its General Counsel Sally Rau, referring or relating to the marketing, promotion, distribution, licensing or sale of Elevate, including but not limited to documents and communications relating to whether any such activities may or may not involve*

*making false or misleading statements or omissions about Elevate or M-Series Devices, infringe copyrights held by Ubiquiti, or violate the Firmware License Agreements.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

17.     *All documents and communications exchanged between You and Cambium's in-house legal department, including its General Counsel Sally Rau, referring or relating to any agreements, partnerships or deals to promote, market, license, distribute or sell Elevate and any financial benefits received by You, or which You continue to receive, as a result of these activities.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and

obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

18.     *All documents and communications referring or relating to the use of Ubiquiti's Firmware in any way in connection with designing, developing, testing, installing or using Elevate, including but not limited to technical analysis, internal memoranda, spreadsheets, PowerPoints, tests and testing results, programs, proposals, projections, plans, designs, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendant intends to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09

14

Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendant incorporates the positions included in the parties' correspondence on this issue as though fully set forth herein.

19. *All documents and communications referring or relating to any reverse engineering, decompiling, or disassembling of Ubiquiti's Firmware.*

Notwithstanding and without waiving their General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendant intends to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendant incorporates the positions included in the parties' correspondence on this issue as though fully set forth herein.

20.      *All documents and communications referring or relating to the installation of Elevate on M-Series Devices, including but not limited to any technical analysis, internal memoranda, spreadsheets, PowerPoints, tests and testing results, programs, proposals, projections, plans, designs, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

21.      *All documents and communications referring or relating to whether installing Elevate on an M-Series Device renders, or potentially may render, that device inoperable or incompatible with other Ubiquiti hardware or equipment.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to

the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

22. *All documents and communications referring or relating to whether or to what extent installing Elevate on an M-Series Device renders that device operable or compatible with Cambium hardware or equipment, including but not limited to any technical analysis, internal memoranda, spreadsheets, PowerPoints, tests and testing results, programs, proposals, projections, plans, designs, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 7 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional

non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

23.     *All documents and communications referring or relating to any modifying, translating, reverse engineering, decompiling, dissembling, or otherwise attempting to defeat, avoid, bypass, remove, deactivate or circumvent any Access Control Measure in the Ubiquiti Firmware or M-Series Devices.*

Notwithstanding and without waiving their General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendant intends to move the Court for a Protective Order as the Court expressly advised.  *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendant incorporates the positions included in the parties' correspondence on this issue as though fully set forth herein.

24. *All documents and communications referring or relating to any copying, reproducing, transferring, broadcasting, transmitting, republishing, distributing, modifying, preparing a derivative work of, performing publicly or displaying Ubiquiti Firmware.*

Notwithstanding and without waiving their General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendant intends to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendant incorporates the positions included in the parties' correspondence on this issue as though fully set forth herein.

25. *All documents and communications referring or relating to whether the installation of Elevate in an M-Series Device does or does not cause the device to comply with any laws or regulations governing legal frequency channels, frequency ranges, radio functionality, output power, or dynamic frequency selection (DFS) requirements.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

26.     *All documents and communications referring or relating to whether or to what extent any portion of Ubiquiti's Firmware remains on M-Series Devices following the installation of Elevate, including but not limited to any technical analysis, internal memoranda, marketing materials, circulars and business records.*

Notwithstanding and without waiving their General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects that this Request exceeds the limits on discovery set by the Court, which the Court expressly limited at this stage to only the 18 files of Ubiquiti's Firmware that Ubiquiti

identified in its First Amended Complaint. If Ubiquiti refuses to withdraw this Request, Defendant intends to move the Court for a Protective Order as the Court expressly advised. *See* 2019-12-09 Hearing Tx. at 10:6-18 ("Then do you have to answer them, or can you say, 'No, this is just the 18, and you can only do the 18 and the judge said only the 18. Please withdraw those other ones.' And if they say, 'No,' you can bring it to me, and you can say, 'See, I told you so.'"). Defendant incorporates the positions included in the parties' correspondence on this issue as though fully set forth herein.

27.     *All statements, and all documents and communications referring or relating to any statements, made by any Defendant relating to downloading prior versions of Ubiquiti's Firmware in connection with the installation of Elevate on an M-Series Device.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

28.     *All documents and communications referring or relating to whether installation of Elevate on an M-Series Device may or may not void the Ubiquiti warranty, or may or may not render the M-Series Device non-compliant with FCC regulations.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

29.     *All documents and communications referring or relating to re-labeling any M-Series Device in which Elevate has been installed to comply with FCC or any other governmental regulations.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

30.     *All documents and communications referring or relating to inquiries or complaints from customers, suppliers, investors, or others relating to M-Series Devices or Elevate, including but not limited to inquiries or complaints relating to the download or installation of Elevate, the functionality of M-Series Devices which have had Elevate installed on them, the compatibility of M-Series Devices with Ubiquiti or Cambium hardware or equipment following the installation of Elevate, requests for maintenance or support on M-Series Devices,  the legality of installing Elevate on M-Series Devices, the accuracy of statements made in the Quick Start Guide, at the Webinar, in the Cambium Community Forum page, or made at any other seminar, webinar, conference or forum in which Elevate was marketed or promoted.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in

Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

*31.     All documents and communications referring or relating to any public comments You have made regarding Elevate or M-Series Devices.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

*32.     All documents and communications referring or relating to the marketing or promotion of Elevate, including but not limited to any internal analysis, internal memoranda, spreadsheets, PowerPoints, programs, proposals, projections, plans, reports, marketing*

*materials, circulars, business records, promotional materials, advertisements, or statements made at webinars, seminars, or conferences relating to Elevate.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.


33. *All documents, communications, and videos containing instructions on how to download, install, or use Elevate on M-Series Devices, documents referring or relating to the development of such instructions, all drafts of the instructions, all criticism, comment, or suggested revisions to the instructions, and documents and communications that in any way reference whether statements made in the instructions were factually incorrect, misleading, or omitted information.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to

the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 6 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

*34.      All documents and communications referring or relating to any webinar, industry conference, or seminar during which any Defendant marketed, promoted, or demonstrated the installation or use of Elevate, including but not limited to any internal analysis, internal memoranda, PowerPoints, programs, proposals, projections, plans, reports, marketing materials, circulars, business records, documents sufficient to identify any attendees, participants or viewers of any such webinar, industry conference, or seminar, and all communications exchanged between any Defendant and any attendee, participant or viewer of the webinar(s), industry conference(s), or seminar(s) disclosed in response to this request.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 6 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

35.     *All documents and communications referring or relating to product demonstrations of Elevate at the WISPApalooza event held in October 2017.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

36.     *All documents and communications referring or relating to any EPMP Case Studies conducted by You or published on Your website.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 6 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

37. *All documents and communications referring or relating to any promotions hosted on Your website (or websites affiliated with You) that relate to Elevate or M-Series Devices, including but not limited to the provision of free licenses for Elevate.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 6 through 8 in

Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

38.    *All documents and communications referring or relating to the targeting of Ubiquiti customers through the introduction of Elevate into the market, including but not limited to any internal analysis, internal memoranda, forecasts, budgets, spreadsheets, PowerPoints, tests and testing results, market research, programs, projections, plans, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

39.     *All documents and communications referring or relating to whether Elevate did or did not, or may or may not, have any effect whatsoever on customers purchasing, renting or licensing any other products, hardware or software offered by Cambium, including but not limited to any internal analysis, internal memoranda, forecasts, budgets, spreadsheets, PowerPoints, tests and testing results, market research, programs, projections, plans, reports, marketing materials, circulars and business records.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.


40.     *All documents and communications referring or relating to the determination of the price to charge for an Elevate license, including but not limited to any financial analysis, budgets, programs, plans, projections, reports, spreadsheets or PowerPoints relating to determining such a price.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

*41.     All documents and communications referring or relating to whether a customer would or would not be charged a fee for licensing Elevate, including but not limited to all documents and communications relating to the decision to license Elevate to some customers for no fee.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 2 through 8 in

Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

42.    *All Winncom Operational Policies from January 1, 2012 through the present, including but not limited to document retention policies.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent it seeks discovery of information that is privileged. Defendant also objects to this Request as seeking information that is not relevant to any of the claims or defenses at issue in this case. Defendant therefore will not produce documents in response to this Request.

43.    *All Winncom board meeting minutes, notes, or records referring or relating to Elevate or M-Series Devices.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and

obligations beyond, the requirements of the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 2 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

44.     *All documents and communications referring or relating to market studies or business plans associated with Elevate or M-Series Devices.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

45.     *All documents and communications referring or relating to any benefits of any type that may accrue to Cambium from Elevate, or any detriment to Ubiquiti, including but not limited to loss of or increase in market share of any software or hardware product, business prospects, good will, long-term stability and placement in the market, and infrastructure.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

46.     *All documents and communications referring or relating to the funding or capitalization by Cambium Networks Ltd. to develop, design, market, promote or distribute Elevate, and the recipient(s) of any such funding or capitalization, including but not limited to account statements, transfers, checks, financial statements, accounting records, corporate minutes, and investor disclosures.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of

the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

47.     *All documents and communications referring or relating to any grants, investments, loans, or other financial support received by any of the Defendants to develop, design, market, promote, distribute or license Elevate, including but not limited to account statements, transfers, checks, financial statements, accounting records, corporate minutes, and investor disclosures.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 and 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional

non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

48.     *All documents and communications referring or relating to Cambium's Connected Partner program, including how individuals or entities were selected to be Connected Partners, any agreements or terms and conditions with Connected Partners, and any documents and communications relating to financial incentives or compensation paid as a result of being a Connected Partner.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 4 through 8 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

49.     *All documents and communications referring or relating to financial incentives received by You for promoting Elevate, including but not limited to monetary transfers, commissions, royalties, bonuses, discounts, hardware, equipment, or items of monetary value.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

50.     *Documents sufficient to show revenues derived from any sales of Cambium equipment attributable, in whole or in part, to the licensing of Elevate, including but not limited to any financial analysis, budgets, programs, plans, projections, reports, spreadsheets, PowerPoints, financial statements, revenue statements, and account statements.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants'

Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

51.     *All documents and communications referring or relating to how many M-Series Devices in Your network have had Elevate installed, including but not limited to invoices, receipts, confirmations, internal analysis, internal memoranda, spreadsheets, PowerPoints, programs, projections, plans, reports, and business records.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category number 2 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

52.     *All indemnification agreements between You and any other Defendant or Defendants that refer or relate to this Lawsuit, Ubiquiti, Elevate, or M-Series Devices.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is designed to seek information that is not relevant, or is unlikely to lead to the discovery of relevant information, or is otherwise inconsistent with, or imposes duties and obligations beyond, the requirements of the Federal Rules of Civil Procedure.

Subject to these objections, Defendant identifies the documents and communications produced in connection with Defendants' identification of category numbers 2 through 5 in Defendants' Second Supplemental Mandatory Initial Discovery Responses in response to this Request. Defendant's investigation is still ongoing, and Defendant will produce any additional non-privileged, non-cumulative, discoverable documents in Defendant's custody or control located during its investigation.

53. *All witness statements or witness affidavits taken and/or received by You in connection with this Litigation.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this Request to the extent it seeks discovery of information that is privileged.

Subject to these objections, Defendant will produce, at the appropriate time set by the Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendant's custody or control that are responsive to this Request to the extent such documents exist.

54. *All documents that You intend to use or rely on at trial or hearing of the action.*

Notwithstanding and without waiving its General Objections above, Defendant specifically objects to this request as premature. Defendant will produce, at the appropriate time set by the

39

Court and the local and federal rules, non-privileged, non-cumulative, relevant documents in Defendant's custody or control that are responsive to this Request to the extent such documents exist.

WHEREFORE Defendant Winncom Technologies, Inc., provides these Responses to Plaintiff's First Set of Requests for Production.

Dated: March 11, 2020

Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/ G. Hopkins Guy, III*
   One of their attorneys

G. Hopkins Guy III (CA Bar No. 124811)
hop.guy@bakerbotts.com
Jon V. Swenson (CA Bar No. 233054)
jon.swenson@bakerbotts.com
Karina Smith (CA Bar No. 286680)
karina.smith@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road Building One, Suite 200
Palo Alto, CA 94304-1007
650.739.7500 (Phone)
650.739.7699 (Facsimile)

Andrew D. Wilson (DC Bar No. 1030144)
700 K Street, N.W.
Washington, DC 20001-5692
202.639.1312 (Phone)
202.508.9336 (Fax)
andrew.wilson@bakerbotts.com

Arthur J. Gollwitzer (06225038)
agollwitzer@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
312.222.0800 (Phone)

*Attorneys for Defendants Cambium Networks, Inc. et al.*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I caused a copy of the foregoing **DEFENDANT WINNCOM TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-54)** be served via electronic mail.


Erik J. Ives                                    David E. Koropp
Fox, Swibel, Levin & Carroll, LLP               Fox, Swibel, Levin & Carroll, LLP
200 West Madison Street                         200 West Madison Street
Suite 3000                                      Suite 3000
Chicago, IL 60606                               Chicago, IL 60606
(312) 224-1239                                  (312) 224-1200
Email: eives@fslc.com                           Email: dkoropp@foxswibel.com


March 11, 2020

                                                */s/ G. Hopkins Guy, III*

42