# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UBIQUITI INC. (f/k/a UBIQUITI NETWORKS, INC.),

*Plaintiff*,

v.

CAMBIUM NETWORKS, INC.; CAMBIUM NETWORKS, LTD.; BLIP NETWORKS, LLC; WINNCOM TECHNOLOGIES, INC.; SAKID AHMED; and DMITRY MOISEEV.

*Defendants*.

Civil Action No.: 1:18-cv-05369

The Honorable Judge Feinerman

**JURY TRIAL DEMANDED**
**REDACTED VERSION**

**PLAINTIFF'S ANSWERS TO DEFENDANTS CAMBIUM NETWORKS, INC., CAMBIUM NETWORKS, LTD, BLIP NETWORKS, LLC, WINNCOM TECHNOLOGIES, INC., SAKID AHMED AND DMITRY MOISEEV'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Plaintiff Ubiquiti Inc. (herein "Plaintiff" or "Ubiquiti"), by and through its undersigned counsel, Fox, Swibel, Levin & Carroll, LLP, states as follows for its Answers to Defendant Cambium Networks, Inc., Cambium Networks, Ltd., Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed and Dmitry Moiseev's (the "Defendants") First Set of Interrogatories (herein the "Interrogatories"), as follows:

**GENERAL RESPONSE**

Plaintiff, based upon its current knowledge, understanding, and belief concerning the information available to it as of the date on which these Answers are made, answers and objects as set forth below to the Interrogatories. These Answers, while based on diligent investigation by Plaintiff and its counsel, reflect only the current state of Plaintiff's knowledge, understanding,

and belief with respect to the matters about which inquiry was made. Plaintiff has not completed its investigation of the facts relating to this case, its discovery in this action, nor its preparation for trial. As this action proceeds, Plaintiff anticipates that further facts may be discovered and reserves the right to modify or supplement its Answers with such pertinent information as they may subsequently discover. These Answers are given without prejudice to using or relying upon subsequently discovered information at trial. Plaintiff reserves the right to produce additional facts and evidence at trial, and to object on appropriate grounds to the introduction of any evidence included in these Answers. Specific objections to an Interrogatory or subpart thereof are made on an individual basis in Plaintiff's Answers below.

## ANSWERS TO INTERROGATORIES

1. For each of the Ubiquiti 18 Modules, identify the directory, file path, and file names corresponding to that module in each and every Version of Your Firmware, including both source and object code forms of Your Firmware.

**ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive to answer, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy and the parties' relative access to the relevant information, the parties' resources, the importance of this discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit ("Overbroad"), including to the extent it seeks each and every directory, file path, and filename in a voluminous set of source code that contains multiple versions. Plaintiff further objects to this Interrogatory to the extent it seeks expert or opinion testimony and/or is premature. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by**

**the attorney-client privilege, work-product doctrine, or other applicable privilege.**

**Subject to and without waiving these objections, in accordance with Federal Rule of Civil Procedure 33(d), and pursuant to the Stipulated Electronically Stored Information (ESI) Order [Dkt. # 101] and the Agreed Confidentiality Order [Dkt. # 102] entered in this case, Plaintiff will make source code available that will be readily identifiable as Ubiquiti's answer to this Interrogatory.**

2. For each of the Ubiquiti 18 Modules, identify, separately and specifically, by source code line number, the original author of the portions of the source code and any code it was derived from or based upon.

**ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is Overbroad, including to the extent it seeks the identification of every single original author of all code derived from or based upon source code in the Ubiquiti 18 Modules by source code line number in a voluminous set of source code that contains many millions of lines of code. Plaintiff further objects to this Interrogatory to the extent it seeks expert or opinion testimony and/or is premature. Plaintiff further objects to this Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one and reserves the right to renumber its responses accordingly.**

**Subject to and without waiving these objections, in accordance with Federal Rule of Civil Procedure 33(d), and pursuant to the Stipulated Electronically Stored Information (ESI) Order [Dkt. # 101] and the Agreed Confidentiality Order [Dkt. # 102] entered in this**

**case, Plaintiff will make source code available that will be readily identifiable as Ubiquiti's answer to this Interrogatory.**

3. For each portion of the Ubiquiti 18 Modules that was not originally authored by an Ubiquiti employee or by a consultant or contractor to Ubiquiti, identify the source that Ubiquiti obtained the materials from and describe in detail the circumstances surrounding Ubiquiti's acquisition and use of that material.

**ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is Overbroad, including to the extent it calls for a written explanation of how each and every portion of the Ubiquiti 18 Modules that was not originally authored by an Ubiquiti employee, consultant or contractor was acquired and used. Plaintiff further objects to the phrase "circumstances surrounding Ubiquiti's acquisition" as Overbroad and ambiguous, as it is not limited in any discernable manner. Plaintiff further objects to this Interrogatory to the extent it seeks expert or opinion testimony and/or is premature. Plaintiff further objects to this Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one and reserves the right to renumber its responses accordingly.**

**Subject to and without waiving these objections, [REDACTED]. Additionally, in accordance with Federal Rule of Civil Procedure 33(d), and pursuant to the Stipulated Electronically Stored**

**Information (ESI) Order [Dkt. # 101] and the Agreed Confidentiality Order [Dkt. # 102] entered in this case, Plaintiff will make available for inspection source code [REDACTED] [REDACTED].**

4. For each of the Ubiquiti 18 Modules, describe in detail the alleged development of that Module, including development performed by Ubiquiti employees, consultants, and contractors and development performed by other parties or entities, and including a description of the creation, modification, alteration, or deletion of any parts of that module; the name(s) of any individual author(s) and/or contributors; the physical location(s) of creation, modification, alteration, and/or deletion; the date(s) of creation, modification, alteration, and/or deletion; and any Documents or Things related to any creation, modification, alteration, and/or deletion.

**ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is Overbroad, including to the extent it calls for a written explanation of every creation, modification, alteration or deletion of the Ubiquiti 18 Modules. Plaintiff further objects to the phrase "the alleged development . . ." as Overbroad and ambiguous, as it is not limited in any discernable manner. Plaintiff further objects to this Interrogatory as seeking information that is equally available, or presently available, to Defendants from another source. Plaintiff further objects to this Interrogatory to the extent it seeks expert or opinion testimony and/or is premature. Plaintiff further objects to this Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one and reserves the right to renumber its responses accordingly.**

**Subject to and without waiving these objections, Ubiquiti states that the Modules at issue were developed in [REDACTED].**

**Additionally, in accordance with Federal Rule of Civil Procedure 33(d), and pursuant to the Stipulated Electronically Stored Information (ESI) Order [Dkt. # 101] and the Agreed Confidentiality Order [Dkt. # 102] entered in this case, Plaintiff will make source code available that will be readily identifiable as Ubiquiti's answer to this Interrogatory. Additionally, as to documents related to the creation, modification or deletion of the Modules at issue, Plaintiff directs Defendants to UBIQ 0000701-UBIQ 0000811. Investigation continues.**

5. For each of the Ubiquiti 18 Modules, identify whether that module, or any portion or derivation thereof remains on an Ubiquiti Device after Elevate is installed.

**ANSWER: Plaintiff objects to this Interrogatory to the extent that it calls for information and source code in possession of one or more of the Defendants, against whom Requests for the Production of Documents and Interrogatories issued by Ubiquiti are outstanding. Plaintiff requires discovery from Defendants to fully identify the extent to which any Module at issue in this case, or portion or derivation thereof, remains on an M-Series Device after Elevate is installed. Plaintiff further objects to this Interrogatory to the extent it seeks expert or opinion testimony and/or is premature. Plaintiff further objects to this Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one and reserves the right to renumber its responses accordingly.**

**Subject to and without waiving these objections, Ubiquiti states that based upon the information available to it, and without prejudice to supplementing this answer following the receipt of Defendants' responses to discovery, Ubiquiti states that the [REDACTED] and at least the following [REDACTED] remain on M-Series Devices following the installation of Elevate: [REDACTED] Investigation continues.**

6. For each of the Ubiquiti 18 Modules that you allege (a) is used during the installation of Elevate or (b) remains on an Ubiquiti Device after Elevate is installed, describe in detail whether and how that module, or any portion of that module, is used by, or during the installation of, Elevate, including a description of how that module is accessed, reproduced, copied, modified, distributed, publicly performed or displayed, or otherwise used in contravention of any of Your rights in the same.

**ANSWER: Plaintiff objects to this Interrogatory to the extent that it calls for information and source code in possession of one or more of the Defendants, against whom Requests for the Production of Documents and Interrogatories issued by Ubiquiti are outstanding. Plaintiff requires discovery from Defendants to describe in detail whether and how any Module, or a portion of any Module, is used by Elevate in contravention to Ubiquiti's rights. Plaintiff further objects to this Interrogatory on the grounds that it is Overbroad and ambiguous, including to the extent that it seeks information related each and every Module in a large list of vague and ambiguous circumstances ("whether and how that module, or any portion of that module, is used by, or during the installation of, Elevate, including a description of how that module is accessed, reproduced, copied, modified, distributed, publicly performed or displayed, or otherwise used in contravention of any of Your rights in the same"). Plaintiff further objects to this Interrogatory to the**

REDACTED VERSION

**extent it seeks expert or opinion testimony and/or is premature, including to the extent it seeks information about how source code operates. Plaintiff further objects to this Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one and reserves the right to renumber its responses accordingly. Plaintiff further objects to this Interrogatory to the extent it seeks a legal conclusion (e.g., as to one or more of the rights under the Copyright Act).**

**Subject to and without waiving these objections, based upon the information available to it and without prejudice to supplementing this answer following the receipt of Defendants' responses to discovery and during the applicable expert disclosure period, at least the following Modules are used during the installation of Elevate on M-Series Devices (with general descriptions provided subject to the foregoing objections): [REDACTED]. Investigation continues into how specifically these Modules, and any of the other Modules at issue, are used during the installation of Elevate.**

7. For each of the Ubiquiti 18 Modules, identify and describe any materials or information from any non-Ubiquiti source (such as the OpenWRT Project) that You used to

REDACTED VERSION

develop any part of that module.

**ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is Overbroad, including to the extent it calls for the identification of materials and information from each and every non-Ubiquiti source used to develop any part of all of the Ubiquiti 18 Modules as vague, undefined, and potentially inclusive of sources (e.g., public search engines, text books, prior work experience) that would be overly burdensome to identify. Plaintiff further objects to this Interrogatory on the grounds that the phrases "describe any materials or information from . . .," "non-Ubiquiti source (such as the OpenWRT Project)," and "used to develop" are Overbroad and ambiguous, as they are not limited in any discernable manner. Plaintiff further objects to this Interrogatory to the extent it seeks expert or opinion testimony and/or is premature, including to the extent it seeks information about how source code is used or was developed and/or whether materials or information comes "from" such "non-Ubiquiti source . . . ." Plaintiff also objects to this Interrogatory to the extent it seeks a legal conclusion and/or expert or opinion testimony as to what constitutes "use" of information "from a non-Ubiquiti source (such as the OpenWRT Project)"; nothing in the response below addresses, or shall be taken as an admission regarding, the application of any terms of a general public license to any portion of Ubiquiti's source code. Plaintiff further objects to this Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one and reserves the right to renumber its responses accordingly.**

**Subject to and without waiving these objections, Plaintiff will make source code available that will be readily identifiable as Ubiquiti's answer to this Interrogatory. Answering further, Ubiquiti states that with respect to certain signed Versions of the Firmware, the following files [REDACTED]: [REDACTED]rsa.c; [REDACTED]rsa.h; [REDACTED]sha1.c; [REDACTED]sha1.h. [REDACTED]. Investigation continues.**

8. Identify by file path and name and line number "which portions of the Ubiquiti Firmware are Open Source Software" as described by Your Firmware License Agreement (Dkt. No. 65-2 at 4) referenced in Your First Amended Complaint, and identify the license that applies to each portion, and, if required under that license, where the corresponding source code is made available.

**<u>ANSWER</u>: Plaintiff objects to this Interrogatory on the grounds that it is Overbroad, including to the extent it calls for line-by-line identifications of portions of Ubiquiti's Firmware, which is a voluminous set of source code that contains multiple versions. Plaintiff further objects to this Interrogatory to the extent it seeks expert or opinion testimony, and/or is premature, including to the extent it requests that Plaintiff "Identify . . . 'which portions of the Ubiquiti Firmware are Open Source Software' . . . [and] where the corresponding source code" is made available by Ubiquiti. Plaintiff further objects to this Interrogatory to the extent it seeks a legal conclusion (e.g., as to which portions of firmware or software "are Open Source Software" and "the license that applies**

**to each portion.”). Further, not all open source licenses require licensees to publish source code. Plaintiff also objects to this Interrogatory to the extent it seeks a legal conclusion and/or expert or opinion testimony as to “which portions of the Ubiquiti Firmware are Open Source Software” and “the license that applies to each portion;” nothing in the response below addresses, or shall be taken as an admission regarding, the application of any terms of a general public license to any portion of Ubiquiti’s source code. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one and reserves the right to renumber its responses accordingly.**

**Subject to and without waiving these objections, to the extent required by an open source license, Ubiquiti has made open source software available upon request. Additionally, in accordance with Federal Rule of Civil Procedure 33(d), and pursuant to the Stipulated Electronically Stored Information (ESI) Order [Dkt. # 101] and the Agreed Confidentiality Order [Dkt. # 102] entered in this case, Plaintiff will make source code available that will be readily identifiable as Ubiquiti’s answer to this Interrogatory. Answering further, Ubiquiti states that with respect to certain signed Versions of the Firmware, the following files [REDACTED]: [REDACTED]rsa.c; [REDACTED]rsa.h; [REDACTED]sha1.c; [REDACTED]sha1.h. [REDACTED] [REDACTED].**

9. Identify and describe all discrete acts of Copyright infringement that you allege in Your Operative Complaint to have been committed directly or indirectly by Cambium, including,

for each identified act of Copyright infringement, identifying the statutory right violated, identifying which of the Ubiquiti 18 Modules is alleged to be infringed, identifying by source code line number the portions of those modules that are allegedly infringed, and describing how Cambium's conduct allegedly causes infringement of Your rights under the Copyright Act with respect to those portions.

**ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is Overbroad, including to the extent it calls for a line-by-line identification of all portions of the source code within the 18 Ubiquiti Modules (which is a voluminous set of source code that contains multiple versions) that were infringed as a result of Defendants' actions in this case. Plaintiff further objects to this Interrogatory on the grounds that it calls for a legal conclusion and/or expert or opinion testimony concerning the extent to which source code at issue in Ubiquiti's copyright infringement claims are subject to a general public license; nothing in the response below addresses, or shall be taken as an admission regarding, the application of any terms of a general public license to any portion of Ubiquiti's source code. Plaintiff further objects to this Interrogatory to the extent that it calls for information in possession of one or more of the Defendants, against whom Requests for the Production of Documents and Interrogatories issued by Ubiquiti are outstanding. Plaintiff further objects to this Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert or opinion testimony and/or is premature. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one**

**and reserves the right to renumber its responses accordingly.**

**Subject to and without waiving these objections, Ubiquiti states that [REDACTED]. Answering further, the acts of copyright infringement are generally alleged at Paragraphs 21 through 81 of the Complaint and under Count II. For example, Ubiquiti alleges that Cambium has used the Modules at issue in violation of the Ubiquiti Firmware User License Agreement and End User License Agreement (collectively, the "Firmware License Agreements) by *inter alia* removing the user interface associated with the Modules, reverse engineering the Modules, and/or removing, reproducing, distributing, displaying, performing and/or preparing derivatives of the Modules for purposes other than those expressly allowed in the Firmware License Agreements. Additionally, Ubiquiti alleges that Cambium directly infringes Ubiquiti's copyrights by *inter alia* downloading, copying and/or using the Modules at issue for the purposes of developing and testing Elevate and/or reverse engineering the Modules in order to defeat, avoid, bypass or circumvent Ubiquiti's anti-circumvention measures, demonstrating the installation of Elevate based on unauthorized reproductions of the Modules, and/or publicly displaying and performing the user interface within the Modules when demonstrating how to install Elevate on M-Series Devices, including but not limited to at the November 30, 2016 Webinar and in other live and recorded programs.**

**Further, Ubiquiti alleges that Cambium contributed to or induced copyright infringement by third parties by *inter alia* intentionally misleading and inducing them to run, or download and run, the Modules for purposes of installing Elevate in violation of the Firmware License Agreements and in violation of Ubiquiti's copyrights as stated *supra*.**

**Ubiquiti alleges that Cambium encourages, facilitates, and/or induces third-parties to make unauthorized copies of the Registered Firmware for purpose of downloading Elevate. Each and every time one of these acts was committed, copyright infringement occurred in violation of 17 U.S.C. §§ 106 and 501. Investigation continues as to the details and circumstances of each discrete act of direct and secondary copyright infringement, which are the subject of outstanding Requests for the Production of Documents and Interrogatories directed at Defendants. Plaintiff will supplement its answer to this Interrogatory upon receiving Defendants' answers to discovery and following its review of the source code and other program files related to Elevate.**

10. For each breach of contract by Cambium alleged in Your Operative Complaint, identify and describe in detail the circumstances surrounding each instance of each alleged breach, including identifying the agreement that is allegedly breached by name and version number, identifying the date that Cambium allegedly entered into that agreement, describing how Cambium allegedly entered into that agreement, identifying all portion(s) of that agreement that Cambium is alleged to have breached, and describing how Cambium's alleged conduct violated the identified portions of that agreement.

**ANSWER: Plaintiff objects to this Interrogatory on the grounds that it is Overbroad, including to the extent it seeks a description of every circumstance surrounding each of the alleged breaches. Plaintiff objects to this Interrogatory on the grounds that it seeks a legal conclusion (e.g., as to breaches and/or the identity of agreements and specific "portion(s)" of agreements that may have been breached). Plaintiff further objects to the phrase "the circumstances surrounding . . ." as Overbroad and ambiguous, as it is not limited in any discernable manner. Plaintiff further objects to this**

**Interrogatory on the grounds that it calls for information in the possession of one or more of the Defendants, against whom Requests for the Production of Documents and Interrogatories issued by Ubiquiti are outstanding. Plaintiff further objects to this Interrogatory to the extent it seeks a legal conclusion and/or expert or opinion testimony concerning the extent to which source code at issue in Ubiquiti's breach of contract claims are subject to a general public license; nothing in the response below addresses, or shall be taken as an admission regarding, the application of any terms of a general public license to any portion of Ubiquiti's source code. Plaintiff further objects to this Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff further objects to this Interrogatory as containing multiple interrogatories in one and reserves the right to renumber its responses accordingly.**

**Subject to and without waiving these objections, Ubiquiti states that [REDACTED] [REDACTED] [REDACTED]. Answering further, the acts of breach of contract are generally alleged at Paragraphs 39 through 81 of the Complaint and under Count I. For example, Ubiquiti alleges that Cambium breached the Firmware License Agreements each time they entered into those agreements for the purposes of removing the user interface associated with the Modules at issue, reverse engineering the Modules, and/or removing, reproducing, distributing, displaying, performing and/or preparing derivatives of the Modules for purposes other than those expressly allowed in the Firmware License Agreements. Ubiquiti alleges that Cambium directly breached the Firmware User License Agreement by**

***inter alia*** **removing the Ubiquiti user interface from the Ubiquiti M-Series Devices. copying and/or using without authorization the Modules at issue during the development, testing, installation and/or demonstration of Elevate, and/or copying, using, and/or modifying without authorization portions of the Modules during the use of the Elevate and/or reverse engineering the Modules to defeat, avoid, bypass, or otherwise circumvent the Firmware protection mechanisms, and/or transferring or granting rights in portions of the Modules without the prior written consent of Ubiquiti. Such actions breached and were violative of the "Uses and Restrictions" and "Termination" provisions of the version of the Firmware User License Agreement attached to the Complaint.**

**Additionally, as alleged in the Complaint, Cambium breached the End User License Agreement by** ***inter alia*** **copying and reproducing the Modules at issue during the development, testing and installation of Elevate without the prior written consent of Ubiquiti, copying, reproducing, publicly performing and publicly displaying the Modules during the demonstration of Elevate without the prior written consent of Ubiquiti, reverse engineering the Modules to derive the underlying ideas, algorithms, structure or organization of the Modules, reverse engineering the Modules to defeat, avoid, bypass, or otherwise circumvent the Firmware protection mechanisms, using portions of the Modules to violate FCC regulations, and using the Proprietary Firmware during testing and development of Elevate to create substantially similar software. These actions breached and were violative of the "License" provisions of the version of the End User License Agreement attached to the Complaint, including but not limited to Sections II(b)(ii) of said agreement. Investigation continues as to the specific versions, dates, details, and the circumstances of each entry into and breach of the Firmware User License Agreements,**

**which are the subject of pending and ongoing discovery against Defendants.**

Dated: March 3, 2020

Respectfully submitted,

FOX SWIBEL LEVIN & CARROLL LLP

*/s/ David E. Koropp*

David Koropp (ARDC #6201442)
dkoropp@foxswibel.com
Erik J. Ives (ARDC #6289811)
eives@foxswibel.com
Steven L. Vanderporten (ARDC # 6314184)
svanderporten@foxswibel.com
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

***Attorneys for Plaintiff Ubiquiti, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certify that I caused a copy of the foregoing document to be served by electronic mail on all counsel of record on March 3, 2020

*/s/ Steven L. Vanderporten*