IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UBIQUITI INC., f/k/a Ubiquiti Networks, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> CAMBIUM NETWORKS, INC.; <br> CAMBIUM NETWORKS, LTD.; <br> BLIP NETWORKS, LLC; <br> WINNCOM TECHNOLOGIES, INC.; <br> SAKID AHMED; and <br> DMITRY MOISEEV <br><br> *Defendants*. | Civil Action No.: 1:18-cv-05369 <br><br> JURY TRIAL DEMANDED <br><br> Hon. J. Gary S. Feinerman |

**PLAINTIFF UBIQUITI INC.'S MOTION TO COMPEL DE-DESIGNATION OF DEFENDANTS' ATTORNEYS' EYES ONLY PRODUCTION AND FOR SANCTIONS**

Plaintiff Ubiquiti Inc. ("Ubiquiti") respectfully requests that this Court grant the enclosed Motion to Compel De-Designation of Defendants' Attorneys' Eyes Only Production and for Sanctions,[1] and states as follows in support thereof:

**INTRODUCTION**

Defendants have improperly designated *every single document* they produced to date as "CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY" ("AEO") under the terms of the Agreed Confidentiality Order in this case (Dkt. No. 102, herein the "Protective Order"). Defendants' wholesale and indiscriminate AEO designations violate the express terms of the Protective Order and governing law, and have prejudiced Ubiquiti by impeding it from

---

[1] Pursuant to the terms of the Fourth Amended General Order In Re: Coronavirus COVID-19 Public Emergency (Dkt. No. 131), Ubiquiti has noticed this motion for presentment at the earliest available date of July 15, 2020 – which date may be further subject to any individual orders entered by this Court with respect to the scheduling of such presentment hearings.

1

conferring with its counsel on facts learned in discovery. Moreover, Defendants' overbroad designations have prevented Ubiquiti's counsel from being able to confer with its client regarding Ubiquiti's written settlement demand – currently required to be filed by next Monday, June 1st, in accordance with Magistrate Judge Cummings' scheduling order. Despite Ubiquiti's best efforts to resolve this matter, Defendants have flatly refused to de-designate any of their production documents and have simply ignored Ubiquiti's recent correspondence on this matter. Accordingly, Ubiquiti respectfully moves the Court to grant the relief requested in this Motion.

## BACKGROUND

1. On February 4, 2020, the Court entered the Protective Order in this action. *See* Dkt. No. 102; Declaration of Erik J. Ives ("Ives Decl."), at ¶ 4 (attached hereto as Appendix 1). Among other provisions, the Protective Order allows either party to designate documents produced to the other as:

    a. "Confidential – Subject to Protective Order," which designation limits disclosure to outside counsel, a restricted number of party representatives (defined as "[i]ndividual parties and up to 2 in-house counsel or employees who are not competitive decision makers of a party but only to the extent identified to opposing counsel and determined in good faith that such in-house counsel or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed") and certain other listed individuals (e.g. experts, court reporters, etc.) (*id.* at §§ 2, 5, 14).

    b. "Confidential Restricted – Attorneys' Eyes Only", which designation is required to be limited to only Confidential Information that "is so sensitive that its dissemination to those individuals identified in 14(b)(2) [party representatives] and

14(b)(7) [deposition witnesses] would cause demonstrable harm to the Producing Party," and thereby limits disclosure to only outside counsel and certain other listed individuals (e.g. experts, court reporters, etc.), while prohibiting disclosure of such documents or information to any party representatives, in-house counsel or employees, or deposition witnesses (*id.* at §§ 7, 14).

2.  On March 3, 2020, Defendants served their initial document production to Ubiquiti (which is the only production served to date by Defendants). Defendants' production included over 67,000 documents consisting of 178,289 individually bates numbered pages. Upon completion of its review of Defendants' production, Ubiquiti's counsel confirmed that ***every single document*** had been designated by Defendants as "CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY" ("AEO"). *See* Ives Decl. at ¶ 5.

3.  Ubiquiti has satisfied its meet and confer obligations with respect to this motion pursuant to Section 20(a) of the Protective Order and Local Rule 37.2. Ubiquiti's counsel has repeatedly attempted to meet and confer with Defendants' counsel regarding their overbroad AEO designations, both with respect to (i) the production in its entirety, and (ii) specific documents/information sought to be disclosed to Ubiquiti's in-house counsel for purposes of preparing the pre-settlement conference demand letter to be submitted to Magistrate Judge Cummings in this action.[2] In response to these requests, Defendants refused to de-designate any of their production documents. *See* Ives Decl. at ¶¶ 6-9 & Exs. C-D. Specifically, counsel for the parties participated in the following meet and confer communications:

---

[2] The current deadline for filing of Ubiquiti's pre-settlement conference demand letter is next Monday, June 1st. As a result of Defendants' overbroad AEO designations, Ubiquiti intends to file a separate motion before Magistrate Judge Cummings to extend this deadline until after the Court enters its ruling on this matter.

3

a. On May 8, 2020, Ubiquiti sent a letter to Defendants objecting to their overbroad AEO designations in accordance with Section 20(a) of the Protective Order, which letter explained the basis for Ubiquiti's belief that Defendants' designation of its entire production as AEO was not proper with citation to controlling authority, and further gave Defendants an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. *See* Ives Decl. at ¶ 6 & Ex. C.

b. On May 15, 2020, Defendants responded to Ubiquiti's letter by claiming that its designation challenge was "deficient" on the grounds that: (i) Defendants had no obligation to respond to the request on account of certain extensions granted by the Court's COVID-19 Orders, and (ii) Ubiquiti had an obligation to assert "on a document by document basis" which documents it believed were improperly designated as AEO. *See* Ives Decl. at ¶ 7 & Ex. D.

c. On May 20, 2020, Ubiquiti sent further meet and confer correspondence in which it responded to Defendants' arguments, while further noting that the upcoming deadline for submission of Ubiquiti's pre-settlement conference letter necessarily required that the parties confer regarding the AEO designations for certain specific documents listed therein. In view of that deadline, Ubiquiti requested that Defendants respond by no later than May 22, 2020 in order to confirm that those specific documents may be de-designated to be "Confidential", or alternatively to provide a date and time for the parties to meet and confer telephonically to resolve this matter. Defendants failed to respond in any way to Ubiquiti's May 20th correspondence. *See* Ives Decl. at ¶ 8 & Ex. D.

4

    d.  On May 23, 2020, Ubiquiti sent correspondence to Defendants noting their failure to respond, and once again requesting that counsel make themselves available for a meet and confer regarding the specific documents listed therein. Ubiquiti expressly advised Defendants that "if you continue to refuse to respond or discuss the matter between now and noon CT on Tuesday, May 26 (I will make myself available at your convenience), we will consider the parties to be at an impasse. In that event, we will move the Court on Tuesday to re-designate them as CONFIDENTIAL. We will file the documents under seal (subject of course to the Court's ruling on that motion), but please consider whether it would be more efficient to discuss them on a meet/confer instead." Defendants failed to respond in any way to Ubiquiti's May 23rd correspondence. *See* Ives Decl. at ¶ 9 & Ex. D.

  4.  In accordance with Local Rule 37.2, Ubiquiti states that its attempts to engage in any consultation with Defendants on this issue beyond the correspondence described herein were unsuccessful. In all, Ubiquiti offered three separate invitations to Defendants' counsel to address the matter telephonically, and further offered to narrow the scope of any proposed meet and confer to the specific documents that were the subject of forthcoming court deadlines. Ubiquiti's invitations to meet and confer telephonically in accordance with the local rules and this Court's standing orders were either rejected or ignored by Defendants.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c) and the terms of the Protective Order, Defendants have the burden to show that they have properly designated documents as confidential or attorneys' eyes only under a protective order. *See* Protective Order § 20(b) ("The burden of persuasion in any such challenge proceeding shall be on the designating party."); *Team*

5

*Play Inc. v. Boyer*, No. 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005); *THK America, Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 646 (N.D. Ill. 1993). Once the designation has been challenged, it is the burden of the designating party to justify the need for enforcement of the protective order with respect to challenged documents. *See Team Play*, 2005 WL 256476, at *1. Confidentiality designations must be made in good faith, and the over-designation of documents as confidential may be viewed as evidence of bad faith conduct by a party in failing to comply with the terms of the protective order. *See In re Ullico Inc. Litig.*, 237 F.R.D. 314, 317 (D.D.C. 2006); *Team Play, supra* at *1 (sweeping AEO designations "can be a form of discovery abuse" and result in the "imposition of sanctions on the designating party").

## ARGUMENT

### I.  Defendants Violated the Protective Order and Abused the Discovery Process.

Defendants' overbroad AEO designations violate the express terms of the Protective Order and applicable law, and constitute a bad faith abuse of the discovery process.

The Protective Order in this case allows either party to designate documents produced to the other as "Confidential Restricted – Attorneys' Eyes Only" ("AEO") or "Confidential – Subject to Protective Order" ("Confidential"). *See supra* at pgs. 2-3, ¶ 1; Protective Order, at §§ 2, 5, 7, 14. In seeking to apply the more restrictive of these two designations, Defendants have the burden to prove that the materials designated as AEO include "Confidential Information … so sensitive that its dissemination" to the opposing party's in-house counsel or other restricted personnel (as well as witnesses at depositions) would cause "demonstrable harm to the Producing Party." *Id.* at §§ 7, 14.[3]

---

[3] Given the subject matter of this litigation, the parties agreed in the Protective Order to further limit the disclosure of documents designated as "Confidential" to only "[i]ndividual parties and up to 2 in-house counsel or employees who are not competitive decision makers of a party but only to the extent identified

Defendants blatantly ignored these obligations under the Protective Order, and instead marked their entire 178,279 page production as AEO. By way of example, non-substantive materials such as communications relating to the ordering of clothing with the Elevate logo (*e.g.* CMBM-00070089; CMBM-00012411), out-of-office e-mail replies (*e.g.* CMBM-00166669), responses to outlook calendar invitations (*e.g.* CMBM-00024835), airfare and travel information (*e.g.* CMBM-00028777), and numerous other non-confidential communications and documents were all designated as AEO. *See* Ives Decl. Ex. A (documents filed under seal). In addition, Defendants designated all of the substantive documents, communications and information pertaining to the subject matter of Ubiquiti's claims and the itemization of damages in this case as AEO – none of which rise to the level required for such heightened designations. For example, the specific documents that Ubiquiti requested Defendants to de-designate for purposes of the settlement conference are each between 2 and 4 years old and do not contain trade secrets or other highly confidential subject matter; thus, there exists no demonstrable harm that would be caused if such materials were to be viewed by Ubiquiti's two (2) in-house counsel representatives pursuant to Paragraph 14(b)(2) of the Protective Order (if such documents were designated as Confidential instead of AEO). *See* Ives Decl. Ex. B (documents filed under seal).

It is well-accepted in this District and elsewhere that a designating parties' excessive designation of their production as AEO constitutes discovery abuse in violation of the Federal Rules of Civil Procedure—including at rates far less than the 100% rate applied by Defendants. *See*, *e.g.*, *THK*, 157 F.R.D. at 645 (holding that 79% AEO designation rate was "absurdly high" and imposing sanctions providing that defendants must pay plaintiff's attorneys' fees and have "lost the right" to use AEO designations); *Procaps S.A. v. Patheon Inc.*, No. 12-cv-24356, 2015

---

to opposing counsel and determined in good faith that such in-house counsel or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed."

WL 4430955, *7 (S.D. Fla. July 20, 2015) (finding that "designation percentages of 95%....have frequently been condemned", and ordering designating party's law firm to pay opponent's reasonable attorneys' fees); *In re Ullico,* 237 F.R.D. at 317-18 (holding that 99% "confidentiality" designation rate was a "gross" "abuse" that "unfairly burdened" the opposing party); *Healthtrio, LLC v. Aetna, Inc.,* No. 12-cv-03229, 2014 WL 6886923, at *3-5 (D. Col. Dec. 5, 2014) (sanctioning defendant who designated 90% of production as AEO in finding that "nearly everything Defendants have produced in discovery is off-limits not only to Plaintiff and Plaintiff's in-house counsel, but also to the specific corporate officers designated for access to Confidential documents"). Moreover, the law is clear that Defendants are not permitted to shift the burden of designation to Ubiquiti by labeling hundreds of thousands of pages as AEO, and subsequently demand that Ubiquiti identify the specific documents that it wants de-designated. *See*, *e.g.*, *id.* at *3 (endorsing blanket challenge instead of challenge to individual pages and documents where defendants acted in bad faith by "indiscriminately designating nearly their entire production" as AEO); *Procaps*, 2015 WL 4430955, at *8 (inequitable to shift burden to the receiving party to specifically identify precise documents it wants designating party to re-review).

Among other forms of prejudice caused by Defendants' discovery misconduct, the sweeping AEO designations have prevented Ubiquiti's counsel from being able to consult with its client in any way regarding the documents and information produced to date in this case, including in connection with their prosecution of its claims and preparation for the upcoming settlement conference before Magistrate Judge Cummings. *See*, *e.g.*, *Glob. Material Techs*, 133 F. Supp. 3d at 1088 (holding that trial preparation is made more difficult and expensive when a party's attorney is unable to share with the party facts that are material to its prosecution of the

case); *Team Play*, 2005 WL 256476, at *1 (noting that "if [AEO] designation is not removed, Boyer's counsel will be prohibited from discussing the damages aspect of his case with their client and Boyer will have no information on which to make an intelligent decision as to what a reasonable settlement figure might be").

While Ubiquiti is sympathetic to any delays that Defendants and/or their counsel have experienced as a result of the Covid-19 pandemic (and thus attempted to tailor its meet/confer requests to apply only to a narrow subset of documents necessitated by upcoming court deadlines), the Covid-19 General Administrative Orders do not grant Defendants the right to abuse the discovery process or otherwise excuse them from complying with the Protective Order's good faith designation requirements (in the first instance)and/or Defendants' good faith meet and confer obligations (during these recent weeks). In the end, Defendants' blanket AEO designations and continued refusal to meet/confer with Ubiquiti represent nothing more than a bad faith effort to impede Ubiquiti's prosecution of its claims and prejudice its participation in the upcoming settlement conference.

As recognized in the authority cited herein, de-designation is an appropriate remedy to address Defendants' overbroad designations and discovery abuses. *See*, *e.g.*, *In re Ullico*, 237 F.R.D. at 318 (ordering party to re-do its entire confidentiality designations) (*citing Quotron Systems, Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y.1992) (imposing a short deadline for a party to reclassify its document production as a result of its initial improper classification)). In order to reasonably facilitate the proper de-designations of Defendants' document production, Ubiquiti requests that the Court enter an order: (a) compelling Defendants to de-designate the specific documents attached to this Motion in (i) Exhibit A, to be de-designated from AEO to "Confidential-Subject to Protective Order" ("Confidential"), and (ii)

9

Exhibit B, to be de-designated from AEO to no confidentiality designation; (b) designating the entirety of Defendants' remaining production as Confidential, subject to Defendants' re-designation of the specific documents contained in the remaining production in accordance with the terms of the Protective Order within twenty-one (21) days.

## II. Ubiquiti is Entitled to Recovery of its Reasonable Expenses, including Attorney's Fees, In Connection with this Motion.

In addition to the relief requested in Section I above, Ubiquiti is also entitled to reimbursement of the expenses incurred in bringing this Motion, including reasonable attorneys' fees and costs. Pursuant to Rule 26(c), the designation of documents as AEO under the Protective Order is governed by an overarching requirement of "good faith." *In re Ullico*, 237 F.R.D. at 317. Defendants' violation of that requirement is clearly established by the designation of its entire production as AEO without regard to the substance of the materials being designated. Rule 37(a)(5) further requires, except when one or more of three exception apply, that the Court award the movant its reasonable expenses, including attorney's fees, when a motion to compel disclosure is granted. *See* Fed R. Civ. P. 37(a)(5); *see*, *e.g.*, *Procaps*, 2015 WL 4430955, at *6 ("the failure to obey a protective order's prohibition against indiscriminate designations is covered by Rule 37 and its fee-shifting presumption in favor of the prevailing party on a motion to compel"). As applied in this context, attorneys' fees are routinely awarded to the movant under Rule 37 when they successfully challenge improper and excessive confidentiality designations in violation of the good faith requirement embodied in Rule 26(c). *See*, *e.g.*, *THK*, 157 F.R.D at 645 (sanctioning defendants and ordering that they must pay plaintiff's attorneys' fees and have "lost the right" to use AEO designations); *In re Ullico*, 237 F.R.D. at 317 (ordering payment of movant's attorney's fees as an "appropriate sanction to remedy" the designating party's "discovery abuses"); *Procaps*, 2015 WL 4430955 at *10

(holding "an attorney's fees award is appropriate under the fee-shifting mechanism of Federal Rule of Civil Procedure" where the "use of the highly confidential designation was significantly incorrect and over-inclusive on a grand scale"); *Healthtrio, LLC v. Aetna, Inc.,* 2014 WL 6886923, at *3-5 (ordering attorney's fees as sanctions). None of the exceptions under Rule 37(a)(5)(A) apply here as Ubiquiti attempted to obtain relief from Defendants directly before moving the Court, and Defendants' excessive AEO designations are completely unjustified. The mass-marking of Defendants' production as AEO, coupled with its improper demand on Ubiquiti to review "document by document" which designations were incorrect, demonstrates "uncooperative, dilatory, and obstructionist litigation tactics, or similar stratagems designed to increase the litigation expenses of the opposing party." *THK*, 157 F.R.D. at 647. Accordingly under Rule 26(c) and Rule 37(a)(5), Ubiquiti should be awarded its reasonable expenses, including attorney's fees, for bringing this Motion.

## CONCLUSION

For the reasons set forth herein, Plaintiff Ubiquiti Inc. respectfully requests this Court to grant the enclosed Motion and enter an order:

(a) Compelling Defendants to de-designate the specific documents attached to this Motion in (i) Exhibit A, to be de-designated from AEO to "Confidential-Subject to Protective Order" ("Confidential"), and (ii) Exhibit B, to be de-designated from AEO to no confidentiality designation;

(b) Designating the entirety of Defendants' remaining production as Confidential, subject to Defendants' re-designation of the specific documents contained in the remaining production in accordance with the terms of the Protective Order within twenty-one (21) days, or such other period to be determined at the discretion of this Court; and

11

  (c) Awarding Ubiquiti its reasonable costs and attorneys' fees incurred in connection with this Motion.

Dated: May 26, 2020      Respectfully submitted by:

FOX SWIBEL LEVIN & CARROLL LLP

*/s/ Erik J. Ives*
David Koropp (ARDC #6201442)
dkoropp@foxswibel.com
Erik J. Ives (ARDC #6289811)
eives@foxswibel.com
Steven J. Reynolds (ARDC #6293634)
sreynolds@foxswibel.com
Steven L. Vanderporten (ARDC # 6314184)
svanderporten@foxswibel.com
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

***Attorneys for Plaintiff Ubiquiti Inc., f/k/a Ubiquiti Networks, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on May 26, 2020, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

/s/ *Erik J. Ives*
Erik J. Ives