<u>APPENDIX 1</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UBIQUITI INC., f/k/a Ubiquiti Networks, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> CAMBIUM NETWORKS, INC.; <br> CAMBIUM NETWORKS, LTD.; <br> BLIP NETWORKS, LLC; <br> WINNCOM TECHNOLOGIES, INC.; <br> SAKID AHMED; and <br> DMITRY MOISEEV <br><br> *Defendants*. | Civil Action No.: 1:18-cv-05369 <br><br> JURY TRIAL DEMANDED <br><br> Hon. J. Gary S. Feinerman |

**DECLARATION OF ERIK J. IVES IN SUPPORT OF
PLAINTIFF UBIQUITI INC.'S MOTION TO COMPEL DE-DESIGNATION OF
DEFENDANTS' ATTORNEYS' EYES ONLY PRODUCTION AND FOR SANCTIONS**

I, Erik J. Ives, declare as follows:

1. I am an attorney with the law firm of Fox, Swibel, Levin & Carroll, LLP, and counsel for Plaintiff Ubiquiti Inc. ("Ubiquiti") in this action. In that capacity, I am hereby submitting the enclosed Declaration in Support of Plaintiff Ubiquiti Inc.'s Motion to Compel De-Designation of Defendants' Attorneys' Eyes Only Production and For Sanctions (the "Motion"). I have personal knowledge of the facts set forth herein, and if called to testify to them I could competently do so.

2. Exhibit A to this declaration is a true and correct copy of the following documents contained in Defendants' production that have been designated as "Confidential Restricted – Attorneys' Eyes Only": CMBM-00070089; CMBM-00012411; CMBM-00166669; CMBM-

1

00024835; CMBM-00028777.  Exhibit A has been filed under seal in accordance with the terms of the Agreed Confidentiality Order, and the Motion for Leave to File Under Seal to be filed contemporaneously with this Motion.

3. Exhibit B to this declaration is a true and correct copy of the following documents contained in Defendants' production that have been designated as "Confidential Restricted – Attorneys' Eyes Only":  CMBM-00037386; CMBM-00066211; CMBM-00039329; CMBM-00029355; CMBM-00035671; CMBM-00011985; CMBM-00039480; CMBM-00028746-747; CMBM-00039976; CMBM-00052016; CMBM-00031183; CMBM-00052049; CMBM-00037126; CMBM-00043239; CMBM-00039191; CMBM-00026409; CMBM-00031569; CMBM-00010995.  Exhibit B has been filed under seal in accordance with the terms of the Agreed Confidentiality Order, and the Motion for Leave to File Under Seal to be filed contemporaneously with this Motion.

4. On February 4, 2020, the Court entered the Protective Order in this action. *See* Dkt. No. 102.

5. On March 3, 2020, Defendants served their initial document production to Ubiquiti (which is the only production served to date by Defendants).  Defendants' production included over 67,000 documents consisting of 178,289 individually bates numbered pages.  Upon completion of its review of Defendants' production, Ubiquiti's counsel confirmed that every single document had been designated by Defendants as "CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY" ("AEO").

6. On May 8, 2020, Ubiquiti sent a letter to Defendants objecting to their overbroad AEO designations in accordance with Section 20(a) of the Protective Order, which letter explained the basis for Ubiquiti's belief that Defendants' designation of its entire production as

AEO was not proper with citation to controlling authority, and further gave Defendants an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. A true and correct copy of the May 8, 2020 correspondence is attached hereto as Exhibit C.

7. On May 15, 2020, Defendants responded to Ubiquiti's letter by claiming that its designation challenge was "deficient" on the grounds that: (i) Defendants had no obligation to respond to the request on account of certain extensions granted by the Court's COVID-19 Orders, and (ii) Ubiquiti had an obligation to assert "on a document by document basis" which documents it believed were improperly designated as AEO. A true and correct copy of the May 20, 2020 correspondence is set forth in the email chain attached hereto as Exhibit D.

8. On May 20, 2020, Ubiquiti sent further meet and confer correspondence in which it responded to Defendants' arguments, while further noting that the upcoming deadline for submission of Ubiquiti's pre-settlement conference letter necessarily required that the parties confer regarding the AEO designations for certain specific documents listed therein. In view of that deadline, Ubiquiti requested that Defendants respond by no later than May 22, 2020 in order to confirm that those specific documents may be de-designated to be "Confidential", or alternatively to provide a date and time for the parties to meet and confer telephonically to resolve this matter. Defendants failed to respond in any way to Ubiquiti's May 20th correspondence. A true and correct copy of the May 20, 2020 correspondence is set forth in the email chain attached hereto as Exhibit D.

9. On May 23, 2020, Ubiquiti sent correspondence to Defendants noting their failure to respond, and once again requesting that counsel make themselves available for a meet and confer regarding the specific documents listed therein. Ubiquiti expressly advised Defendants

3

that "if you continue to refuse to respond or discuss the matter between now and noon CT on Tuesday, May 26 (I will make myself available at your convenience), we will consider the parties to be at an impasse. In that event, we will move the Court on Tuesday to re-designate them as CONFIDENTIAL. We will file the documents under seal (subject of course to the Court's ruling on that motion), but please consider whether it would be more efficient to discuss them on a meet/confer instead." Defendants failed to respond in any way to Ubiquiti's May 23rd correspondence. A true and correct copy of the May 23, 2020 correspondence is set forth in the email chain attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 26, 2020          /s/ *Erik. J. Ives*_____
                                Erik J. Ives

4