# Exhibit D

# Ives, Erik J.

| | |
|---|---|
| **From:** | Reynolds, Steven J. |
| **Sent:** | Saturday, May 23, 2020 2:27 PM |
| **To:** | andrew.wilson@BakerBotts.com; jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com |
| **Cc:** | Vanderporten, Steven L.; Ives, Erik J.; Koropp, David E. |
| **Subject:** | RE: Status Report |

Andrew and Jon,

We haven't received a response to my May 20 e-mail below.

Would you kindly let us know when you are available to meet and confer regarding the documents I listed (*see also* "additional documents" in this e-mail)? We prefer to avoid involving the Court but, given the impending deadline for Ubiquiti to make a settlement demand, we need a resolution quickly. Thus, if you continue to refuse to respond or discuss the matter between now and noon CT on Tuesday, May 26 (I will make myself available at your convenience), we will consider the parties to be at an impasse. In that event, we will move the Court on Tuesday to re-designate them as CONFIDENTIAL. We will file the documents under seal (subject of course to the Court's ruling on that motion), but please consider whether it would be more efficient to discuss them on a meet/confer instead.

I've added approximate dates next to the documents below. As you can see, none are current. Further, none appear to relate to, for example, trade secrets or any other highly-confidential subject matter. Moreover, the documents generally include financial information. Cambium's past and current financials are largely public (*see* SEC filings), even if not at the same level of detail; thus we perceive no harm in allowing 2 in-house individuals at Ubiquiti to view them.

Previous list
- CMBM-00037386 (Sept. 20, 2017)
- CMBM-00066211 (Sept. 20, 2017)
- CMBM-00039329 (Jan. 21, 2018)
- CMBM-00029355 (Feb. 1, 2017)
- CMBM-00035671 (Apr. 11, 2017)
- CMBM-00011985 (Oct. 3, 2016)
- CMBM-00039480 (Mar. 8, 2016)
- CMBM-00028746-747 (Aug. 4, 2016)
- CMBM-00039976 (Sept. 22, 2016)
- CMBM-00052016 (Dec. 12, 2016
- CMBM-00031183 (Mar. 8, 2016)
- CMBM-00052049 (Dec. 12, 2016)
- CMBM-00037126 (Apr. 11, 2017
- CMBM-00043239 (July 13, 2016)

Additional documents
- CMBM-00039191 (Jan. 23, 2018)
- CMBM-00026409 (Jan. 9, 2018)
- CMBM-00031569 (Sept. 14, 2017)
- CMBM-00010995 (Nov. 22, 2017)

Please have a safe and enjoyable holiday weekend,

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
Fox Swibel Levin & Carroll LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** Reynolds, Steven J.
**Sent:** Wednesday, May 20, 2020 8:28 PM
**To:** 'andrew.wilson@BakerBotts.com'; jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L.; Ives, Erik J.; Koropp, David E.
**Subject:** RE: Status Report

Andrew,

Given the upcoming deadline for Ubiquiti's settlement demand, I will address Defendants' universal application of the AEO designation here and Defendants' privilege log (which is overdue) in separate correspondence.

You contend that Ubiquiti must challenge Defendants' production "on a document by document basis." That position is inconsistent with governing case law, which prohibits a party who abused its confidentiality designations from shifting the burden to the receiving party to identify documents that it wants re-designated. *See* May 8, 2020 Ltr., p. 3 (citing authority). It also defies logic. A document-by-document discussion only makes sense where the producing party first reviewed and marked documents on a document-by-document basis before producing them. Defendants chose not to. Thus, since Defendants decided to mass-mark their entire production, they must provide the factual and legal basis for doing so.

To be clear, <u>all</u> documents should be re-designated as CONFIDENTIAL. We reiterate our request to meet and confer on that issue.

But, in at least one respect, Ubiquiti will suffer prejudice in the very near term. Because Defendants designated every document as AEO, there is no way for us to share the information necessary with our client to formulate a settlement demand. *Id.*, *citing Team Play*, 2005 WL 256476, at *1. In view of the upcoming settlement demand deadline, I will address a few individual documents here.

Please confirm <u>by no later than this Friday, May 22</u>, that at least the documents beginning with the following Bates numbers can be shared with our client (e.g., by re-designating them as CONFIDENTIAL):

- CMBM-00037386
- CMBM-00066211
- CMBM-00039329
- CMBM-00029355
- CMBM-00035671
- CMBM-00011985

- CMBM-00039480
- CMBM-00028746-747
- CMBM-00039976
- CMBM-00052016
- CMBM-00031183
- CMBM-00052049
- CMBM-00037126
- CMBM-00043239

If you refuse, Ubiquiti will base the financial component of its settlement demand on its own market estimates. That amount will of course be subject to later review, by Ubiquiti's in-house counsel, of Defendants' production (and eventual interrogatory answers). In other words, no settlement can be finalized if and until such information is provided; so it only makes sense to provide as much information as possible (e.g., the documents listed above and interrogatory answers) in enough time prior to the June 1 deadline for Ubiquiti to formulate its demand.

If you do not agree, please provide a date and time for the parties to meet and confer prior to close of business (CT), May 22, to discuss whether this issue can be resolved without need of an emergency motion to the Court.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**FOX SWIBEL**
FOX SWIBEL LEVIN & CARROLL LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Friday, May 15, 2020 5:29 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L.; Ives, Erik J.; Koropp, David E.
**Subject:** RE: Status Report

Steve,

I write to address several issues you've raised over the past week.

**Ubiquiti's Deficient Challenge to Defendants' Confidentiality Designations**
The deadline for Defendants to respond to Ubiquiti's challenge to Defendants' confidentiality designations has been extended by the Court's COVID-19 Orders, which apply to "***all deadlines***, in all civil cases . . . whether set by the court, the Federal Rules of Civil Procedure, or the Local Rules."  As you acknowledged in refusing to even discuss alternative source code review arrangements (without identifying any extended "deadline" that would have prohibited those discussions), the COVID-19 Orders clearly apply to extend deadlines under the protective order because those deadlines are "set by the court."  Your insistence that this particular discovery deadline is not extended is inconsistent with both Ubiquiti's previous position on source code review and repeated acknowledgment that all other discovery deadlines

3

have been extended. *See, e.g.,* Ubiquiti's Opp'n to Defs. Mtn. to Stay (Dkt. 125) at 3, n.2. Defendants therefore need not respond to Ubiquiti's challenge until at least five days after the COVID-19 Orders expire, and certainly not by today.

Ubiquiti also failed to issue a challenge sufficient to begin the meet and confer process required under the Protective Order. Defendants are unable to meaningfully assess any allegedly improper designations because Ubiquiti's challenge does not "explain the basis for [Ubiquiti's] belief that the confidentiality designation was not proper" on a document by document basis, or other basis that would allow Defendants to review the challenged material and reconsider the designation. *See* P.O. (Dkt.. 102) Sec. 20(a). Your list of just five bates-stamped documents and general assertion that "Defendants cannot establish demonstrable harm" over ***all*** of its designated materials is insufficient under the Protective Order. Because Ubiquiti has not issued a challenge that satisfies its obligations at the onset, the parties cannot begin to satisfy their meet and confer requirements. *See* P.O. Sec. 20(b).

**Joint Status Report**
Defendants' position is that the parties do not need to file a joint status report on Monday because Judge Feinerman has posted numerous docket entries and orders, including Judge Feinerman's minute order entry regarding the 3rd Amended General Order itself. A status report is required only "where no docket entry or order has been posted by the assigned judge since March 16, 2020".

**Privilege Log**
Defendants propose that the parties agree on a mutual date to exchange privilege logs once document production is substantially complete.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336
Baker Botts L.L.P.
700 K Street, NW
Washington, D.C. 20001

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Friday, May 15, 2020 10:57 AM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L. <svanderporten@foxswibel.com>; Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** Status Report


**[EXTERNAL EMAIL]**

Andrew and Jon,

I write for two reasons.

First, attached is a draft joint status report, which the 3d Am COVID-19 General Order requires to be filed on Monday. Note that in Section V, we extended all dates by the total amount of the three COVID-19 extensions (77 days). We are willing and available to discuss revisions in the hopes of reaching agreement.

Please get us your additions as soon as is convenient, so we can stay on track for filing on Monday during business hours.

This draft is also subject to our client's review.

Second, please let us know when you will be providing a privilege log in connection with Defendants' March 3 document production.

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

Confidentiality Notice:

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.