**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| UBIQUITI INC., f/k/a Ubiquiti Networks, Inc., | |
| *Plaintiff*, | |
| v. | Civil Action No.: 1:18-cv-05369 |
| CAMBIUM NETWORKS, INC.; CAMBIUM NETWORKS, LTD.; BLIP NETWORKS, LLC; WINNCOM TECHNOLOGIES, INC.; SAKID AHMED; and DMITRY MOISEEV | JURY TRIAL DEMANDED Hon. J. Gary S. Feinerman Hon. Mag. J. Jeffrey Cummings |
| *Defendants*. | |

**PLAINTIFF'S MOTION TO EXTEND DEADLINES FOR
FILING PRE-SETTLEMENT CONFERENCE LETTERS**

Plaintiff Ubiquiti Inc. ("Plaintiff"), by and through its undersigned counsel, respectfully requests that the Court grant Plaintiff's Motion to Extend Deadlines for Filing Pre-Settlement Conference Letters (the "Motion") in connection with the settlement conference to be scheduled before Hon. Mag. J. Jeffrey Cummings in this action.[1] In support of the Motion, Plaintiff states as follows:

WHEREAS, this action has been referred to Magistrate Judge Cummings for a settlement conference. A previously scheduled date for the settlement submissions and conference had to be cancelled due to the COVID-19 pandemic. (Dkt. Nos. 100, 106, 115, 117, 123.)

WHEREAS, Magistrate Judge Cummings recently issued an order setting forth the following with respect to the rescheduling of the settlement conference: "Plaintiff shall submit a

---

[1] Pursuant to the terms of the Fourth Amended General Order In Re: Coronavirus COVID-19 Public Emergency (Dkt. No. 131), Plaintiff has noticed this motion for presentment at the earliest available date of July 16, 2020 – which date may be further subject to any individual orders entered by this Court with respect to the scheduling of such presentment hearings.

1

demand letter in conformance with the Court's Standing Order on Settlement Conferences as soon as practicable but in no event later than 6/1/2020. Defendants shall submit a compliant written offer letter no later than 6/15/2020. The Court will set a telephonic status hearing in due course to discuss rescheduling the settlement conference. To the extent possible, the parties are encouraged to engage in settlement negotiations amongst themselves, by telephone or video conference only. In addition, the parties shall promptly notify the Court if they reach a settlement agreement." (Dkt. No. 127.)

WHEREAS, Defendants have designated all documents produced in this action as "CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY" under the Agreed Confidentiality Order entered in this case.

WHEREAS, Plaintiff has filed a Motion to Compel De-Designation of Defendants' Attorneys' Eyes Only Production and for Sanctions, in which Plaintiff seeks to compel Defendants' de-designation of documents produced in this action as "CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY." (Dkt. No. 132, filed May 26, 2020.) The Court has set a briefing schedule with respect to that motion as it pertains to the entirety of Defendants' AEO designations, and has further ordered Defendants to respond to meet/confer correspondence requesting the de-designation of certain specific documents (which Defendants previously ignored) by no later than 5:00 p.m. CST on May 28, 2020. (Dkt. No. 138, entered May 27, 2020.)

WHEREAS, Defendants' overbroad designation of all production documents in this action as "CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY" has prevented Plaintiff's counsel from conferring with any of its client representatives regarding the content of Plaintiff's pre-settlement conference letter, including but not limited to the required sections pertaining to (a) the evidence and legal principles that plaintiff asserts will allow it to establish liability, (b) explanation of why damages or other relief would appropriately be granted at trial, and (c) itemization of the

2

damages plaintiff believes can be proven at trial, and a brief summary of the evidence and legal principles supporting those damages; and (d) Plaintiff's settlement demand. *See* Standing Order for Settlement Conferences (Mag. J. Cummings). As a result, Plaintiff's counsel does not anticipate being able to transmit a draft version of Plaintiff's pre-settlement conference letter to its client representatives and/or obtain client approval for Plaintiff's pre-settlement conference letter until after the Court enters its ruling on the pending Motion to Compel De-Designation of Defendants' Attorneys' Eyes Only Production and for Sanctions.

WHEREAS, for the reasons set forth herein, Plaintiff seeks to extend the deadlines for submission of the parties' pre-settlement conference letters as set forth at the conclusion of this Motion.

WHEREAS, Plaintiff has conferred with Defendants as to this requested extension, and Defendants have opposed Plaintiff's request for the reasons set forth in the meet/confer correspondence attached hereto as Exhibit A. In support of their opposition, Defendants contend that Plaintiff should be able to submit its settlement demand letter without referencing any of the documents produced by Defendants in this action (all of which have been designated as attorneys' eyes only). This contention is nonsensical for multiple reasons. First, it is impossible for Plaintiff to comply with the Standing Order's requirements for submission of its pre-settlement conference demand letter without referencing the evidence (on liability) and financial data (on damages) that has actually been produced by Defendants to date in this case. Second, it is up to Plaintiff, not Defendants, to determine the specific evidence, documents and information to be (i) evaluated by its in-house counsel representatives for purposes of formulating Plaintiff's settlement demand; and (ii) presented in Plaintiff's pre-settlement conference submission in support of its demand. Given the need for Plaintiff's counsel to be able to share the documents and information at issue with its client representatives prior to submission of the demand letter,

3

Plaintiff requests that the Court grant its request to briefly extend the pre-settlement conference submission deadlines until after entry of a ruling on Plaintiff's motion to de-designate.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court extend the deadlines for the parties' submission of pre-settlement conference letters in this action as follows:

- Plaintiff shall submit a pre-settlement conference demand letter in conformance with the Court's Standing Order on Settlement Conferences within fourteen (14) days after the Court's ruling on the pending Motion to Compel De-Designation of Defendants' Attorneys' Eyes Only Production and for Sanctions; and

- Defendants shall submit a pre-settlement conference offer letter in conformance with the Court's Standing Order on Settlement Conferences within fourteen (14) days after receipt of Plaintiff's pre-settlement conference demand letter.

Dated:  May 28, 2020            Respectfully submitted by:

FOX SWIBEL LEVIN & CARROLL LLP

*/s/ Erik J. Ives*
David Koropp (ARDC #6201442)
dkoropp@foxswibel.com
Erik J. Ives (ARDC #6289811)
eives@foxswibel.com
Steven J. Reynolds (ARDC #6293634)
sreynolds@foxswibel.com
Steven L. Vanderporten (ARDC # 6314184)
svanderporten@foxswibel.com
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

*Attorneys for Plaintiff Ubiquiti Inc., f/k/a Ubiquiti Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on May 28, 2020, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

*/s/     Erik J. Ives*
Erik J. Ives
