**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| UBIQUITI NETWORKS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CAMBIUM NETWORKS, INC.; <br> CAMBIUM NETWORKS, LTD.; <br> BLIP NETWORKS, LLC; <br> WINNCOM TECHNOLOGIES, INC.; <br> SAKID AHMED; and <br> DMITRY MOISEEV <br><br> *Defendants*. | Civil Action No.: 1:18-cv-05369 <br><br> **JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT**

Plaintiff Ubiquiti Inc. (f/k/a Ubiquiti Networks, Inc.) ("Ubiquiti"), by and through its undersigned counsel, and Defendants Cambium Networks, Inc., Cambium Networks, Ltd., Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed and Dmitry Moiseev ("Defendants") (collectively Defendants and Ubiquiti are referred to as the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's order that the Parties "file a status report with a proposed protocol (or, if they cannot agree, competing proposals) for Plaintiff's production and Defendants' review of the 18 Files" and that "[t]he proposal(s) should take account of evolving social distancing orders and guidelines." Dkt. 141.

The Parties met and conferred and agreed to the majority of the provisions of a source code review protocol in the form of a revised protective order, which is attached as Exhibit A (with redlines identifying the parties' agreed upon revisions).

1

The only proposed revision on which the parties were not able to reach agreement is set forth in the highlighted (redlined) section at paragraph 13(b)(1). Ubiquiti requests inclusion of this subparagraph, and Defendants object to its inclusion. The parties' respective positions are described below.

### I. Ubiquiti's Position – Requesting Inclusion of Paragraph 13(b)(1)

Ubiquiti proposes the inclusion of subsection 13(b)(1) to establish a process for scheduling source code review in a manner that will prevent any scheduling/logistical disputes from arising in the future (as has occurred previously), as well as to ensure that the party hosting the source code review receives sufficient notice for preparation. Ubiquiti's proposal should be accepted for four reasons.

*First*, though logistical in nature, the existing procedures resulted in a drawn out dispute regarding source code review scheduling, with Defendants raising it in multiple substantive filings after it arose (on March 4-6). Dkt. 110 p. 2; Dkt. 119, p. 2-3; Dkt. 130, p. 2. The purpose of paragraph 13(b)(1) is to prevent such a dispute from arising in the future.

*Second,* the balance of prejudice favors it. There is no prejudice to any party by mandating communication, openness, and certainty in planning when it comes to scheduling source code review. On the other hand, last-minute logistic tweaks with limited or no notice—as arose above—may result in the lack of availability of necessary accommodations. This is particularly significant since the review is to be conducted in the locale of experts with substantial technical, security, and COVID-19 requirements (which among other tasks, will require transfer of the source code computer from counsel's office to the hosted space).

*Third*, paragraph 13(b)(1) is flexible; it simply removes the possibility of unreasonable demands for travel costs or expert fees unless concrete plans are unilaterally terminated. *See* Ex.

A at ¶ 13(b)(1) ("The parties will work together to make reasonable accommodations outside these procedures where necessary, but no party will be accountable for plans made without a proper Calendared Notice or otherwise affected by conditions outside the control of the parties.").

*Fourth*, paragraph 13(b)(1) requires only what is common practice in source code cases: calendaring dates-and-times-certain—before dispatching an expert to travel—just as parties do when scheduling depositions.

Finally, it is noteworthy that Defendants have not objected to any specific provision within these procedures, and instead have objected to the adoption of such procedures as a whole. For the reasons set forth herein, the proposed procedures in paragraph 13(b)(1) are reasonable and operate to the benefit of all parties and their experts, and should therefore be adopted in the protective order.

**II.     Defendants' Position – Objecting to Inclusion of Paragraph 13(b)(1)**

Defendants' position is that proposed Paragraph 13(b)(1) sets out an overly complex and unworkable procedure that is simply not necessary. The parties can provide reasonable notice and response under Paragraph 13(b) without the 13(b)(1) framework, which does not allow for how source code review is typically conducted. For example, if an approved expert wishes to review code for an additional day beyond the previously "calendared" time period, the producing party would be able to unilaterally prohibit such access based on a failure to send a certain conforming "calendared notice" three days prior. Worse, an expert's mere request for installation of an additional review tool during an inspection would "vacate all then-pending Calendared Notices," and presumably allow for immediate removal of the expert and barring from further review until the specified period lapses.

Moreover, the defined term "Calendared Notices" is itself an unworkable concept. These notices "expire" (whatever that is intended to mean) at certain times of day, impose a redundant notice requirement beyond the "five business days' notice" in Paragraph 13(b), and add an additional acceptance requirement that is entirely out of the reviewing party's control. A receiving party could simply refuse to accept any calendared notices and thereby thwart any inspection.

None of this complexity is necessary and is instead likely to lead to disputes that may have to be resolved by the Court. The parties can reasonably work together to provide adequate notice for review under Paragraph 13(b) without resorting to the additional complexity required in Paragraph 13(b)(1).

Dated:  June 4, 2020                                             Respectfully submitted,

| FOX, SWIBEL, LEVIN & CARROLL, LLP | BAKER BOTTS L.L.P. |
|---|---|
| */s/ Steven J. Reynolds* | */s/ Jon V. Swenson* |
| David Koropp (ARDC #6201442) | G. Hopkins Guy, III (CA Bar No. 124811) |
| dkoropp@foxswibel.com | Jon V. Swenson (CA Bar No. 233054) |
| Erik J. Ives (ARDC #6289811) | Karina Smith (CA Bar No. 286680) |
| eives@foxswibel.com | 1001 Page Mill Road |
| Steven J. Reynolds (ARDC #6293634) | Building One, Suite 200 |
| sreynolds@foxswibel.com | Palo Alto, CA 94304-1007 |
| Steven L. Vanderporten (ARDC # 6314184) | 650.739.7500 (Telephone) |
| svanderporten@foxswibel.com | 650.739.7699 (Facsimile) |
| Fox Swibel Levin & Carroll LLP | hop.guy@bakerbotts.com |
| 200 W. Madison St., Suite 3000 | jon.swenson@bakerbotts.com |
| Chicago, IL 60606 | karina.smith@bakerbotts.com |

*Attorneys for Plaintiff Ubiquiti Inc., f/k/a Ubiquiti Networks, Inc.*

*Local Counsel:*

James P. Fieweger (Bar ID No. 6206915)
Michael Best & Friedrich, LLP
444 W. Lake Street. Suite 3200
Chicago, IL  60606
312.222.0800 (Telephone)
jpfieweger@michaelbest.com

Arthur Gollwitzer, III (Bar ID No. 6225038)
Michael Best & Friedrich, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
512.640.3160 (Telephone)
agollwitzer@michaelbest.com

*Attorneys for Defendants Cambium Networks, Inc. et. al*