IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UBIQUITI INC., f/k/a Ubiquiti Networks, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> CAMBIUM NETWORKS, INC.; CAMBIUM NETWORKS, LTD.; BLIP NETWORKS, LLC; WINNCOM TECHNOLOGIES, INC.; SAKID AHMED; and DMITRY MOISEEV, <br><br> *Defendants*. | Civil Action No.: 1:18-cv-05369 <br><br> **JURY TRIAL DEMANDED** <br><br> Hon. J. Gary S. Feinerman |

**DECLARATION OF JON V. SWENSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF UBIQUITI INC.'S MOTION TO COMPEL DE-DESIGNATION OF DEFENDANTS' ATTORNEYS' EYES ONLY PRODUCTION AND FOR SANCTIONS**

I, Jon V. Swenson, declare and state as follows:

I am counsel for Defendants Cambium Networks, Inc. ("Cambium") and Cambium Networks, Ltd., Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev (collectively the "Defendants"). I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would testify to the following under oath.

1. Defendants' initial production contained 61,957 documents with the following designations: 84 documents were not designated as confidential, 3,657 documents were designated as "Outside Attorneys' Eyes Only – Confidential Source Code", and 58,216 documents were designated as "Confidential Restricted – Attorneys' Eyes Only."

1

2. Plaintiff to date has produced 84 documents in this case.

3. Exhibit 1 is a true and correct copy of an email correspondence thread between counsel for Defendants and Ubiquiti.

4. Exhibit 1 contains a true and correct copy of an email Andrew Wilson, counsel for Defendants, sent to counsel for Plaintiff on June 2, 2020. A spreadsheet identifying all documents that were not designated as "Confidential Restricted – Attorneys' Eyes Only" by bates number and designation was attached to that email.

5. Exhibit 2 is a true and correct copy of an email I sent to counsel for Plaintiff on September 26, 2019 containing information Ubiquiti requested in order to allegedly prepare a settlement demand. Despite providing this information over eight months ago, Defendants have still not received any settlement demand from Ubiquiti.

6. A true and correct copy of a letter Steve Reynolds, counsel for Plaintiff, sent to counsel for Defendants on May 8, 2020 is attached hereto as Exhibit 3.

7. On June 2, 2020, the parties met and conferred telephonically. Defendants agreed to re-designate four of the documents that Plaintiff identified in Exhibit A to its Motion.

8. A true and correct copy of an email Karina Smith, counsel for Defendants, sent to counsel for Plaintiff on June 3, 2020 is attached hereto as Exhibit 4.

9. Exhibit 5 is a compilation of, and summary description of, portions of the highly confidential documents of Defendant Cambium that Ubiquiti attached to its Motion to Compel De-Designation as Exhibit B.

10. Exhibit 6 is a transcript of the parties' proceedings before the Honorable Judge Feinerman on December 9, 2019 at 9:30 a.m.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed the 4th day of June 2020 in San Carlos, California.

*/s/ Jon V. Sweson*
Jon V. Swenson