# EXHIBIT 1

| | |
|---|---|
| **From:** | Wilson, Andrew |
| **Sent:** | Tuesday, June 2, 2020 12:20 PM |
| **To:** | 'Ives, Erik J.'; Swenson, Jon; Guy, Hop; Smith, Karina; 'jpfieweger@michaelbest.com'; 'agollwitzer@michaelbest.com' |
| **Cc:** | 'Vanderporten, Steven L.'; 'Koropp, David E.'; 'Reynolds, Steven J.' |
| **Subject:** | RE: Status Report [IWOV-iManage.FID278983] |
| **Attachments:** | Cambium_Confidentiality.xlsx |

Erik,

I write to address the issues raised below in furtherance of this afternoon's meet and confer call, which Defendants have moved to 3:30 pm central time (1:30 pm pacific).

**Identification of Documents Produced under Different Designations:**
Defendants maintain that it is Ubiquiti's obligation to review and assess document Defendants' production—not Defendants'. Ubiquiti's request for additional information improperly attempts to shift this burden to Defendants and is unsupported by the discovery orders in this case. Moreover, your request for this information is contrary to the repeated assertions in Ubiquiti's motion to compel (and supporting declaration), which states "Ubiquiti's counsel confirmed that every single document [in Defendants' production] had been designated by Defendants as 'CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY'". *See, e.g.,* Mot. at 1, 3.

Nevertheless, Defendants have attached a spreadsheet that identifies by bates number and applied designation the over 3,700 documents that were not designated as such.

**Defendants' Position on De-Designation of Exhibit A and B Documents:**
Defendants reiterate the position set forth in their email of May 28th regarding the de-designation of documents listed on Exhibit B to your pending motion. Maintenance of Defendants' HCAEO designation of these materials is critical because they are competitively sensitive and would pose demonstrable harm to Defendants if in-house Ubiquiti personnel is provided access.

Defendants however do agree to de-designate the following Exhibit A documents in the manner set forth below:
- Exhibit A1. CMBM-00070089 – Defendants agree to re-designate as **Not Confidential**
- Exhibit A2. CMBM-00012411 – Defendants agree to re-designate as **Confidential**
- Exhibit A4. CMBM-00024835 – Defendants agree to re-designate as **Confidential**
- Exhibit A5. CMBM-00028777 – Defendants agree to re-designate as **Confidential**

Defendants also seek to claw back Exhibit A3. CMBM-00166669, which contains information potentially protected under US and foreign data privacy regulations.

**Identification of Ubiquiti In-House Recipients of Confidential information**
Although you have generally stated your intent to share Defendants' Confidential information with "two in-house counsel", Ubiquiti has thus far failed to disclose the identity of those individuals to Defendants as required under the protective order. *See* P.O. Sec. 14(b)(2). Moreover your certification that those individuals have "direct involvement and/or decisionmaking authority in this action" is inconsistent with the requirements of the protective order, which allows disclosure of Confidential information only to individuals "who are not competitive decision makers of a party" and whose "assistance is reasonably necessary to the conduct of the litigation." *See id.* Please identify those individuals and confirm that they meet the requirements of the protective order before disclosing any Confidential information to them.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
700 K Street, NW
Washington, D.C. 20001

**From:** Ives, Erik J. <eives@foxswibel.com>
**Sent:** Monday, June 1, 2020 12:18 PM
**To:** Swenson, Jon <jon.swenson@bakerbotts.com>; Wilson, Andrew <andrew.wilson@BakerBotts.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L. <svanderporten@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>; Reynolds, Steven J. <sreynolds@foxswibel.com>
**Subject:** RE: Status Report [IWOV-iManage.FID278983]

**[EXTERNAL EMAIL]**

Jon:

Steve Reynolds and I are available for a telephonic meet/confer at the proposed time on Tuesday (1:00 p.m. pst / 3:00 p.m. cst); please circulate dial-in information at your convenience.

With respect to Defendants' further comments regarding the AEO designation motion, we respond as follows:

- Meet/Confer: We strenuously disagree with Defendants' claim that Ubiquiti did not provide an opportunity for the parties to meet/confer on this issue. We sent repeated written communications over the course of 2 ½ weeks, including communications sent on May 20th (requesting a response by close of business May 22nd) and May 23rd (requesting a response on May 26th) that were simply ignored by Defendants. Even Judge Feinerman took notice of this refusal to communicate in sua sponte ordering Defendants to respond to those messages. In light of your refusal to respond and the June 1st deadline for submission of our pre-settlement conference demand letter, Ubiquiti had no choice but to file the present motions for de-designation and extension. Had Defendants simply responded to our meet/confer requests – or even reached out to request further time to do so – the parties may have been able to resolve this matter without court intervention.

- Purported Withdrawal of Motion: Our requests for relief are clear in the Motion. Except for an inadvertent typo in the conclusion (which is addressed below and will be corrected in our reply), there are no positions that Ubiquiti "no longer supports". Defendants' claim to the contrary misrepresents the circumstances in the most unproductive way. Ubiquiti remains open to engaging in a good faith meet/confer with Defendants regarding their overbroad AEO designations. However, our continued willingness to meet/confer should in no way be taken as a sign that Ubiquiti has withdrawn or modified its position as to any aspect of the pending Motion.

- Failure to Respond to Ubiquiti's Meet/Confer Requests for Information: Defendants have not responded to our specific requests for information, including:

2

- o Identification of the (a) bates numbers, and (b) confidentiality designation, for the "over 3,700 documents" that Defendants state to have been produced "under a different designation or no designation at all"; and
- o Defendants' position as to the de-designation of non-substantive documents in Exhibit A.

As addressed in my e-mail below, Defendants have necessarily already pulled that information and have it at hand. In order to allow our telephonic meet/confer to be productive, we hereby request that this information be provided in advance of tomorrow's call.

With respect to Defendants' continued reference to the parties' prior settlement discussions, we once again remind you that Ubiquiti expressly advised Defendants that it required further discovery before being in a position to make a formal settlement demand (including during an in-person conversation with Hopkins Guy in the courtroom hallway). Regardless, Defendants do not have the right to demand that Ubiquiti make a settlement demand on the basis of incomplete information. And, as discovery to date has confirmed, the evidence pertaining to liability and the itemization of damages extends far beyond the limited Elevate licensing and sales information that Defendants have continued to focus on below. Regardless, Defendants' continuing refusal to reasonably cooperate in the discovery process serves only to frustrate the parties' efforts to explore the settlement that Defendants claim to be so interested in pursuing.

Finally, with respect to the parties' separate meet/confer on source code review, we will endeavor to provide Ubiquiti's proposal as soon as possible in accordance with the Court's order, and expect to be able to do so in advance of tomorrow's meet/confer call. At present, our understanding as to Defendants' proposal is that it would entail in-home source code review by each party's designated expert (with no further details provided as to specific procedures or schedule for such review). As Defendants are aware, that proposal is unacceptable for all the reasons previously stated. To the extent that Defendants wish to revise or supplement that proposal, please do so in advance of tomorrow's call.

Please let us know if you have any questions regarding any of the above.

Thanks,

Erik


Erik J. Ives
eives@foxswibel.com | 312-224-1239 (direct)

**FOX SWIBEL**

**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** jon.swenson@bakerbotts.com [mailto:jon.swenson@bakerbotts.com]
**Sent:** Sunday, May 31, 2020 10:53 PM
**To:** Ives, Erik J.; andrew.wilson@BakerBotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L.; Koropp, David E.; Reynolds, Steven J.
**Subject:** RE: Status Report [IWOV-iManage.FID278983]

Erik,

Thanks for your email. We are disappointed that Ubiquiti rushed to file a motion without providing any opportunity for the parties to discuss the issues that Ubiquiti presented to the Court. Ubiquiti has had months to address these issues but choose to force Cambium to resolve them in a matter of hours. We would appreciate in the future that Ubiquiti would make a good faith effort to meet and confer rather than race to file a motion with the Court without discussing with Cambium first. Apparently, Ubiquiti's rush to file its motion has resulted in it pursuing positions that it does not now support. Had Ubiquiti sought in good faith to meet and confer we could have avoided burdening the Court with your admitted meritless disputes. Ubiquiti must withdraw any positions that it no longer supports and it should withdraw and refile a motion that accurately reflects the relief that it requests to avoid confusion. Please confirm that Ubiquiti will do so immediately.

You have provided no rationale as to why Ubiquiti has refused to provide a settlement demand. Cambium provided the exact information that Ubiquiti requested to formulate a settlement demand but Ubiquiti did not provide such a demand as requested. Ubiquiti has the necessary information, including the numbers of licenses of the accused Elevate products and the related revenues, but it failed to provide any demand as promised.

Please provide your availability to discuss these issues on Tuesday afternoon. Also, please provide in advance your proposal for source code review as required by the Court. We have already provided you ours months ago but Ubiquiti has refused to respond to our proposal. We will be available to discuss these matters on Tuesday afternoon (June 2nd) at 1 pm Pacific.

Thanks,

Jon


**Jon V. Swenson**
T +1.650.739.7514
M +1.650.773.9185

**From:** Ives, Erik J. <eives@foxswibel.com>
**Sent:** Friday, May 29, 2020 2:33 PM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L. <svanderporten@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>; Reynolds, Steven J. <sreynolds@foxswibel.com>
**Subject:** RE: Status Report [IWOV-iManage.FID278983]


[EXTERNAL EMAIL]

Andrew, Jon and Hopkins:

We appreciate your having sent the e-mail below. It would, however, have been more efficient to address these issues through a meet/confer without having to involve the Court. Unfortunately, your repeated refusal to respond to our multiple meet/confer requests with respect to Defendants' AEO designations over the course of 2 ½ weeks, including your complete disregard of our emails dated May 20th and May 23rd, left us no choice but to seek court intervention given the impending deadline for submitting our settlement demand letter.

We welcome the ability to confer with you further to resolve as many issues as possible prior to the due date for your response briefs. Please let us know your availability for such a call prior to close of business this Wednesday, June 3rd.

With respect to the points addressed in your e-mail below, we respond as follows:

**(1) Exhibit A (No Designation) vs. Exhibit B (Confidentiality)**: Your e-mail correctly identifies a typographical error made in the conclusion to our motion, in which Exhibit "A" and Exhibit "B" were transposed. To be clear, Ubiquiti requests that (i) Defendants withdraw confidentiality designations as applied to the documents contained in Exhibit A (e.g. e-mails re: clothing purchases, out of office messages, calendar invitations, travel information); and (ii) Defendants re-designate the documents contained in Exhibit B as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." The content of our motion (*see*, *e.g.*, pages 4-5, 7 – seeking confidential designation of Exhibit B documents) and the content of our meet/confer correspondence (below) make clear that this was an inadvertent typo. We will correct this error in our reply brief (alternatively, if you truly believe it to be necessary, we can discuss the best manner in which to advise the Court at an earlier time).

We have every confidence that Defendants understood this to be a typographical error, and thus this clarification likely will not alter your substantive position as relates to the Exhibit B designations. Nevertheless, if that is incorrect, please advise us immediately.

Finally, we note that your e-mail below did not take a position as to the de-designation of the non-substantive documents in Exhibit A. Please advise whether Defendants are refusing to de-designate those materials.

**(2) Refusal to Designate Documents in Exhibit B as Confidential (Not AEO)**: Defendants' arguments for maintaining AEO designations on the Exhibit B documents directly contradict the Protective Order, which expressly allows for two in-house counsel to review confidential documents. You provide no basis for changing that now. Further, your arguments are based on conclusory and speculative allegations that imply that Ubiquiti's in-house counsel will violate the express terms of the Protective Order.

Controlling law makes clear that this is not a proper basis upon which to restrict access to responsive documents in civil litigation. *See*, *e.g.*, *Motorola, Inc. v. Lemko Corp.,* 2010 WL 2179170, at *4 (N.D. Ill. June 1, 2010) (noting that there was no appreciable risk of disclosure of sensitive competitive information where the recipients are subject to the court's protective order and its non-disclosure/non-use restrictions); *JAB Distribs., LLC v. London Luxury, LLC,* 2010 WL 4008193, at *3 (N.D. Ill. Oct.13, 2010) ("A party cannot simply assert—without any support—that the pertinent protective order displays a systemic weakness that renders its prophylactic powers inefficacious. Were it otherwise, a litigant could wholly frustrate the process of discovery that is fundamental to the litigation system"); *see also Countryman v. Cmty. Link Fed. Credit Union*, 2012 WL 1143572, at *7 (N.D. Ind. Apr. 3, 2012)("the Court will not presume that any party to the case will violate its terms, which have been made an order of this Court"); *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F. Supp. 3d 1079, 1085-86 (N.D. Ill. 2015) ("In attempting to meet its burden as the designating party to show that there is good cause for maintaining the AEO designation on the challenged groups of documents, Tru Group has made only the kinds of broad allegations of unspecified harm that consistently have been found insufficient to justify the 'extreme measure' of preventing a party's attorneys from sharing the documents with their clients…In short, Tru Group's broad allegations of harm are insufficient to show that the years-old information poses any on-going competitive threat to the defendants or any unwarranted commercial advantage to GMT.").

The Exhibit B documents are directly relevant to this action (as confirmed by Defendants' having voluntarily produced them in their MIDP disclosures). And contrary to your claims regarding the purportedly "sensitive" nature of these documents, they are each between 2 and 4 years old and do not contain trade secrets or other highly confidential subject matter. Thus, there exists no demonstrable harm that would be caused if such materials were to be viewed by Ubiquiti's two (2) in-house counsel representatives in accordance with the restrictions imposed by Paragraph 14(b)(2) of the Protective Order. We once again request that Defendants re-consider the AEO designations on these documents.

**(3) Production Documents Allegedly Not Designated AEO**: In your e-mail, you state that Defendants have produced approx. 3,700 documents (i.e. 5.5% of their approx. 67,000 production documents) under "a different designation or no designation at all." That response is ambiguous in multiple respects, and is further contrary to our reasonable understanding based on the content of your prior meet/confer response and the results of our good faith review of Defendants' production.

First, you in no way contested or corrected our assertion that Defendants designated "their entire production" as AEO in your May 15th response letter. Because the production contains no metadata identifying confidentiality designations (nor do the OCR files), Defendants are the only ones in the position to correct this conclusion – and you did not.

Second, Defendants' use of AEO designations on routine documents and communications (e.g. out of office messages) further corroborated our understanding that the AEO designation was applied to all documents.

Third, to the extent that your reference to documents produced under "a different designation or no designation at all" includes documents designated "attorneys' eyes only" in another form, that is a distinction without a difference. For example:

- Documents Labeled "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE": We acknowledge that Defendants' production includes certain documents bearing this separate "attorneys' eyes only" designation. However, there exists no basis to draw a distinction between the various AEO designations for purposes of our request. Indeed, our review indicates that documents designated in this manner contain non-source code files (including e-mails), which likewise require de-designation under the terms of the Protective Order. Nevertheless, to the extent that Defendants wish to maintain the designation of documents bearing this "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" designation, Ubiquiti is willing to meet/confer further on that issue. For example, Ubiquiti will agree to withdraw its request to de-designate this limited universe of documents to the extent such files do in fact contain source code.
- Duplicate Documents (designated AEO in some, but not all instances): We have identified a very limited number of documents that have no designation (*see* CMBM-00008265- CMBM-00008267). But, these same documents were designated as AEO in another section of Defendants' production (*see* CMBM-00131291-CMBM-00131293), and thus it is Ubiquiti's understanding that Defendants intended to designate these materials as AEO.
- *Note re:* Cover Sheets without Content: Certain cover sheets (e.g. "Unsupported or Excluded File Type" cover sheets) in Defendants' production also appear to have no designation. But, these cover sheets cannot reasonably be considered production documents (for purposes of this discussion), as they do not include any content.

This ambiguity is needless and we want to get to the bottom of it. We therefore request that Defendants identify the following for each of the 3,700 documents you reference: (a) bates numbers, and (b) confidentiality designation. You can quickly do so by exporting the results of the search used to identify/count the 3,700 documents to a .CSV file and deleting the columns not related to (a) or (b). Ubiquiti is also willing to discuss the mutual production of metadata containing such designations for all production documents to avoid such ambiguity in the future.

Finally, even if Defendants labeled a subset of documents without an AEO designation, the most that subset could comprise is 5.5% of the production (based on the figures you have provided). Thus, even applying that conservative estimate, Defendants have failed to comply with the terms of the Protective Order and controlling law by improperly designating the vast majority (at least approx. 95%) of its production as AEO.

**(4) Information Necessary to Support Settlement Demand**: We disagree with your contention that Defendants' production documents are somehow not relevant and/or necessary for our client to evaluate in connection with Ubiquiti's forthcoming settlement demand—both as it pertains to the specific documents referenced in our May 23 meet/confer e-mail, and generally as it pertains to the claims and defenses in this case. As an initial matter, it is impossible (and largely ineffective) for us to comply with the Standing Order's requirements for submission of our pre-settlement conference demand letter without referencing the evidence (on liability) and financial data (on damages) that has actually been produced by Defendants to date. Moreover, it is up to Ubiquiti, not Defendants, to decide the specific evidence, documents, and information to be (i) evaluated by its in-house counsel representatives for purposes of formulating our settlement demand; and (ii) presented in our pre-settlement conference submission. Nor should we be forced to identify each specific document that we intend to show our client's representatives by seeking your permission to do so. Finally, your repeated references to the parties' prior settlement discussions is misplaced—in particular given that we advised you at that time that Ubiquiti required further discovery before being in a position to make a formal demand. Simply put, Ubiquiti cannot submit a settlement demand and/or agree to settle this case while operating in the dark.

**(5) Provision of Supplemental Information for Settlement Purposes**: We welcome Defendants' offer to produce supplemental information for settlement purposes. However, such information would not be sufficient to resolve our pending AEO de-designation request for the reasons set forth herein. Further, (i) the evidence pertaining to liability and the itemization of damages extend far beyond the limited Elevate licensing and sales information that you propose sending; and (ii) to the extent responsive, such information must be produced in response to Ubiquiti's interrogatories and/or document requests without AEO designations in any event.

Separately, we note that there exists no basis upon which Defendants may seek to restrict the disclosure of such information to one in-house counsel at Ubiquiti. Ubiquiti has two in-house counsel with direct involvement and/or decisionmaking authority in this action, both of whom are to be granted access to Confidential documents pursuant to Section 14(b)(2) of the Agreed Confidentiality Order. Both require access to all information to be provided for settlement purposes as well.

**(6) Redacted Versions of Exhibits A & B**: Pursuant to the Court's order, please confirm that Defendants will file redacted versions of Exhibits A & B with the Court (as Ubiquiti recently did in response to a similar motion to seal order at your request).

In closing, there exists no rational basis for Defendants to refuse to reconsider their overbroad AEO designations as required under the Protective Order and controlling law. We have already lost valuable time that could have been used to prepare a settlement demand with our client. If Defendants are truly interested in discussing settlement, we request that you cooperate with us on this matter.

We ask that you please respond promptly to provide your availability for a telephonic meet/confer (as requested above).

Thanks,

Erik

Erik J. Ives
eives@foxswibel.com | 312-224-1239 (direct)

# Fox Swibel

**FOX SWIBEL LEVIN & CARROLL LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Thursday, May 28, 2020 3:17 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L.; Ives, Erik J.; Koropp, David E.
**Subject:** RE: Status Report

Steve,

Defendants object to your blanket request to de-designate *all* of their competitively sensitive business information (as well as the subset of materials identified below). Your repeated assertions that Defendants allegedly "designated every single document they produced to date as [] AEO" are simply not true. Defendants have actually produced over **3,700 documents** under a different designation or no designation at all—over 45 times the number of documents that Ubiquiti has produced *in total* in this case. Ubiquiti is the only party attempting to improperly apply indiscriminate designations to documents under the protective order.

Your alleged urgent need for client-access to the competitively sensitive materials listed below to inform a settlement demand is entirely contrived. Defendants *already* provided in-house personnel at Ubiquiti (and counsel) with all the information required to make such a demand *last year*, specifically the license numbers for the Elevate product that Ubiquiti requested access to. Yet, nearly two years into this case Defendants have not received a demand.

Moreover, none of the materials listed below advance your stated goal of facilitating a settlement demand beyond that previously provided information. They instead contain confidential forward-looking revenue projections, new product development information, business strategies and roadmaps, and budget plans for Elevate and additional Cambium products. Maintenance of Defendants' HCAEO designation of these materials is critical because they are competitively sensitive and would pose demonstrable harm to Defendants if in-house Ubiquiti personnel is provided access. For example, Ubiquiti could use this information to target Cambium's business initiatives and high-margin products and gain a competitive advantage. Incredibly, Ubiquiti has now moved the Court to compel Defendants to de-designate these highly confidential materials "from AEO to *no confidentiality*." *See* Mot. At 10-11 (requesting the Court enter an order compelling Defendants to de-designate the documents listed on Exhibit B, which correspond to the documents listed below, as "no confidentiality designation"). This request is outrageous and sanctionable in light of the clearly sensitive nature of these documents.

Finally, your demand to meet and confer within *zero* business-days (by 10 am local time for Defendants' senior counsel on the business-day following a holiday weekend) and subsequent factually incorrect motion to compel de-designation of *all HCAEO documents* in Defendants' production is premature and fails to satisfy Ubiquiti's meet and confer obligations under LR 37.2. Defendants intend to file an opposition to Ubiquiti's motion that addresses the inaccuracies asserted therein in accordance with the Court's briefing schedule.

While Defendants do not agree to de-designate the materials listed below for the reasons discussed above, Defendants will provide license numbers and revenue information for the Elevate product to counsel for Ubiquiti to share only with

one in-house counsel at Ubiquiti who is responsible for decision making in this lawsuit. We will make this information available prior to next week's deadline for Ubiquiti's settlement demand letter.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
700 K Street, NW
Washington, D.C. 20001

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Saturday, May 23, 2020 3:27 PM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L. <svanderporten@foxswibel.com>; Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** RE: Status Report


**[EXTERNAL EMAIL]**

Andrew and Jon,

We haven't received a response to my May 20 e-mail below.

Would you kindly let us know when you are available to meet and confer regarding the documents I listed (*see also* "additional documents" in this e-mail)? We prefer to avoid involving the Court but, given the impending deadline for Ubiquiti to make a settlement demand, we need a resolution quickly. Thus, if you continue to refuse to respond or discuss the matter between now and noon CT on Tuesday, May 26 (I will make myself available at your convenience), we will consider the parties to be at an impasse. In that event, we will move the Court on Tuesday to re-designate them as CONFIDENTIAL. We will file the documents under seal (subject of course to the Court's ruling on that motion), but please consider whether it would be more efficient to discuss them on a meet/confer instead.

I've added approximate dates next to the documents below. As you can see, none are current. Further, none appear to relate to, for example, trade secrets or any other highly-confidential subject matter. Moreover, the documents generally include financial information. Cambium's past and current financials are largely public (*see* SEC filings), even if not at the same level of detail; thus we perceive no harm in allowing 2 in-house individuals at Ubiquiti to view them.

Previous list
- CMBM-00037386 (Sept. 20, 2017)
- CMBM-00066211 (Sept. 20, 2017)
- CMBM-00039329 (Jan. 21, 2018)
- CMBM-00029355 (Feb. 1, 2017)
- CMBM-00035671 (Apr. 11, 2017)
- CMBM-00011985 (Oct. 3, 2016)
- CMBM-00039480 (Mar. 8, 2016)
- CMBM-00028746-747 (Aug. 4, 2016)
- CMBM-00039976 (Sept. 22, 2016)

- CMBM-00052016 (Dec. 12, 2016
- CMBM-00031183 (Mar. 8, 2016)
- CMBM-00052049 (Dec. 12, 2016)
- CMBM-00037126 (Apr. 11, 2017
- CMBM-00043239 (July 13, 2016)

Additional documents

- CMBM-00039191 (Jan. 23, 2018)
- CMBM-00026409 (Jan. 9, 2018)
- CMBM-00031569 (Sept. 14, 2017)
- CMBM-00010995 (Nov. 22, 2017)

Please have a safe and enjoyable holiday weekend,

-Steve

Steve Reynolds

sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** Reynolds, Steven J.
**Sent:** Wednesday, May 20, 2020 8:28 PM
**To:** 'andrew.wilson@BakerBotts.com'; jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L.; Ives, Erik J.; Koropp, David E.
**Subject:** RE: Status Report

Andrew,

Given the upcoming deadline for Ubiquiti's settlement demand, I will address Defendants' universal application of the AEO designation here and Defendants' privilege log (which is overdue) in separate correspondence.

You contend that Ubiquiti must challenge Defendants' production "on a document by document basis." That position is inconsistent with governing case law, which prohibits a party who abused its confidentiality designations from shifting the burden to the receiving party to identify documents that it wants re-designated. *See* May 8, 2020 Ltr., p. 3 (citing authority). It also defies logic. A document-by-document discussion only makes sense where the producing party first reviewed and marked documents on a document-by-document basis before producing them. Defendants chose not to. Thus, since Defendants decided to mass-mark their entire production, they must provide the factual and legal basis for doing so.

To be clear, all documents should be re-designated as CONFIDENTIAL. We reiterate our request to meet and confer on that issue.

But, in at least one respect, Ubiquiti will suffer prejudice in the very near term. Because Defendants designated every document as AEO, there is no way for us to share the information necessary with our client to formulate a settlement demand. *Id.*, citing *Team Play*, 2005 WL 256476, at *1. In view of the upcoming settlement demand deadline, I will address a few individual documents here.

Please confirm by no later than this Friday, May 22, that at least the documents beginning with the following Bates numbers can be shared with our client (e.g., by re-designating them as CONFIDENTIAL):

- CMBM-00037386
- CMBM-00066211
- CMBM-00039329
- CMBM-00029355
- CMBM-00035671
- CMBM-00011985
- CMBM-00039480
- CMBM-00028746-747
- CMBM-00039976
- CMBM-00052016
- CMBM-00031183
- CMBM-00052049
- CMBM-00037126
- CMBM-00043239

If you refuse, Ubiquiti will base the financial component of its settlement demand on its own market estimates. That amount will of course be subject to later review, by Ubiquiti's in-house counsel, of Defendants' production (and eventual interrogatory answers). In other words, no settlement can be finalized if and until such information is provided; so it only makes sense to provide as much information as possible (e.g., the documents listed above and interrogatory answers) in enough time prior to the June 1 deadline for Ubiquiti to formulate its demand.

If you do not agree, please provide a date and time for the parties to meet and confer prior to close of business (CT), May 22, to discuss whether this issue can be resolved without need of an emergency motion to the Court.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
FOX SWIBEL LEVIN & CARROLL LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

---

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Friday, May 15, 2020 5:29 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; hop.guy@BakerBotts.com; karina.smith@bakerbotts.com; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L.; Ives, Erik J.; Koropp, David E.
**Subject:** RE: Status Report

Steve,

I write to address several issues you've raised over the past week.

**Ubiquiti's Deficient Challenge to Defendants' Confidentiality Designations**
The deadline for Defendants to respond to Ubiquiti's challenge to Defendants' confidentiality designations has been extended by the Court's COVID-19 Orders, which apply to "***all deadlines***, in all civil cases . . . whether set by the court, the Federal Rules of Civil Procedure, or the Local Rules."  As you acknowledged in refusing to even discuss alternative source code review arrangements (without identifying any extended "deadline" that would have prohibited those discussions), the COVID-19 Orders clearly apply to extend deadlines under the protective order because those deadlines are "set by the court."  Your insistence that this particular discovery deadline is not extended is inconsistent with both Ubiquiti's previous position on source code review and repeated acknowledgment that all other discovery deadlines have been extended. *See, e.g.,* Ubiquiti's Opp'n to Defs. Mtn. to Stay (Dkt. 125) at 3, n.2. Defendants therefore need not respond to Ubiquiti's challenge until at least five days after the COVID-19 Orders expire, and certainly not by today.

Ubiquiti also failed to issue a challenge sufficient to begin the meet and confer process required under the Protective Order. Defendants are unable to meaningfully assess any allegedly improper designations because Ubiquiti's challenge does not "explain the basis for [Ubiquiti's] belief that the confidentiality designation was not proper" on a document by document basis, or other basis that would allow Defendants to review the challenged material and reconsider the designation. *See* P.O. (Dkt.. 102) Sec. 20(a). Your list of just five bates-stamped documents and general assertion that "Defendants cannot establish demonstrable harm" over ***all*** of its designated materials is insufficient under the Protective Order. Because Ubiquiti has not issued a challenge that satisfies its obligations at the onset, the parties cannot begin to satisfy their meet and confer requirements. *See* P.O. Sec. 20(b).

**Joint Status Report**
Defendants' position is that the parties do not need to file a joint status report on Monday because Judge Feinerman has posted numerous docket entries and orders, including Judge Feinerman's minute order entry regarding the 3rd Amended General Order itself. A status report is required only "where no docket entry or order has been posted by the assigned judge since March 16, 2020".

**Privilege Log**
Defendants propose that the parties agree on a mutual date to exchange privilege logs once document production is substantially complete.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336
Baker Botts L.L.P.
700 K Street, NW
Washington, D.C. 20001

---

**From:** Reynolds, Steven J. <sreynolds@foxswibel.com>
**Sent:** Friday, May 15, 2020 10:57 AM
**To:** Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Guy, Hop <hop.guy@BakerBotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; jpfieweger@michaelbest.com; agollwitzer@michaelbest.com
**Cc:** Vanderporten, Steven L. <svanderporten@foxswibel.com>; Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>
**Subject:** Status Report

**[EXTERNAL EMAIL]**

Andrew and Jon,

I write for two reasons.

First, attached is a draft joint status report, which the 3d Am COVID-19 General Order requires to be filed on Monday. Note that in Section V, we extended all dates by the total amount of the three COVID-19 extensions (77 days). We are willing and available to discuss revisions in the hopes of reaching agreement.

Please get us your additions as soon as is convenient, so we can stay on track for filing on Monday during business hours.

This draft is also subject to our client's review.

Second, please let us know when you will be providing a privilege log in connection with Defendants' March 3 document production.

Steve Reynolds

sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
**Fox Swibel Levin & Carroll LLP**

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.