# EXHIBIT 3

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

Steven J. Reynolds
sreynolds@foxswibel.com                                                                 direct   312.224.1249

May 8, 2020

**VIA EMAIL**

G. Hopkins Guy, III (hop.guy@bakerbotts.com)
Jon V. Swenson (jon.swenson@bakerbotts.com)
Karina Smith (karina.smith@bakerbotts.com)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007

James P. Fieweger (jpfieweger@michaelbest.com)
Michael Best & Friedrich, LLP
444 W. Lake Street. Suite 3200
Chicago, IL  60606

Arthur Gollwitzer, III (agollwitzer@michaelbest.com)
Michael Best & Friedrich, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746

> Re: *Ubiquiti Inc. v. Cambium Networks, Inc. et al.*, Case No. 18-cv-05369 (N.D. Ill.), Meet and Confer re: Improper Attorneys' Eyes Only Designations in Defendants' Production Served March 3, 2020

Counsel:

We write concerning Defendants' designation of their entire production served March 3, 2020 (CMBM-00000001-00178279) as "CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY."[1] In accordance with Paragraph 20(a) of the Agreed Confidentiality Order (Dkt. No. 102) (the "Protective Order"), this letter contains our explanation as to why these AEO designations are wholly improper. This letter also commences the five (5) day period in which Defendants may review the challenged designations as part of the "Meet and Confer" process under the Protective Order.

As a general proposition, the blanket and indiscriminate designation of Defendants' voluminous production as AEO fails to comply with the terms of the Protective Order and applicable law, and in so doing operates to obstruct Ubiquiti's preparation for trial. There is no

---

[1] The "ATTORNEYS' EYES ONLY" designation will be abbreviated in this letter as "AEO."

1

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

Steven J. Reynolds
sreynolds@foxswibel.com                                            direct   312.224.1249

legal basis for such a misuse of confidentiality designations under either the Federal Rules or the Protective Order. Indeed, even in cases involving proprietary intellectual property, courts in the Northern District of Illinois and elsewhere recognize that making excessive AEO designations is a sanctionable form of discovery abuse. *See e.g., THK Am., Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) ("Defendants have produced between 75,000 and 90,000 pages of documents . . . at least 79% of [which] were designated as 'Attorney's Eyes Only.' This is absurdly high"); *see also id.* at 647-50 (sanctioning defendants and ordering that they must pay plaintiff's attorneys' fees and have "lost the right" to use AEO designations); *Team Play, Inc. v. Boyer*, 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005) (sweeping AEO designations "can be a form of discovery abuse and result in the blanket modification of a protective order as well as the imposition of sanctions on the designating party"); *Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229, 2014 WL 6886923, at *3-5 (D. Col. Dec. 5, 2014) (sanctioning defendant who designated 90% of production as AEO: "nearly everything Defendants have produced in discovery is off-limits not only to Plaintiff and Plaintiff's in-house counsel, but also to the specific corporate officers designated for access to Confidential documents"); *Procaps S.A. v. Patheon Inc.*, No. 12-cv-24356, 2015 WL 4430955, *7 (S.D. Fla. July 20, 2015) ("designation percentages of 95%—such as the rate used here by Procaps—have frequently been condemned") (ordering designating party's law firm to pay opponent's reasonable attorneys' fees); *In re Ullico Inc.,* 237 F.R.D. 314, 317-18 (D.D.C.2006) (99% "confidentiality" designation rate was a "gross" "abuse" that "unfairly burdened" the opposing party).

The Protective Order in this case limits AEO designations to "Confidential Information . . . so sensitive that its dissemination to those individuals identified in 14(b)(2) and 14(b)(7) would cause demonstrable harm to the Producing Party." [2] Defendants cannot establish demonstrable harm over the materials it has designated as AEO, many of which include non-substantive documents and communications relating to the ordering of clothing with the Elevate logo (CMBM-00070089; CMBM-00012411), out-of-office e-mail replies (CMBM-00166669), responses to outlook calendar invitations (CMBM-00024835), airfare information (CMBM-00028777), and numerous other examples. Moreover, even as related to substantive documents included in Defendants' production to date (such as invoices for Elevate licenses, customer communications, and general marketing plans and revenue data), many are years old by now (and thus do not identify current development efforts). The designation of such historical materials as AEO is improper, as there exists no demonstrable harm that would be caused if such materials were to be viewed by a limited number of Ubiquiti employees under Paragraph 14(b)(2) (if such documents were designated as confidential instead of AEO). *See Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F. Supp. 3d 1079, 1085-86 (N.D. Ill. 2015) (invoices and pricing data that were more than four years old would not cause commercial harm warranting AEO designation) (citing *United States v. Int'l Bus. Mach. Corp.,* 67 F.R.D. 40, 46

---

[2] The individuals identified in Paragraph 14(b)(2) and 14(b)(7) are "Individual parties and up to 2 in-house counsel . . ." and "witnesses at depositions," respectively.

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

Steven J. Reynolds
sreynolds@foxswibel.com                                                                                   direct   312.224.1249

(S.D.N.Y.1975) ("disclosure of two-and-a-half-year-old sales data" will not result in a "clearly defined, serious injury").

    Defendants' sweeping designation of its entire production as AEO is not only a violation of the Protective Order, it effectively prevents Ubiquiti from consulting with its counsel relating to whether the documents produced support its legal theories, inform the damages Ubiquiti has incurred as a result of Defendants' violations of law, and illustrate a reasonable settlement range in preparation for the parties' eventual settlement conference. *See Glob. Material Techs,* 133 F. Supp. 3d at 1088 (trial preparation is made more difficult and expensive when a party's attorney is unable to share with the party facts that are material to its prosecution of the case); *Team Play, supra*, at *1 ("if [AEO] designation is not removed, Boyer's counsel will be prohibited from discussing the damages aspect of his case with their client and Boyer will have no information on which to make an intelligent decision as to what a reasonable settlement figure might be").

    Defendants made no effort to comply with the Protective Order by distinguishing materials they believe in good faith could cause demonstrable harm from those materials that could be produced under less restrictive (or no) confidentiality designation. Accordingly, Ubiquiti hereby requests that Defendants withdraw their designation of all documents produced on March 3 as AEO. *See Healthtrio, LLC*, *supra* at *3 (endorsing blanket challenge instead of challenge to individual pages and documents where defendants acted in bad faith by "indiscriminately designating nearly their entire production" as AEO); *Procaps*, *supra* at *8 (inequitable to shift burden to the receiving party to specifically identify precise documents it wants designating party to re-review). This request is made without prejudice to Ubiquiti's right to revisit any re-designations made by Defendants in response to this letter. Additionally, in the event the challenged designations are not reconsidered by Defendants, or otherwise adequately explained, please be advised that Ubiquiti intends to raise Defendants' violations of the Protective Order and the Federal Rules with the Court so that Ubiquiti may adequately prepare for the upcoming settlement conference and/or continuing litigation of this matter.

    Please let us know if you have any questions. We are also available if you wish to schedule a telephonic meet and confer to discuss this matter.

                                                                     Very truly yours,

                                                                       /s/ *Steven J. Reynolds*

                                                                       Steven J. Reynolds

cc:    David E. Koropp (dkoropp@foxswibel.com)
           Erik J. Ives (eives@foxswibel.com)
           Steven L. Vanderporten (svanderporten@foxswibel.com)