## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UBIQUITI INC. (f/k/a UBIQUITI NETWORKS, INC.), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 18-CV-5369 |
| CAMBIUM NETWORKS, INC., | ) | Judge Feinerman |
| CAMBIUM NETWORKS, LTD., | ) | |
| BLIP NETWORKS, INC., | ) | JURY TRIAL DEMANDED |
| WINNCOM TECHNOLOGIES, INC., | ) | |
| SAKID AHMED, and | ) | |
| DMITRY MOISEEV, | ) | |
| | ) | |
| Defendants. | ) | |

### Agreed Confidentiality Order

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Source Code as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the Producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research,

technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

**3.** **Source Code.** As used in this Order, "Source Code" means information, including, but not limited to, human-readable programming language text that defines software, firmware, (collectively, "software Source Code") and integrated circuits ("hardware Source Code"). Text files containing Source Code shall hereinafter be referred to as "Source Code files." Software Source Code files shall include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages. Software Source Code files further include "include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP. Hardware Source Code files include, but are not limited to, files containing Source Code in VDHL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

**4.** **Outside Attorneys' Eyes Only – Confidential Source Code.** As used in this Order, "Outside Attorneys' Eyes Only – Confidential Source Code" means Source Code that constitutes proprietary, technical or commercially sensitive competitive information that either party or third-party maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of either party or a third-party. This includes Source Code in either party's possession, custody, or control, and produced or made available for inspection by

that party that meets the requirements of this paragraph. All Outside Attorneys' Eyes Only – Confidential Source Code may be designated as "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE."

5. **Designation of Confidential Information**.

**(a)** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. The provisions of subparagraph (a) do not apply to documents produced in native format. For documents produced in native format, the designating party shall provide written notice to the Receiving Party of any confidentiality designations at the time of production, including by providing an appropriately designated slip sheet.

**(b)** The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.[1]

## 6. Designation of Source Code.

Designation of Source Code in conformity with this Order shall be made as follows:

**(a)** For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings): the designating party shall affix the legend "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" conspicuously on each page that contains Source Code that meets the requirements of paragraph 4 above.

**(b)** A party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Source Code.

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

(c)     For information produced in some form other than documentary, and for any other tangible items, the designating party shall affix, in a prominent place on the exterior of the medium, container, or containers in which the information or item is stored, the appropriate legend.

(d)     The provisions of subparagraphs (a-c) do not apply to documents produced in native format.  For documents produced in native format, the designating party shall provide written notice to the Receiving Party of any confidentiality designations at the time of production, including by providing an appropriately designated slip sheet.

(e)     The designation of a document as "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" is a certification by an attorney or a party appearing *pro se* that the document contains Source Code as defined in paragraph 4 of this Order.[2]

7.      **Designation of Other Competitively Sensitive Documents.**

To the extent that certain Confidential Information to be designated is so sensitive that its dissemination to those individuals identified in 14(b)(2) and 14(b)(7) would cause demonstrable harm to the Producing Party, the Producing Party may designate such Protected Material "CONFIDENTIAL RESTRICTED - ATTORNEYS' EYES ONLY."

8.      **Depositions**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information and/or Source Code (as appropriate) unless successfully challenged pursuant to this order.  Absent written permission from a Producing Party of Source Code, persons not permitted access to Source

---

[2]     An attorney who reviews the documents and designates them as "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" or "Confidential Restricted-Attorneys' Eyes Only" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois. By designating documents Outside Attorneys' Eyes Only – Confidential Source Code pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Code under the terms of this Order shall not be present at depositions while Source Code is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Source Code from disclosure to persons not authorized to have access to such Source Code. Any party intending to disclose or discuss Source Code at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Order.

      **(a)**     **Use of Source Code at Deposition**. To the extent reasonably possible, all Source-Code-related questions in depositions will be conducted by reference to the Source Code Computer (which the Producing Party will make available at the deposition) by referencing the relevant file, location, and line numbers on the record. Printed portions of Source Code will be used sparingly and only as necessary. To the extent required, the party conducting the deposition may print additional pages of Source Code printouts to be marked as exhibits at such depositions consistent with other provisions and limitations of this Protective Order.

**9.**     **Recognition of Export and Sanction Laws.** The Parties acknowledge that Source Code also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 *et seq.*, http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 *et seq.*, http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Any party receiving Source Code may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Source Code to any destination, person, entity or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in

Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

10.     **Hosting of Source Code or Materials Containing Source Code.**  Subject to the provisions of Paragraph 13, Receiving Party may host "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the firewall and system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party. "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" material cannot be sent or transmitted to any person, location, or vendor outside of the United States except to counsel of record and outside consultants (including experts) designated pursuant to the terms of this Order. To the extent that any "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" material is transmitted from or to authorized recipients outside of the Receiving Party's outside counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (*e.g.*, Federal Express), or by secure electronic means, such as email using an encrypted password protected container (other than TrueCrypt), or download via secure FTP. Court filings containing OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE may be submitted via the Court's ECF filing system subject to the limitations on submission of materials under seal set forth herein.

11.     **Access by Outside Consultants - Notice.** If a Receiving Party wishes to disclose Source Code to any outside consultant (including an expert), the Receiving Party must, prior to the Outside Consultant being granted access to any Source Code, provide notice to counsel for the Producing Party, which notice shall include:  (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship

(personal or professional) with the Producing Party or any of the parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last four years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment, and a copy of the "Acknowledgement and Agreement To Be Bound" attachment A hereto which has been signed by that outside consultant. If any of this information cannot be provided due to confidentiality obligations, as much information as possible shall be provided to enable the evaluation of the consultant's potential conflicts with respect to viewing the Source Code.

**12.** **Access by Outside Consultants - Objections.** With respect to outside consultants (including experts) that have not been previously disclosed, the Producing Party shall have five (5) business days, starting from the first business day following the date upon which Receiving Party provides the notice and all information required by paragraph 11 to the Producing Party to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery, or facsimile transmission). After the expiration of the 5 business days (plus 3-days, if appropriate) period, if no objection has been asserted by the Producing Party, then Source Code material may be disclosed to the Outside Consultant pursuant to the terms of this Order. Any objection by the Producing Party must be made for good cause, and must set forth in detail the grounds on which it is based. Should the Receiving Party disagree with the basis for the objection(s), the Receiving Party must first attempt to resolve the objection(s) informally with the Producing Party. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by the Producing Party, Receiving Party may file a motion after

that five (5) day period has passed requesting that the objection(s) be quashed. Producing party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by Receiving Party and Producing Party, the discovery material shall not be disclosed to the person objected to by Producing Party.

**13. Production of Source Code.**

(a)     To the extent that a Producing Party makes Source Code available for inspection and except as otherwise agreed by the parties: The Producing Party shall make all discoverable and properly requested Source Code available to the outside counsel of record for the Receiving Party available electronically and in native form as used by software developers.  Each party's respective Source Code shall be kept at the offices of the outside counsel for the Producing Party (the "Designated Office" for each party). The Producing Party shall make the Source Code available for inspection on a stand-alone non-networked personal computer(s) running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer(s)"). The Source Code Computer(s) shall be configured to permit review of the Source Code through a password-protected account. To facilitate review of the Source Code, the Receiving Party may use appropriate software tools on the Source Code Computer(s), which shall be installed by the Producing Party, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page and/or line numbers, one or more source code comparison tools, and one or more multi-text file text search tools.  In particular, and as examples only, the following software analysis tools may be installed by the Producing party:  Understand from Scientific Toolworks, CodeSuite from Software Analysis and Forensic Engineering (SAFE),

WinMerge, PowerGrep, UltraEdit, and Adobe Reader. The Receiving Party shall request the particular tools for the Producing Party to install.

(1)     A Designated Office may include a facility chosen by the Producing Party that meets the requirements of this section. The Designated Office must be located in the county chosen by the Receiving Party, within 20 miles of Receiving Party's preferred location, or in other such location that is reasonably accessible by the Receiving Party's expert without requiring air travel or extended driving and identified by discussions between counsel. Source Code production will at all times be subject to the maintenance of safe conditions for the expert and other individuals present at any Designated Office. The Producing Party will (a) ensure that the Source Code Computer is located in a room that is separated from any individual who will monitor the expert (e.g., via glass wall) and is well ventilated; (b) ensure that the reviewing expert is monitored only by visual means such that the monitoring individual cannot view substantive actions taken by the expert on the Source Code Review Computer; (c) ensure that the room in which the Source Code Computer is located, and all related common areas (e.g., entrance and lobby, hallways, restrooms, and elevators), are disinfected according to CDC standards; (d) ensure that all COVID-19 related orders or procedures (e.g., shelter-in-place or reopening phase guidelines) are met; and (d) provide confirmation of the foregoing to the Receiving Party (which shall be readily available from building management). The Receiving Party's expert will comply with all required health and safety protocols of the Designated Office; all such protocols will be provided to the Receiving Party, and accepted or complied with by the Receiving Party's expert, in advance of finalizing the Calendared Notice required by subsection (b)(1).

(2)    The parties will work together to identify a reasonable accommodation if there are any disputes or if the foregoing non-health-or-safety-related logistic requirements cannot be met. Once a Designated Office is identified for a Receiving Party's review of Source Code, that location will not be changed without consent of the Producing Party, which will not be unreasonably withheld. Any Request to change location more than once as the Producing Party or more than once as the Receiving Party during this case will be presumptively unreasonable unless good cause is demonstrated. If a change of location is to be made, both parties acknowledge that there may be a delay in identifying and preparing a substitute Designated Office.

(3)    The Designated Office may be staffed by individuals other than those of outside counsel of record. All disputes related to the Source Code review (e.g., printing of pages) will be handled through discussions with outside counsel of record only, who will make themselves reasonably available by phone on days during which Source Code Review is conducted.

(b)    Upon being given five business days' notice of the Receiving Party's intention to inspect Source Code being made available, the Producing Party shall provide access to the Source Code Computer(s) during regular business hours at the offices of the Producing Party's office.

(1)    Source Code review will be conducted only on days confirmed by a calendar invitation or appointment that contains the address and start time and is sent and accepted at least three business days in advance of the appointed time ("Calendared Notice"). Calendared Notices expire at the close of business (local time) on the date identified in the Calendared Notice. If an expert desires to conduct review on two consecutive days, two separate Calendared Notices must be sent and accepted. The parties will work together to make

reasonable accommodations outside these procedures where necessary, but no party will be accountable for scheduled source code reviews made infeasible by conditions (*e.g.*, material changes to shelter-in-place or other pandemic-related orders/guidelines, protests and government responses to them, travel restrictions, or any material changes in the availability of onsite employees, paralegals, or attorneys at the Designated Office) outside the control of the parties.

      **(c)**      **Source Code Analysis.** Producing Party will load its Source Code ("Producing Party's Source Code") onto the Source Code Computer(s). Receiving Party will load the Receiving Party's Source Code onto the Source Code Computer for purposes of facilitating comparisons with the Producing Party's Source Code. The Receiving Party's Source Code may be encrypted and/or password protected and the Producing Party shall not have access to it and shall not copy or remove it from the Source Code Computer. The results of any source code analysis shall remain on the Source Code Computer in a clearly identified folder titled "Analysis Results." The Analysis Results folder may include a database of the results of the comparison of the Producing Party's Source Code with the Receiving Party's Source Code that contains snippets of the Receiving Party's Source Code that fully or partially match snippets of the Producing Party's Source Code. The Producing Party shall not have access to the results of the analysis or the materials contained in the Analysis Results folder unless it notifies the Receiving Party that it wishes to copy its contents for removal from the Source Code Computer as described below. The Receiving Party may password protect and/or encrypt the Analysis Results folder to prevent access to the folder by the Producing Party. Software to encrypt the Analysis Results folder shall be loaded on the Source Code Computer by the Producing Party at the request and expense of the Receiving Party. The Receiving Party may request that the Producing Party copy any file containing the results of any analysis from the Source Code Computer onto a removable drive

provided by the Receiving Party. Any such file that the Receiving Party requests to be copied in this manner shall not contain any of the Producing Party's Source Code. For purposes of clarity, such file may contain Source Code snippets of the Receiving Party's Source Code that either fully or partially match snippets of the Producing Party's Source Code. The file may also include identifiers indicating the location of matching snippets within the Producing Party's Source Code. The copying shall be done under the supervision of both the Producing Party and the Receiving Party. Receiving Party shall confirm that all Source Code within the copied file, if any, is Receiving Party's Source Code.

      **(d)** The Source Code Computer(s) shall be equipped to allow printing of the Producing Party's Source Code. Copies of the Producing Party's Source Code shall only be made on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. Under no circumstances are original printouts of the Source Code to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party. Additionally, the Receiving Party may not print any continuous block of Source Code that results in more than 30 consecutive printed pages, except that an authorized reviewer may request the printing of a continuous block of more than 30 pages, which request shall not be unreasonably denied by Producing Party. Counsel of record for the Producing Party will keep the original printouts and shall provide copies of such original printouts to counsel for the Receiving Party within seven (7) calendar days of (1) any request by the Receiving Party; or (2) otherwise being notified that such printouts have been made or designated. Counsel of record for the Receiving Party may request up to 5 copies of each original printout of Source Code. No more than 200 pages of the total Source Code (not including copies of original printouts), for any software release (or in the case of hardware Source Code, for any hardware product), and no continuous blocks of Source Code that

exceed 30 pages, may be in printed form at any one time, without the express written consent of the Producing Party, which shall not be unreasonably denied. All printed Source Code shall be logged by Receiving Party's counsel of record. No additional electronic copies of the Source Code shall be provided by the Producing Party. Hard copies of the Source Code also may not be converted into an electronic document, except as set forth below, and may not be scanned using optical character recognition ("OCR") technology. Only printouts of Source Code may be made, and such printouts must include (1) directory path information and filenames from which the Source Code came and (2) line numbers. The Producing Party may refuse to produce copies of Source Code printouts that do not comply with this section.

(e)     Authorized Reviewer(s) in this action shall not print Source Code which have not been reviewed on the Source Code Computer(s), or in order to review the Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

(f)     Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), BlackBerries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

(g)     If any Authorized Reviewer(s) reviewing Source Code takes notes, that person may not copy source code into such notes but may make reference to words, phrases, and passages that appear in designated Source Code. Notes taken during such review need not be produced but shall

be designated as "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" and treated accordingly.

**(h)** A Receiving Party may make copies of excerpts of no more than 20 continuous lines of Source Code for the sole purpose of providing these excerpts in a pleading, exhibit, demonstrative, expert report, discovery document, or other Court document filed with the Court under seal in accordance with the Court's rules, procedures, and orders (or drafts thereof) and should designate each such document OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE, except that the receiving party may request to make copies of excerpts of more than 20 continuous lines of Source Code for such purpose, which request shall not be unreasonably denied by the producing party. Except as approved by a producing party, longer excerpts shall not be copied for use in court documents but shall be referred to by citation to production page numbers and lines. A receiving party shall provide notice to the producing party's counsel for each occasion on which it submits portions of Source Code in a pleading or other Court document. In the event copies of Source Code are used as exhibits in a deposition, printouts shall not be provided to the court reporter except by Court order, and the further copies of the original Source Code printouts made for the deposition shall be destroyed at the conclusion of the deposition. The original copies of deposition exhibits designated "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" will be maintained by the deposing party under the terms set forth in this Order.

**(i)** In addition to other reasonable steps to maintain the security and confidentiality of Source Code, printed copies of the Source Code maintained by the Receiving Party must be kept in a secure location when not being actively reviewed or otherwise being transferred as permitted by this Order.

(j)    The Receiving Party's counsel of record shall keep log(s) recording the identity of each individual to whom each hard copy of each Producing Party's Source Code is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon the Producing Party the log. Such logs shall not be disclosed by the Producing Party to anyone else. Further, for the avoidance of doubt, pursuant to Federal Rule of Civil Procedure 502, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal or state proceeding.

(k)    In addition, any outside consultants of the Receiving Party to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were destroyed or returned to the counsel who provided them the information and that they will make no use of such Source Code, or of any knowledge gained from the Source Code in any future endeavor.

**14.    Protection of Confidential Material**.

(a)    **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  Notwithstanding the provisions of this paragraph, either party or its counsel may disclose Confidential Information produced in the instant action to government officials or authorities to the extent such disclosure is reasonably necessary to assist with a government investigation or prosecution.

(b)    **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity

except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information, provided however that for Confidential Information designated CONFIDENTIAL RESTRICTED - ATTORNEYS' EYES ONLY, persons identified in subparagraphs (2) and (7) are excluded:

(1) **Outside Counsel of Record**. Outside Counsel of record for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and up to 2 in-house counsel or employees who are not competitive decision makers of a party but only to the extent identified to opposing counsel and determined in good faith that such in-house counsel or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel**;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent**. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

15. **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Source Code. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

16. **Access to "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE."** Unless otherwise ordered by the Court or permitted in writing by a Producing Party, a Receiving Party may disclose any information, document, or thing designated "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" only to:

**(a)** Persons who are identified within the Source Code as an author, addressee, or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Receiving Party regarding the same or persons who state under oath that they were involved in the creation, authorship, purchase, copying or derivation of any such Source Code;

**(b)** Outside counsel of Record;

**(c)** Outside consultants to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be Bound" (attachment A hereto);

**(d)** Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff; who have, after the date of this Order, signed the "Acknowledgement And Agreement To Be Bound", as well as any arbitrator's or mediator's staff who have also signed Attachment A, provided, however, that before such disclosure, the Receiving Party is provided notice including: (a) the individual's name and business title; (b) business address; (c) business or professions; and (d) the individual's CV. The Producing Party

shall have five (5) business days from receipt of the notice to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail delivery, or facsimile transmission). After the expiration of the 5 business days (plus 3 days, if appropriate) period, if no objection has been asserted, then "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" materials may be disclosed pursuant to the terms of this Order;

(e) Court reporters and videographers employed in connection with this action;

(f) Professional vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound"; and

(g) The Court, its personnel, and the jury.

(h) Notwithstanding the provisions of subsections (a)-(g), either party or its counsel may disclose Source Code produced in the instant action to government officials or authorities to assist with a government investigation or prosecution.

(i) Absent express written permission of the Producing Party or an Order of the Court, under no circumstances may material designated as "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff except to the extent specifically allowed under this Order.

17. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information or Source Code does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information or Source Code after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions

19

of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Source Code, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Source Code. The parties also agree that inadvertent disclosure of any Confidential Information or Source Code pursuant to this Agreement does not result in a waiver of any applicable attorney-client privilege, work product protection, or any other applicable privilege or protection that would otherwise attach with respect to such Confidential Information or Source Code. The parties further agree that they will not argue that, by virtue of the fact that one party has made inadvertent disclosures pursuant to this Agreement, that such disclosures constitute a waiver of any applicable attorney-client privilege, work product protection, or any other applicable privilege or protection.

18.      **Filing of Confidential Information or Source Code**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Source Code in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

19.      **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

20.      **Challenges by a Party to Designation as Confidential Information or Source Code.** The designation of any material or document as Confidential Information or Source Code is subject to challenge by any party. The following procedure shall apply to any such challenge.

     **(a)**     **Meet and Confer**. A party challenging the designation of Confidential Information or Source Code must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

     **(b)**     **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Source Code, consistent with the original designation, under the terms of this Order.

**21.**   **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Source Code shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**22.**   **Use of Source Code.**

     **(a)**     **Use of Designated Source Code By Receiving Party**. Unless otherwise ordered by the Court, or agreed to in writing by the Producing Party, or provided in this Order, all Designated Source Code, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other

purpose, including the acquisition, preparation, or prosecution before the U.S. Patent and Trademark Office ("PTO") of any patent, patent application, the drafting or revising patent claims, or in connection with patent licensing or product development work directly or indirectly intended for commercial purposes related to the particular technologies or information disclosed in the Source Code. Information contained or reflected in the Source Code shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Source Code, except in accordance with the terms of this Order.

(b)     **Use of Designated Source Code by Producing Party.** Nothing in this Order shall limit the Producing Party's use of its own Source Code, nor shall it prevent the Producing Party from disclosing its own Source Code to any person.

**23.     Source Code Prosecution and Development Bar.**

(a)     Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any material designated "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall not participate in amending or drafting patent specifications or claims before the PTO or a foreign Patent Office of any patent or patent application related to the information disclosed in the Source Code, from the time of receipt of such material through the date the individual person(s) cease to have access to materials designated "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE." This provision shall not apply to post-grant proceedings, including without limitation reexamination, covered business method (CBM), and inter partes review (IPR), post grant review (PGR), or opposition proceedings.

(b)     Unless otherwise permitted in writing between the Producing Party and Receiving Party, any outside consultant (including experts) retained on behalf of Receiving Party who is to

be given access to Source Code designated as "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" must agree in writing in the form of Attachment B not to perform hardware or software development work or product development work directly or indirectly intended for commercial purposes related to the information disclosed in the Source Code, which is not publicly known, from the time of first receipt of such material through the date the expert consultant ceases to have access to any material designated "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE."

24.     **Use of Confidential Documents, Information, or Source Code at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing, except as set forth herein with respect to Confidential Information and Source Code. A party that intends to present or that anticipates that another party may present Confidential Information or Source Code at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Source Code. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

25.     **Confidential Information or Source Code Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Source Code, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information and/or Source Code in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and/or Source Code, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information and/or Source Code by the other party to this case.

26.     **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

27.     **Obligations on Conclusion of Litigation**.

**(a)     Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)     Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgement not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and/or

"OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Order, including copies as defined in ¶ 3(a), shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return[3]; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so.

**(c)** **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information and/or Source Code so long as that work product does not duplicate verbatim substantial portions of Confidential Information and/or Source Code, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information and/or Source Code shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information and/or Source Code.

**(d)** **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

28. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

---

[3] The parties may choose to agree that the Receiving Party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the Receiving Party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

29. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information and/or Source Code by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

30. **Jurisdiction for Enforcement.** The United States District Court for the District of Northern District of Illinois is responsible for the interpretation and enforcement of this Order. After termination of this litigation, the provisions of this Order shall continue to be binding until a Producing Party agrees otherwise in writing or a court order otherwise directs, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the material designated hereunder for enforcement of the provision of this Order following termination of this litigation.

31. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

   **So Ordered.**

June 5, 2020

_____
U.S. District Judge Feinerman

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

| | |
|---|---|
| FOX SWIBEL LEVIN & CARROLL, LLP | MICHAEL BEST & FRIEDRICH, LLP |
| | |
| */s/ David E. Koropp* | */s/ Jon V. Swenson* |
| David E. Koropp (ARDC # 6201442) | |
| dkoropp@foxswibel.com | Arthur J. Gollwitzer (IL Bar No. 06225038) |
| Erik J. Ives (ARDC # 6289811) | James P. Fieweger (IL Bar No. 6206915) |
| eives@foxswibel.com | MICHAEL BEST & FRIEDRICH, LLP |
| Steven L. Vanderporten (ARDC # 6314184) | 444 West Lake Street, Suite 3200 |
| svanderporten@foxswibel.com | Chicago, Illinois 60606 |
| 200 W. Madison, Suite 3000 | 312.222.0800 |
| Chicago, IL 60606 | ajgollwitzer@michaelbest.com |
| | jpfieweger@michaelbest.com |
| | |
| *Counsel for Plaintiff Ubiquiti Networks, Inc.* | BAKER BOTTS L.L.P. |
| | |
| | Hopkins Guy |
| | Jon V. Swenson |
| | Karina Smith |
| | 1001 Page Mill Road |
| | Bldg. 1, Suite 200 |
| | Palo Alto, CA 94304 |
| | 650.739.7500 (Telephone) |
| | hop.guy@bakerbotts.com |
| | jon.swenson@bakerbotts.com |
| | karina.smith@bakerbotts.com |
| | |
| | Andrew D. Wilson |
| | 1299 Pennsylvania Ave. NW |
| | Washington, DC 20004 |
| | (202) 639-1312 (Telephone) |
| | andrew.wilson@bakerbotts.com |
| | |
| | *Counsel for Defendants Cambium Networks, Inc., Cambium Networks, Ltd., Blip Networks, Inc., Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev* |

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UBIQUITI NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-5369 |
| | ) | |
| CAMBIUM NETWORKS, INC. | ) | Judge Feinerman |
| CAMBIUM NETWORKS, LTD. | ) | |
| BLIP NETWORKS, INC. | ) | |
| WINNCOM TECHNOLOGIES, INC., | ) | |
| SAKID AHMED, and | ) | |
| DMITRY MOISEEV, | ) | |
| | ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the

jurisdiction of the United States District Court for the Northern District of Illinois in matters

relating to the Confidentiality Order and understands that the terms of the Confidentiality Order

obligate him/her to use materials designated as Confidential Information in accordance with the

Order solely for the purposes of the above-captioned action, and not to disclose any such

Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____          _____
                                                Signature

**ATTACHMENT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UBIQUITI NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-5369 |
| | ) | |
| CAMBIUM NETWORKS, INC. | ) | Judge Feinerman |
| CAMBIUM NETWORKS, LTD. | ) | |
| BLIP NETWORKS, INC. | ) | |
| WINNCOM TECHNOLOGIES, INC., | ) | |
| SAKID AHMED, and | ) | |
| DMITRY MOISEEV, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATION OF CONSULTANT RE CONFIDENTIALITY ORDER GOVERNING**
**SOURCE CODE IN THIS CASE**

I, _____[print or type full name], of _____ am not an

employee of the Party who retained me (other than that I have been retained for purposes of this

litigation) or of a competitor of any Party (other than as disclosed to pursuant to the Confidentiality

Order entered in the above identified matter) and will not use any information, documents, or

things that are subject to the Confidentiality Order for any purpose other than this litigation.  I

agree not to perform hardware or software development work or product development work

intended for commercial purposes related to the information disclosed in the Designated Source

Code from the time of receipt of such material through and including the date that I cease to have

access to any material designated "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL

SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[Signature]

Executed On_____        _____
[Printed Name]