<u>**APPENDIX 1 TO REPLY**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| UBIQUITI INC., f/k/a Ubiquiti Networks, Inc.,<br><br>*Plaintiff*,<br><br>v.<br><br>CAMBIUM NETWORKS, INC.; CAMBIUM NETWORKS, LTD.; BLIP NETWORKS, LLC; WINNCOM TECHNOLOGIES, INC.; SAKID AHMED; and DMITRY MOISEEV<br><br>*Defendants*. | Civil Action No.: 1:18-cv-05369<br><br>JURY TRIAL DEMANDED<br><br>Hon. J. Gary S. Feinerman |

**<u>DECLARATION OF ERIK J. IVES IN SUPPORT OF
PLAINTIFF UBIQUITI INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL DE-DESIGNATION OF DEFENDANTS'
ATTORNEYS' EYES ONLY PRODUCTION AND FOR SANCTIONS</u>**

I, Erik J. Ives, declare as follows:

1. I am an attorney with the law firm of Fox, Swibel, Levin & Carroll, LLP, and counsel for Plaintiff Ubiquiti Inc. ("Ubiquiti") in this action. In that capacity, I am hereby submitting the enclosed Declaration in Support of Plaintiff Ubiquiti Inc.'s Reply in Support of Motion to Compel De-Designation of Defendants' Attorneys' Eyes Only Production and For Sanctions (the "Reply"). I have personal knowledge of the facts set forth herein, and if called to testify to them I could competently do so.

2. Ubiquiti's counsel's review of the 84 files that were not designated by Defendants as either CONFIDENTIAL RESTRICTED – ATTORNEYS' EYES ONLY" ("CR-AEO") or "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" ("Source Code AEO") (collectively "AEO"), showed that: (i) 20 of the files are blank production slip

1

sheets denoted, "UNSUPPORTED OR EXCLUDED FILE TYPE," that contain no content (an electronic search for which noted another 3,286 instances in which such production slip sheets are designated AEO – all of which are subject to a pending meet/confer request seeking production of readable files); and (ii) out of the remaining 64 files (comprised primarily of marketing materials), many appear to have been designated as AEO elsewhere in Defendants' production. As an example of the duplication referenced in subpart (ii), Exhibit A to this declaration is a true and correct copy of the following documents contained in Defendants' production: CMBM-00008270 (no designation), CMBM-00011325 – CMBM-00011329 (marked CR-AEO). Exhibit A has been filed under seal in accordance with the terms of the Protective Order, and the Motion for Leave to File Under Seal to be filed contemporaneously with the Reply.

3. Exhibit B to this declaration is a true and correct copy of the following documents contained in Defendants' production that have been designated as "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE", which examples are referenced at page 3 of the Reply: CMBM-00172869, CMBM-00038908 – CMBM-00038912, CMBM-00119755, CMBM-00003166 – CMBM-00003168. With respect to the document beginning CMBM-00172869, a search for the information identified at page CMBM-00172877 (black shell prompt) identified duplicate publicly available lines of source code at https://github.com/ago/openwrt/blob/master/target/linux/adm5120/router_le/base-files/sbin/wget2nand (website last visited June 8, 2020) and duplicate source code files at https://archive.openwrt.org/snapshots/trunk/ar71xx/mikrotik/ (website last visited June 8, 2020). With respect to CMBM-00003166 – CMBM-00003168, an electronic search of Defendants' production identified at least 50 more examples of the Common Gateway Interface scripts bearing Ubiquiti copyrights contained in

2

these files. Exhibit B has been filed under seal in accordance with the terms of the Protective Order, and the Motion for Leave to File Under Seal to be filed contemporaneously with the Reply.

4. Exhibit C to this declaration is a true and correct copy of the following random sample of thirty (30) files from Defendants' production (representing file #s 1-10, 20,001-20,010, and 40,001-40,010): bates ranges CMBM-00000001 – CMBM- 00000025, CMBM-00052658 – CMBM-00052689, and CMBM-00096131 – CMBM-00096140. Exhibit C has been filed under seal in accordance with the terms of the Protective Order, and the Motion for Leave to File Under Seal to be filed contemporaneously with the Reply brief.

5. A file name search for "Accepted" identifies 362 autoreply calendar appointment acceptance emails in Defendants' production, just one of which has any substantive text outside of the to/from/subject fields – all of which are designated AEO.

6. A file name search for "Automatic Reply" identifies 225 out-of-office e-mails in Defendants' production – all of which are designated AEO.

7. Exhibit D to this declaration is a true and correct copy of the following documents contained in Defendants' production that have been designated AEO and are referenced at pages 10-11 of the Reply: CMBM-00027879, CMBM-00011985, CMBM-00039480, CMBM-00037386, CMBM-00035671, CMBM-00066211, CMBM-00039329, CMBM-00029355. Exhibit D has been filed under seal in accordance with the terms of the Protective Order, and the Motion for Leave to File Under Seal to be filed contemporaneously with the Reply brief.

8. On May 27, 2020, the Court entered a minute entry order (Dkt. No. 138), which in relevant part ordered that "Defendants shall respond to Plaintiff's 5/20/2020 and 5/23/2020 emails (Dkt. 132-3 at 2-4) by 5:00 pm Central Time on 5/28/2020."

9. On May 28, 2020, Defendants sent a written response to Ubiquiti's May 20, 2020 and May 23, 2020 e-mail communications. A true and correct copy of this May 28, 2020 e-mail correspondence is set forth in the email chain that is attached as Swenson Declaration Exhibit 1 to Defendants' Opposition brief.

10. Between the dates of May 29, 2020 and June 2, 2020, counsel for the parties exchanged further written meet/confer communications in connection with the AEO designations at issue in the pending Motion. True and correct copies of these e-mail communications are set forth in the email chain that is attached as Swenson Declaration Exhibit 1 to Defendants' Opposition brief.

11. On June 2, 2020, counsel for the parties participated in a telephonic meet/confer conference with respect to the AEO designations at issue in the pending Motion. During this meet/confer conference, Ubiquiti requested that Defendants agree to cooperate with the pending de-designation requests for the reasons set forth in the Motion and the enclosed Reply. In response, Defendants declined to agree to Ubiquiti's de-designation requests (with exception of the four files previously de-designated by Defendants in their e-mail correspondence dated June 2, 2020).

12. On June 3, 2020, counsel for Defendants sent e-mail correspondence in which Defendants agreed to de-designate a small number of documents as referenced therein, which documents were not discussed on the parties' June 2, 2020 telephonic meet/confer conference. A true and correct copy of this June 3, 2020 e-mail communication is attached as Swenson Declaration Exhibit 4 to Defendants' Opposition brief.

13. Because Ubiquiti's Reply brief contains descriptions of the contents of production documents that have been designated AEO by Defendants, it has been filed under seal and in

4

redacted form in accordance with the terms of the Protective Order, and the Motion for Leave to File Under Seal to be filed contemporaneously with the Reply brief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 8, 2020        __/s/ *Erik. J. Ives*_____
                                             Erik J. Ives