IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UBIQUITI NETWORKS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>CAMBIUM NETWORKS, INC.;<br>CAMBIUM NETWORKS, LTD.;<br>BLIP NETWORKS, LLC;<br>WINNCOM TECHNOLOGIES, INC.;<br>SAKID AHMED; and<br>DMITRY MOISEEV<br><br>*Defendants*. | Civil Action No.: 1:18-cv-05369<br><br>**JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Plaintiff Ubiquiti Inc. (f/k/a Ubiquiti Networks, Inc.) ("Ubiquiti"), by and through its undersigned counsel, and Defendants Cambium Networks, Inc., Cambium Networks, Ltd., Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev ("Defendants") (collectively Defendants and Ubiquiti are referred to as the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's order that the Parties report on logistics for the disclosure of the 18 Files. Dkt. 170.

Defendants, through their expert Mr. Atif Hashmi, inspected Ubiquiti's source code in the Palo Alto, CA office of Simpson, Thacher & Bartlett LLP on June 25th, 29th, and 30th, and are scheduled to continue their inspection July 7th – 10th at the same location. The facilities for inspection comply with all relevant regulations and laws governing health and safety standards for professional facilities and strict sanitation and social distancing procedures are enforced. In addition, Defendants' expert is required to respond to a health questionnaire within 24 hours of

1

entering the inspection site as a condition to accessing the facilities (which can be done by stating that none of a listed set of COVID-19 symptoms are present and that no contact was had with someone who has).

The Parties provide the following position statements regarding the materials made available in connection with Ubiquiti's production of the 18 Files and about the Parties' continued discussions regarding Defendants' preferred location for inspection of Ubiquiti's source code.

**I.      Plaintiff's Position**

Ubiquiti has fully complied with the terms of the Protective Order and the parties' meet/confer agreements concerning the production of responsive source code for review by Defendants' expert. To date, Defendants' expert has conducted a review of Ubiquiti's source code for three days (he unilaterally canceled a fourth), and is scheduled to conduct further review for four more days this week.

On the afternoon of Friday, July 3rd (an observed federal holiday) and at 10:44 p.m. central on Sunday, July 5th, counsel for Defendants raised certain matters regarding the source code production that Defendants now seek to address in this status report. The parties have not yet been able to meet/confer on these issues, and thus Ubiquiti has objected to Defendants' efforts to prematurely raise these matters in this status report. Furthermore, it is Ubiquiti's understanding that these matters will not impact Defendants' ability to comply with the schedule established by Magistrate Judge Cummings for the parties' exchange and submission of pre-settlement conference letters. Nevertheless, Ubiquiti submits the enclosed preliminary response, as follows:

(1) <u>Location of Review</u>: Defendants' position statement seeks to criticize Ubiquiti for not having established a review location in Las Vegas, Nevada—rather than the current location of Palo Alto, California. To accommodate Defendants, Ubiquiti engaged a separate law firm to host source code production at the preferred location first identified by Defendants (Palo Alto), which location is across the country from the jurisdiction of this litigation and the offices of its counsel of record (Chicago). That office (Simpson Thacher) is small and technically closed due to COVID-19. Thus Ubiquiti was required to enlist the efforts of an attorney (Michael Morey) to monitor the review by Defendants' expert. Defendants regularly requested dates with less than a week's notice, and Ubiquiti and Mr. Morey have worked to accommodate those requests in good faith. Such coordination—given the COVID-19 circumstances and source code review tools Defendants requested that container developer-acknowledged conflicts with standard Microsoft libraries—has required substantial time and effort by Ubiquiti's counsel of record (and Mr. Morey). As noted above, Defendants' expert has reviewed source code in Palo Alto for multiple days, and is scheduled to review code in this location for four more days this week. Defendants have provided no end to the days in July, August, and going forward to their review in Palo Alto. In light of the ongoing and open-ended (i.e., not interim) review taking place in Palo Alto and the fact that Ubiquiti does not have a present relationship with any law firm with offices in Las Vegas, Ubiquiti's counsel recommended, on June 24th, that the parties defer making concrete plans to review source code in Las Vegas until Defendants made plans to switch locations from Palo Alto to Las Vegas. Defendants did not respond to this proposal until on the afternoon of July 3rd. Ubiquiti shall continue to confer in good faith with Defendants regarding the location for review of source code in full compliance with the terms of the Protective Order. However, there exists no basis for Defendants to object to the process followed to date.

(2) <u>Meet/Confer Issues re: Source Code Production</u>: Defendants have raised other inquiries regarding Ubiquiti's source code production—some of which were raised for the first time on the afternoon of Friday, July 3rd (an observed federal holiday), and others of which were raised for the first time in the late-night e-mail received Sunday, July 5th, which demanded a response by no later than 10:00 a.m. central the following morning. Ubiquiti immediately committed to respond in writing to address each of these matters, but reasonably objected to the artificial and untimely deadline for that response to be provided. Ubiquiti further notes that these inquiries do not pertain to logistical matters, and thus are not proper to be raised in this "status report regarding logistics for the disclosure of the 18 Files." Dkt. No. 170. Ubiquiti hereby confirms that it shall timely respond to each of these inquiries, and in the event that an impasse is reached, the parties may then address those matters with the Court.

## II. Defendants' Position

### A. Ubiquiti's Disclosure and Identification of the 18 Files

Ubiquiti appears to have produced and identified the source code for each version of most of the 18 Files (with two exceptions discussed in more detail below) and has produced several representative versions of the entire code base for the AirOS firmware (including the source code files not included in the 18 Files). The corresponding source code for each version of the 18 Files is set out in a separate folder that, in most cases, corresponds directly to the module names identified in the First Amended Complaint (Dkt. 65 ("FAC"), ¶¶37, 39). However, Ubiquiti has also included an *additional folder* in its disclosure of the 18 Files that appears to contain source code for an *additional File* (a 19th File) that was not listed in the FAC.[1] In addition, Ubiquiti has

---

[1] Defendants omit the name of that module from this status report as it was ascertained in the review of confidential source code, and instead refer to that additional module here as the "19th File".

4

not produced any folder that is readily identifiable as containing "Ubiquiti's proprietary compilations of data contained in its calibration and configuration files of the Firmware" as alleged to be part of Ubiquiti's "Proprietary Firmware" in the FAC (*see* Dkt. 65, ¶39).

The below table summarizes Defendants' current understanding of the materials produced by Ubiquiti in disclosing the 18 Files:

| File Name | Ubiquiti Appears to Have Produced? | Identified in the FAC? |
|---|---|---|
| ubnthal | Yes | Yes |
| ubnt-regd | Yes | Yes |
| ubnt-web | Yes | Yes |
| ubnt-cgi | Yes | Yes |
| ubnt-poll | Yes | Yes |
| ubnt-spectral | Yes | Yes |
| ubnt-spectral2 | Yes | Yes |
| ubntbox | Yes | Yes |
| ubntconf_cl.sh | Yes | Yes |
| ubnt-3g | Yes | Yes |
| ubnt-base-files | Yes | Yes |
| ubnt-poe-control | Yes | Yes |
| ar7240-u-boot | Yes | Yes |
| ubntxn-u-boot | Yes | Yes |
| ubntxn-400-u-boot | Yes | Yes |
| ubntwasp-u-boot | Yes | Yes |
| ubnttitanium-u-boot | Yes | Yes |
| atheros-11n | Yes | Yes |
| "configuration and calibration files" | **NO** | Yes |
| the 19th File | Yes | **NO** |

Thus, Ubiquiti has not identified or disclosed the "configuration and calibration files" it asserts, and now identifies a 19th File that was not identified in the FAC.

Defendants seek to bring these matters to the Court's attention at this preliminary stage because Defendants are presently not able to certify that Ubiquiti has clearly disclosed and identified the corresponding materials for each module asserted in the FAC (and now appears to

5

identify an additional module without explanation[2]). Defendants' review is at its initial stages and Defendants will continue to work with Ubiquiti to resolve these and other questions raised during the review.

### B. Ubiquiti Has Failed to Accommodate Defendants' Preferred Location for Inspection Thus Far

Defendants identified Las Vegas, Nevada as their preferred location for inspection of Ubiquiti's source code under the Protective Order in this case (Dkt. 154), but Ubiquiti has so-far failed to accommodate any inspection there and has not provided Defendants with any update as to its investigation into a conforming review location since mid-June. In the meantime, in the interest of accelerating Ubiquiti's disclosure of the 18 Files, Defendants tentatively agreed to perform their initial source code inspection in Palo Alto, CA, which was to serve as an interim review location while the Parties negotiated a permanent site for review that would allow Defendants' preferred expert, Mr. Bob Zeidman, to conduct the remainder of the review in Las Vegas. The Parties continue to discuss logistics for transferring review sites to Las Vegas and Defendants seek to do so as soon as a conforming location is proposed by Ubiquiti.

Specifically, the Protective Order sets out a process for designating a "preferred location" of the receiving party (Defendants) and requires the producing party (Ubiquiti) to name a "Designated Office" for inspection within a "location that is reasonably accessible by the Receiving party's expert without requiring air travel or extended driving." Dkt. 154 §13(a)(1).

---

[2] Defendants repeatedly requested Ubiquiti to provide an explanation of these issues in connection with this joint status report, but Ubiquiti refused. Instead Ubiquiti insisted that these matters should be raised as "contested issues" in separate position statements in this joint status report. It is not clear why Ubiquiti's identification and disclosure of a 19th File that is clearly not listed in the FAC and failure to identify a folder containing "calibration and configuration files" would amount to a "contested issue" requiring separate positions, but Defendants nevertheless submit this statement blindly—without access to Ubiquiti's position—in accordance with Ubiquiti's request.

Defendants first identified Las Vegas, Nevada as their "preferred location" during a meet and confer in mid-March (in requesting at-home review of their preferred expert), and formally under the terms of the newly entered Protective Order by email on June 8, 2020. However, no review site that is reasonably accessible to Defendants' preferred expert in or near Las Vegas has been identified as of the last discussion between the Parties.

Dated: July 6, 2020                                             Respectfully submitted,

| | |
|---|---|
| FOX, SWIBEL, LEVIN & CARROLL, LLP | BAKER BOTTS L.L.P. |
| */s/ Steven J. Reynolds* | */s/ G. Hopkins Guy, III* |
| Steven J. Reynolds (ARDC #6293634) | G. Hopkins Guy, III (CA Bar No. 124811) |
| sreynolds@foxswibel.com | Jon V. Swenson (CA Bar No. 233054) |
| David Koropp (ARDC #6201442) | Karina Smith (CA Bar No. 286680) |
| dkoropp@foxswibel.com | 1001 Page Mill Road |
| Erik J. Ives (ARDC #6289811) | Building One, Suite 200 |
| eives@foxswibel.com | Palo Alto, CA 94304-1007 |
| Steven L. Vanderporten (ARDC # 6314184) | 650.739.7500 (Telephone) |
| svanderporten@foxswibel.com | 650.739.7699 (Facsimile) |
| Fox Swibel Levin & Carroll LLP | hop.guy@bakerbotts.com |
| 200 W. Madison St., Suite 3000 | jon.swenson@bakerbotts.com |
| Chicago, IL 60606 | karina.smith@bakerbotts.com |

*Attorneys for Plaintiff Ubiquiti Inc., f/k/a Ubiquiti Networks, Inc.*

*Local Counsel:*

James P. Fieweger (Bar ID No. 6206915)
Michael Best & Friedrich, LLP
444 W. Lake Street. Suite 3200
Chicago, IL 60606
312.222.0800 (Telephone)
jpfieweger@michaelbest.com

Arthur Gollwitzer, III (Bar ID No. 6225038)
Michael Best & Friedrich, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
512.640.3160 (Telephone)
agollwitzer@michaelbest.com

*Attorneys for Defendants Cambium Networks, Inc. et. al*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2020, I electronically filed the foregoing **JOINT STATUS REPORT** with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users.

                                                */s/ G. Hopkins Guy, III*
                                                G. Hopkins Guy, III