**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

UBIQUITI NETWORKS, INC.,

                     *Plaintiff*,

         v.

CAMBIUM NETWORKS, INC.;
CAMBIUM NETWORKS, LTD.;
BLIP NETWORKS, LLC;
WINNCOM TECHNOLOGIES, INC.;
SAKID AHMED; and
DMITRY MOISEEV

                     *Defendants*.

Civil Action No.: 1:18-cv-05369

**JURY TRIAL DEMANDED**

**<u>JOINT STATUS REPORT</u>**

Plaintiff Ubiquiti Inc. (f/k/a Ubiquiti Networks, Inc.) ("Ubiquiti"), by and through its undersigned counsel, and Defendants Cambium Networks, Inc., Cambium Networks, Ltd., Blip Networks, LLC, Winncom Technologies, Inc., Sakid Ahmed, and Dmitry Moiseev ("Defendants") (collectively Defendants and Ubiquiti are referred to as the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's order that the Parties submit an updated status report on logistics for the disclosure of the 18 Files. Dkt. 174; *see also* Dkt. 170.

**I.      Source Code Review – Inspections and Location**

Defendants, through their expert Mr. Atif Hashmi, inspected Ubiquiti's source code in the Palo Alto, California office of Simpson, Thacher & Bartlett LLP on June 25, 29, and 30, and were scheduled to continue their inspection July 7–10 at the same location. Mr. Hashmi conducted review on July 7 and canceled the remaining appointments on July 8–10.

In terms of review locations, Ubiquiti has continued to investigate a location in Las Vegas, Nevada, following Defendants renewed request on July 3. As Ubiquiti previously advised the Court and Defendants, finding a review location in Las Vegas has been difficult, especially given the COVID-19 circumstances. Nonetheless, the parties have agreed to continue to meet and confer on this issue.

On June 10, Ubiquiti requested that Defendants identify a location near Potomac, Maryland, at which its expert could inspect Cambium's source code. In the July 8 meet-and-confer, Defendants' counsel advised Ubiquiti's counsel that they have not been able to identify such a location in either Potomac or Washington D.C. Thus, the difficulty in arranging source code review has affected all parties. And, as with the location for Defendants' review, the parties have agreed to continue to meet and confer on arranging a location for Ubiquiti to review Cambium's source code.

## II.     Source Code Review – Content of Ubiquiti's Source Code Production

The parties attempted to confer on a joint statement regarding the content of Ubiquiti's source code production.  For the reasons set forth in the attached meet/confer correspondence, the parties were not able to reach an agreement as to the content of that joint statement by the July 13, 2020 filing deadline.  *See* July 10-14, 2020 E-mail Correspondence and attachment (enclosed as Exhibit A).  As a result, the parties' respective statements are set forth below.

A.     Ubiquiti's Statement

Ubiquiti has produced the source code for each version of the 18 modules for inspection, as well as several registered versions of the entire code base for the AirOS firmware. The source code for each version of the 18 modules is set out in a separate folder and identified as the corresponding code by folder name.

On July 13, 2020, Defendants for the first time raised a question as to whether Ubiquiti made any source code available outside the 18 modules. Ubiquiti immediately responded to confirm that it had in fact produced source code outside the 18 modules (including the entire source code for the three registered versions of AirOS). Defendants responded positively to this information, stating "Thanks for looking into the overall AirOS code production issue. We'll take a look to confirm at the next inspection." and requesting some additional clarifying information to allow them to "direct our expert to that code." *See* July 13, 2020, E-mail from A. Wilson (attached as part of Exhibit A).[1] Despite not having conducted any further inspection of the source code, however, Defendants have contended that Ubiquiti's production is incomplete without any support for that allegation.

Defendants also assert that Ubiquiti has not produced "Ubiquiti's proprietary compilations of data contained in its calibration and configuration files of the Firmware." Once again, Defendants' contention is misleading and omits information that Ubiquiti has provided in connection with the parties' meet/confer on this issue. Ubiquiti advised Defendants where the proprietary compilations of data reside by identifying the names of the non-voluminous (small) partitions on the M-Series devices that store such data. Ubiquiti contends that the identity of what information in the partitions Defendants (or the Elevate software) have accessed is in Defendants' possession, custody, and control; that it is their obligation to produce it; and that Defendants have improperly refused to do so. Ubiquiti has also produced the source code (e.g., the 18 modules) that read and/or write to those partitions.

---

[1] Exhibit A includes a full set of the parties' meet/confer correspondence regarding this joint status report (e-mails dated July 10-14, 2020), as well as the final redline version of the proposed joint status report circulated by Defendants on July 13 2020 at 10:38 p.m. cst.

Defendants also contend that "Ubiquiti has not produced any folder that is readily identifiable as containing 'Ubiquiti's proprietary compilations of data contained in its calibration and configuration files of the Firmware' as alleged to be part of Ubiquiti's 'Proprietary Firmware' in the FAC (see Dkt. 65, ¶39)." Dkt. 173, p. 4-5. During the parties' July 8 telephonic meet/confer, Ubiquiti's counsel advised Defendants' counsel that the proprietary compilations of data contained in the calibration and configuration files are stored in two non-voluminous small partitions of the memory on the M-Series devices, and identified those partitions by name. Ubiquiti has since re-identified those partitions in writing in response to further inquiries on this issue in connection with the parties' meet/confer correspondence regarding this joint status report. To the extent Defendants claim the compilations of data in these partitions are not proprietary because they are modified by users, they concede that Defendants have access to and have analyzed that data. As such, Defendants' attempt to generate a discovery dispute on this matter is entirely manufactured and plainly conflicts with its own legal arguments regarding the proprietary nature of the data.

Additionally, in a previous, July 6 Joint Status Report, Defendants described an "additional folder … that appears to contain source code for an additional File (a 19[th] File) that was not listed in the FAC." Dkt. 173, p. 4. During the parties' July 8 telephonic meet/confer, Ubiquiti's counsel advised Defendants' counsel that the "additional folder" referenced contains source code that is not compiled or run on any Ubiquiti M-series device and contains historical files related to at least one of the 18 modules. Ubiquiti has further confirmed this information in writing in connection with the parties' meet/confer correspondence regarding this joint status report.

Finally, as reflected in the parties' meet/confer correspondence regarding the drafting of this joint status report, Ubiquiti again objects to Defendants' attempts to belatedly raise new disputes regarding the content of Ubiquiti's source code production on the eve of the filing of this joint status report. In this particular instance, Defendants unilaterally sought to raise new issues without factual support and attempted to materially alter Ubiquiti's own statements in this joint status report approximately one-hour prior to the deadline for its submission. *See* July 10-14, 2020 E-mail Correspondence and attachment to July 13 2020, 10:38 p.m. cst e-mail from A. Wilson (Exhibit A). Ubiquiti has timely responded to each of Defendants' inquiries with respect to the source code review, and shall continue to do so in accordance with all applicable court orders and discovery rules. However, it is improper for Defendants to continually attempt to manufacture disputes on the eve of filing deadlines without providing an opportunity for the parties to cooperatively address such matters without court intervention.

B.  Defendants' Statement

Defendants contend that Ubiquiti has not complied with its obligations to produce the 18 Files to date and requests that the Court order at least an additional status report and/or conference to discuss Ubiquiti's failure to produce the 18 Files that it has alleged form the basis of its case.[2] Defendants request immediate production of all the files asserted in this case or immediate dismissal.

Specifically, Ubiquiti has not made all of the source code and asserted "compilations of data" (Dkt. 65, ¶39) available for the 18 Files and Defendants recently learned the Ubiquiti has

_____

[2] Defendants completed their initial assessment of the materials produced by Ubiquiti on the source code review computer last week. After determining that Ubiquiti's source code production contained substantial deficiencies from what Ubiquiti was ordered to produce, Defendants canceled the remaining inspection days that week in order to attempt to address and resolve these issues with Ubiquiti before commencing further inspection of an incomplete production.

not produced the source code for Ubiquiti's AirOS firmware at-large (including open source portions). With regard to the 18 Files, Ubiquiti has not produced "Ubiquiti's proprietary compilations of data contained in its calibration and configuration files of the Firmware" as well as additional information regarding the 18 Files (as discussed in more detail below). Ubiquiti does not disagree that it has not produced this information—in fact, Ubiquiti refuses to provide it and instead demands that Defendants produce and identify Ubiquiti's own allegedly proprietary data. While Ubiquiti has advised Defendants where the proprietary compilations of data allegedly reside by identifying the names of two partitions on the M-Series devices that store such data, Defendants do not have access to those partitions, and, since those partitions contain different information set by the user (*i.e.*, user-set device and network names, user-selected IP addresses falling within pre-defined ranges, and other customizable network information), Defendants are unable to determine what specific data on those partitions comprise the "compilations of data" that Ubiquiti claims a proprietary interest in. Ubiquiti should produce information that is the subject of its claims contained in the First Amended Complaint—not Defendants.

Ubiquiti also stated that it has produced the source code that reads and writes to those partitions during the ordinary operation of Ubiquiti's firmware, and thus that Defendants must identify and analyze the portions of that code that read and write to these partitions in order to determine Ubiquiti's "proprietary compilations of data". This is improper for additional reasons. First, source code that reads data from a partition provides no indication of the actual data stored (or read from) that partition. Indeed, there would be no point in storing the data on a partition if the data being read was already stored in the source code. Second and similarly, source code that writes data often retrieves that data from other external source (i.e., a user input on a form) and

thus the actual data being written is not stored in the source code itself. Accordingly, Defendants' lengthy and burdensome analysis to determine the portions of source code that write Ubiquiti's allegedly proprietary compilations of data would likely not be fruitful in ascertaining the actual data read from and written to those partitions. Third, the name of one of the two partitions identified by Ubiquiti indicates that it is "read-only" memory. It is unlikely that source code writes to "read-only" memory, and therefore it is even more unlikely that any data contained in that partition is contained in these so-far unidentified portions of Ubiquiti's code.

With regard to the source code for Ubiquiti's AirOS firmware at-large, Defendants' expert was unable to find the corresponding source code on the code review computer. Ubiquiti, on the other hand, contends that this code has been produced. Defendants are continuing to work with Ubiquiti to resolve this issue, and to produce the actual compilations of data they claim as proprietary.

In the previous, July 6 Joint Status Report, Defendants described an "additional folder … that appears to contain source code for an additional File (a 19th File) that was not listed in the FAC." Dkt. 173, p. 4. In a July 8 meet-and-confer, Ubiquiti's counsel advised Defendants' counsel that the "additional folder" referenced contains source code that is not compiled or run on any Ubiquiti M-series device and contains historical files related to at least one of the 18 modules. Ubiquiti therefore indicated that it makes no claim or bases any part of its case based on this additional 19th File.

Dated:  July 14, 2020

Respectfully submitted,

FOX, SWIBEL, LEVIN & CARROLL, LLP

BAKER BOTTS L.L.P.

*/s/ Steven J. Reynolds*
David Koropp (ARDC #6201442)
dkoropp@foxswibel.com
Erik J. Ives (ARDC #6289811)
eives@foxswibel.com
Steven J. Reynolds (ARDC #6293634)
sreynolds@foxswibel.com
Steven L. Vanderporten (ARDC # 6314184)
svanderporten@foxswibel.com
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

*/s/ Jon V. Swenson*
G. Hopkins Guy, III (CA Bar No. 124811)
Jon V. Swenson (CA Bar No. 233054)
Karina Smith (CA Bar No. 286680)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
650.739.7500 (Telephone)
650.739.7699 (Facsimile)
hop.guy@bakerbotts.com
jon.swenson@bakerbotts.com
karina.smith@bakerbotts.com

*Attorneys for Plaintiff Ubiquiti Inc., f/k/a Ubiquiti Networks, Inc.*

*Local Counsel:*

James P. Fieweger (Bar ID No. 6206915)
Michael Best & Friedrich, LLP
444 W. Lake Street. Suite 3200
Chicago, IL  60606
312.222.0800 (Telephone)
jpfieweger@michaelbest.com

Arthur Gollwitzer, III (Bar ID No. 6225038)
Michael Best & Friedrich, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
512.640.3160 (Telephone)
agollwitzer@michaelbest.com

*Attorneys for Defendants Cambium Networks, Inc. et. al*