# EXHIBIT A

# Wilson, Andrew

| | |
|---|---|
| **From:** | Reynolds, Steven J. <sreynolds@foxswibel.com> |
| **Sent:** | Wednesday, July 22, 2020 10:30 AM |
| **To:** | Wilson, Andrew; Swenson, Jon; Smith, Karina; Guy, Hop |
| **Cc:** | Ives, Erik J.; Koropp, David E.; Vanderporten, Steven L. |
| **Subject:** | RE: CONTAINS AEO - SOURCE CODE -- Status Reports and Meet/Confer Date |
| **Attachments:** | 2020.07.22 DRAFT -- Joint Status Report Shell.DOCX |

**[EXTERNAL EMAIL]**

Andrew,

We agree to a simultaneous exchange of positions at noon PT / 2:00 pm CT today.

Note that we recently identified a candidate law firm in Las Vegas. We will investigate whether it has the staff and capability to facilitate access to the source code computer under the terms of the protective order. We will update you as we make progress.

In terms of your questions below, you presented them after close-of-business the day before the status report was due. We will look into them and get back to you. That said, I believe your questions will benefit from a discussion regarding the difference/interaction between source code and data—which we can conduct on the next meet/confer.

We acknowledge your refusal to specifically address the statements we raised in a detailed e-mail on Monday. There are a number of inconsistencies that your curt response fails to acknowledge; there are a number of positions as to which Defendants refuse to clarify their position; and there are a number of allegations for which we requested the factual basis upon which you made them. We would like to discuss each at the next meet/confer.

Please let us know when you are available for that meet/confer this week. Given Defendants' categorical refusal to on a number of issues going back to March, it will likely be succinct. Defendants can follow up in writing, as needed, if there are issue on which the parties make progress.

-Steve

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**Fox Swibel**
Fox Swibel Levin & Carroll llp

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**From:** andrew.wilson@BakerBotts.com [mailto:andrew.wilson@BakerBotts.com]
**Sent:** Tuesday, July 21, 2020 6:31 PM
**To:** Reynolds, Steven J.; jon.swenson@bakerbotts.com; karina.smith@bakerbotts.com; hop.guy@BakerBotts.com

1

**Cc:** Ives, Erik J.; Koropp, David E.; Vanderporten, Steven L.
**Subject:** RE: CONTAINS AEO - SOURCE CODE -- Status Reports and Meet/Confer Date

Steve,

Defendants disagree with your characterization of their statements in the most recent status report as allegedly containing "a number of statements to the Court that were factually inaccurate and/or not based upon any actual substantive review or analysis." Defendants stand by each statement you identify below and therefore plan to reiterate, not retract, those statements and issues in tomorrow's status report.

The primary dispute focuses on Ubiquiti's failure to produce and identify the allegedly proprietary calibration and configuration information, which is identified as one of the 18 Files in paragraph 39 of the FAC. Instead of producing and clearly identifying this information on the review computer as ordered by the Court, Ubiquiti contends that Defendants' inspection of Ubiquiti's source code (specifically, the source code portions you reference in the highlighted region below that read from and write to the configuration and calibration partitions) is sufficient for Defendants to determine what Ubiquiti contends is its proprietary information. Ubiquiti also contends that it is Defendants' obligation to identify and produce "information regarding their Use of the configuration and calibration data" and that Ubiquiti's allegedly proprietary data must be deduced from information in Defendants' own possession, custody, and control that was used to create Defendants' Elevate firmware. Defendants disagree.

While Defendants appreciate Ubiquiti's identification of code that reads and writes configuration and calibration data, that code does not suffice for production and identification of the actual data that is alleged to be proprietary. Defendants also appreciate Ubiquiti's identification of the location of ".cfg" files that contain "[e]xamples of default configuration data". For purposes of clarifying Ubiquiti's disclosure of the allegedly proprietary compilations of configuration and calibration data (the 18th File reference in paragraph 39 of the FAC), please confirm or deny each of the following:

1. **With regard to the allegedly proprietary compilations of configuration data as alleged in Paragraph 39 of the FAC, Please confirm that the ".cfg" files you identify below contain this information.**
2. **You appear to be referencing data contained in ▓▓▓▓ data structures stored in the ▓▓▓▓ partition of Ubiquiti devices. Please confirm that these ▓▓▓▓ data structures are the allegedly proprietary compilations of calibration data as alleged in Paragraph 39 of the FAC.**

Defendants agree to exchange positions tomorrow, but would like to do so at noon pacific time instead of noon central as you propose below.

Regarding a further meet and confer on the topics discussed in your July 15th letter, Defendants are still reviewing those issues and will address them in writing or in a further meet and confer as appropriate.

Regarding a location for Ubiquiti's review of Cambium's code, Defendants have conducted several meetings regarding hosting the code review at the DC office of their lead counsel (Baker Botts) and have also inquired about hosting the review at vendor offices in the same area. Defendants are continuing to work with their office administrators to arrange a suitable review space and will provide an update when a site is confirmed.

Thanks,

**Andrew Wilson**
T +1.202.639.1312
M +1.301.807.6646
F +1.202.508.9336

Baker Botts L.L.P.
700 K Street, NW
Washington, D.C. 20001

From: Reynolds, Steven J. <sreynolds@foxswibel.com>
Sent: Monday, July 20, 2020 3:35 PM
To: Wilson, Andrew <andrew.wilson@BakerBotts.com>; Swenson, Jon <jon.swenson@bakerbotts.com>; Smith, Karina <karina.smith@bakerbotts.com>; Guy, Hop <hop.guy@BakerBotts.com>
Cc: Ives, Erik J. <eives@foxswibel.com>; Koropp, David E. <dkoropp@foxswibel.com>; Vanderporten, Steven L. <svanderporten@foxswibel.com>
Subject: CONTAINS AEO - SOURCE CODE -- Status Reports and Meet/Confer Date

[EXTERNAL EMAIL]

Counsel,

I write to address a number of topics in connection with the upcoming status report and to schedule a meet/confer to address the outstanding items in our July 15 letter. In terms of the most recent status report, it appears Defendants made a number of statements to the Court that were factually inaccurate and/or not based upon any actual substantive review or analysis of the source code Ubiquiti produced.

Configuration and Calibration Data
The configuration or calibration data Defendants accessed, used, modified, and/or copied ("Used") in connection with developing, distributing, and running Elevate is in Defendants' possession, custody, and control. You have not denied that fact. Thus, as set forth in our July 15 letter, please acknowledge that you will produce that information promptly and provide a date-certain by which you will do so.

Notwithstanding Defendants' dereliction of their duty to produce information regarding their Use of the configuration and calibration data (as well as other Ubiquiti source code and firmware), we provide the following guidance (by identifying specific modules, tools, files, folders, and search terms to locate portions of the code that read these data) to assist Defendants in reviewing the source code that accesses the configuration and calibration data at issue ███ ████████████████████████████████████████████████ The following is non-limiting and without waiver of any rights or arguments related to it being Defendants' duty to produce data they Used and to investigate the factual/expert bases for their own defenses.



You state the following in the July 14 status report regarding Defendants' alleged inability to determine what configuration and calibration data in the ████████████ ████████ are used:

> First, source code that reads data from a partition provides no indication of the actual data stored (or read from) that partition. Indeed, there would be no point in storing the data on a partition if the data being read was already stored in the source code. Second and similarly, source code that writes data often retrieves that data from other

external source (i.e., a user input on a form) and thus the actual data being written is not stored in the source code itself.

Dkt. 177, p. 6-7.

Your "First" statement is incorrect. For example, Defendants Used such information when developing Elevate. Thus, they necessarily had (and have) at least some indication of the actual data rather than "no indication of the actual data stored (or read from) that partition." Again, Defendants have not denied this fact. Moreover, the source code necessarily indicates the structure of the data it reads. Indeed, it is highly unlikely that Defendants (including their partner, Global Logic) wrote source code for Elevate that read data that Defendants had "no indication" about. Please advise us of how Defendants (and Global Logic) accessed the relevant data, given that such data is located in memory on M-Series devices that they purchased and reverse engineered.

Further, Defendants' expert now has the benefit of having reviewed Ubiquiti source code. Thus, that access to source code, along with the knowledge Defendants procured themselves through their reverse engineering and Use, should provide information regarding the data in question. It appears instead that Defendants refuse to acknowledge how they accessed and Used the data—perhaps to withhold information that will support Ubiquiti's claims. Please confirm that Defendants were able to access and Use the data when developing Elevate and nonetheless refuse to produce documents/information explaining how it was done.

In terms of your statement beginning with "Indeed," it is not accurate, and certainly not categorically correct. For example, data stored in source code may be written to a file for other, independent versions of code to access. The source code may also include sample files, developer comments, and format descriptions related to the data. Similarly, the source code may contain default values to be used in case of data corruption or a factory reset.

Please either (1) certify that your statements are supported by your review of specific portions of Ubiquiti's source code and identify such portions by file and line number or (2) acknowledge that you (as counsel) were speaking in mere generalities about hypothetical source code when providing the Court a status update on purported review of the 18 modules.

Please also confirm that, prior to submitting the July 14 Joint Status Report, your expert was not able to locate and/or review the .cfg files in the locations we identified above.

You also state the following in the July 14 status report:

> Defendants completed their initial assessment of the materials produced by Ubiquiti on the source code review computer last week. After determining that Ubiquiti's source code production contained substantial deficiencies from what Ubiquiti was ordered to produce, Defendants canceled the remaining inspection days that week in order to attempt to address and resolve these issues with Ubiquiti before commencing further inspection of an incomplete production.

Dkt. 177, p. 5 n.2.

In the first phrase of the second sentence, you state that "Ubiquiti's source code production contained substantial deficiencies from what Ubiquiti was ordered to produce." Please explain the full factual basis for that statement, as Defendants acknowledge that the 18 modules have been produced, including those portions of source code that read and/or write to data partitions. Further, prior to the filing of the status report, we corrected you on your claim that full versions of AirOS were not produced.

If you cannot provide a specific factual basis, please confirm that you will notify the Court of the misstatement and correct that statement in the next joint report.

4

You also state that Defendants canceled "the remaining inspection days" after "complet[ing] their assessment of the materials produced . . . ." Defendants only reviewed code for one half-day (Tuesday, July 7). Defendants then serially canceled the remaining days with very little notice before each, even after multiple requests from us for earlier cancelation notices:

- July 8 (canceled on the morning of the scheduled review)

- July 9 (canceled at 9:29 pm the night before)

- July 10 (canceled 6:34 pm on the night before)

Please confirm that Defendants decided to cancel their source code review prior to the morning of July 8 and nonetheless chose not to notify Ubiquiti until shortly before each subsequent review that it would cancel those review-days. Otherwise, please confirm that you will notify the Court of the misstatement and correct that statement in the next joint report (e.g., that Defendants canceled the review for reasons other than alleged deficiencies—especially given that the 18 modules were accessible on the review computer).

Full Versions of AirOS Code
Please confirm that your expert was not able to locate the three full versions of AirOS source code on the source code computer, even though it is located in one of two top-level directories in the source code production folder. The top directories in the source code production file on the computer are as follows:

- production

- registered_works

New Issues for Upcoming Status Report (Due Wednesday)
Please provide a list of issues Defendants intend to raise in the next status report by noon CT tomorrow. We will work to address any additional issues—to the extent possible—after that.

At that time, please also provide your position on any continuing issues, including those addressed above.

We propose that the parties exchange position statements on Wednesday at noon, PT. Please let us know if you agree.

July 15 Letter
Please provide a time this week that the parties can meet-and-confer regarding the issues in our July 15 letter for which the parties are not already at an impasse (e.g., Defendants' refusal to respond to many interrogatories and incomplete or insubstantial responses to others).

Status on Location for Review of Defendants' Source Code
Please provide an update on your progress in locating a source code review location in Potomac/DC.

Defendants have had access to Ubiquiti source code, following COVID-19 shelter-in-place orders, since June 25 (in Palo Alto). Despite requesting access to Defendants' source code in the Potomac, MD area on June 10, Ubiquiti has had no access to Defendants' source code. Every day that Defendants have access to Ubiquiti source code—including debriefing about such access following scheduled review days and drafting attorney-arguments for inclusion in status reports—without reciprocal production of Defendants' source code substantially prejudices Ubiquiti.

As just one example, Defendants are the sole party with complete knowledge as to what Ubiquiti data and source code was used when developing Elevate. And yet Defendants have not produced their source code and refuse to substantively answer Ubiquiti's interrogatories on these issues.

5

Please prepare to discuss how the parties can rectify this inequity on our next meet/confer. Ubiquiti reserves all its rights based upon the almost month-long asymmetrical production.

Steve Reynolds
sreynolds@foxswibel.com | 312-224-1249 (direct) | 312-636-4674 (mobile)

**FOX SWIBEL**
FOX SWIBEL LEVIN & CARROLL LLP

200 W. Madison Street, Suite 3000 | Chicago, Illinois 60606
www.foxswibel.com | 312-224-1200 (main) | 312-224-1201 (fax)

**Confidentiality:** This transmission is for the exclusive and confidential use of the intended recipient. It may be an attorney-client communication and privileged. The unauthorized use, disclosure or copying of this transmission is strictly prohibited and may be unlawful. If you have received this transmission in error, please notify me by return mail or telephone and delete the transmission from your system. Thank you.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.